UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually,

           Plaintiff,           Case No: 8:15-cv-00011-EAK-TBM

vs.

MARC TIMOTHY SMITH, individually,
and d/b/a CAYMAN BUSINESS SYSTEMS,
           Defendants.
_____/

## MOTION FOR PRELIMINARY INJUNCTION

**COMES NOW** the Plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC ("OXEBRIDGE") and CHRISTOPHER PARIS ("PARIS") cumulatively ("Plaintiffs") by and through their undersigned attorney, and hereby file this Motion for Preliminary Injunction, pursuant to Federal Rules of Civil Procedure 65(a), against Defendants, MARC TIMOTHY SMITH, individually ("SMITH") and d/b/a CAYMAN BUSINESS SYSTEMS ("CAYMAN") cumulatively ("Defendants") upon the following grounds:

1. PARIS realleges and fully incorporates herein the Complaint filed in this action with all allegations and statements of facts and law contained therein.

2. Since having been served the Complaint, SMITH has continued, and indeed accelerated publication of libelous and defamatory postings on his website, www.Elsmar.com, that directly injure Plaintiff's reputation and business in the ISP industry. Smith "accelerated" in that his libelous publications *now* include SMITH's commentary and his viewer's responses to this present case, plus post-suit publications of libelous statements dating as far back as 2001.

SMITH is posturing these statement from Ohio to illustrate to his viewers his anticipated defenses to this Middle District of Florida lawsuit. (*See* Composite Exhibit "A.")

    a. On January 26, 2015 SMITH published the Complaint with numerous errors contained therein. (*See* p. 1-19 of Composite Exhibit "A.")

    b. On January 26, 2015, SMITH again states that OXBRIDGE "heavily depends upon registrations for their existence." (*See* bottom of p.19 of Composite Exhibit "A.")

    c. On January 26, 2015, SMITH published that PARIS's lawyer emailed a "threat" to him. (*See* middle of p. 20 of Composite Exhibit "A.")

    d. On January 26, 2015, SMITH published that PARIS "threatened" him. (*See* middle of p. 20 of Composite Exhibit "A.")

    e. On January 26, 2015, SMITH published that PARIS "threatened" other people. (*See* middle of p. 20 of Composite Exhibit "A.")

    f. On January 26, 2015, SMITH published that PARIS made "threatening, vulgar" phone calls and emails to SMITH. (*See* bottom of p. 20 of Composite Exhibit "A.")

    g. On January 26, 2015, SMITH published that PARIS "outright lies." (*See* bottom of p. 20 of Composite Exhibit "A.")

    h. On January 26, 2015, SMITH re-published that SMITH's implementation program is a "wonder," again insinuating that his implementation program is fraudulent. (*See* middle of p. 21 of Composite Exhibit "A.")

    i. On January 26, 2015, SMITH re-published the PARIS is a "paranoid

schizophrenic". (*See* middle of p. 21 of Composite Exhibit "A.")

j. On January 26, 2015, SMITH published that PARIS's legal actions are "frivolous." (*See* top of p. 22 of Composite Exhibit "A.")

k. On January 26, 2015, SMITH re-published that "the Oxebridge business model is old and failing and they. . . will cause whatever problems they can . . .." (*See* middle of p. 22 of Composite Exhibit "A.")

l. On January 26, 2015, SMITH re-published that PARIS posted "spam." (*See* middle of p. 22 of Composite Exhibit "A.")

m. On January 26, 2015, SMITH re-published that PARIS has "bi-polar episodes." (*See* bottom of p. 22 of Composite Exhibit "A.")

n. On January 26, 2015, SMITH re-published that PARIS has telephoned SMITH and "sounded like a raving lunatic." PARIS has never telephoned SMITH. (*See* bottom of p. 22 of Composite Exhibit "A.")

o. On January 26, 2015, SMITH re-published that PARIS is a "psychopat[h]." (*See* bottom of p. 22 of Composite Exhibit "A.")

p. On January 26, 2015, SMITH re-published that PARIS's "'40 Day Wonder' Implementation is misleading. (*See* top of p. 23 of Composite Exhibit "A.")

q. On January 26, 2015, SMITH re-published that PARIS conducted a "hate campaign" against www.Elsmar.com. (*See* Composite middle of p. 23 of Exhibit "A.")

r. On January 26, 2015, SMITH re-published that PARIS sent out "SPAM." (*See* bottom of p.23 of Composite Exhibit "A.")

  s. On January 26, 2015, SMITH re-published that PARIS's advertisements are "misleading and deceptive to say the least." (*See* bottom of p.23 of Composite Exhibit "A.")

  t. On January 26, 2015, SMITH re-published that PARIS's 40 Day Implementation Plan is a "miracle," insinuating that it is fraudulent. (*See* bottom of p. 23 of Composite Exhibit "A.")

  u. On January 26, 2015, SMITH re-published that PARIS is "the anti-Christ." (*See* middle of p. 24 of Composite Exhibit "A.")

  v. On January 26, 2015, SMITH re-published that PARIS's information is "propaganda." (*See* middle of p. 24 of Composite Exhibit "A.")

  w. On January 26, 2015, SMITH re-published that PARIS is a "parano[i]d stalker" (*See* top of p. 34 of Composite Exhibit "A.")

  x. On January 26, 2015, SMITH re-published that PARIS is "threatening" other people (*See* top of p. 34 of Composite Exhibit "A.")

  y. Other postings too numerous to list.

3. Although some of these individual publications standing alone may appear less damaging than others, the cumulative effect of the totality of these publications read in *pari materia* rises to the level of libel from which Plaintiffs suffer irreparable harm.

4. Upon service of the complaint and summons in this action, SMITH began and continues to re-publish old postings, therefore, bringing them back into the purview of the applicable statute of limitations, as further pled in the Complaint.

5. SMITH is conducting these personal attacks against PARIS and OXBRIDGE to monetize

Cayman Business Systems, as www.Elsmar.com's viewers gravitate toward these posts, which in turn adds value to the banner advertisement space that SMITH sells thereon.

6. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, which he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, *Inc.*, 555 U.S. 7, 20 (2008).

7. Due to the egregious nature of the Defendants' conduct, as more fully described in the Complaint, including repetitive and continuous false, defamatory online publications, PARIS is likely to succeed on the merits of this action.

8. Words such as "stalker" and "threatening" are words that constitute acts of criminal conduct, thus defamation *per se*.

9. Smith's use of the term "Anti-Christ" constitutes hate speech, thus defamation *per se*.

10. PARIS continues to suffer immediate and irreparable harm from these publications.

11. SMITH will suffer little to no injury by ceasing publication of false and defamatory misinformation about PARIS and OXBRIDGE, because the subject matter of SMITH's posts are not essential to the business operation of Cayman Business Systems.

12. SMITH, as the moderator of www.Elsmar.com, controls site content and has blocked PARIS from posting on the site. PARIS's inability to rebut SMITH's false and defamatory statements unduly and prejudicially tips the "balance of equities" strongly in SMITH's favor. Therefore, the issuance of a preliminary injunction, enjoining SMITH from publishing further false and malicious postings would restore the "balance of equities."

13. On January 26, 2015, SMITH posted a corrupted version of the Complaint filed in this action

that was either converted from one digital file format to another or scanned from paper to digital storage that negligently or intentionally created a version of Plaintiff's Complaint replete with misspellings, unidentified characters, and poor formatting (see pp. 1-18, said Composite Exhibit "A"). SMITH thereafter published the corrupted file from Ohio representing it as a correct copy of the pleading contained in this Honorable Court's record. In fact, it contained alterations so numerous from the actual Complaint that www.Elsmar.com viewers found it to be comical, therewith irreparable, harmfully calling into question the validity of this action, and incompetence of the plaintiff. In order to protect the public from distortion of the public record, it would be in the best interest of the public for SMITH to be enjoined from continued publication of an adulterated version of this document of record.

**WHEREFORE**, Plaintiffs, CHRISTOPHER PARIS and OXBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC, ask that this Honorable Court enter an order granting preliminary injunctive relief enjoining Defendants, MARC TIMOTHY SMITH, individually, and d/b/a CAYMAN BUSINESS SYSTEMS, that:

A. Orders Defendants to temporarily cease and desist from publishing statements on www.Elsmar.com that reference PARIS or OXBRIDGE during the pendency of this action;

B. Orders Defendants to remove all publications on www.Elsmar.com that reference PARIS or OXEBRIGDE, that were posted subsequent to Defendants being served with the Summons and Complaint in this action on January 26, 2015, during the pendency of this action;

C. Reserves ruling on awarding of Plaintiffs their attorney's fees and recoverable costs incurred in seeking this preliminary injunction and;

D. Grants such other and further relief this Honorable Court deems equitable and just under the

circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all parties receiving electronic notification via the CM/ECF filing system as of February 3, 2015, and further certify that a copy has been furnished via U.S. First Class Mail to Marc Timothy Smith, 8466 LeSourdsville-West Chester Road, Olde West Chester, Ohio 45069.

                                                Respectfully submitted by:

                                                **WILLIAM R. WOHLSIFER, PA**

By:  /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No:  86827
1100 E Park Ave Ste B
Tallahassee, Florida 32301
Tel:  (850) 219-8888
Fax: (866) 829-8174
E-Mail:  william@wohlsifer.com;
paralegal@wohsifer.com