IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case number: 8:15-cv-00011-EAK-TBM

OXEBRIDGE QUALITY RESOURCES

INTERNATIONAL, LLC, and

CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,

and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendants.

---

Presiding Judge: Elizabeth A. Kovachevich

Referring Judge: Thomas B. McCoun

Court: Florida Middle District Court

Office: Tampa Office

County: Hillsborough

Filed: January 5, 2015 (according to JUSTIA Dockets & Filings)

---

ANSWER, DEFENSES and COUNTER CLAIM to MOTION FOR PRELIMINARY INJUNCTION

Response to Plaintiff's 2/3/2015 MOTION FOR PRELIMINARY INJUNCTION

I

## ADMISSIONS AND DENIALS TO EACH COMPLAINT LINE ITEM

Line Item 1 - Agree – This entire lawsuit is based upon Line Items 1 through 42 of the original complaint filed January 5, 2015 (according to JUSTIA Dockets & Filings)

Line item 2 – Agree in part, Deny in part

Agree – Defendant has posted a .pdf copy of the lawsuit filed by Plaintiff which is available to the public as any lawsuit filed is a public document which can be obtained from the courthouse where the complaint was filed. Defendant posted a Public document.

Agree – Defendant has commented in public on the lawsuit filed by Plaintiff against the Defendant as afforded the Defendant by the First Amendment to the Constitution of the United States – Free Speech. Plaintiff has taken advantage of his own Free Speech right and cannot complain that the Defendant has also exercised his right to Free Speech.

> "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging **the freedom of speech**, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

Deny – Defendant has not "accelerated" any publication of content regarding Plaintiff other than in response to Plaintiff filing a lawsuit against the Defendant and Plaintiff's continuous malicious defamation on various internet venues such as "Twitter". No additional postings have been made by Defendant since Defendant posted the contents of the lawsuit against the Defendant by the Plaintiff. Defendant maintains that the Plaintiff himself has been engaged in continuous public malicious defamation starting on or before October 2014. Defendant has done no more than reply in kind to Plaintiff's continuous malicious defamation.

Discussion thread title: *Chris Paris of Oxebridge - At it again - January 2015 Status* https://elsmar.com/Forums/showthread.php?t=66511 - Not updated by the Defendant in any way since the original forum post. This discussion was a status update to the discussion thread cited below: This is the link to the Elsmar forum discussion thread that started the most recent conversation: Discussion thread title: *Chris Paris of Oxebridge - At it again - October - December 2014 and January 2015* http://elsmar.com/Forums/showthread.php?t=65636 - Started on 20 October 2014 in response to Plaintiff's public harassment of Defendant on various internet venues such as "Twitter" which was last updated on 9 February 2015 in response to Plaintiff's continuous and defamatory posts on various internet venues such as "Twitter" and Plaintiff's malicious lawsuit against Defendant. Total length of the discussion thread: 20 October 2014 when Plaintiff emailed a threat, to Defendant, to a post by the Defendant on 13 January 2015. This discussion thread is no more than a discussion thread which Plaintiff instigated by maliciously threating Defendant via email. Defendant does claim Plaintiff made harassing and vulgar telephone calls to Dependent, but as Plaintiff knows there is no evidence that either can present without Defendant having the money to subpoena Google Voice Mail records which is where Defendant believes Plaintiff's phone calls were made from. Defendant's starting, and continuing, this Elsmar discussion forum thread, was no more than to respond to Plaintiff's malicious continuing defamatory posts on public internet venues such as "Twitter".

Deny - Quite the opposite is true. Plaintiff has been defaming Defendant in internet venues such as "Twitter" since at least October 2014, and probably earlier. Defendant has not been "stalking" Plaintiff yet Plaintiff has been "stalking" defendant so Defendant is not sure how long Plaintiff has been defaming Defendant and Elsmar prior to October 2014 on various internet venues such as "Twitter" and Plaintiff's own website. Defendant has been unaware of Plaintiff's continuous malicious defamation prior to October 2014 and only became aware of Plaintiff's public continuous malicious defamation until someone contacted Defendant and told Defendant of what he was observing Plaintiff posting on "Twitter" and "LinkedIn". Defendant alleges that Plaintiff has been,

continuously, since at least October 2014, and probably earlier in 2014, continuously publically defamed Defendant with malice. Example:



**Oxebridge** @Oxebridge · Oct 21  **2014**
@ElsmarCove accidentally outs his pal Wes Bucey as a former convicted drug trafficker and money launderer. articles.chicagotribune.com/1988-04-30/new...

*He deleted this one, I think.*

**Oxebridge** @Oxebridge · Oct 20
@ElsmarCove just upped the amount to extort Oxebridge to $2 Million. law enforcement now engaged.

Plaintiff has been continued to maliciously publically defaming Defendant for at least 4 months as of 9 February 2015 on internet venues such as "Twitter", yet Plaintiff does not (apparently) believe Defendant has the same "Free Speech" right to express an opinion. Defendant also complains that the Plaintiff used inflammatory language by characterizing Defendant as being involved in "Extortion" of Plaintiff. Defendant offered Plaintiff a resolution – to buy Elsmar, in its entirety. Defendant did refuse to accept "blackmail" money to selectively delete Elsmar forum discussion thread posts in which Plaintiff was mentioned. Plaintiff is aggrieved that Defendant would not succumb to blackmail by Plaintiff by selectively deleting posts which contain any reference to Plaintiff personally or Plaintiff's business (Oxebridge) advertising which is, in the Defendant's opinion, is deceptive advertising.

Deny -

> 2. Since having been served the Complaint, SMITH has continued, and indeed accelerated publication of libelous and defamatory postings on his website, www.Elsmar.com, that directly injure Plaintiff's reputation and business in the ISP industry. Smith "accelerated" in that his libelous publications *now* include SMITH's commentary and his viewer's responses to this present case, plus post-suit publications of libelous statements dating as far back as 2001.
>
> ## Date received by Defendant: 9 February 2015
>
> Page 1 of 7
> William R. Wohlsfder, PA
> 1100 E Park Ave, Ste B, Tallahassee, FL 32301-2651 (850) 219-8888 - FAX (866) 829-8174

As far as the Defendant knows, Plaintiff has no "business in the ISP industry". NOTE: ISP = Internet Service Provider. Plaintiff claims to be a consultant in the Aerospace and ISO 9001 (and other various ISO standards) Implementation industry which the Defendant has not engaged in (ISO 9001 Consulting and Implementation nor Consulting and Implementation in any industry or standard) since 2000. Defendant also states Defendant has no business in the ISP industry and never has.

Deny – Quite the contrary, since at least October 2014, Plaintiff has himself continuously maliciously defamed Defendant in public on internet venues such as "Twitter". Factually, Plaintiff has been continuously publically defaming Plaintiff and Elsmar while Defendant has remained silent other than responses to Plaintiff's continuously publically defaming Defendant and Elsmar.

Evidence of Continuous Harassment and Malicious Defamation by Plaintiff since October 2014:



<u>Defendant Pro Se's Answer to "Motion for Preliminary Injunction" - Case 8:15-cv-00011</u>



Official Statement on Oxebridge Extortion Suit Against Elsmar.com and Marc Smith | Oxebridge Quality Resources                1/26/15, 5:08 PM

## Preliminary critique of Chris Paris' offer to rescind his Federal "Civil Action" lawsuit against me if I meet his "demand". 2015-01-28 Revision

### Official Statement on Oxebridge Extortion Suit Against Elsmar.com and Marc Smith

OXEBRIDGE   Blog ⌄   Services ⌄   Resources ⌄   Champion Projects ⌄   Public Speaking ⌄   About / Contact ⌄   Get a Quote ⌄   ⌕

*The following is a limited official statement from Oxebridge regarding its extortion lawsuit against Marc Smith and Elsmar.com. Oxebridge will be limiting its comments on the matter until the suit is resolved.*

This started in 2001, not 1999. Prior to 2001, after I had essentially retired from consulting, I had no idea who Chris Paris was. Since 1999, Cayman Business Systems owner Marc Smith has falsely accused Oxebridge and myself of fraud and deceptive advertising, among other false accusations. Throughout that time, we tolerated this, out of respect for Elsmar's guests. However, in 2014, Smith began to escalate the libel campaign after Oxebridge refused his demand to pay him $450,000. Oxebridge views this as nothing less than felony extortion. Worsening matters, a supporter of Elsmar – who himself is a convicted felon – had threatened to call an Oxebridge client with the intent of defaming us through that medium, as well. These two actions combined proved too much for us to bear.

**"Tens of thousands"? You have got to be kidding me.**
Marc Smith has published tens of thousands of words on his site, Elsmar.com, defaming Oxebridge. Meanwhile, no one from Oxebridge has ever posted a single word on the Elsmar site, in that entire period. *Not one word.* In addition, we have never run a single article on Elsmar here on the Oxebridge site, despite Elsmar being central to certain investigations over CB collusion with consultants. We have consistently worked to keep Marc Smith and Elsmar at arm's length, in the hopes that he would end his libel campaign. It clearly did not work.

We understand the difference between defamation – which is illegal – and free speech and opinions, which are protected under the US Constitution. However, the posts made by Smith and his moderators breach the definition of free speech by being (a) false, (b) composed with malicious intent, and (c) intended to cause harm.   **Who is this convicted felon?**

The combination of extortion and threats by a convicted felon against Oxebridge clients was too much. A cease and desist letter was sent to Smith, who responded — on his website - *by raising his demand to $5 million.*

In the meantime, the actions have not been called into question by any of Elsmar's moderators, many of whom have actively participated in the defamation. Perhaps not coincidentally, these moderators are also auditors or sales representatives of major ISO 9001 certification bodies who resent the reporting done by Oxebridge. These individuals include Randall Daily of BSI, Jennifer Kirley of UL, Sidney Vianna of DNV, and Andy Nichols of NQA-USA. Meanwhile, all four of those CBs receive advertising space on the Elsmar site, raising questions as to whether BSI, UL, DNV and NQA have breached the ISO 17021 prohibition against promoting one consultant, while actively denigrating and defaming activities against a consultant that did not offer them such perks. Spreading FUD and making unfounded, dismissal accusations (fling mud against the wall to see what sticks).

It is not our intent to shut down Elsmar, which has served the quality profession well in the past decade, despite the misbehavior of its owner. However, potential federal felonies cannot go unpunished, and Oxebridge intends to ensure that this stops. We have exhausted all means of working with Smith on this issue, and have finally had to resort to using the courts.

If Smith were instead to simply remove the offending materials and cease all such activity, the problem could be resolved quickly, and Elsmar users would be utterly unaffected. Based on his past 15 years' of behavior, we feel that is unlikely, however. **A very public offer to "settle".. Some would say blackmail..**

In the coming days and weeks, Smith will no doubt return to his safe haven, and post with increased frequency an unprecedented amount of new defaming material. We know this, and are ready to withstand it. Predicting this, we have already begun to push for an immediate temporary injunction. The new material will be added to the existing court complaint.

We intend to push for a firm resolution to this problem, including the pursuit of criminal charges against Smith and his collaborators. We have likewise not ruled out actions against DNV, BSI, UL and NQA-USA for allowing their representatives to contribute to defamation and extortion.
Spreading FUD and making unfounded, dismissal accusations (fling mud against the wall to see what sticks).
— Christopher Paris

**More Blog Entries**

Official Statement on Oxebridge Extortion Suit Against Elsmar.com and Marc Smith
26 January, 2015

"Risk Based Thinking" Meme Infects Job Postings
26 January, 2015

Ensure A Fair Registration Audit With These Contractual Obligations For Your ISO 9001 Registrar
25 January, 2015

ISO 9001 QUALITY MANU·
ISO 9001:2015 Won't Require a Quality Manual — Here's What to Replace it With
25 January, 2015

Through CASCO, ISO Certification Bodies Write Their Own Rules
24 January, 2015

http://www.oxebridge.com/emma/official-statement-on-oxebridge-extortion-suit-against-elsmar-com-and-marc-smith/                Page 1 of 2

A partial list of Plaintiff's "Twitter" posts leading up to Plaintiff's lawsuit continuously maliciously defaming Defendant and Elsmar starting on or before October 2014:



Note that in "Tweet" of 27 Nov 2014 Plaintiff defames NQAUSA (in attempt to "silence" an Elsmar forum participant and to publically maliciously slander and defame NQAUSA) and references Gubermanpnc and states:' "Collusion between defamers?" Defendant has had no prior knowledge of, or any connection with Gubermanpnc. Plaintiff is, without evidence, accusing Plaintiff of "Collusion between defamers" with malicious intent of slandering Plaintiff and Gubermanpnc while Defendant has no idea who or what Gubermanpnc is. Plaintiff is grasping at straws" and implying totally unsubstantiated

"Collusion" with someone or some company Plaintiff is totally unaware of and has no communication with, or any type of connection with.

Examples of Plaintiff's public malicious slander and defamation, →in sequence←:





Plaintiff is, and has been defaming even major, reputable organizations which is the reason Defendant believes, and publically states herein, Plaintiff has some sort of personality problem which is Defendant's opinion. Defendant has a right to his opinion of

the Plaintiff – Free Speech. Most simply put, Defendant believes Plaintiff has some sort of psychological problem.



Deny – Defendant has only referenced, "Post Suit", existing discussion threads Plaintiff was mentioned in. Those Elsmar forum discussion threads, including the main discussion thread where Plaintiff's advertising methods and USENET "user group Spam" were discussed, have not been updated in any way since 2001 – Over 14 years ago.

Agree - Defendant has referenced existing Elsmar discussion threads in order that Elsmar forum readers and the public can place Plaintiff's actions dating back to 2001 in context since Plaintiff has "Cherry Picked" excerpts in order to mislead Elsmar forum readers and the Court about the history of the disagreements between the Plaintiff and the Defendant. Plaintiff has, himself, engaged in the same practice.

Deny - Plaintiff has been defaming and harassing Defendant and others, and has been doing so for long before Defendant was even aware of it. Evidence of Plaintiff's harassment and malicious defamation of Defendant, various companies, organizations and people is abundant on various internet web sites such as "Twitter" and "LinkedIn", as

well as Plaintiff's own web site. Defendant accuses Plaintiff of doing exactly the same thing Plaintiff accuses Defendant of, but on a much broader scale. Defendant has only commented and opined in the Elsmar discussion forum in few and infrequent posts unlike the Plaintiff who is continuously publically, with malicious intent, disseminating defamatory information in many internet venues such as "Twitter".

Deny - Defendant accuses Plaintiff of recent and continuous malicious defamation and harassment in public internet venues such as "Twitter" post suit.

Agree – Defendant assumes that Plaintiff's original lawsuit Exhibits "A" through "G" and further references in Plaintiff's MOTION FOR PRELIMINARY INJUNCTION are with regard to Plaintiff's original lawsuit Case 8:15-cv-00011 and "Composite Exhibit "A"" is a "composite" of Exhibits "A" through "G"" of Plaintiff's original filing, and do constitute "Composite Exhibit "A" as referenced herein by Plaintiff's lawyer.

> Line Item "a":
> Agree in part, Deny in part:
> a. Agree - SMITH did publish the Plaintiff's complaint. It is public record and publication of a public record is not a crime.
> b. Defendant has copies of Exhibits "A" through "H" from the original lawsuit, a total of 16 pages of Exhibits filed with the original lawsuit. Plaintiff cites "Pages 1 - 19 of "Composite Exhibit "A"". Plaintiff has not provided Defendant with Composite "A" to be able to address Plaintiff's complaint. Pages numbers do not match so Plaintiff has made some sort of mistake or has intentionally induced this error in page count to confuse the Defendant and/or the Court. Defendant requests a copy of Plaintiff's of "Composite Exhibit "A"" to review to be able to respond to the following:
> c. See "B" above.
> d. See "B" above.
> e. See "B" above.
> f. See "B" above.

    g.   See "B" above.

    h.   See "B" above.

    i.    See "B" above.

    j.    See "B" above.

    k.   See "B" above.

    l.    See "B" above.

    m.  See "B" above.

    n.   See "B" above.

    o.   See "B" above.

    p.   See "B" above.

    q.   See "B" above.

    r.   See "B" above.

    s.   See "B" above.

    t.   See "B" above.

    u.   See "B" above.

    v.   See "B" above.

    w.  See "B" above.

    x.   See "B" above.

    y.   See "B" above.

    z.   See "B" above.

Without providing plaintiff of a copy of "Composite Exhibit "A"", since the original complaint only referenced Exhibits "A" though "H", which was 15 pages, while Plaintiff cites "Pages 1 - 19 of Composite Exhibit "A". Plaintiff has cited 19 pages of "Evidence", yet there are only 16 pages of Exhibits in the original lawsuit. See Document 8:cv-00011-EAK-TBM, Document 1-2 Filed 01/05/2015 Page 1 of 16 Page ID 23.  Plaintiff has a responsibility to reconcile these documents and a responsibility to provide the Defendant and the Court a copy of "Composite Exhibit "A"" since it appears to be different than Exhibits "A" though "H" cited in the original - Case 8:15-cv-00011 lawsuit. In addition, Plaintiff owes Defendant and the Court a reconciliation of the differing page numbers and number of pages in referring to Case 8:15-cv-00011-EAK-TBM Document 1-2 filed 01/05/2015 Pages 1 through 16 (PageID 23 through PageID 38 in the original complaint).

Line Item 3 – Disagree - Plaintiff is simply aggrieved that anyone would opine on Plaintiff and the validity of Plaintiff's "business model". Fee Speech applies. Plaintiff suffers no harm - Defendant believes Plaintiff is causing his own problems and that they are unrelated to any action by the Defendant. *Also see Line Item 48 in the original Answer to the initial Complaint: Line Item 48 - Deny – Each accusation in this Line Item has been answered in numerous Line Items elsewhere herein. Also see Line Items 1 through 42 herein. Plaintiff is "damaging" his own reputation through his own actions on the internet and elsewhere, including Plaintiff filing his Complaint/lawsuit against Defendant and Elsmar. Also see: https://en.wikipedia.org/wiki/Streisand_effect*

Line Item 4

> Upon service of the complaint and summons in this action, SMITH began and continues to re-publish old postings, therefore, bringing them back into the purview of the applicable statute of limitations, as further pled in the Complaint.

Deny - Plaintiff has done no more than react to Plaintiff's malicious actions, part of which have been links to very old long "dead" Elsmar forum discussion threads, so that forum readers have a true and accurate timeline of events as opposed to the false sequence of "isolated" events claimed by the plaintiff. Old posts/discussion threads are referenced. Old posts/discussion threads are not added to or "re-published".

Line Item 5 – An absurd claim. Regular visitors are not inclined to "Click On" advertisements. In addition, advertisers in the Elsmar discussion forum are more likely to cancel their advertisement to distance themselves from Elsmar as a response to plaintiff's complaint. Plaintiff's claim that:

Defendant Pro Se's Answer to "Motion for Preliminary Injunction" - Case 8:15-cv-00011



The claim is ludicrous. Plaintiff's lawsuit is a significant impetus for advertisers to **cancel** to avoid the publicity, which Defendant believes is part of Plaintiff's intention to cause maximum harm to Defendant and Elsmar.

It must be noted that only 1 "Banner Ad" of 7 total as this writing is in any way related to Plaintiff's business  - Plaintiff defames NQAUSA and his company, as well as others, openly, in public on internet venues such as "Twitter":



Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069 Tel: 513 720-0600
Page 14 of 23 - Printed February 11, 2015

Plaintiff claims Defendant did "indeed accelerate publication of libelous and defamatory postings on Defendant's web site", while the reality is Plaintiff had been publically, maliciously slandering and defaming Defendant for months prior to when Defendant was aware of Plaintiff's initiation of public malicious defamation of Plaintiff and Elsmar on various internet venues such as "Twitter" and slander of the Defendant and Elsmar well before Defendant was even aware of Plaintiff's initiation of public malicious defamation of Plaintiff and Elsmar.

Line item 6 – Plaintiff is exaggerating. Defendant believes Plaintiff is causing harm to himself by proceeding to publically, and increasingly, maliciously defaming Defendant and Elsmar. Plaintiff's claim is not in the public interest. Plaintiff only seeks to "bury" any negative comment and/or opinion about Plaintiff by use of a "gag order" to obscure from the public a way of obtaining accurate, real, true response to Plaintiff's lawsuit and information about the Plaintiff and his "crusade" against many companies and people as evidenced in his "Twitter" posts and probably other public internet venues. Defendant has not responded to Plaintiff's objective to provoke Plaintiff to respond in any internet venue other than Defendant's responses to Plaintiff's accusations other than within Elsmar.

Line Item 7 – Deny – Defendant believes Plaintiff is likely to fail in Plaintiff's effort to discredit, and maliciously defame Defendant's and Elsmar's reputation. Defendant believes Plaintiff is causing his own negative reputation and is likely to lose in a Trial by Jury which Plaintiff has requested. If Defendant can afford it, Defendant looks forward to a Jury Trial.

Line Item 8 – Deny - Defendant believes Plaintiff is accurately described as a "stalker' and uses "threatening" words. See Line Item 2 herein. Defendant is clearly expressing his opinion.

Line Item 9 – Deny – Totally taken out of context by Plaintiff's lawyer or paralegal to pursue a totally dubious claim of "hate speech".

Line Item 10 - Defendant has insufficient information or knowledge of Plaintiff's business history on which to form an opinion. Defendant reserves the right to demand Plaintiff

provide Plaintiff's detailed business history from January 2000 through February 2015 to back up Plaintiff's claims, as well as evidence linking any business losses directly to Defendent.

Line Item 11 – Disagree – This admission by Plaintiff is very informative. Elsmar is a small, personal forum with very low "rankings" on the internet. Defendant will possibly suffer injury, and future suffering, due to Plaintiff's lawsuit which could drive visitors away from Elsmar by Plaintiff, starting in October 2014, or earlier, by Plaintiff starting a continuous defamation of Plaintiff and Elsmar on major internet venues such as "Twitter". Plaintiff's malicious continuous defamation of Defendant is harmful to Defendant and Elsmar and will continue to be in the foreseeable future.

Line Item 12 – Deny – See Line Item 32 in Defendants' Answer to the original lawsuit. It reads:

> Deny - Plaintiff has never been "blocked" or "locked out" of the Elsmar discussion forum in any way, at any time, as Plaintiff alleges further on in the Complaint. It was the Plaintiff's decision not to register in the forum and rebut people's opinions in posts in that approximately 14 year old discussion thread. Even today, approximately 14 years later, Plaintiff can and may log into the Elsmar discussion forum and rebut any and all posts within any discussion thread. The discussion threads are not closed to new replies. It has been dormant for all these years because no one really cares to continue the discussion.

Plaintiff is outright lying in stating he was "locked out" or in any way "blocked" from responding to Elsmar forum posts.

> Also see Line Item 39 in Defendant's Answer to the Plaintiff's Complaint - Deny – Elsmar forum records show that Chris Paris registered as Christopher Paris in the Elsmar forum on 4 June 2004 around midnight and activated his registration. The record also shows the last time Christopher Paris (the Plaintiff) logged into the Elsmar forum was on 6 June 2004 at 4.57 PM. Plaintiff's "account" in the forum is marked "inactive" by the forum software based upon his not having Logged In to the forum since 6 June 2004. Plaintiff has only to find his password,

or reset it assuming he has forgotten it and has the same email address, and he can log into the forum using his user name "Christopher Paris". Plaintiff can Log In and start new discussion threads, post in existing discussion threads, and do anything any registered visitor can do.

Deny - The Defendant has in no way altered Christopher Paris' "profile information". http://elsmar.com/Oxebridge-Paris-Evidence/

Line Item 13 – Agree some, Deny some:

Agree – Defendant posted an OCR (Optical Character Recognition) of Plaintiff's lawsuit in an Elsmar forum post. Defendant also posted and linked to an exact scanned .pdf file duplicate of the Plaintiff's lawsuit, a public document, and Defendant noted that the "OCR" representation did not, by any means, represent the full, true, accurate lawsuit content as OCR is notoriously imprecise.

Deny – Posted OCR (Optical Character Recognition) of Plaintiff's lawsuit was totally a software output. Defendant did not alter the OCR output in any way.

Agree – Elsmar visitors did find the plaintiff's lawsuit humorous because many are familiar with Plaintiff and his antics. Elsmar visitors found the lawsuit humorous because – It is. Plaintiff's antics and defamation on internet venues are, and have been for many years, humorous. Plaintiff did, and continues to, spread false information and make defamatory comments about the Defendant on internet venues such as Twitter: http://elsmar.com/Oxebridge-Paris-Evidence/ To the contrary, Plaintiff has himself published, and continues to publish, false and/or misleading statements about Defendant and Elsmar.com on internet venues such as "Twitter" as well as Plaintiff's own web site. Defendant has no control over the many people on the internet who find Plaintiff's accusations humorous. Defendant maintains Plaintiff is his own "worst enemy".

Line Item 13 continued:

A. Agree - Defendant agrees not to post future statements on Elsmar.
B. Deny – Defendant believes deleting existing content will appear to make the Defendant appear guilty of Plaintiff's accusation.

C.  Deny – Defendant did not start this and will argue in Court that Plaintiff deserves no compensation for any court and/or attorney fees Plaintiff accrues in pursuit of this defamatory, spiteful lawsuit.

D.  See Line Item C above.


## II
## COUNTERCLAIMS


Counterclaim I

Plaintiff himself is availing himself of his right to Free Speech by posting in public such as in his "Twitter" account as in this example:

> **Oxebridge** @Oxebridge · Nov 22  2014
> Seems @ASQ HQ tried to quash Oxebridge speech, aimed to swap in
> their own "approved" speaker, fearful of even mild criticism. Incredible.


NOTE: ASQ = American Society for Quality.

Defendant believes he has the same right of Free Speech, as does the Plaintiff. Defendant has tried to appease Plaintiff as evidenced in the following email exchange. Defendant acceded to Plaintiffs demand by deleting the initially requested Elsmar forum discussion threads as Plaintiff requested. However, the Plaintiff's demands only increased:



**Re: Your linking to Elsmar in your rant – 20120218 – 20140502**

Marc Smith
Sent: Friday, May 2, 2014 at 5:29 PM
To: chris@oxebridge.com

Pretty lame apology, but I have killed that old thread.

From: Christopher Paris <chris@oxebridge.com>
Organization: Oxebridge Quality Resources International LLC
Reply-To: <chris@oxebridge.com>
Date: Friday, May 2, 2014 5:19 PM
To: Marc Smith <elsmarmarc@gmail.com>
Subject: Re: Your linking to Elsmar in your rant - 20120218 - 20140502

I'm sorry.

CP

On 5/2/2014 2:17 PM, Marc Smith wrote:

> I didn't say no. I will contemplate it over the weekend. I do expect an apology from you for having done
> that.
>
> From: Christopher Paris <chris@oxebridge.com>
> Organization: Oxebridge Quality Resources International LLC
> Reply-To: <chris@oxebridge.com>
> Date: Friday, May 2, 2014 5:10 PM
> To: Marc Smith <elsmarmarc@gmail.com>
> Subject: Re: Your linking to Elsmar in your rant - 20120218 - 20140502
>
> Is that a no, then?
>
> CP
>
> On 5/2/2014 2:07 PM, Marc Smith wrote:
>
>> Are you referring to the time you filed a complaint against me?
>> http://Elsmar.com/Forums/showthread.php?t=8692
>>
>> From: Christopher Paris <chris@oxebridge.com>
>> Organization: Oxebridge Quality Resources International LLC
>> Reply-To: <chris@oxebridge.com>
>> Date: Friday, May 2, 2014 1:04 PM
>> To: Marc Smith <elsmarmarc@gmail.com>
>> Subject: Re: Your linking to Elsmar in your rant - 20120218
>>
>> Gentlemanly request:
>>
>> Please consider (again) removing the negative posts about me on your site.
>>
>> CP



Plaintiff increases his demands after Defendant accedes to Plaintiff's initial

demand/request:

Defendant Pro Se's Answer to "Motion for Preliminary Injunction" - Case 8:15-cv-00011

I was open to your request but your trite apology was so insincere that I have decided to just leave things as they are. Why should I take the time to search through all my forum threads for traces of negative opinions about you? What have you ever done for me? Especially your complaint to the Ohio State AG – What a crock. You're lucky I didn't sue you over that little gem. It is the biggest reason I feel no obligation to "help" you in any way. That was mean and spiteful.

That said you can take comfort in knowing that in the last year alone I have killed 3 "negative" threads and a few posts about you that people started. For quite a few years my policy has been that I do not allow any mention of you or your company in the Elsmar forum. I have no desire to rekindle a long ago war. From what I hear you're still doing enough damage to your own reputation in places such as LinkedIn. Other than the occasional thread which pops up about you, which I delete, for me the matter was closed years ago.

I gave you my offer to sell Elsmar to you. Should you decide to buy it you can then do what you want. Other than that, I consider the matter closed.

**From:** Christopher Paris <chris@oxebridge.com>
**Organization:** Oxebridge Quality Resources International LLC
**Reply-To:** <chris@oxebridge.com>
**Date:** Friday, May 2, 2014 5:33 PM
**To:** Marc Smith <elsmarmarc@gmail.com>
**Subject:** Re: Your linking to Elsmar in your rant - 20120218 - 20140502

Thanks. Now you can take a whack at these, for starters:

http://elsmar.com/Forums/showthread.php?t=8853
http://elsmar.com/Forums/showthread.php?t=1815

Page 1 of 8

http://elsmar.com/Forums/showthread.php?t=44792
http://elsmar.com/Forums/showthread.php?t=8476
http://elsmar.com/Forums/showthread.php?t=7465
http://elsmar.com/Forums/showthread.php?t=8641
http://elsmar.com/Forums/showthread.php?t=9029
http://elsmar.com/Forums/showthread.php?t=16389
http://elsmar.com/Forums/showthread.php?t=8674
http://elsmar.com/Forums/showthread.php?t=14749
http://elsmar.com/Forums/showthread.php?t=10285
http://elsmar.com/Forums/showthread.php?t=34361

List is not comprehensive. I imagine you can just do a search-and-purge and get them all.

CP

On 5/2/2014 2:29 PM, Marc Smith wrote:

Pretty lame apology, but I have killed that old thread.

**From:** Christopher Paris <chris@oxebridge.com>
**Organization:** Oxebridge Quality Resources International LLC
**Reply-To:** <chris@oxebridge.com>
**Date:** Friday, May 2, 2014 5:19 PM
**To:** Marc Smith <elsmarmarc@gmail.com>
**Subject:** Re: Your linking to Elsmar in your rant - 20120218 - 20140502

I'm sorry.

CP

On 5/2/2014 2:17 PM, Marc Smith wrote:

Defendant believes that Plaintiff's demands are inappropriate and are an attempt to limit Defendant's Free Speech in expressing his opinion, just as Plaintiff has done. Defendant accuses Plaintiff of malicious slander.

Counterclaim II

Continual malicious, slanderous defamation of Plaintiff and Elsmar. See Counterclaim I herein.

## REQUEST FOR RELIEF

Wherefore, Defendant prays for as follows:

1. For dismissal of the Plaintiff's action with prejudice;
2. For an order that the Plaintiff shall take no relief from the Complaint;
3. For Plaintiff to pay all costs of the Complaint/lawsuit;
4. For further relief the Court deems fair.

I declare under penalty of perjury that the forgoing is true and correct.

Dated and respectfully submitted using the US Postal Service this 11th day of February 2015.

Marc Timothy Smith (Defendant pro se)

By: Marc Smith

8466 Lesourdsville-West Chester Road

West Chester, Ohio 45069-1929

Tel: 513 720-0600

Email: marcsmith102@cinci.rr.com

I certify that a copy of this ANSWER, DEFENCES, REQUEST FOR RELIEF, and COUNTER CLAIMS is being furnished by mail on the same date to the court and to William R. Wohlsifer, Attorney for Plaintiff at:

William R. Wohlsifer
1100 E. Park Ave Ste B
Tallahassee, Florida 32301
(Attorney for Plaintiff)

*Marc Smith*

Defendant

Electronic .pdf copy at: http://elsmar.com/Oxebridge-Paris-Lawsuit-2015/