# IN THE UNITED STATES DISTRIC COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### Case number: 8:15-cv-00011-EAK-TBM

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendants.

---

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun
Court: Florida Middle District Court
Office: Tampa Office
County: Hillsborough
Filed: January 5, 2015 (according to JUSTIA Dockets & Filings)

---

ANSWER, DEFENSES and COUNTER CLAIM to COMPLAINT FOR UNFAIR
COMPETITION UNDER 15 U.S.C. 1125; VIOLATION OF 772.102(1)(a)(26, §§
772.104(1) and 836.05, FLORIDA STATUES (EXTORSION); DEFAMATION PER
SE; DEFAMATION; LIBEL; INJURIOUS FALSEHOOD; AND INJUNCTIVE RELIEF

Response to Plaintiff's COMPLAINT FOR UNFAIR COMPETITION UNDER 15
U.S.C 1125; VIOLATION OF §§772.104(1)(a) (26), 772.104(1) AND 836.05,
FLORIDA STATUES (EXTORTION); DEFAMATION PER SE; DEFAMATION;
LIBEL; INJUROUS FALSEHOOD; AND INJUNCTIVE RELIEF

I

ADMISSIONS AND DENIALS TO EACH COMPLAINT LINE ITEM

Line Item 1 - Deny – Plaintiff has presented no evidence in Complaint Exhibits or
elsewhere that Plaintiff has in any way been financially harmed by Defendant. The
US$75,000 in damages is presented without basis by the Plaintiff to reach the threshold
to be able to file in Federal Court in order to by-pass the Florida State Court system and
some Florida Statues in order to cause Defendant maximum financial harm.

Line Item 2 - Defendant has insufficient information or knowledge about Plaintiff on
which to form a belief as to the truth of the content contained in this paragraph. It is the
Defendant's understanding that the Plaintiff's current main residence is in Lima, Peru.

Line Item 3 - Defendant has insufficient information or knowledge about Plaintiff on
which to form a belief as to the truth of the content contained in this paragraph.

Line Item 4 - Agree – Defendant does live in Cincinnati, Ohio and has done business as
d/b/a Cayman Business Systems but has had no business, or any other association, in the
State of Florida since 2000.

Line Item 5 - Deny – Defendant has never competed for business in the State of Florida.
Defendant's only business in Florida was prior to 2001 and prior to knowing who the
Plaintiff was or having any knowledge of the existence of his company (Oxebridge).

The only business Defendant has done in the State of Florida:

a. In 1998 Defendant gave a series of classes to Pall Aero Power which lasted one week. The classes were in Automotive Quality Systems - totally unrelated to Aerospace Quality Systems and ISO 9001. Even had the Defendant been aware of the presence of Plaintiff and his company (Oxebridge), Plaintiff states in his Complaint that his specialty is Aerospace and ISO 9001. (Line Item 10 in the Complaint). Plaintiff's services and expertise are not in Automotive Quality Systems thus there was no competition. In addition, Plaintiff states on his website that he formed his company in 1999. These services were performed prior to Plaintiff's formation of his company (Oxebridge) so reference to this should not be part of Plaintiff's complaint. There could not have been competition prior to when Plaintiff started his business in 1999 .

b. During the summer and fall of 2000 Defendant did consultation work with what was then Federal Service Warranty Corporation, a general consumer retail warranty company totally unrelated to Aerospace, then based in Tampa, FL. This was a consultation with Federal Service Warranty Corporation in their ISO 9002, not ISO 9001, implementation and was done prior to Defendant's knowledge of the existence of Plaintiff and Plaintiff's company. Defendant did not advertise or in any way solicit business in Florida at the time nor at any time before or after. Because Defendant was unaware of the existence of Plaintiff and his company (Oxebridge) at the time, the Defendant at no time did knowingly directly, or indirectly, compete for Plaintiff's business in the State of Florida. See second photo: http://elsmar.com/level2/accolades.html

That is the extent of Defendant's work in or near the State of Florida since 2000 and thus Plaintiff has had no "presence" in the State of Florida during or after the time of the Plaintiff's accusation. Also see: http://elsmar.com/resume.html

Line Item 6 - Deny – False Claim - Defendant's consulting business was intermittent from around 1991 through the end of 2000 when the demand for his services evaporated

after which Defendant did one 1099 "contract" (temporary) job as a Quality Engineer (2002-2003) at what was American Trim, an automotive parts manufacturer located north of Dayton, Ohio. After defendant's 2002-2003 1099 contract job, Defendant's only "business" was to run his Elsmar.com internet website while living in Cincinnati, Ohio. Plaintiff argues that Defendant worked in consulting for 25 years, which is based upon Plaintiff's and/or Plaintiff's lawyer not doing due diligence prior to stating this in the Plaintiff's Complaint. Plaintiff and Plaintiff's lawyer had access to this information for at least 15 years: http://elsmar.com/resume.html

Line Item 7 - Deny – Defendant has had no "significant" business activity of any kind in the State of Florida since 2000. As such Defendant has had no presence or consulting business in the State of Florida for over 14 years. Defendant has not conducted, operated, engaged in, or "carried on a business venture" in the State of Florida as defined within Section 48.193(1)(a), Florida Statutes. Also see Line Item 5, a and b, herein.

Line Item 8 - Deny – Defendant has never actively solicited business in the State of Florida as defined in Section 48.193(1)(f)(1), Florida Statutes.

Line Item 9 - Deny – Defendant has never had "substantial" business activity in the State of Florida, and has done no business in the State of Florida since 2000. See Line Item 5, a and b, herein. Defendant contends that two jobs, one in 1998 and one in 2000, and none since, is not "substantial" business activity.

Line Item 10 - Defendant has insufficient information or knowledge about Plaintiff and Plaintiff's business on which to form a belief as to the truth of the content contained in part of this paragraph. Of significance is Plaintiff's statement that Plaintiff's "lion's share" of business is in Aerospace. Defendant has not done any work in the aerospace industry in the State of Florida, or elsewhere in the world. The Defendant has no qualifications to work in the Aerospace industry. There can be no harm to the Plaintiff because Defendant did not have any aerospace industry job as a consultant, 1099

temporary worker or otherwise, or offered or performed aerospace service(s) of any kind in the State of Florida, or elsewhere in the world. http://elsmar.com/resume.html Defendant does not understand the relevance of bringing Aerospace into Plaintiff's Complaint.

Panavision International, L.P. v. Toppen, 141 F 3d1316 (9th Cir. 1998) is irrelevant to this Complaint.

Line Item 11 - Deny – A broad statement, and as described in Line Items 6, 7, 8 and 9 herein, Defendant has never had a significant presence, nor done significant business in the State of Florida which would subject Defendant to personal jurisdiction in the State of Florida pursuant to Section 48.193(1)(b), Florida Statutes.

Line Item 12 - Agree - Defendant owns and operates the Elsmar.com website as described in the Complaint. "People Helping People".

Line Item 13 - Defendant has insufficient information or knowledge about Plaintiff on which to form a belief as to the truth of the content contained in this paragraph of the complaint. Defendant does not know, or have any type of relationship of any kind with, any of the companies or individuals listed as sub-Line Items of paragraph 13 in the complaint. Defendant runs an internet web site which is accessible to the public at large world wide, but Defendant does not identify people who visit it. Whether or not any of the companies or individuals listed as sub-Line Items of paragraph 13 in the complaint visit Elsmar.com is not known by the Defendant. Also, Defendant believes Plaintiff has no grounds to complain that "Paid Consulting Services" take precedence over free advice and opinions. Plaintiff apparently believes that organizations such as charities and internet web sites offering free information should be oppressed in deference to "Paid Services" organizations.

Line Item 14 - Deny – This is a gray area, but at most Elsmar.com is an "interactive" web site. No "Consultation" is done in the Elsmar forums discussions or elsewhere on Elsmar.com. Elsmar does not sell promotional related items. The Elsmar discussion forum is a discussion forum where people ask questions and other people often try to give their personal advice and opinions. However, those giving advice and opinions by posting in a discussion "thread" post do so voluntarily, without compensation, and without solicitation from the Defendant to do so. It should also be noted that those who offer advices are offering their opinion based upon their experience in their field of expertise as volunteers. Visitors to Elsmar.com are assumed to be adults who are aware that any opinion given by a forum visitors post may or may not be valid and/or applicable to their specific scenario. People who participate in the Elsmar.com forum do so of their own free will without any expectation of any type of compensation other than the possible appreciation of the person asking for an opinion, advice or information on a topic. No "consulting", free or paid, is conducted in the Elsmar forum or anywhere in the Elsmar.com website. Advice and opinions from the public at large in a free, public internet discussion forum is not "consulting". Plaintiff claims Elsmar.com is "commercial" by citing "Premium" and "Member" access to a number of editable files (various forms and templates). Plaintiff fails to note that these files are available for free as .pdf files, and are offered without copyright restrictions on their use: Elsmar "Members" and "Premium" Directory Access Plaintiff claims that there are some people in the State of Florida who have purchased either "Premium" or "Member" access. Defendant went through all records of "purchases" from 1 January 2012 through 27 January 2015 to gather a sample and found a total of three transactions by people who reside in Florida:

    Zero transactions in 2015.

    Zero transactions in 2014.

    Two transactions in 2013:

        7 April 2013 – A US$25.00 donation to support the website, so it was not actually a "purchase".

        12 June 2013 – A US$50.00 "purchase" for "Members" directory access.

One transaction in 2012:

> 27 September 2012 – A US$50.00 "purchase" for "Members" directory access.

Line Item 15 - Agree in part; Deny in part

Deny – Defendant has no significant current, or past, business presence in the State of Florida and as such has no "clients" in the State of Florida with the exception of the two identified in Line Item 14 herein. http://elsmar.com/resume.html

Deny – Elsmar.com does not have any materials which are "essential" to Elsmar.com (Defendant's "services"). Elsmar.com does have many free files that people can download and use, most of which have been donated by Elsmar forum visitors to share with other people around the world, however there are minimal materials which are Aerospace related. Aerospace is a very small niche topic in the Elsmar discussion forums and as such has negligible effect on Elsmar.com internet traffic and/or income sources.

Deny - Elsmar.com has no "training manuals" related to the Aerospace industry as claimed by the Plaintiff. A review of aerospace related files on Elsmar available for free shows mainly AS9100 Audit Checklists which various people have made and shared with everyone. These "Audit Checklists" are from the general population. None are copyrighted and none are "professional". These "checklists" which have been donated by Elsmar forum visitors to share with other people around the world are not in any way "essential" to the Plaintiff's business services nor do they harm the Plaintiff's business services in any way. They are common audit checklists and hundreds of internet sites have similar audit checklists, some free and some for sale. As evidence just Google "as9100 checklist". AS9100 (Aerospace) related downloadable files in the Elsmar discussion forum:

http://elsmar.com/Forums/fileslist.php?mode=allfiles&sortby=filename&pageamt=1&criteria=as9100

Plaintiff's claim that these files are ""essential" to the Plaintiff's business services" is incredulous and demonstratively false. Plaintiff's attorney has not practiced "Due Diligence" in assessing Plaintiff's claims.

Line Item 16 - Defendant has insufficient information or knowledge about Plaintiff on which to form a belief as to the truth of the content contained in this paragraph as the Defendant is not a lawyer and cannot determine what a "plus factor" is in this Line Item. However, as shown herein, Defendant has no "commercial quality and interaction" with any individual or business within the State of Florida. See Line Items 6, 7, 8 and 9 herein with the exceptions in Line Item 5, a and b, herein which were in 1998 and 2000 – The most recent being over 14 years ago. CF. Roblor Mktg. Group, Inc. v. Gps Indus., Inc 645 F. Supp. 2nd 1130 (S.D. Fla. 2009) is not relevant.

Line Item 17 - Defendant has insufficient information or knowledge about Plaintiff on which to form a belief as to the truth of the content contained in this paragraph. However, since Defendant has had extremely minimal business in the State of Florida, and that essentially being limited to the two jobs cited in Line Item 5 herein and three forum transactions addressed in Line Item 14 herein, which were automotive and forum related, Defendant asserts that Plaintiff has suffered no harm. Regardless, the total dollar amount of the two jobs in Florida did not exceed US$12,000.00, and from the sample Defendant did as described herein in Line Item 14 herein, total income for "Member" and "Premium" access from people and/or companies in the State of Florida is less than US$100.00 per year. Defendant believes jurisdiction is not applicable under 28 U.S.C. §1332.

Line Item 18 - Deny – The 2 jobs the Defendant had in Florida as described in Line Item 5, a and b herein were jobs done prior to Defendant being aware of the existence of Plaintiff or his business. There can be no "Unfair Competition" claim where there is no competition. Also see FIRST DEFENCE herein. Defendant believes application of 28 U.S.C. §1121 and 28 §U.S.C. 1367 are not relevant to Plaintiff's Complaint.

## FACTUAL BACKGROUND
### a. The Parties Business Models

Line Item 19 - Deny – As cited in Line Items 6, 7, 8 and 9 herein, Defendant has not engaged in ISO 9001 or related consulting in the State of Florida since 2000. The Plaintiff and the Defendant are not now, nor have they ever been, directly, or indirectly, commercial or otherwise competitors in the State of Florida or elsewhere in the world. Defendant does have a quality system implementation method, which Defendant describes and provides for free to the public, but it is highly unlikely that it significantly resembles Plaintiff's implementation methodology other than areas in common with all such implementation methodologies. In addition, Defendant's specific implementation methodology is old and has not been updated since around 2001, so it is only marginally applicable to current implementation methodologies and therefore is not a threat to Plaintiff. Defendant's specific implementation methodology offered free to the public: http://elsmar.com/Imp/ for over 15 years. Plaintiff has no "trade secrets" and no copyright restrictions on Plaintiff's implementation" methodology.

Line Item 20 - Defendant has insufficient information or knowledge about Plaintiff or his business on which to form a belief as to the truth of the content contained in this paragraph.

Line Item 21 - Agree in part; Deny in part
Agree – Defendant "operates" Elsmar.com. http://elsmar.com/
Deny - The Elsmar discussion forum has over 100 different forums and sub-forums which address various business standards and general quality assurance issues. ISO 9001 is only one of many forum topics. Although over 12 years ago ISO 9001, QS9000 and TS 16949, which are automotive related standards, were the focus of the forum and web site, that has not been the case since at least 2004 when many additional quality assurance and business standards discussion forums were added, and many additional discussion forums

have been added since. Elsmar.com has not "focused" on ISO 9001 for over 12 years. Elsmar.com is currently mostly focused on Medical Device regulations and requirements. http://elsmar.com/Forums/tags.php

Line Item 22 - Agree – However, Defendant has obtained minimal business from that "Advertisement" page since the 1990's. Business from the "Advertisement" page since 2000 has been less than US$5,000.00. People come to Elsmar for free opinions and advice, so they are not likely to contract with the Defendant for his services, nor does the Defendant actively advertise his services elsewhere. It should be noted that the businesses listed on http://elsmar.com/services_main.html as 1099 contracting or consulting clients are all from jobs in the 1990's which is over 14 years ago, and most of those were 1099 contract jobs as a Quality Engineer in fields wherein Plaintiff did not engage in related consulting or other related services.

Line Item 23 - Agree – However, no advertiser has complained about Plaintiff's negative publications, reports on incidents, or other Plaintiff actions to the Defendant. Plaintiff's harassment and complaints against Defendant and/or Elsmar have never come up in any communication with Defendant and any of its advertisers so Defendant is unaware of any complaint of dispute between Elsmar forum advertisers and the Plaintiff. The effect of Plaintiff's negative publications, reports on incidents, or other Plaintiff actions on Elsmar forum advertisers is not the Defendant's responsibility, nor is the Defendant concerned about Plaintiff's actions. Recently Defendant has communicated to advertisers Plaintiff's lawsuit and there has been no negative reaction. Plaintiff's claim is not of significance to the Defendant and Defendant has no objection with Plaintiff's "negative reporting" on any person or company.

a. Knowingly Publishing False Material with Reckless Disregard for the Truth

Line Item 24 - Agree in part; Deny in part

<u>Defendant Pro Se's Answer to "Summons in a Civil Action" - Case 8:15-cv-00011-EAK-TBM</u>

Deny – The few times any old forum discussion thread has been updated have been when Plaintiff had in some way acted to provoke such an "update".

Agree - However, Defendant admits to having started a NEW discussion forum thread three times: In 2001 and again in 2004 when Plaintiff submitted a complaint to the Ohio Attorney. E.g.: Plaintiff's complaint to the Ohio Attorney General in 2004:

http://elsmar.com/Forums/showthread.php?t=8692

Plaintiff claims the Defendant "continuously" updates old discussion threads with posts "…to purposefully bring such older postings from cache to into {sic} current or real time…" A review of the discussion threads the Plaintiff has been requesting be removed is proof that this is not true. E.g.: The original Elsmar forum discussion thread which started this personal animosity is from July 2001. It consisted of a total of 33 posts over a 3 month period. The discussion thread has not been updated since September 2001. http://elsmar.com/Forums/showthread.php?t=1815  Complaint is evidence the Plaintiff did not practice 'Due Diligence" in providing his attorney with factual information on which to base his Complaint. It should be noted that there are only 13 discussion threads in the Elsmar discussion forum out of a total of 57,059 (as of this writing) discussion threads where in the Plaintiff is mentioned in any way, and only 2 or 3 of those are discussion threads wherein Plaintiff's business practices are opined upon. Most references to the Plaintiff were of a personal nature, "dislike" opinion in a post. The Plaintiff himself has been opined upon and demands *all* references to him and/or his company (Oxebridge) be removed or edited, specifically in these Elsmar forum discussion threads:

http://elsmar.com/Forums/showthread.php?t=1815
http://elsmar.com/Forums/showthread.php?t=7465
http://elsmar.com/Forums/showthread.php?t=8476
http://elsmar.com/Forums/showthread.php?t=8641
http://elsmar.com/Forums/showthread.php?t=8692
http://elsmar.com/Forums/showthread.php?t=8853
http://elsmar.com/Forums/showthread.php?t=9029
http://elsmar.com/Forums/showthread.php?t=10285
http://elsmar.com/Forums/showthread.php?t=14749

http://elsmar.com/Forums/showthread.php?t=16389
http://elsmar.com/Forums/showthread.php?t=34361
http://elsmar.com/Forums/showthread.php?t=44792

Also see TENTH DEFENCE and ELEVENTH DEFENCE herein.

Line Item 25 - Deny – While the original discussion in which Plaintiff's business practices were discussed and opined upon in 2001, over the "15 years" Plaintiff claims "tortious interference", among other claims, is false. The original discussion faded into the inactive discussion threads within 3 months. The original discussion has not been added to through additional posts since 4 September 2001. There were no further Elsmar forum discussions of the plaintiff until 2004 http://elsmar.com/Forums/showthread.php?t=8692 at which time the Plaintiff made a complaint to the Ohio Attorney General accusing Defendant of "running a lottery" and saying the Defendant "…may be aiding terrorists…" Defendant contacted and communicated with the Ohio Attorney General's office and submitted a rebuttal. The complaint was dismissed by the Ohio Attorney General and subsequently Defendant was informed that the Plaintiff withdrew his complaint. The complaint was posted and discussed in the forum briefly http://elsmar.com/Forums/showthread.php?t=8692 but faded into the background within a few months. After the Plaintiff's 2004 complaint to the Ohio Attorney General's office against the Defendant there were no discussions of the Plaintiff until early 2014 at which time Plaintiff contacted Defendant and began what escalated into a series of communications which became increasingly hostile and accusatory. Plaintiff confuses liable and defamation with opinions, and in no way does "unfair competition" come into this. Defendant is in no way in competition with the Plaintiff. See Line Item 18 herein.

Line Item 26 - Agree – Defendant does monitor content posted in the Elsmar forums, and believes he does an excellent job of doing so. Defendant's forum post moderation and editing policy: http://elsmar.com/Forums/showthread.php?t=8831 Defendant ensures the Elsmar discussion forum discussion forums remain free of spam, visitor "self-

promotions" (aka "Self Advertising" or "marketing"), resolves conflicts between forum participants, monitors for obvious false information, and otherwise maintains the integrity of the Elsmar discussion forums.

Line Item 27 - Agree in part; Deny in part

Posts in Elsmar forum discussion threads are reviewed for content. Plaintiff's complaint is that there are people who express an opinion of Plaintiff personally and/or and Plaintiff's business practices.

    a.  Deny –Defendant only opines Plaintiff is misleading.

    b.  Deny - Defendant has expressed his opinion from time to time. Defendant has not stated any comment as "fact".

    c.  Deny – Plaintiff has threatened Defendant in telephone calls initiated by the Plaintiff.

    d.  Deny - Plaintiff has harassed Defendant in telephone calls initiated by the Plaintiff, in Twitter "posts" and in other internet venues including Plaintiff's business web site. Also see Counterclaim I - Continuous Harassment and Defamation by Plaintiff herein.

    e.  Deny – Plaintiff provides no evidence either in the complaint nor in the Exhibits attached to the complaint. Defense claims he has made no false claims or personally published "attacks" against the Plaintiff.

    f.  Deny – Defendant has expressed his opinion that Plaintiff's advertising is deceptive. Defendant has a right to express his opinion.

    g.  Deny – A broad, general statement without supporting facts. "Too numerous to list" belies the fact that Plaintiff has no supporting evidence.

    h.  Agree – As Plaintiff has also posted about Defendant and Elsmar.com on his web site after the date of the complaint Plaintiff has filed, Defendant reserves the right to reply to Plaintiff's continuing accusations.

Line Item 28 - Agree in part; Deny in part

Deny – Defendant has opined that Plaintiff's business is heavily dependent upon ISO 9001 registrations as is evident in Exhibit A in the context of a general conversation in a forum discussion thread that dates back to a post in an Elsmar forum discussion thread in 2004. Defendant does not claim to have proof of intimate knowledge of Plaintiff's business situation or specifics of Plaintiff's practices.

Deny - Plaintiff has had over 10 years to complain or rebut an opinion in a 10 year old forum discussion thread (statute of limitations).

http://elsmar.com/Forums/showthread.php?t=8347 In addition, in Line Item 10 of Plaintiff's Complaint, Plaintiff claims "…Plaintiff's "lion's share" of business is in Aerospace…" which is totally unrelated to ISO 9001 and automotive.


Line Item 29 - Agree in part; Deny in part

Agree – Defendant did state that in a forum post. Plaintiff has threatened Defendant through telephone calls initiated by the Plaintiff. Defendant does not claim to have proof of these calls because Defendant has not recorded any. Defendant has no capability to record telephone conversations, and it is the understanding of the Defendant that recording a telephone call is illegal anyway. Plaintiff has submitted Exhibit B (from October 2014) as proof that the Defendant did state that the Plaintiff threatened the Defendant and Defendant does not deny that.

Deny - Exhibit B (http://elsmar.com/Forums/showthread.php?t=65636&page=3 Post 17) is one post in a discussion thread with many posts by various individuals. The entire discussion thread must be read to place Exhibit B in the entire context of the discussion thread. Plaintiff is selectively "cheery picking" posts from Elsmar forum discussion threads, out of context, in an attempt to mislead the Court.


Line Item 30 - Deny – Defendant opined that Plaintiff's actions over the years may indicate that Plaintiff may be a "paranoid schizophrenic" and that Plaintiff "may be in need of psychiatric treatment". Defendant does not claim to be a medical doctor. Defendant's statement is his opinion. Like Exhibit B, Exhibit C (also from October 2014) is one post from a longer discussion thread in the forum and is taken out of context to the

entire discussion thread. It should be noted that Exhibits B and C are from the same discussion thread. Plaintiff is intentionally "cherry picking" from a few posts in a discussion thread to make Exhibits in order to obscure the full context of the discussion. (http://elsmar.com/Forums/showthread.php?t=65636  Post 28 on page 4). Also see Counter Claim I herein.

Line Item 31 - Deny – Defendant denies he has "continually" said that Plaintiff's business model is a "failing" business model. The only place I can find that I (the Defendant) has stated that, as an opinion, is in the post in a forum discussion thread in 2004. Plaintiff has had over 10 years to complain about this, and fails to mention that the discussion thread from 2004 was initiated when the Plaintiff made a knowingly false complaint to the Ohio Attorney General http://elsmar.com/Forums/showthread.php?t=8692 thereby inducing a response to his actions by the Defendant. As with some other Exhibits, Plaintiff has included Exhibit D (http://elsmar.com/Forums/showthread.php?t=7465&page=2 Post 11), which is from 2004, within this Complaint. It is taken out of context of the Elsmar forum discussion thread as a whole and thus lacks context.

Line Item 32 - Agree in part; Deny in part
Agree - Defendant agrees he has characterized Plaintiff's "40 Day Implementation" as a "40 Day Wonder Implementation". The complaint cites Exhibit E in Line Item 32, however Defendant believes that to be in error because Exhibit E is in reference to a post in a discussion thread from December 2014. Defendant believes Exhibit F was the intended Exhibit to be cited for this Line Item. Defendant has also stated in other posts in forum discussion threads that it is *not* impossible to do an ISO 9001 implementation in 40 days, but it is quite rare, and most professionals who do ISO 9001 implementations agree it is rare and typically not effective. This is one reason for Plaintiff's complaint.
Agree - Defendant believes he has a right to use sarcasm and has done so.
Deny - Defendant honestly believes the "40 Day Implementation" plan is false/misleading akin to "Bait and Switch" in that Plaintiff knows it is rare that a

company can go through an effective implementation in 40 Days. Note that Exhibit F (which is a copy of post 14 by the Defendant in the discussion thread from 2001) is from a discussion thread in the forum that was started 15 July 2001 and the last post in the discussion thread is on 4 September 2001. There are a total of 32 posts in that thread which is located here: http://elsmar.com/Forums/showthread.php?t=1815 Example post in discussion thread:

> "I hope he had as much fun putting together his page as I've had reading this....
> Did anyone read the Implementation plan? A "team" comes in and implements the system while you "watch and learn." (I'm paraphrasing - but that was the gist of it). Then they leave and what happen? Are internal audits effective enough to hold the system together?
>
> I also want to know what a "traditional consultant" is. At 2 of my companies, I'm actually on the org chart as quality manager - they are too small to afford a full time quality manager. At another I mostly did the training after they decided what they needed - at another, I'll be the "external/internal auditor" because they too are too small with high turnover.
>
> Bottom line is 20, 40 or 180 days doesn't matter. What matters is the company "inventing the system" themselves or they don't feel ownership, don't understand it enough to improve it, and eventually are reestablishing it because it wasn't maintained. (Oops - that's the other 2 clients)"

Plaintiff has had approximately 14 years to complain either through legal means or through rebuttal by registering in the forum, which is free. The only requirement to register in the Elsmar discussion forum is a valid email address. The Plaintiff could then rebut opinions posted by the Defendant and others who opined in that discussion thread on Plaintiff's implementation methodology.

Deny - Plaintiff has never been "locked out" of the Elsmar discussion forum in any way, at any time, as Plaintiff alleges further on in the Complaint. It was the Plaintiff's decision not to register in the forum and rebut people's opinions in posts in that approximately 14 year old discussion thread. Even today, approximately 14 years later, Plaintiff can and may log into the Elsmar discussion forum and rebut any and all posts within any discussion thread. The discussion threads are not closed to new replies. It has been dormant for all these years because no one really cares to continue the discussion.

Line Item 33 - Agree in part; Deny in part

Deny – See Line Item 32 above as this does apply to Exhibit F. Defendant denies ever having said or written "…when performed by companies other than Oxebridge…". This is an outright false claim by the Plaintiff.

Deny - Plaintiff claims that Exhibit F is a "…compilation of posts…" when in fact Exhibit F is a printout of only 1 post in that discussion thread – Post #12 on page 2 of the discussion thread. Exhibit F is taken out of context and implies it is in some way representative of the discussion thread as a whole. Link to the discussion thread is in response to Line Item 32 herein. Post 12 in that 2001 discussion thread is a compilation of copies of posts in a now obsolete USENET discussion (alt.binaries.quality) and of several Plaintiff and Defendant email exchanges at that time back in 2001.

Line Item 34 - Deny – Nowhere in Exhibit G does the Defendant use the words "fraud" or "scam" in reference to the Plaintiff. There is a reference to the 2001 Elsmar forum discussion thread in Exhibit G which is a printout of two posts in a discussion thread made on 16 October 2014. The entire discussion thread can be read here: http://elsmar.com/Forums/showthread.php?t=65031 Exhibit G consists of 2 posts that were in the Elsmar forum discussion thread, which was totally unrelated to the Plaintiff. In his complaint Plaintiff cites a responsibility to monitor posts in the forum. Exhibit G is evidence that Defendant does so. Both posts in Exhibit G, as well as the post cited in the first post of Exhibit G, were determined to be "off topic" and controversial, and thus all three posts were deleted from the discussion thread on 23 October 2014 by the Defendant.

Agree - Defendant does agree that Defendant does not have knowledge of Plaintiff's "40 day implementation system", however having done some major multi-national, and small (<14 employees) business implementations, Defendant believes advertising a 40 day implementation is deceptive advertising akin to "Bait and Switch" practices. That is Plaintiff's opinion.

Deny - Elsmar discussion forum posts cannot be "marked or "described". They are simply individual "stand alone" posts in a discussion thread. Plaintiff is stating things which cannot be done with the software.

Line Item 35 - Agree in part; Deny in part – Defendant has opined without malicious intent about Plaintiff.

   a.  Agree – Plaintiff was harassing the Defendant and Defendant grew tired of Plaintiff's harassment.

   b.  Agree – Defendant was unaware of Plaintiff's posts on LinkedIn and Twitter until being contacted by someone on LinkedIn in the fall of 2014. This person communicated with the Defendant that Plaintiff was posting defamatory and threatening posts about the Defendant on Twitter. Defendant stated his opinion cited in the complaint based upon Defendant's observations of the Plaintiff's posts on Twitter and LinkedIn, as well as Defendant having had others contact him about Plaintiff harassing them.

   c.  Agree – Search engines archive many web pages. Defendant has no control over any internet search engine or what pages on internet they archive. Defendant stated what is well known.

   d.  Agree - Defendant did use bad judgment in saying the discussion thread was meant to "defame" the Plaintiff per se. The Defendant's intention of the discussion thread was to make public Plaintiff's demanding email of 20 October 2014 to Defendant. http://elsmar.com/Forums/showthread.php?t=65636

   e.  Agree – Defendant's opinion is the Plaintiff has some sort of personal problem.

   f.  Defendant has insufficient information to know what the Plaintiff is referring to in this sub-paragraph.

Line Item 36 - Deny – Defendant has not, and does not "…selectively moderate the forum…" in any way to "…steer potential clients away from Oxebridge…" Defendant has no association with any person and/or company, financially or otherwise, which does implementations or registrations, in Aerospace or ISO 9001 or other standards, nor does

the Defendant recommend any specific person or company to anyone. Defendant has always tried to remain independent to ensure there is no conflict of interest by recommending one company or person over another when they are seeking a "For Pay" service such as consulting or implementations. Elsmar.com's Terms Of Service (ToS) clearly explains moderation practices in the Elsmar forum:
http://elsmar.com/Forums/showthread.php?t=8831

Line Item 37 - Deny – Defendant denies this accusation entirely. Plaintiff provides no evidence of this as he could have done in an Exhibit appended to his Civil Action against Plaintiff. Also see Line Item 36 herein.

Line Item 38 - Deny – Defendant has no way to manipulate Google's search engine algorithm nor Google's (or any other search engine's) search results. If Defendant did, Defendant would be a multi-millionaire. This claim is ludicrous.

Line Item 39 - Deny – Elsmar forum records show that Chris Paris registered as Christopher Paris in the Elsmar forum on 4 June 2004 around midnight and activated his registration. The record also shows the last time Christopher Paris (the Plaintiff) logged into the Elsmar forum was on 6 June 2004 at 4.57 PM. Plaintiff's "account" in the forum is marked "inactive" by the forum software based upon his not having Logged In to the forum since 6 June 2004. Plaintiff has only to find his password, or reset it assuming he has forgotten it and has the same email address, and he can log into the forum using his user name "Christopher Paris". Plaintiff can Log In and start new discussion threads, post in existing discussion threads, and do anything any registered visitor can do.
Deny - The Defendant has in no way altered Christopher Paris' "profile information".
http://elsmar.com/Oxebridge-Paris-Evidence/

Line Item 40 - Deny – See Line Item 39 herein. Plaintiff could have registered in the Elsmar forum in 2001 had Plaintiff chosen to. Plaintiff did register in the Elsmar

discussion forum in 2004 after which Plaintiff could have posted rebuttals in discussion forum threads. Plaintiff has chosen not to.

Line Item 41 - Deny – This is a false, defamatory characterization and accusation by the Plaintiff of the Defendant.

### d. Damage to Plaintiff's Business Interests and Value

Line Item 42 - Agree in part; Deny in part
Deny – Defendant has no responsibility to censure people's opinions expressed on posts in Elsmar forum discussion threads.

a. Defendant has insufficient information or knowledge about Plaintiff's relationship with any other internet websites and/or internet forums with the sole exception that the Defendant was told by someone that the Plaintiff was either banned or encouraged to stay out of the ASQ's (ASQ – American Society for Quality) discussion forums. The Defendant has no direct knowledge of the validity of what the Defendant was told, and the Defendant does not have any connection with the ASQ's forum to know first hand what transpired there. Neither does the Defendant have any control over any internet forum or web site other than Elsmar. Defendant has no control over LinkedIn or Twitter.

b. Deny - See Line Item 39 herein.

c. Deny - Defendant has no control over decisions made by any person and/or company which considers people's opinions, whether on internet websites or elsewhere, when making their decisions. Plaintiff has had many years to rebut any opinion posted in the Elsmar forum, and still does.

d. Defendant has insufficient information or knowledge about Plaintiff on which to form a belief as to the truth of the content contained in this paragraph.

e. Defendant has insufficient information or knowledge about Plaintiff on which to form a belief as to the truth of the content contained in this paragraph.

   f.  Deny - Defendant believes Plaintiff is "grasping at straws" to blame his personal failures on the Defendant.

   g.  Deny - Plaintiff has his own internet web site which he alone has complete control of. Plaintiff also has access to, and accounts on, Twitter, LinkedIn and other venues on the internet and elsewhere. Plaintiff clearly has the "...ability to publish effective content..." anywhere on the internet and elsewhere.

## COUNT 1

### 15 U.S.C §1125 – Unfair Competition

Line Item 43 - Agree – This entire lawsuit is based upon Line Items 1 through 42 of the complaint. The rest of the Complaint is a redundant "fishing expedition".

Line Item 44 - Deny – Defendant has addressed the issue of "unfair competition" in various Line Items 1 through 42 herein and Defendant denies there is now, or ever has been, going back to 2000 and even in prior years, any competition for business in Florida or anywhere else in the world.

Line Item 45 - Agree in part; Deny in part

Deny – Defendant does not have, nor has had, any income from his "self-promotion/advertisement for consulting services" web page in over 10 years.

Agree - Defendant does receive income from advertising in the Elsmar forum. However, as can be proven though Defendant's 2013 1040 Federal Income Tax filing, Defendant's total "Adjusted Gross Income", which includes all income from Elsmar.com, was a mere US$1,966.00 (less than US$165/month). In addition, Elsmar.com made so little income that Defendant has been considering closing Elsmar.com as discussed in public back in August 2014: http://elsmar.com/Forums/showthread.php?t=65031

Deny - Defendant denies he ever valued the web site at US$2,200,000.00. Defendant has offered to sell the Plaintiff Elsmar as a whole at various prices. Defendant *has* raised the price to the Plaintiff every time the Plaintiff harassed the Defendant. Defendant has no

idea what the sale value of Elsmar.com is. See:

http://elsmar.com/Forums/showthread.php?t=65031

Deny - As evidenced in email communications, Plaintiff offered money to the Defendant to selectively edit and/or delete discussion threads to remove any content in which Plaintiff or his business have been mentioned in/opined upon. Defendant refused on ethical grounds.

Agree - Defendant has offered to sell Plaintiff Elsmar and all its contents so that Plaintiff himself could do what ever he wanted with the forum and content therein.

Line Item 46 - Deny - See Line Items 1 through 42 and Line Item 43 herein. Defendant has not been in the consulting business in approximately 15 years. Defendant contends there is not, nor has there ever been, "competition", direct or indirect, as claimed by the Plaintiff. See: http://elsmar.com/resume.html

Line Item 47 - Deny – Many people and organizations offer free services ("People Helping People"), not to mention thousands of charities, Pro Bono services, internet web sites and internet forums. Also see Line Items 1 through 42 herein with regard to "false and defamatory content". Defendant maintains the belief that people are allowed to express their opinions on any topic or person. Defendant maintains "For Pay" services do not take precedence over free services as Plaintiff suggests in his Complaint. This Complaint is ludicrous.

Line Item 48 - Deny – Each accusation in this Line Item has been answered in numerous Line Items elsewhere herein. Also see Line Items 1 through 42 herein. Plaintiff is "damaging" his own reputation through his own actions on the internet and elsewhere, including filing his Complaint/lawsuit against Plaintiff. Also see:

https://en.wikipedia.org/wiki/Streisand_effect

Line Item 49 - Deny – See Line Items 1 through 42 and Line Item 48 herein.

Line Item 50 - Deny – Defendant maintains the Plaintiff improperly believes that "gagging" the defendant and censuring Elsmar forum discussion threads and posts through the use of a Federal Lawsuit will eliminate or diminish problems the Plaintiff brings upon himself through his own actions on the internet and elsewhere. Also see Line Item 48 herein.

## COUNT II
### Violation of §§772.102(1)(a)(26), 772.104(1) and 836.05, Florida Statutes (Extortion)

Line Item 51 - Deny – Defendant denies he has done anything in violation of 15 U.S.C §1117. Defendant has never engaged in "economic coercion", or any economic activity affecting the Plaintiff in any way. Defendant also maintains he never "acted in bad faith". Also see Line Items 1 through 42 herein.

Line Item 52 - Agree in part; Deny in part
Agree – This entire lawsuit is based upon Line Items 1 through 42 of the complaint. The rest of the Complaint is redundant.
Deny - Defendant denies he has done anything in violation of 15 U.S.C §1117.

Line Item 53 - Deny - Defendant has not engaged in "extortion" in any way, shape or form. See Line Items 1 through 42 herein.

Line Item 54 - Agree – Defendant has made several offers to sell Elsmar and all its content to the Plaintiff each of which the Plaintiff has declined.

Line Item 55 - Deny – The Defendant's offer to sell Elsmar.com and all its content to the plaintiff was based upon the fact that if the Plaintiff purchased Elsmar.com he could do with it as he pleased, including removing any content he desired. An offer to sell is not extortion.

Defendant Pro Se's Answer to "Summons in a Civil Action" - Case 8:15-cv-00011-EAK-TBM



Line Item 56 - Deny – Plaintiff presents no evidence of this claim and Defendant

vigorously denies he has "spread false and defamatory content across the internet", on

any internet website or forum, or any other venue on the internet. However, Plaintiff did,

and continues to, spread false information and make defamatory comments about the

Defendant on internet venues such as Twitter: http://elsmar.com/Oxebridge-Paris-

Evidence/

Line Item 57 - Agree – Defendant advised the Plaintiff that the more the Plaintiff defamed and spread false information and accusations about the Defendant and Elsmar.com, and the more the Plaintiff harassed the Defendant, the Defendant would raise the selling price, which Defendant did. At this point, the Plaintiff has harassed the Defendant so much that the Defendant will give away Elsmar rather than sell it to the Plaintiff. The offer to sell Elsmar to the Plaintiff still stands at a price decided by the Defendant.

Line Item 58 - Agree – See Line Item 57 and Exhibit H. This was no secret. Plaintiff knew that the more he harassed and slandered the Defendant, the price to buy Elsmar would continue to rise. The Plaintiff should have no expectation of the Defendant to sell Elsmar at a price dictated by the Plaintiff.

Line Item 59 - Agree – It was no secret that the Plaintiff has been slandering the Defendant on internet venues such as "Twitter" and on Plaintiff's own internet web site, and while the Defendant said: "Knowing he wouldn't have the money, I did offer to sell Elsmar to him." Defendant had no way to actually know anything about Plaintiff's true financial situation, but the Defendant did assume the Plaintiff could not afford it. Plaintiff's continuing harassment and dfamation of Defendant is and has been the reason for the rising sale price to the Plaintiff. See Exhibit H of the Complaint.

Line Item 60 - Deny
Deny – Defendant did not post "false, misleading or defamatory content".
Deny - Defendant refused to accept an unethical proposal from Plaintiff of monetary payment to selectively edit negative comments referencing Plaintiff and/or Plaintiff's business in exchange for money. Plaintiff had the opportunity to buy Elsmar a number of times. Plaintiff declined to do so each time. Also see Line Item 45 herein.
Deny - Defendant denies having violated Section 836.05, Florida Statues. Again, this is all covered in Line Items 1 through 42, and Line Item 55, herein.

Line Item 61 - Deny – There was no extortion per Section 772.104, Florida Statues.

Line Item 62 - Deny – See Line Item 61 herein.

Line Item 63 - Deny – See Line Item 61 herein.

Line Item 64 - Deny – Defendant denies applicability of Section 772.104, Florida Statues, Section 836.05, Florida Statues, and Section 772.104(1), Florida Statues. Also see Line Item 61 herein.

## COUNT III
## Defamation Per Se

Line Item 65 - Agree – This entire lawsuit is based upon Line Items 1 through 42 of the complaint. The Complaint as a whole is a "fishing expedition".

Line Item 66 - Deny – See Line Item 61 herein.

Line Item 67 - Agree in part; Deny in part
Deny – Defendant maintains that no false statements about the Plaintiff were published by the Defendant. To the contrary, Plaintiff has himself published, and continues to publish, false and/or misleading statements about Plaintiff and Elsmar.com. See COUNTERCLAIMS II, Counter Claim I herein.
Agree - Defendant admits that opinions about the Plaintiff and Oxbridge's "40 Day Implementation" were posted in an Elsmar forum discussion thread posts in 2001 (Statute of Limitations applies).

Line Item 68 - Agree – Defendant, and other forum visitors, posted opinions about the Plaintiff and his company's services (specifically Plaintiff's "40 Day Implementation") which is what started this altercation in 2001. All posts in the Elsmar forum discussion

threads are the poster's opinion. Defendant admits he knew little about all the services the Plaintiff's business provided other than the Plaintiff's "40 Day Implementation" program. Defendant did not know about the totality of Plaintiff's business services because the defendant mainly opined about Plaintiff's advertising scheme and the "40 Day Implementation" program, in particular the effectiveness of such a program. Other aspects of Plaintiff and Plaintiff's business were, and are, of no interest to the Defendant.

Line Item 69 - Deny – Defendant believes people who visit a technical forum on the internet are able to decide for themselves who and what to believe about opinions posted in Elsmar forum discussion thread posts by the Defendant or other forum visitors.

Line Item 70 - Deny – Defendant has made no false statements. Defendant has only stated opinions.

Line Item 71 - Deny – Defendant believes Plaintiff is causing his own problems. See Line Item 48 herein.

Line Item 72 - Deny – Defendant has caused the Plaintiff no harm. Defendant believes Plaintiff is causing his own problems and that they are unrelated to any action by the Defendant. See Line Item 48 herein.

## COUNT IV
## Defamation

Line Item 73 - Agree – This entire lawsuit is based upon Line Items 1 through 42 of the complaint. The rest of the Complaint is redundant.

Line Item 74 - Deny – Defendant has not defamed the Plaintiff as has been addressed in Line Items 1 through 42, as well as various other Line Items, herein such as Line Item 48 herein.

Line Item 75 - Deny - See Line Item 74 herein.

Line Item 76 - Deny – See Line Item 75, Line Item70 and Line and Item 74 herein.

Line Item 77 - Deny - See Line Item 68 herein.

Line Item 78 - Deny – Professionals visit the Elsmar discussion forums and are competent to judge the validity of opinions expressed therein. The Elsmar discussion forum is not a children's discussion forum. Also see Line Items 48, 67, 68 and 69 herein.

Line Item 79 - Defendant has insufficient information or knowledge about Plaintiff's business history on which to form a belief as to the truth of the content contained in this paragraph. Also see Line Item 78 herein.

Line Item 80 - Deny – See Line Item 79 herein.

## COUNT V
### Libel

Line Item 81 - Agree – This entire lawsuit is based upon Line Items 1 through 42 of the complaint. The rest of the Complaint is a redundant "fishing expedition".

Line Item 82 - Deny – Defendant has not libeled Plaintiff. Opinion is not libel.

Line Item 83 - Deny – Defendant has not made false statement(s) to misrepresent "…the value or manner of services offered by Oxebridge…" Defendant has only posted his opinion(s) in a discussion thread in the Elsmar discussion forum with regard to Plaintiff's advertising claims and the effectiveness of Plaintiff's "40 Day Implementation".

Line Item 84 - Deny – Defendant has not posted anything about Plaintiff anywhere on any other internet forum, web site or any other internet venue other than one post in "Twitter" in response to a defamatory "Tweet" about the Defendant and Elsmar made by the Plaintiff on "Twitter". Defendant has made no false statements. Also see Line Items 1 through 42, and other various related Line Items herein.

Line Item 85 - Defendant has insufficient information or knowledge about the Plaintiff's business history on which to form a belief as to the truth of the content contained in this paragraph.

## COUNT VI

### Injurious Falsehood

Line Item 86 - Agree – This entire lawsuit is mainly based upon Line Items 1 through 42 of the complaint. The rest of the Complaint is a redundant "fishing expedition".

Line Item 87 - Deny – Defendant has made no "injurious falsehood" about Plaintiff. Defendant has done no more than to express opinions.

Line Item 88 - Deny – All of this is addressed in Line Items 1 through 42, Line Item 26, and Line Item 98 herein. Plaintiff did not, and has not, refused to moderate false and/or misleading content in the Elsmar discussion forum.

Line Item 89 - Deny – Defendant has no particular interest in Plaintiff or Plaintiff's business other than as stated in Line Items 1 through 42 herein. Defendant denies malice against Plaintiff. Defendant does complain Plaintiff is, and has been, harassing Defendant.

Line Item 90 - Deny – Defendant reviews posts in the Elsmar forum for content. Defendant does not edit or delete posts because the post contains an unfavorable opinion

about anyone, or any company, including the Plaintiff. All posters are allowed to express their opinion in their post. However, Defendant does remove any content Defendant believes to be false or misleading.

Line Item 91 - Deny – Defendant denies he wrote false or misleading content in posts in discussion threads in the Elsmar discussion forum and as such Plaintiff and his business were caused no damage. Defendant maintains Plaintiff is damaging himself though his own actions. Also see Line Item 48 herein.

Line Item 92 - Defendant has insufficient information or knowledge about the Plaintiff's business history on which to form a belief as to the truth of the content contained in this paragraph.

## COUNT VII
### Injunctive Relief (Temporary and Permanent)

Line Item 93 - Agree – This entire lawsuit is based upon Line Items 1 through 42 of the complaint. The rest of the Complaint is a redundant "fishing expedition".

Line Item 94 - Deny – Defendant has never caused the Plaintiff harm. See Line Item 48 herein.

Line Item 95 - Agree – However, Defendant maintains that Plaintiff is himself the cause of his problems in his business and other relationships. See Line Item 48 herein.

Line Item 96 - Defendant has insufficient information or knowledge on which to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegation contained therein.

Line Item 97 - Deny – Defendant has made no false statement(s). Defendant maintains Plaintiff disregards the First Amendment of the United States Constitution which grants every United States Citizen the right to express their opinion. Defendant maintains opinions of visitors who post in the Elsmar forums also have the right of protected speech. Also see Line Item 48 herein.

Line Item 98 - Deny – Opinions are posted in the Elsmar forum discussion threads. Opinions cannot be "false information" per se. In addition, as discussed in Line Items 1 through 42 and Line Item 36 herein, Defendant moderates posts and ensures false and defamatory information is deleted or edited out of forum posts. Example evidence:

> On 10/5/12 10:33 PM, Wes Bucey @ The Elsmar Cove Forum at wesbucey@gmail.com wrote:
>
> I guess your own memory is faulty. If you will recall, I was the one who gave you the methodology to deal with Paris when he whined to the Ohio Attorney General. My own "stuff" with Chris Paris goes back long before you and Paris, but unlike you, I never crossed the line past libel or slander. He may not like what I say, but he fears me and knows that I have enough facts to destroy him in court. I have often said in public and private that he is very clever in writing his spoofs, but that he, like our old friend, Jim Wade, from Great Britain, has an almost pathological obsession with trying to "get even" with anyone or anything to do with ISO and takes every opportunity to hold them up to ridicule (as exemplified by his satirical take on ISO 9100 in two versions, 2000 and 2008.) When I talk or write about Chris, I tell nothing but the truth, checkable. The paragraph I cited from his website (well within Fair Use) about his 40 days makes him look silly to knowledgeable practitioners; my comment that I find it "hilarious" is a clue to others that they should investigate more. He left ASQ long ago, having burned a lot of bridges there. I am aware he "sold" Oxebridge some time back, probably to present "empty pockets" for several lawsuits he was facing. Oddly, he tried to reach out to our 'friend' in Great Britain, thinking him a kindred spirit, but was brutally rebuffed more than 5 years ago. Chris Paris may seem like a potential threat, but he is very vulnerable, with a business that can be destroyed in a heartbeat by bad publicity. - Wes

Defendant's response:

> I had no idea what Paris' situation was/is, and you are right that I don't remember much about what happened many years ago.

This "current" event was in regard to Mikishots post with the link. It had nothing to do with you. Apparently you were typing a reply and during that time Mikishots post was soft deleted. Your post then came up with the link. Our policy has been to soft delete until we discuss what happened and what to do. I did consider editing the link out of your post and letting the post go open to the public. But I decided that I do not want any problems. That was a long time ago and it really doesn't make sense to me to allow opening up an old wound. Paris may or may not be harmless, but I'm getting too old to want to carry on a feud, much less open myself up to the possibility of having to deal with a potential problem even though the probability is low that he could do anything even if he wanted to. And to be clear, there are known conflicts between some people such as you and Jan, but that is the case on every open internet forum. Personality conflicts abound. During the recent previous "event" Jan was told, in the moderator forum thread, to leave you alone. Like I say - This wasn't really about your post to begin with. It got caught in a cross-fire. Well, I've said enough. I just got up and have to check the forums and a number of other things.

Regards,

Marc T. Smith

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Neither the confidentiality nor the integrity of this
message can be guaranteed following transmission on
the Internet.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Line Item 99 - Deny – Defendant does not believe any type of injunction will serve the public interest. Any type injunction will only serve to stifle free speech. Defendant maintains opinions of visitors who post in the Elsmar forums, or any other internet forum, web site, or other internet venue are protected speech. Defendant also maintains any injunction on posting opinion(s) in the Elsmar discussion forum will have absolutely no effect on any "other internet forums and outlets". Elsmar is only 1 of over 1 billion internet web sites.

I

DEFENSES

FIRST DEFENSE:

     This court lacks venue over this action. See line Item 1 herein.

SECOND DEFENSE:

     Almost all of the Plaintiff's complaints date back to 2001 and 2004, and "recent events" are events which the Plaintiff instigated by harassing the Defendant, both privately and publicly including on the Plaintiff's own internet web site and other internet venues such as "Twitter". Plaintiff has had about 14 years to settle his differences with the Defendant through the courts and has not done so until now (statue of limitations).

THIRD DEFENSE:

     Plaintiff has filed this Civil Action in Federal Court in Florida in order to cause Defendant great financial hardship in order to defend himself in a Florida court knowing Defendant resides in the State of Ohio.

FOURTH DEFENSE:

     Defendant has reason to believe that Plaintiff's current main residence is in Peru and has filed this lawsuit through a lawyer in the United States with the belief Defendant will not be able to respond thus causing a Default Judgment against the Defendant thus potentially enriching the Plaintiff.

FIFTH DEFENSE:

     Since at least 2012 Plaintiff has been harassing Defendant through emails and telephone calls to Defendant. Defendant has tried to appease Plaintiff by removing several discussion threads which the Plaintiff asked to be removed. One example:



Plaintiff then exacerbated the situation by then responding with a demand that more discussion threads be removed which included any discussion thread in which Plaintiff or his company were even mentioned. Plaintiff's demands only

increased when Defendant acquiesced to Plaintiff's original demands so
Defendant believes Plaintiff might never be satisfied.

---

**Subject:** Re: Your linking to Elsmar in your rant - 20120218 - 20140502/3 (Parts)
**Date:** Saturday, May 3, 2014 at 4:40:10 AM Eastern Daylight Time
**From:** Marc Smith
**To:** chris@oxebridge.com

I showed my girl friend your "apology" and she laughed as hard as I did. Trite. And you have the balls to ask me to remove every trace of anything anyone has said which is not complementary of you. I did take the time to review the threads you linked to and I see nothing defamatory or otherwise problematic. People are allowed to state their opinions (E.g.: http://elsmar.com/Forums/showthread.php?t=44792 ). It is not slander or defamatory when someone gives an opinion. And you say "...List is not comprehensive. I imagine you can just do a search-and-purge and get them all...." Why should I take my time looking for any mentions of you or your company and delete them?

I was open to your request but your trite apology was so insincere that I have decided to just leave things as they are. Why should I take the time to search through all my forum threads for traces of negative opinions about you? What have you ever done for me? Especially your complaint to the Ohio State AG – What a crock. You're lucky I didn't sue you over that little gem. It is the biggest reason I feel no obligation to "help" you in any way. That was mean and spiteful.

That said you can take comfort in knowing that in the last year alone I have killed 3 "negative" threads and a few posts about you that people started. For quite a few years my policy has been that I do not allow any mention of you or your company in the Elsmar forum. I have no desire to rekindle a long ago war. From what I hear you're still doing enough damage to your own reputation in places such as LinkedIn. Other than the occasional thread which pops up about you, which I delete, for me the matter was closed years ago.

I gave you my offer to sell Elsmar to you. Should you decide to buy it you can then do what you want. Other than that, I consider the matter closed.

**From:** Christopher Paris <chris@oxebridge.com>
**Organization:** Oxebridge Quality Resources International LLC
**Reply-To:** <chris@oxebridge.com>
**Date:** Friday, May 2, 2014 5:33 PM
**To:** Marc Smith <elsmarmarc@gmail.com>
**Subject:** Re: Your linking to Elsmar in your rant - 20120218 - 20140502

Thanks. Now you can take a whack at these, for starters:

http://elsmar.com/Forums/showthread.php?t=8853
http://elsmar.com/Forums/showthread.php?t=1815
http://elsmar.com/Forums/showthread.php?t=44792
http://elsmar.com/Forums/showthread.php?t=8476
http://elsmar.com/Forums/showthread.php?t=7465
http://elsmar.com/Forums/showthread.php?t=8641
http://elsmar.com/Forums/showthread.php?t=9029
http://elsmar.com/Forums/showthread.php?t=16389
http://elsmar.com/Forums/showthread.php?t=8674
http://elsmar.com/Forums/showthread.php?t=14749
http://elsmar.com/Forums/showthread.php?t=10285
http://elsmar.com/Forums/showthread.php?t=34361

List is not comprehensive. I imagine you can just do a search-and-purge and get them all.

cp

Page 1 of 6

On 5/2/2014 2:29 PM, Marc Smith wrote:

Pretty lame apology, but I have killed that old thread.

---

**SIXTH DEFENSE:**

The complaint filed by the Plaintiff's attorney implies throughout that the Defendant has "continuously" aggrieved the Plaintiff since 2001. Defendant had some communications with the Plaintiff around 2001. However, between 2001 and 2004 there was no communication until 2004 when Plaintiff filed a complaint with the Ohio Attorney General which the Defendant successfully rebutted after which the complaint was withdrawn. Defendant does not recall, and has no record of, any personal communications with the Plaintiff at that time. The Defendant and Plaintiff had no personal or other communications from 2001 until 2012 through 2014, intermittently, when the Plaintiff started harassing the Defendant. Defendant believes the lawsuit is defective in both its scope and content, and that it is intended to harass and defame the Defendant:

*2001 > Nothing > 2004 Plaintiff complains to Ohio State AG about "Lottery" > Nothing > 2012-2015 Plaintiff starts/increases defamation of Defendant on the internet at large > January 2015 Plaintiff files ludicrous lawsuit against Defendant.*

**SEVENTH DEFENSE:**

Defendant believes this lawsuit is defective in that it is a "wide net" lawsuit containing inconsistent and contradictory claims, and as such it is a "fishing expedition" with the hope that at least one claim will be accepted to bring the complaint to court and trial. While it appears that this is technically allowed by Rule 8. General Rules of Pleading (Federal Rules of Civil Procedure) (d)(3), Defendant believes this lawsuit is not compliant with regard to Rule 8. General Rules of Pleading (Federal Rules of Civil Procedure) (e).

**EIGHTH DEFENSE:**

Defendant believes this Complaint/lawsuit is defective in that Plaintiff and/or Plaintiff's lawyer did not practice "Due Diligence" in determination of the truth or

falsity of accusations by the Plaintiff in the Complaint, such as described in Line Item 15 herein wherein Plaintiff alleges Elsmar.com has "training manuals" related to the Aerospace industry, and in Line Item 39 herein. This lawsuit is littered with various knowingly demonstrably false claims against the Defendant such as Plaintiff's claim of "Aerospace" competition which is demonstratively totally false and has no bearing on Plaintiff's Complaint in any way.

NINTH DEFENSE:

Defendant believes this lawsuit is defective in that Plaintiff has knowingly provided Plaintiff's lawyer with false information and specious accusations, and as such they have improperly been included in his Complaint. Defendant believes the Plaintiff has committed Fraud by doing so and has induced his lawyer to file a defective Complaint, an example of which is Line Item 6 in the complaint. Defendant's employment history since 1989, most of which have been 1099 contract jobs, not consulting, is well known and has been available to the public on the internet for well over fifteen years. See: http://elsmar.com/resume.html Defendant's resume clearly labels each job as to whether a job was a consulting job, implementation contract, or a 1099 contract job. Also see Line Item 33 herein.

TENTH DEFENSE:

The majority of Plaintiff's claims relate to the time period of 1998 through 2015. Plaintiff has had no consulting business activity in the State of Florida since 2000 so the majority of the Complaint is invalidated by related statutes of limitations.

ELEVENTH DEFENSE:

Count III, Count IV and Count V in the Complaint claim Libel *Per Se*, Defamation and Libel. Defendant's allegedly libelous and/or defamatory statements are "fair comment and criticism" as afforded Defendent by the First Article of the United States Constitution. An opinion is not a false statement.

Defendant has made no false statements. In addition, the alleged libelous and/or defamatory statements were made in 2001 and 2004, according to the Exhibits appended to the complaint (statute of limitations applies).

II

## COUNTERCLAIMS

Counterclaim I

Continuous Harassment and Defamation by Plaintiff

Plaintiff is, and has been, significantly, and with increasing frequency, harassing Plaintiff continuously since approximately 2012, and significantly increasingly during 2014 and now into 2015, a sample of which is evidenced below, many posted by the Plaintiff *after* Plaintiff filed this Complaint/Lawsuit:

<u>Defendant Pro Se's Answer to "Summons in a Civil Action" - Case 8:15-cv-00011-EAK-TBM</u>



Preliminary critique of Chris Paris' offer to rescind his Federal "Civil Action" lawsuit against me if I meet his "demand". 2015-01-28 Revision







Oxebridge @Oxebridge · Oct 23
Marc Smith at @ElsmarCove has increased the amount he wants to delete negative posts about Oxebridge to $2.5 Million. Can't make this up.

Oxebridge @Oxebridge · Oct 23
@ElsmarCove just raised the amount to delete negative posts about Oxebridge to $2.5 million. Get your popcorn out.

Oxebridge @Oxebridge · Oct 21
@ElsmarCove accidentally outs his pal Wes Bucey as a former convicted drug trafficker and money launderer. articles.chicagotribune.com/1988-04-30/new...

Oxebridge @Oxebridge · Oct 20
@ElsmarCove just upped the amount to extort Oxebridge to $2 Million. Law enforcement now engaged.

Plaintiff is, and has been defaming even major, reputable organizations which is the reason Defendant believes Plaintiff has some sort of personality problem. E.g.:



Oxebridge @Oxebridge · 4h
Johnson & Johnson lnkd.in/bH_3UNA

Oxebridge @Oxebridge · Jan 24
Auditors, managers from four registrars @DNVGL, cbsamerica, @uldqs, and @nqausa all involved in the extortion case now. Bosses clueless?

Oxebridge @Oxebridge · Jan 24
"ROFL" is about to take on a new meaning: "Running Off (to) Find (a) Lawyer."

<u>Defendant Pro Se's Answer to "Summons in a Civil Action" - Case 8:15-cv-00011-EAK-TBM</u>



Defendant has kept relatively silent about Plaintiff's recent and continuous defamation.
Text of email to Defendant from another person complaining about the Plaintiff harassing
and defaming him:

> Yes - Thank you very much. He's not a big bother to me. It's more my toying with him at this
> point.
> Again, Thank you. I appreciate it!

<u>Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road</u>
<u>West Chester, Ohio 45069 Tel: 513 720-0600</u>

Marc

On 10/20/14 9:13 AM, Shaun wrote:

--------------------

Sorry to hear you're in his crosshairs again? Do you know what's brought this on? Sounds like he must have time on his hands. I've not had anything from him since I blocked him on LinkedIn - the only forum I'd ever encountered him on.

Shaun

On 08/14/14 6:47 AM, Marc Timothy Smith wrote:

--------------------

I guess Paris is at it again. Several people have contacted me recently about him. Until the somewhat recent phone call and emails from him, I hadn't thought about him in years. The recent inquiries such as yours, have all come after the phone call to me and emails mentioned below.

I stopped worrying about Paris long ago. He also did a somewhat recent phone rant to me (he called me). I just hung up. My "problem" with Paris is from years ago with his "40 day wonder" implementation in newsgroups way back then. You probably found the thread about it in the forum. In short, I outed him as a shyster many years ago (2001). He is simply *unethical*.

He isn't dangerous per se as far as I know. He probably is a sociopath. Long ago I learned not to try to discuss/argue anything with a rock (wall or any inanimate object for that matter), so I just ignore him. It's a useless endeavor to try have a useful conversation with him. I think he has threatened a few people, but they're empty threats as far as I can tell. He threatened to "damage Elsmar", but never said how he would do that. If I was communicating with him I would say go ahead; Have at it. Damage Elsmar. But like I said, he called me a couple months ago out of the blue. I listened for about a minute and hang up. He also sent me some emails, and of course one of his missions was to get all posts about him and/or hoc company removed. Needless to say I ignored them, but I did file his emails to me as is my nature in such a case.

People like Paris destroy themselves, if only themselves internally. He carries a lot of hate and rage within himself. So essentially, yes - I can only suggest that you totally ignore him - Don't feed the troll.

Marc

On 08/14/14 2:22 AM, Shaun wrote:

--------------------

Cheers for accepting my invite, Marc

Got some on line and off line abuse from this character in the 9001 forum at the weekend, blocked him but decided to do a bit of goggling and come across one of your exchanges. *Is this guy a sociopath?* He seems to have a few aliases and dishes out abuse on other forums too - not just professional ones - just thought I'd chat with you about him to try to work out just how dangerous he is. My reaction was simply to block and limit his fuel (trolls need reactions). Thoughts?

Shaun

Sent from LinkedIn for iPhone - http://lnkd.in/ios





Defendant Pro Se's Answer to "Summons in a Civil Action" - Case 8:15-cv-00011-EAK-TBM



Apparently, Plaintiff's harassment of various people and companies started somewhere around or prior to 2009. From 2010:



Also see: http://www.oxebridge.com/emma/complaint-filed-against-sgs-alleging-invalid-iso-90012008-finding/ , http://www.oxebridge.com/emma/complaint-against-sgs-escalated-to-anab-cites-11-accreditation-violations/ and http://www.oxebridge.com/emma/sgs-response-to-oqri-appears-suddenly-anab-accepts-within-24-hours/

Plaintiff has been defaming and harassing Defendant and others, and has been doing so for long before Defendant was even aware of it. Evidence of Plaintiff's harassment and defamation of Defendant, various companies, organizations and people is abundant on various internet web sites such as "Twitter" and "LinkedIn", as well as Plaintiff's own web site. Defendant accuses Plaintiff of doing exactly the same thing, but on a much broader scale. Defendant has only commented and opined in the Elsmar discussion forum in few and infrequent posts unlike the Plaintiff who is continuously disseminating defamatory information in many internet venues.

Defendant accuses Plaintiff of recent and continuous defamation and harassment.

## REQUEST FOR RELIEF

Wherefore, Defendant prays for as follows:

1. For dismissal of the Plaintiff's action with prejudice;
2. For an order that the Plaintiff shall take no relief from the Complaint;
3. For Plaintiff to pay all costs of the Complaint/lawsuit;
4. For further relief the Court deems fair.

I declare under penalty of perjury that the forgoing is true and correct.

Dated and respectfully submitted using the US Postal Service this 8th day of February 2015.

Marc Timothy Smith (Defendant pro se)

By: Marc Smith

8466 Lesourdsville-West Chester Road

West Chester, Ohio 45069-1929

Tel: 513 720-0600

Email: marcsmith102@cinci.rr.com

I certify that a copy of this ANSWER, DEFENCES, REQUEST FOR RELIEF, and
COUNTER CLAIMS is being furnished by mail on the same date to the court and to
William R. Wohlsifer, Attorney for Plaintiff at:

William R. Wohlsifer
1100 E. Park Ave Ste B
Tallahassee, Florida 32301
(Attorney for Plaintiff)

Marc Smith
Defendant
Electronic .pdf copy at: http://elsmar.com/Oxebridge-Paris-Lawsuit-2015/