UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually,

    Plaintiffs,                                        CASE NO.: 8:15-CV-11-T-17TBM

vs.

MARC TIMOTHY SMITH, individually,
and d/b/a CAYMAN BUSINESS SYSTEMS,

    Defendants.
_____/

# PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM I, MOTION TO STRIKE DEFENDANTS' ANSWER (PAGES 1-32), AND MOTION TO STRIKE EXHIBITS AND HYPERLINKS (PAGES 39-47)

COMES NOW the plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC ("OXEBRIDGE") and CHRISTOPHER PARIS ("PARIS") cumulatively ("plaintiffs") by and through their undersigned attorney, and file this Motion to Dismiss Counterclaim I, Motion to Strike Defendant's Answer, and Motion to Strike Exhibits against, MARC TIMOTHY SMITH, individually ("SMITH") and d/b/a CAYMAN BUSINESS SYSTEMS ("CAYMAN") cumulatively ("Defendants") and states as follows:

## I. PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM I (HARASSMENT)

### General Allegations

1. Reading defendants' *pro se* Counterclaims in a light most favorable to the counter complainant, plaintiff identifies two causes of action, thus, two Counterclaims: "Harassment" and "Defamation by Plaintiff."

2. It appears that the counter complainant's intent was to file two counterclaims, because defendants refer to "COUNTERCLAIMS" in the plural and references "Counterclaim I" at the beginning of 10 pages of combined allegations and exhibits targeted at the plaintiffs, followed by requests for relief. (Answer, Defenses, and Counterclaim, p. 38.) **[Dkt. # 17]**

3. With the assumption that defendants combined both causes of action within pp. 38-47 of its Answer, Counterclaim I appears to be for "Continuous Harassment" and Counterclaim II for "Defamation by Plaintiff." (Answer, Defenses, and Counterclaim, p. 38.) **[Dkt. #17]**

4. The allegations for Counterclaims I and II are combined into seven unnumbered paragraphs within defendants' Answer:

   a. Paragraph 1 appears on page 38;
   b. Paragraph 2 appears on page 41;
   c. Paragraph 3 appears on page 42;
   d. Paragraph 4 appears on page 45;
   e. Paragraph 5 appears on page 46; and
   f. Paragraphs 6 and 7 appear on page 47.

5. Pages 39-46 of the counter complainants' Answer contain approximately fourteen exhibits and multiple hyperlinks presumptively in support of the defendants' Counterclaims.

**Failure to State a Cause of Action upon Which Relief can be Granted**

6. Defendants fail to state a cause of action upon which relief can be granted.

7. "Harassment" alone, does not violate federal law. An action on harassment would stand where it involves discriminatory treatment on the basis of race, color, sex, religion, national origin, age of 40 or older, disability, or protected activity under the anti-discrimination statutes. These anti-discrimination statutes are not a "general civility code," *Oncale v. Sundowner Offshore Services, Inc.*, 118 S. Ct. 998, 1002 (1998), thus federal law does not

prohibit simple teasing, offhand comments, or isolated incidents that are not "extremely serious." *Faragher v. City of Boca Raton*, 118 S. Ct. 2275, 2283 (1998).

8. In the work environment, for example, the conduct must be "so objectively offensive as to alter the "conditions" of the victim's employment. *Oncale*, 118 S. Ct. at 1003.

9. There is no employment or working relationship between the plaintiffs and the defendants, nor do defendants cite any anti-discrimination statutes, and indeed there is no basis for such.

## II. MOTION TO STRIKE DEFENDANTS' ANSWER CONTAINED WITHIN PAGES 1-32 OF DEFENDANTS' ANSWER, DEFENSES AND COUNTERCLAIM

10. Defendants filed a 32-page Answer replete with immaterial and redundant sections, irrelevant exhibits, and multiple hyperlinks attempting to incorporate extraneous evidence.

11. Rule 8 of the Federal Rules of Civil Procedure requires a party to respond in short and plain terms. More specifically, Rule 8 provides that

> "In responding to a pleading, a party must:
> (A) state in short and plain terms its defenses to each claim asserted against it; and
>
> (B) admit or deny the allegations asserted against it by an opposing party.
>
> (2) *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation."

12. Plaintiffs move to strike defendants' Answer for containing excessive prolix and unnecessary detail. "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Como*, 861 F.2d 40, 42 (2d Cir. 1988) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969).

13. Without waiving Plaintiffs' Motion to Strike Answer, plaintiff simultaneously with the filing of this motion files its replies to defendants' 11 affirmative defenses and answer to defendants' counterclaim II.

14. Defendants' Answer is so vague and confusing that plaintiffs cannot reasonably comprehend which of the 99 allegations in plaintiffs' complaint defendants admit, deny or are without sufficient knowledge to admit or deny and, as such, plaintiffs cannot reasonably frame a response to the Answer. Thus, defendants' Answer should be stricken.

**WHEREFORE**, Plaintiffs, CHRISTOPHER PARIS and OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC, ask that this Honorable Court enter an order striking the Answer (pages 1-32 of Defendants' Answer, Defenses, and Counterclaim) filed by defendants, MARC TIMOTHY SMITH, individually, and d/b/a CAYMAN BUSINESS SYSTEMS, that the plaintiffs be awarded their attorney's fees and costs incurred in having to respond to defendants' Answer, and that this Honorable Court grant such other relief that it deems equitable and just under the circumstances.

### III. PLAINTIFFS' MOTION TO STRIKE ALL EXHIBITS AND HYPERLINKS CONTAINED WITHIN PAGES 39-46 OF DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIM

15. Defendants incorporate approximately fourteen exhibits and multiple hyperlinks into their Answer, by interlineation, within the pages that contain counter complainant' allegations. More specifically, pages 39-46 of the counter complainants' Answer.

16. Defendants' exhibits and hyperlinks contain hearsay and double hearsay.

17. Defendants' exhibits and hyperlinks are superfluous and outside the scope of defendants' counterclaims.

18. Defendants' exhibits and hyperlinks relate to activities of persons that are not parties to this lawsuit.

19. Defendants inserted these exhibits and hyperlinks for an improper purpose, i.e., to embarrass or humiliate the plaintiffs.

20. Defendants' exhibits and hyperlinks are redundant, immaterial, impertinent, or scandalous.

21. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

22. In light of each of the foregoing assertions, each of the exhibits and hyperlinks contained within pages 39-46 of defendants' Answer must be stricken.

**WHEREFORE,** plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS, respectfully request that this Honorable Court enter an order striking defendants', MARC TIMOTHY SMITH, individually and d/b/a CAYMAN BUSINESS SYSTEMS, exhibits and hyperlinks contained within pages 39-46 of defendants' Answer, that the plaintiffs be awarded their attorney's fees and costs incurred in having to respond to defendants' Answer, and grant such other relief the Court may deem equitable and just under the circumstances.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all parties receiving electronic notification via the CM/ECF filing system as of March 2, 2015, and further certify that a copy has been furnished via U.S. First Class Mail to Marc Timothy Smith, 8466 LeSourdsville-West Chester Road, Olde West Chester, Ohio 45069.

    Respectfully submitted by:

    **WILLIAM R. WOHLSIFER, PA**

    By: /s/ William R. Wohlsifer
    William R. Wohlsifer, Esquire
    Fla. Bar No: 86827
    1100 E Park Ave Ste B
    Tallahassee, Florida 32301

Tel:  (850) 219-8888  
Fax: (866) 829-8174  
E-Mail:  william@wohlsifer.com;  
paralegal@wohsifer.com