UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually,

    Plaintiffs,                                                  CASE NO.: 8:15-CV-11-T-17TBM

vs.

MARC TIMOTHY SMITH, individually,
and d/b/a CAYMAN BUSINESS SYSTEMS,

    Defendants.

_____/

## PLAINTIFFS' ANSWER TO COUNTERCLAIM II, PLAINTIFF'S SEVEN AFFIRMATIVE DEFENSES, AND REPLIES TO DEFENDANTS' ELEVEN AFFIRMATIVE DEFENSES

COMES NOW the plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC ("OXEBRIDGE") and CHRISTOPHER PARIS ("PARIS") cumulatively ("plaintiffs") by and through their undersigned attorney, and files this Answer to Counterclaim II, plaintiffs' seven affirmative defenses and replies to defendants' affirmative defenses against defendants, MARC TIMOTHY SMITH, individually ("SMITH") and d/b/a CAYMAN BUSINESS SYSTEMS ("CAYMAN") cumulatively ("Defendants") and states as follows:

## I. PLAINTIFFS' ANSWER TO COUNTERCLAIM II (DEFAMATION)

1. Without waiving Plaintiffs' Motion to Strike Answer, plaintiff simultaneously with the filing of this motion files its replies to defendants' 11 affirmative defenses and answer to defendants' counterclaim II.

2. Reading defendants' *pro se* Counterclaims in a light most favorable to the counter complainant, plaintiff identifies two causes of action, thus, two Counterclaims: "Harassment" and "Defamation by Plaintiff."

3. It appears that the counter complainant's intent was to file two counterclaims, because defendants refer to "COUNTERCLAIMS" in the plural and uses the reference of "Counterclaim I" at the beginning of 10 pages of combined allegations and exhibits targeted at the plaintiffs, followed by requests for relief. (Answer, Defenses, and Counterclaim, p. 38.) **[Dkt. # 17]**

4. With the assumption that defendants combined both causes of action within pp. 38-47 of its Answer, Counterclaim I appears to be for "Continuous Harassment" and Counterclaim II for "Defamation by Plaintiff." (Answer, Defenses, and Counterclaim, p. 38.) **[Dkt. # 17]**

5. The allegations for Counterclaims I and II are combined into seven unnumbered paragraphs within defendants' Answer:

   a. Paragraph 1 appears on page 38;
   b. Paragraph 2 appears on page 41;
   c. Paragraph 3 appears on page 42;
   d. Paragraph 4 appears on page 45;
   e. Paragraph 5 appears on page 46; and
   f. Paragraphs 6 and 7 appear on page 47.

6. Pages 39-46 of the counter complainants' Answer contain approximately fourteen exhibits and multiple hyperlinks presumptively in support of the defendants' Counterclaims.

7. Counterclaim II, Paragraph 1 (defendants' Answer, p. 38) is denied.

8. Counterclaim II, Paragraph 2 (defendants' Answer, p. 41) is denied.

9. Counterclaim II, Paragraph 3 (defendants' Answer, p. 42) is denied.

10. Counterclaim II, Paragraph 4 (defendants' Answer, p. 45) is denied.

11. Counterclaim II, Paragraph 5 (defendants' Answer, p. 46) is denied.

12. Counterclaim II, Paragraph 6 (defendants' Answer, p. 47) is denied.

13. Counterclaim II, Paragraph 7 (defendants' Answer, p. 47) is denied.

## II. PLAINTIFFS' REPLIES TO DEFENDANTS' ELEVEN AFFIRMATIVE DEFENSES

### Reply to First Affirmative Defense

13. Plaintiff has filed this action in the Middle District of Florida, where the defendant is domiciled and where the injury occurred. Plaintiff has demonstrated jurisdiction and venue pursuant to sections; 48.193(1)(a), 48.193(1)(b), 48.193(1)(f)(1), 48.193(2), Florida Statutes. Further, defendants continue to reach out to the state of Florida by offering consulting services both directly and through www.Elsmar.com and continue to publish defamatory remarks subsequent to the filing of this lawsuit, including commentary on this lawsuit.

### Reply to Second Affirmative Defense

14. Defendants in their second defense allege plaintiffs have "had about 14 years to settle his differences" and then parenthetically allege "statute of limitations" but defendants' do not cite to any statute in any of plaintiffs' seven counts of which any statute of limitations may apply. Further, notwithstanding the substantial amount of defamatory material not attached to the complaint, five out of eight postings attached to the complaint as exhibits, occurred in 2014. Additionally, plaintiffs contend that defendants have tolled the statute of limitations by continually republishing older defamatory material into new Internet posts and hyperlinks.

### Denial of Third Affirmative Defense

15. Denied.

**Reply to Fourth Affirmative Defense**

16. As to plaintiffs' main residence being in Peru, this is denied. PARIS is and has been a Florida resident and is domiciled in the Middle District. OXEBRIDGE is a Florida organized LLC with its business headquartered in Hillsborough County, Florida. As to that portion of defendants' Fourth Affirmative Defense that alleges that defendants will not be able to respond to this lawsuit, this is a self-defeating statement rendered moot by its very filing.

**Reply to Fifth Affirmative Defense**

17. Defendants' Fifth Affirmative Defense is vague, confusing, and only serves as an example of one of the many times plaintiffs have attempted to resolve this matter before filing this legal action.

**Denial of Sixth Affirmative Defense**

18. Denied.

**Denial of Seventh Affirmative Defense**

19. Denied.

**Denial of Eighth Affirmative Defense**

20. Denied.

**Denial of Ninth Affirmative Defense**

21. Denied.

**Reply to the Tenth Affirmative Defense**

22. Plaintiffs' Complaint is not about the consulting services offered, but rather the defamatory material posted on the defendants' website, www.Elsmar.com. Further, defendants again allege "so the majority of the Complaint is invalidated by related statutes of limitations" but

cite to no statutory provision or count of the complaint. Additionally, notwithstanding the substantial amount of defamatory material not attached to the complaint, five out of eight postings attached to the complaint as exhibits, occurred in 2014. Finally, plaintiffs contend that defendants have tolled any statute of limitations by continually republishing the older defamatory material into new Internet publications and hyperlinks.

<b>Reply to Eleventh Affirmative Defense</b>

23. This is the core of plaintiffs' case, SMITH knowingly published false statements about plaintiffs' services that have impacted plaintiffs' ability to conduct business, even with SMITH's admission against interest that he did not understand the plaintiffs' business model. Further, Defendants' conduct complained of in plaintiffs' Complaint is clearly defamatory. Defendants again parenthetically allege ("statute of limitations applies") but do not reference an applicable statute or count of the complaint. Again, notwithstanding the substantial amount of defamatory material not attached to the complaint, five out of eight postings attached to the complaint as exhibits, occurred in 2014. Finally, plaintiffs contend that defendants have tolled any statute of limitations by continually republishing the older defamatory material into new Internet posts and hyperlinks.

**WHEREFORE**, plaintiffs, CHRISTOPHER PARIS and OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC, pray that defendants, MARC TIMOTHY SMITH, individually, and d/b/a CAYMAN BUSINESS SYSTEMS, take nothing by way of their Counterclaim and Affirmative Defenses, that plaintiffs be awarded their attorney's fees and costs incurred in having to respond to defendants' Counterclaim and Affirmative Defenses, and that this Honorable Court grant such other relief that it deems equitable and just under the circumstances.

### III. AFFIRMATIVE DEFENSES

FIRST  AFFIRMATIVE DEFENSE:
UNCLEAN  HANDS

24. Each statement upon which SMITH alleges to be defamatory, if made, was made as a result of

SMITH compelling PARIS to respond to defamatory statements made by SMITH about PARIS.

Thus, SMITH's counterclaim sounding in defamations should be barred under the doctrine

of unclean hands.

SECOND  AFFIRMATIVE DEFENSE:
GOOD  MOTIVE – FAIR  COMMENT

25. All statements and comments made by PARIS about SMITH were made by PARIS with

good motive and were fair comments made as a private citizen exercising his right of free

speech, discussing matters of public importance, as a concerned citizen of the

community.

THIRD  AFFIRMATIVE DEFENSE:
PRIVILEGE

26. The matters addressed by PARIS concerning SMITH and his activities in the ISO industry

concern matters which affect the interest of the general public and members of the ISO

education and certification industry. These statements were made in good faith with the

proper motives of informing the public of matters relevant to ISO education and

certification. Therefore, PARIS' statements are protected by both qualified and conditional

privilege.

FOURTH  AFFIRMATIVE DEFENSE
FAILURE TO MEET  CONDITIONS PRECEDENT TO FILING A SLANDER  SUIT

27. Florida law requires pre-suit notice prior to the commencement of any civil action for libel

or slander. *See* § 770.01, Fla. Stat. (2014). Chapter 770 applies to all civil litigants, both

public and private, in defamation actions. SMITH failed to meet these conditions precedent

have not been met. Thus, SMITH's Counterclaim sounding in defamation should be

dismissed.

## FIFTH AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

28. SMITH's Counterclaim sounding in defamation fails to state a claim upon which relief can

be granted and should therefore be dismissed.  The requisite elements for the claim are not

present and/or have not been properly pled.

## SIXTH AFFIRMATIVE DEFENSE
## LACK OF DAMAGE CAUSED BY PARIS

29. No act or omission on the part of PARIS either caused or contributed to whatever

injury (if any) that SMITH may have sustained.

## SEVENTH AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE DAMAGES

30. SMITH has failed to properly mitigate his damages, if any, having failed to inform PARIS

of his perceived injury, having failed to provide PARIS access to post rebuttals on

www.Elsmar.com, and having failed to cease and desist his defamatory attacks on PARIS,

and having failed to properly moderate www.Elsmar.com.

## EIGHTH AFFIRMATIVE DEFENSE
## NO PROVABLE FALSE ASSERTIONS OF FACT

31. PARIS' statements are not proper subject to a libel or slander suit because they contained

no provably false assertions of fact.

## NINTH AFFIRMATIVE DEFENSE
## SUBSTANTIAL TRUTH

32. SMITH's claim is barred under the substantial truth doctrine, which provides that if the gist of the statement at issue is true, then that is sufficient to defend against a defamation claim for damages. See, Masson v. New Yorker Magazine, 501 U.S. 496, 517 (1991).

TENTH  AFFIRMATIVE DEFENSE
SMITH AS PUBLIC  FIGURE

33. SMITH is a public figure, and as such is unable to meet its heightened burden of proof to sustain a claim of defamation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all parties receiving electronic notification via the CM/ECF filing system as of March 2, 2015, and further certify that a copy has been furnished via U.S. First Class Mail to Marc Timothy Smith, 8466 LeSourdsville-West Chester Road, Olde West Chester, Ohio 45069.

Respectfully submitted by:

**WILLIAM R. WOHLSIFER, PA**

By:  /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No:  86827
1100 E Park Ave Ste B
Tallahassee, Florida 32301
Tel:  (850) 219-8888
Fax: (866) 829-8174
E-Mail:  william@wohlsifer.com;
paralegal@wohsifer.com