Defendant Pro Se's Answer to - Case 8:15-cv-00011-EAK-TBM – Document 14 filed 02/19/2015

IN THE UNITED STATES DISTRIC COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Case number: 8:15-cv-00011-EAK-TBM**

# AMENDED MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR ORAL ARGUEMENT

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendant.

---

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun
Court: Florida Middle District Court
Office: Tampa Office
County: Hillsborough
Filed: January 5, 2015 (according to JUSTIA Dockets & Filings)

---

**Case number: 8:15-cv-00011-EAK-TBM**

Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069 Tel: 513 720-0600
Page 1 of 9 - Printed February 25, 2015

I

1. Events Post-Filing of Plaintiff's Original Motion for Preliminary Injunction

Line Items 1 through 7 – Agree in part, Deny in part.
Plaintiff has himself, by posting publically his settlement requirements (remove offending material and cease future activity) on his web site, on 26 January 2015, broken Rule 408 - Compromise Offers and Negotiations - Federal Rules of Evidence. Having done so, Plaintiff can not complain for an injunction against the Defendant's follow up posts accepting Plaintiff's public offer. Plaintiff made his public offer to "settle" after the lawsuit was filed. Defendant believes he has the same opportunity to publically respond. Defendant has clearly stated, both publically and privately by email, that Defendant is agreeable with Plaintiff's settlement requirements which as of this date are still publically posted on Plaintiff's web site. Defendant has no objection to oral argument on the issues noting that Defendant has already stopped posting anything which references Plaintiff and/or his company.

2. Events Prior to Plaintiff's Amended Motion for Preliminary Injunction

Line Item 8 – Agree. Defendant agrees that BOTH the original Complaint, and ALSO Defendants' "Answer" be incorporated into Case number: 8:15-cv-00011-EAK-TBM and Case number: 8:15-cv-11-T-17TBM. Defendant also includes an Amendment to Answer to Case 8:15-cv-00011-EAK-TBM – A Reference Matrix to Defendants' original Answer to Case 8:15-cv-00011-EAK-TBM to help the Court in identification of references in Defendants' original Answer to 8:15-cv-00011-EAK-TBM.

| [illegible] | Referenced URL or Graphic | [illegible] | Statute and/or Comment |
|---|---|---|---|
| Line Item 4 | http://elsmar.com/level2/accolades.html | Evidence of no business in Florida since 2000 | No Jurisdiction |
| Line Item 4 | http://elsmar.com/resume.html | Evidence of no business in Florida since 2000 | No Jurisdiction |
| Line Item 6 | http://elsmar.com/resume.html | Evidence of no business in Florida since 2000 | No Jurisdiction |
| Line Item 10 | http://elsmar.com/resume.html | Evidence of no business in Florida since 2000 | No Jurisdiction |
| Line Item 14 | Elsmar "Members" and "Premium" Directory Access | Evidence of no business in Florida since 2000 | An insignificant income source of less that US$1000/yr |
| Line Item 15 | http://elsmar.com/resume.html | Evidence of no business in Florida since 2000 | No Jurisdiction |
| Line Item 15 | http://elsmar.com/Forums/filelist.php?mode=allfiles&sortby=filename&pagenum=1&criteria=ex9100 | Evidence that Elsmar does not have any materials that are not available in hundreds (thousands?) of places on the internet | |
| Line Item 19 | http://elsmar.com/Imp/ | Defendant posts, free of charge, and no copyright restrictions, Defendant's "Implementation Methodology" for anyone to use | |
| Line Item 21 | http://elsmar.com/ | Defendant agrees Elsmar.com is his web site. | |
| Line Item 21 | http://elsmar.com/Forums/tags.php | Shows Medical Devices are the more "popular" topics. ISO 9001 is popular because years ago the discussions were about ISO 9001. These days, medical devices are the "main" discussion topics. ISO 9001 is "old hat" stuff | |
| Line Item 22 | http://elsmar.com/services_main.html | Very old static HTML page. See line item 4 herein. No Business from this old page | |
| Line Item 24 | http://elsmar.com/Forums/showthread.php?t=8692 | Plaintiff trying to defame Defendant through a complaint to the Ohio Atty. General | Plaintiff restarts harrassment - 2004 |
| Line Item 24 | http://elsmar.com/Forums/showthread.php?t=1815 | Defendant starts a discussion - The "start of it all" - July 2001 to Sept 2001. | Thirty-three posts total over 3 months. Section 230 of the Communications Decency Act of 1996 Discussion, not defamation |
| Line Item 24 | Various website links by the Plaintiff | Line Item 24 must be read to bring this into context | |
| Line Item 25 | http://elsmar.com/Forums/showthread.php?t=8692 | 2004 - Plaintiff harasses Defendant with a bogus complaint to the Ohio Atty. General | Section 230 of the Communications Decency Act of 1996 |
| Line Item 26 | http://elsmar.com/Forums/showthread.php?t=8831 | Elsmar's "Terms of Service" | |
| Line Item 28 | http://elsmar.com/Forums/showthread.php?t=8347 | This is a long, basic discussion about ISO 9001 in general. Beginning on 15 April 2004, ending on 5 April 2007, with a total of 212 posts, Paris/Oxbridge is mentioned (opined upon) in only 2 posts | Plaintiff can not be pleased. Section 230 of the Communications Decency Act of 1996 |
| Line Item 29 | http://elsmar.com/Forums/showthread.php?t=65636&page=3 | Must be read in context. Defendant stated an opinion | Section 230 of the Communications Decency Act of 1996 |
| Line Item 30 | http://elsmar.com/Forums/showthread.php?t=65636 | Post 28 on page 4 - Must be read in context of the entire discussion thread | Also see Counter Claim 1 |
| Line Item 31 | http://elsmar.com/Forums/showthread.php?t=8692 | It is no secret that Plaintiff was harassing Defendant in 2004 | Complaints are Public. Plaintiff can not claim any "privacy" issues |
| Line Item 31 | http://elsmar.com/Forums/showthread.php?t=7465&page=2 | Post 11 - Plaintiff uses Exhibit "O" in the original complaint which is "cherry picked" - taken out of context | Plaintiff effort to obfuscate the facts |
| Line Item 32 | http://elsmar.com/Forums/showthread.php?t=1815 | Opinion posted by a forum visitor. See Line Item 24 in this matrix. | Section 230 of the Communications Decency Act of 1996 |
| Line Item 34 | http://elsmar.com/Forums/showthread.php?t=65031 | Posts in discussion thread taken "Out of Context" | Plaintiff effort to obfuscate the facts |
| Line Item 35 (d) | http://elsmar.com/Forums/showthread.php?t=65353 | Evidence of Plaintiffs' continuous harassment and threats to Defendant. The entire discussion thread must be read for context. | 20 October 2014 through January 2015. Chris Paris of Oxebridge - At it again - October - December 2014 and January 2015 |
| Line Item 36 | http://elsmar.com/Forums/showthread.php?t=8831 | Also reference Line Item 26. | Moderation Practices on Elsmar in the discussion forum. |
| Line Item 39 | http://elsmar.com/Oxebridge-Paris-Evidence/ | Defendant has removed this information as he evaluates what is Public Information at this point in the process. Evidence here is as stated in Line Item 39 of Defendant's "Answer" to plaintiff's Complaint | |
| Line Item 45 | http://elsmar.com/Forums/showthread.php?t=65031 | Evidence that Elsmar makes so little money that Defendant has been considering closing Elsmar since July 2014. Plaintiff's complaint about this discussion can only be understood in the context of the entire discussion thread | |
| Line Item 46 | http://elsmar.com/resume.html | Defendant has not done any business in Florida since 2000. Also see Line Items 4, 6 and 10 | |
| Line Item 48 | https://en.wikipedia.org/wiki/Streisand_effect | Plaintiff is exacerbating the problem by harrassing Defendant and posting in public on internet venues such as "Twitter" and "LinkedIn". | Plaintiff is "damaging" his own reputation |
| Line Item 55 | Offer to sell all of Elsmar to Plaintiff | Email screen shot | 3 May 2014 |
| Line Item 56 | See Line Item 39. | | |
| Line Item 58 | Bucey Email of 5 October 2012 | Email text | 5 October 2012 Email |
| 5th Defense | Defendant did as Plaintiff requested in an email. | Email printout of 2 Emails | Emails of 2 May 2014 |
| 9th Defense | http://elsmar.com/resume.html | No business presence or competition in Florida since 2000 | Complaint/Lawsuit Jurisdiction issue |
| Counter Claim 1 | Screen capture of Plaintiff's Web Page on which Plaintiff publically offers to settle | Plaintiff publically posted this on his web site on or about 26 January 2015 | Rule 408(a) Federal Rules of Evidence |
| Counter Claim 1 | Series of Oxebridge "Tweets" defaming Defendant going back to October 2014 | Plaintiff is a "cronic complainer". | |
| Counter Claim 1 | Text of email to Shawn Dee "Court Evidence List as a printed out email). | Plaintiff is threatening many people. Also goes to the Plaintiff's mental state | |
| Counter Claim 1 | [illegible] | Plaintiff is threatening many people. Also goes to the Plaintiff's mental state | |

Line Item 9 – Deny – Defendant has not "republished" anything that was not already published, nor has the Defendant updated, or edited in any way, any discussion threads that did not already exist.

Deny – Plaintiff has again taken various posts, statements, etc. out of context, and in addition mixes very old "Evidence" with newer "Evidence" in a manner which makes it extremely difficult to follow any type of sequence such as by date. Many of the pages in Plaintiffs' Exhibit "B" do not even have a date (or time) to be able to piece together the evidence.

Line Item 10 – Deny – Published posts are not damaging Plaintiff. Plaintiff has no evidence that Plaintiff has been in any way harmed. If harm had occurred, Plaintiff should have filed a Complaint over 10 years ago.

Line Item 11 – Agree – Defendant did post the complaint – Which is available to the public. This is a case Plaintiff could have dealt with about 14 years ago. Defendant agrees

that Defendant wants this case to be seen in its entirety rather than "cheery picked" "evidence" Plaintiff has cited.

Line Item 12

Deny – Only one of the advertisers has any remote interest in Plaintiffs' area of business. This was discussed with the advertiser which does ISO 9001 and registrations to other international standards and advertiser asked only that the Defendant "ignore Chris Paris" (Plaintiff). The advertiser is a Registrar which Plaintiff is not. Yet, Plaintiff claims "collaboration".

Deny – Elsmar's visitors do not "gravitate to posts regarding Plaintiff". Reading though the discussion forum threads is evidence of that. As stated in Defendants original "Answer" to the Plaintiff's Complaint, one has only to read through the forums to see that only about 3 discussion threads, out of about 57,285 discussion threads are in any way significantly relevant to the Plaintiff. Defendant does not make any significant income from discussion threads or posts related to Oxebridge/Plaintiff. In reality they do harm to the Defendant.

Line Item 13 – Agree – Fact is, Plaintiff has not established that Plaintiff has suffered "irreparable harm". An injunction is NOT in the "Public Interest". *"Winter v. NRDC, Inc., 55 U.S. 7, 20 (2008)"* is tangential and not applicable.

Line Item 14 – Deny – Defendant believes Plaintiff's case will fail in a Jury Trial. Defendant welcomes a Jury Trial.

Line Item 15 – Defendant is allowed his opinions on an open, public internet discussion forum. See Section 230 of the Communications Decency Act. Plaintiff is, in fact, threatening a number of Elsmar visitors via email in an attempt to cause them to cease to participate if forum discussion threads. Defendant believes Plaintiff is a "stalker' and has

been told by several forum participants that Plaintiff is using "veiled threats" via email to intimidate them.

Line Item 16 – Deny – Totally taken out of context. There is nothing religious in or about the discussion this is taken from.

Line Item 17 – Deny – Defendant believes Plaintiff is doing more harm to himself through this lawsuit than the Defendant can do.

Line Item 18 – Agree – Threads and posts about Plaintiff are of absolutely no value to Defendant. Defendant has removed discussion threads in the past as requested by Plaintiff's request by email as a courtesy. Plaintiff has responded by becoming aggressive. Plaintiff can not be appeased.

Line Item 19 – As included in Defendant's "Answer" to the original lawsuit, Plaintiff has not been locked out and can rebut any post in any discussion thread. Plaintiff is outright lying. See Line Item 32 in Defendant's "Answer" to the original complaint. To this day, 24 February 2015, Plaintiff has access to the Elsmar Forum to post any rebuttals he wants to post. It has been his option not to Log In and do so since Plaintiff registered in 2004. Plaintiff has had 10 years to do so and has not done so by his own choice not to.

Line Item 20
Agree in part – Defendant posted an "OCR" (optical character recognition) version of the original lawsuit. Defendant does explain it is an OCR and as such is not "precise", however, being a public document Defendant posed a "true" copy of the complaint in .pdf format which was available for people to read. Plaintiff has done the same in Exhibit "B" – Entering evidence replete with unidentified characters, poor formatting and other "defects" - See examples on pages 19, 20, 21, 22, 23, 25, 27, 28, 30, and 31.

Deny – Defendant posted a copy of the Complaint Plaintiff filed with the Ohio Attorney General in 2004 in an attempt to harm Defendant and Elsmar, which the Ohio Attorney General refused after which Plaintiff "with drew" his complaint. The entire complaint and Defendants' response are public records which are too long to include herein but will be provided as evidence during the Jury Trial.

Response to "Wherefore" by Plaintiff:

a. Defendant is not publishing anything that references Oxebridge with the sole exception of Post Lawsuit "Tweets" in response to Plaintiff's Post Lawsuit continuing "Twitter" defamation "Tweets".
b. Defendant has already agreed to remove all posts and discussion threads should Plaintiff abide by his publically posted agreement to "end this feud" in his public post (see Line Items 1 through 7 herein). Defendant has publically and privately via email offered to settle. Plaintiff has "opened the door" to a violation of Rule 408 - Compromise Offers and Negotiations - Federal Rules of Evidence – by publically posting on his web site his terms to settle this dispute.
c. Agree – Defendant would prefer to settle this with a Judge present, however since Defendant agrees to not further post anything mentioning, or related to this lawsuit, or the plaintiff, oral argument would be a waste of the Court's time.
d. Deny – Plaintiff has encouraged this whole episode/lawsuit, and has done so in public for many months. Defendant believes he will prevail in a Jury Trial and owes the Plaintiff no money.
e. No reply to a "canned" statement.

Response to Exhibit "A":

a. Note that the Defendants' "Tweets are in response to Plaintiff's "Tweets".
b. Page 2 of Exhibit "A" – Now deleted to "satisfy" Plaintiff and the Court, Defendant has removed these documents. However, at this point Defendant

believes posted documents are Public Records which anyone can access at the Court House.

c. Some additional Exhibits have been added to the Plaintiff's original filing. Plaintiff's attorney says that he has taken parts out of context to keep his document short. Defendant believes such "cherry picking" is not in the best interest of the court or the public.

## ORAL ARGUEMENT

Defendant requests Plaintiff's attorney, as well as the Court, to know that the Defendant asks for a 2 week notice in a timely manner, preferably by Certified USPS mail, prior to the day, date, place and time for an Oral Argument because of the following factors:

a. This lawsuit was filed in the State of Florida so Defendant assumes this will occur at a location in the State of Florida.
b. Defendant is in his 60's, retired, on Social Security, has poor night vision, is diabetic, and lives in the state of Ohio. Driving to Florida from Ohio will take Defendant 2 days minimum to be ready to meet In Person with the Plaintiff and Plaintiff's attorney on day 3.
c. In able for Defendant to be able to appear on the day, date, time AND the place of the Oral Argument, Defendant requests a 2 week notice of the day, date, time AND the place of the meeting so that the Defendant can arrange for lodging and make general arrangements for the trip to Florida. In addition, the 2 day transit time to Florida is necessary in case of "bad" weather conditions which may occur, such as snow, seeing this is February – March, between Ohio and Florida which could cause the Defendant to experience "Act of God" travel issues which could delay him or otherwise cause him to miss the meeting.
d. Defendant is writing this to assure the Court, Plaintiff and Plaintiff's attorney, that Defendant will go out of his way to attend the Oral Argument. Defendant will in

Defendant Pro Se's Answer to - Case 8:15-cv-00011-EAK-TBM – Document 14 filed 02/19/2015

no way try to make things difficult for the Plaintiff and Plaintiff's attorney or the court, nor will defendant try in any way to delay the meeting.

## II

## COUNTERCLAIMS

Counterclaim I

Continuous Harassment and Defamation by Plaintiff. Plaintiff is, and has been since 2001, significantly, and with increasing frequency since 2012, harassing Plaintiff continuously, and significantly increasingly during 2014 and now into 2015.

## REQUEST FOR RELIEF

Wherefore, Defendant prays for as follows:

1. For dismissal of the Plaintiff's action with prejudice;
2. For an order that the Plaintiff shall take no relief from the Complaint;
3. For Plaintiff to pay all costs of the Complaint/lawsuit;
4. For further relief the Court deems fair.

I declare under penalty of perjury that the forgoing is true and correct.

Dated and respectfully submitted using the US Postal Service Certified Mail this 25th day of February 2015.

Marc Timothy Smith (Defendant pro se)

Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road West Chester, Ohio 45069 Tel: 513 720-0600

Page 8 of 9 - Printed February 25, 2015

Defendant Pro Se's Answer to - Case 8:15-cv-00011-EAK-TBM – Document 14 filed 02/19/2015

By: [signature]

8466 Lesourdsville-West Chester Road

West Chester, Ohio 45069-1929

Tel: 513 720-0600

Email: marcsmith102@cinci.rr.com

I certify that a copy of this document is being furnished by mail on the same date to the court and to William R. Wohlsifer, Attorney for Plaintiff at:

William R. Wohlsifer
1100 E. Park Ave Ste B
Tallahassee, Florida 32301
(Attorney for Plaintiff)

Marc Timothy Smith (Defendant pro se)

Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069 Tel: 513 720-0600
Page 9 of 9 - Printed February 25, 2015