<u>Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case number: 8:15-cv-11-T-17TBM

(In response to Case number: 8:15-cv-00011-EAK-TBM)

**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA – LOCAL RULE 3.05 – Response Update of 27 February 2015**

OXEBRIDGE QUALITY RESOURCES

INTERNATIONAL, LLC, and

CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,

and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendant.

---

Presiding Judge: Elizabeth A. Kovachevich

Referring Judge: Thomas B. McCoun

Court: Florida Middle District Court

Office: Tampa Office

County: Hillsborough

---

<u>Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road West Chester, Ohio 45069 Tel: 513 720-0600</u>
Page 1 of 9 - Printed February 27, 2015

<u>Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM</u>

27 JANUARY 2015 – AMENDMENT ("ADDITION") TO 19/20 FEBRUARY 2015 RESPONSE

**Case number: 8:15-cv-11-T-17TBM**

I

PLAINTIFF'S 27 JANUARY 2015 AMENDMENT TO RESPONSE TO NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05

1. As of 27 February 2015 Defendant still has had no contact with the Plaintiff or Plaintiffs' lawyer. Defendant believes he is in compliance with Local Rule 3.01(g) and has made, and is making, a "good faith" effort to confer with the Plaintiff and has made an offer to settle the case as evidenced in Defendant's 13 February 2015 ANSWER and COUNTER CLAIM to NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05. Plaintiff offered the terms for such an agreement in public on his public web site on 26 January 2015 which was after Plaintiff filed Case Number 8:15-cv-00011-EAK-TBM. Defendant has agreed both through the Court, and in an email to Plaintiff and Plaintiffs' lawyer, to Plaintiffs' offer. Defendant has agreed to Plaintiffs' public offer or 26 January 2015 to settle this case as stated by Plaintiff in public on Plaintiffs' public internet web site and it is still publically online - http://www.oxebridge.com/emma/official-statement-on-oxebridge-extortion-suit-against-elsmar-com-and-marc-smith/ (Note that Plaintiff publically published his offer on his public web site on 26 January 2015 which was **after** he had filed his lawsuit).

> misbehavior of its owner. However, potential federal felonies cannot go unpunished, and Oxebridge intends to ensure this stops. We have exhausted all means of working with Smith on this issue, and have finally had to resort to using the courts.
>
> If Smith were instead to simply remove the offending materials and cease all such activity, the problem could be resolved quickly, and Elsmar users would be utterly unaffected. Based on his past 15 years' of behavior, we feel that is unlikely.

Plaintiff made a public offer on his internet web site to end his lawsuit, but when Defendant agreed Plaintiff did not answer, and has not to date

## Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM

answered, in any way, and remains silent. Defendant has only asked that Plaintiff "make it official" by responding with a simple contract to end the dispute and cancel/withdraw Case Number 8:15-cv-00011-EAK-TBM. Defendant has, in his offer to settle this, only asked for such a contract to ensure Plaintiff will in fact withdraw Case Number 8:15-cv-00011-EAK-TBM **after** Defendant removes the discussion threads Plaintiff has asked to be removed.

---

**Friday, February 13, 2015 at 10:43:49 AM Eastern Standard Time**

**Subject:** Contract to rescind Case number: 8:15-cv-00011-EAK-TBM
**Date:** Friday, February 13, 2015 at 10:42:33 AM Eastern Standard Time
**From:** Marc Smith
**To:** chris@oxebridge.com, paralegal@wohlsifer.com, william@wohlsifer.com

Subject to Chris Paris' offer to "...If Smith were instead to simply remove the offending materials and cease all such activity, the problem could be resolved quickly,..." on Paris' web site today, 13 February 2015, at http://www.oxebridge.com/emma/official-statement-on-oxebridge-extortion-suit-against-elsmar-com-and-marc-smith/ Defendant agrees to remove references to Chris Paris and Oxebridge from Elsmar.

You, Chris Paris, have publicly made the offer and it on your website today 13 January 2015. As noted in my reply ("Answer") to the original filing, as evidenced in emails, Defendant has in the past removed the requested content at Plaintiff's request and Defendant did so only with the expectation of a "Thank You" or other appreciative acknowledgement. They were only restored when Plaintiff replied with increasing demands in an unprofessional manner.

While Defendant believes he would win this lawsuit in court, it will be a financial hardship to try to do so due to necessary travel between Defendant's Ohio residence and places in Florida. In addition, Defendant believes this would be a total waste to the Court's time to deal with this, and Defendant believes the court will agree if this proceeds.

Thus, Defendant accepts Plaintiff's public offer to withdraw the lawsuit 8:15-cv-00011-EAK-TBM

Acceptance by Plaintiff is conditional that Plaintiff:

1. Withdraws 8:15-cv-00011-EAK-TBM
2. Agrees to never again to file any lawsuit related to this one.

Defendant agrees to remove the discussion threads in which Oxebridge is mentioned as soon as Defendant receives an acceptance of this contract.

If Defendant receives an acceptance of this contract from the Plaintiff by email and on paper by US Mail and Defendant removes the material, but Plaintiff does not Withdraw 8:15-cv-00011-EAK-TBM, Defendant will restore content and proceed as below.

In the event the Plaintiff does not agree to rescind Case number: 8:15-cv-00011-EAK-TBM, Defendant requests Plaintiff's lawyer to set a date, time and place to meet to proceed with producing a Case Management Report as required in a Track 2 case – Case No: 8:15-cv-11-T-17TBM - "1. Meeting of the parties in person"

Marc Smith
8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069
513 720-0600

Page 1 of 1

---

## Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM

Defendant does not have confidence that Plaintiff will abide by the conditions of his public offer to settle unless the Court is involved. Defendant also believes Plaintiff will, or is planning to, increase his demands as he has in the past when Defendant tried to appease Plaintiff.

2. Defendant believes this can be settled without further involvement of the Court if Plaintiff will simply accept Defendants' offer to settle based upon Plaintiffs' own publically published terms as stated in 1. above saving the Court the time and expense of going through a trial. It would also satisfy dismissal/withdrawal of Case number: 8:15-cv-11-T-17TBM (Track II) which is derived from Case Number 8:15-cv-00011-EAK-TBM and requires a Local Rule 3.05 In Person meeting.

3. Defendant is willing to delete the forum discussion threads in which Plaintiff is mentioned should the Court ask, or require, him to if the Court assures the Defendant that Case Number 8:15-cv-00011-EAK-TBM is, or will be, withdrawn as Plaintiff publically offers on his public internet web site as detailed in 1. above.

4. Plaintiff has, prior to his lawsuit, asked Defendant, by email, to remove forum discussion threads plaintiff is filing his Complaint, and did so. Plaintiffs' responses in followup emails has only been wanting more forum discussion threads, any forum discussion thread in which he is mentioned in any way, removed including ones which are unrelated to Plaintiff wherein forum visitors, as allowed by Section 230 of the Communications Decency Act, mention and/or opine on Plaintiff and/or Plaintiffs' company and/or Plaintiffs' "business model". All of this is in Defendants "Answer" to Case Number 8:15-cv-00011-EAK-TBM. Defendant only restored the deleted forum discussion threads after Plaintiffs' increasing demands. Defendant believes the Plaintiff can not be satisfied. For this reason Defendant believes the Court has to be involved in the Local Rule 3.05 In Person meeting.

5. As stated below in Defendant's 20 February 2015 "Addition" (Amendment), Defendant agrees to meet with Plaintiff and Plaintiffs' attorney. At this point, Defendant believes the meeting day, date, time and place should be set by the

Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM

Court, and overseen by the Court, considering all of the circumstances to date since the Plaintiff remains silent and Defendants' only means of communication with the Plaintiff is through the Court which Plaintiffs' attorney gets a copy of.

6. Because of a lack of response from Plaintiff, Defendant requests an extension of al least 60 days from the 25 March 2015 deadline for the required Local Rule 3.05 In Person meeting because time is closing in fast and as noted below no progress has been made. As long as Plaintiff remains silent Defendant can not be expected to be able to comply with the 25 March 2015 deadline for the required Local Rule 3.05 In Person meeting. Defendant believes the Plaintiff is purposely delaying a response to cause Defendant maximum financial and other harm knowing that to attend a Local Rule 3.05 In Person meeting Defendant will have to travel from Ohio to Florida, a 2 day drive by the Defendant, and all the preparations necessary for Defendant to make the trip.

7. Should the Court not intervene, and since Plaintiffs' lawyer is apparently too busy to contact the Defendant, Defendant offers that Plaintiff and/or Plaintiffs' lawyer can and must contact the Defendant and the Court by Certified USPS mail with the proposed the meeting day, date, time and place so Defendant is assured the Court has a record of it on file.

8. The only response Defendant has received with regard to Case number: 8:15-cv-11-T-17TBM was from the court (received 24 February 2015) was a copy of an Order from the court in response to Case number: 8:15-cv-00011-EAK-TBM AMENDED MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR ORAL ARGUMENT by the Plaintiff. Defendant is ready and willing to attend a hearing on the motion, however Defendant has not posted further about this case, nor about the Plaintiff, and Defendant will not do so Defendant has no objection to an Injunction from publishing anything further. Defendant believes this must also apply to the Plaintiff. Defendant can not afford an attorney is doing his best to research and abide by the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida to the best of his ability with

<u>Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM</u>

consideration to Defendant having no background in law. Defendant also agrees to comply in full with Court Order(s).

---

REINCORPORATED FROM
20 FEBRUARY 2015 – AMENDENT (ADDITION) I RESPONSE TO 13 FEBRUARY 2015 RESPONSE TO NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05
**Case number: 8:15-cv-11-T-17TBM**
I
PLAINTIFF'S 20 JANUARY 2015 RESPONSE ADENDEM ("ADDITION")

1. On 13 February 2015, I submitted evidence to the court that I have offered to settle this case out of Court per Plaintiff's public offer on Plaintiff's website.
2. Neither Plaintiff nor Plaintiff's attorney have contacted Defendant but Defendant assumes they wish to proceed with a meeting In Person (Defendant, Plaintiff and Plaintiff's attorney) as required by Local Rule 3.05 in order to Prepare a Case Management Report for the Court within 60 days of service of the Complaint to the Defendant. Defendant was served on 26 January 2015 and promptly answered the Complaint on 5 February 2015. *A duplicate copy was sent by mistake on 9 February 2015.* Defendant is responding to the Court in a Timely Manner. Served on 26 January 2015 plus 60 days requires this Local Rule 3.05 In Person meeting to be held by or before 25 March 2015.
3. Defendant has not been able to contact the Plaintiff's attorney by telephone.
4. Defendant requires Plaintiff's attorney to set a date and time and place for the required In Person meeting and to contact the Defendant stating the day, date, place and time for said meeting in a timely manner.
5. I will update this court should I hear from Plaintiff's attorney with a day, date, place and time so that all communications will be "on the record" with the Court.
6. If Defendant is not contacted by the Plaintiff's attorney in a timely manner, Defendant will, in a weekly "update", notify the Court just as Defendant is doing

<u>Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM</u>

now so that Defendant can not be accused of not keeping the Court updated on the progress in trying to set up a meeting as required by Local Rule 3.05. Defendant will send a copy of anything Defendant sends the Court to Plaintiff's lawyer. These will be sent as Defendant has sent all documents to the Court and Plaintiff's attorney – USPS Certified Mail AND signed Return Receipt as evidence that Defendant has done so.

## THE LOCAL RULE 3.05 MEETING

Since Plaintiff's attorney will get a copy of this document, Defendant will not send a separate document to Plaintiff's attorney. Defendant wants Plaintiff's attorney, as well as the court, to know that the Defendant asks for a 2 week notice from the Plaintiff's attorney in a timely manner, preferably by Certified USPS mail, prior to the day, date, place and time the Plaintiff and his attorney determine the day, date, place and time of their choosing because of the following factors:

a. This lawsuit was filed in the State of Florida so Defendant assumes Plaintiff and his attorney will want to meet In Person at a location in the State of Florida.
b. Defendant is agreeable to the Plaintiff and Plaintiff's lawyer to "set the day, date time and place" for the In Person meeting as required by Local Rule 3.05.
c. Defendant is in his 60's, retired, on Social Security, has poor night vision, is diabetic, and lives in the state of Ohio. Driving to Florida from Ohio will take Defendant 2 days minimum to be ready to meet In Person with the Plaintiff and Plaintiff's attorney on day 3.
d. In able for Defendant to be able to appear on the day, date, time AND the place the Plaintiff decides upon, Defendant requests a 2 week notice of the day, date, time AND the place of the meeting from the Plaintiff's attorney so that the Defendant can arrange for lodging and make general arrangements for the trip to Florida for the required Local Rule 3.05 In Person meeting. In addition, the 2 day transit time to Florida is necessary in case of "bad" weather conditions which may

<u>Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM</u>

occur, such as snow, seeing this is February – March, between Ohio and Florida which could cause the Defendant to have "Act of God" travel issues which could delay him or otherwise cause him to miss the meeting.

e. Defendant is writing this to assure the Court, Plaintiff and Plaintiff's attorney, that Defendant will go out of his way to meet with Plaintiff and Plaintiff's attorney to the point of agreeing to allow Plaintiff and Plaintiff's attorney to set the day, date, time AND place for the In Person meeting to prepare the Case management Report. Defendant will in no way try to make things difficult for the Plaintiff and Plaintiff's attorney, nor will defendant try in any way to delay the In Person meeting. Defendant wants the In Person meeting to take place as soon as possible.

f. Defendant calculates the "Latest Date" for this In Person meeting to take place in order to satisfy the 60 day deadline required by Local Rule 3.05 to be: Defendant Served on 26 January 2015, plus 60 days, requires this In Person meeting to be held by or before 25 March 2015. For a 2 week Advance Notice, Defendant requests Plaintiff's attorney to contact Defendant by USPS Certified mail in a timely manner so that it arrives at Defendant's Ohio residence by or before 11 March 2015 LATEST.

---

I declare under penalty of perjury that the forgoing is true and correct.
Dated and respectfully submitted using the US Postal Service Certified Mail this 27th day of February 2015.

Marc Timothy Smith (Defendant pro se)

By: *Marc Smith*

8466 Lesourdsville-West Chester Road

<u>Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road</u>
<u>West Chester, Ohio 45069 Tel: 513 720-0600</u>
Page 8 of 9 - Printed February 27, 2015

<u>Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM</u>

>West Chester, Ohio 45069-1929
>
>Tel: 513 720-0600
>
>Email: marcsmith102@cinci.rr.com

I certify that a copy of this document is being furnished by mail on the same date to the court and to William R. Wohlsifer, Attorney for Plaintiff at:

William R. Wohlsifer

1100 E. Park Ave Ste B

Tallahassee, Florida 32301

(Attorney for Plaintiff)

*[signature]*

Marc Timothy Smith (Defendant pro se)