Defendant Pro Se's Answer to "Motion to Dismiss"- Case 8:15-cv-00011-EAK-TBM – Document 20

IN THE UNITED STATES DISTRIC COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In response to Plaintiffs' Motion (Document 20) of Case number: 8:15-cv-00011-EAK-TBM

OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC, and CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually, and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendants.

---

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun
Court: Florida Middle District Court
Office: Tampa Office
County: Hillsborough

---

ANSWER TO PLAINTIFFS'MOTION TO DISMISS COUNTERCLAIM I, MOTION TO DISMISS DEFENDANTS' ANSWER (PAGES 1-32), AND MOTION TO STRIKE EXHIBITS AND HYPERLINKS (PAGES 39-47)

Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069 Tel: 513 720-0600
Page 1 of 8 - Printed March 16, 2015

## I

## ADMISSIONS AND DENIALS TO EACH MOTION LINE ITEM

Line Item 1 – Agree - Defendant may have inappropriately combined Continuous Harassment and Defamation in Defendants' Counterclaim I, however Defendant believes the two are intertwined. Defendant will Amend the original Answer to Plaintiff's Complaint if that will satisfy Plaintiff and the Court. Defendant has no background in law and is doing his best to understand and reply as required by the Local Rules Of The District Court Of The United States For The Middle District Of Florida and the Federal Rules Of Civil Procedure.

Line Item 2 – See Line Item 1 herein.

Line Item 3 – See Line Item 1 herein.

Line Item 4 – See Line Item 1 herein.

Line Item 5 – Agree/Deny – Defendant has not found within the Local Rules Of The District Court Of The United States For The Middle District Of Florida or the Federal Rules Of Civil Procedure any stated prohibition of including hyperlinks in an Answer to a Complaint and as such did so. Defendant did so in an attempt to clarify and make sense of the 99 often redundant and contradictory statements in Plaintiffs' original Complaint. Also see Line Item 1 herein.

Line Item 6 – Agree - Defendant believes the entire Complaint should be dismissed on both Lack of Venue and Non-Specificity of the Complaint as a whole. Defendant will Amend the original Answer to Plaintiff's Complaint if that will satisfy Plaintiff and the Court. Defendant has no background in law and is doing his best to understand and reply as required by the Local Rules Of The District Court Of The United States For The Middle District Of Florida and the Federal Rules Of Civil Procedure.

Line Item 7 – Agree – Defendant will Amend his original Answer to the original Complaint and will strike the Harassment Counterclaim if that will satisfy Plaintiff and the Court.

Line Item 8 – Deny – This is not a "work environment" so Plaintiffs' bringing "work environment" in is extraneous. Also see Line Item 1 herein.

Line Item 9 – Agree – Defendant does not claim a working relationship or employment relationship between the Plaintiff or the Defendant, nor does the Defendant claim discrimination.

Line Item 10 – Agree In Part/Deny In Part – Defendants' Answer to the original Complaint was clear and material to the original Complaint. Also see Line Item 5 herein. If Defendant erred, it was to include what Plaintiff calls "irrelevant exhibits" within the Answer as opposed to appending them as independent exhibits. As within Line Item 5 herein, Defendant has not found a prohibition against including "exhibits" in an Answer in the Local Rules Of The District Court Of The United States For The Middle District Of Florida or the Federal Rules Of Civil Procedure.

Line Item 11 - Agree In Part/Deny In Part - Rule 8 of the Federal Rules Of Civil Procedure also states:

(d) PLEADING TO BE CONCISE AND DIRECT; ALTERNATIVE STATEMENTS; INCONSISTENCY.

(1) *In General*. Each allegation must be simple, concise, and direct. No technical form is required.

(2) *Alternative Statements of a Claim or Defense*. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) *Inconsistent Claims or Defenses*. A party may state as many separate claims or defenses as it has, regardless of consistency.

Also see Line Item 1 herein.

Line Item 12 – Deny – However, see Line Item 1 herein. Defendant has a matrix which will allow Defendant to translate each hyperlink and "embedded exhibit", as complained about by the Plaintiff, as individual exhibits to the answer. Defendant believes his doing so will cause a larger burden on the court by causing the court to cross reference multiple documents, and will be more likely to confuse the court than a straight forward, consistent and "in line timeline" of events and "exhibits" and references.

| Answer Line Item | Referenced URL or Graphic | Brief Description | Rule and/or Comment |
|---|---|---|---|
| Line Item 6 | http://elsmar.com/level2/accolades.html | Evidence of no business in Florida since 2000 | No Jurisdiction |
| Line Item 8 | http://elsmar.com/resume.html | Evidence of no business in Florida since 2000 | No Jurisdiction |
| Line Item 8 | http://elsmar.com/resume.html | Evidence of no business in Florida since 2000 | No Jurisdiction |
| Line Item 10 | http://elsmar.com/resume.html | Evidence of no business in Florida since 2000 | No Jurisdiction |
| Line Item 14 | Elsmar "Members" and "Premium" Directory Access | Evidence of no business in Florida since 2000 | An insignificant income source of less that US$1000/yr. |
| Line Item 15 | http://elsmar.com/resume.html | Evidence of no business in Florida since 2000 | No Jurisdiction |
| Line Item 15 | http://elsmar.com/Forums/filelist.php?mode=all&files&sortby=filename&pagenum=1&cnt=cnt=as9100 | Evidence that Elsmar does not have any materials that are not available in hundreds (thousands?) of places on the internet | |
| Line Item 19 | http://elsmar.com/tmp/ | Defendant posts, free of charge, and no copyright restrictions, Defendant's "Implementation Methodology" for anyone to use | |
| Line Item 21 | http://elsmar.com/ | Defendant agrees Elsmar.com is his web site | |
| Line Item 21 | http://elsmar.com/Forums/tags.php | Shows Medical Devices are the more "popular" topics ISO 9001 is popular because years ago the discussions were about ISO 9001. These days, medical devices are the "main" discussion topics. ISO 9001 is "old hat" stuff | |
| Line Item 22 | http://elsmar.com/services_main.html | Very old static HTML page. See line item 4 herein. No Business from this old page | |
| Line Item 24 | http://elsmar.com/Forums/showthread.php?t=8592 | Plaintiff trying to defame Defendant through a complaint to the Ohio Atty. General | Plaintiff restarts harrassment - 2004 |
| Line Item 24 | http://elsmar.com/Forums/showthread.php?t=1815 | Defendant starts a discussion - The "start of it all" - July 2001 to Sept 2001 | Thirty three posts total over 3 months. Section 230 of the Communications Decency Act of 1996 Discussion, not defamation. |
| Line Item 24 | Various website links by the Plaintiff | Line Item 24 must be read to bring this into context | |
| Line Item 25 | http://elsmar.com/Forums/showthread.php?t=8692 | 2004 - Plaintiff harasses Defendant with a bogus complaint to the Ohio Atty. General | Section 230 of the Communications Decency Act of 1996 |
| Line Item 26 | http://elsmar.com/Forums/showthread.php?t=8831 | Elsmar's "Terms of Service" | |
| Line Item 28 | http://elsmar.com/Forums/showthread.php?t=8347 | This is a long, basic discussion about ISO 9001 in general. Beginning on 15 April 2004, ending on 5 April 2007, with a total of 212 posts, Paris/Oxbridge is mentioned (opined upon) in only 2 posts. | Plaintiff can not be pleased. Section 230 of the Communications Decency Act of 1996 |
| Line Item 29 | http://elsmar.com/Forums/showthread.php?t=65636&page=3 | Must be read in context. Defendant stated an opinion | Section 230 of the Communications Decency Act of 1996 |
| Line Item 30 | http://elsmar.com/Forums/showthread.php?t=65636 | Post 28 on page 4 - Must be read in context of the entire discussion thread | Also see Counter Claim 1 |
| Line Item 31 | http://elsmar.com/Forums/showthread.php?t=8692 | It is no secret that Plaintiff was harassing Defendant in 2004 | Complaints are Public. Plaintiff can not claim any "privacy" issues |
| Line Item 31 | http://elsmar.com/Forums/showthread.php?t=14658&page=2 | Post 11 - Plaintiff cites Exhibit "D" in the original complaint which is "cherry picked" - taken out of context | Plaintiff effort to obfuscate the facts |
| Line Item 32 | http://elsmar.com/Forums/showthread.php?t=1815 | Opinion posted by a forum visitor. See Line Item 24 in this matrix | Section 230 of the Communications Decency Act of 1996 |
| Line Item 34 | http://elsmar.com/Forums/showthread.php?t=65031 | Posts in discussion thread taken "Out of Context" | Plaintiff effort to obfuscate the facts |
| Line Item 35 (d) | http://elsmar.com/Forum/showthread.php?t=65363 | Evidence of Plaintiffs' continuous harassment and threats to Defendant. The entire discussion thread must be read for context. | 20 October 2014 through January 2015. Chris Paris of Oxbridge - At it again - October - December 2014 and January 2015 |
| Line Item 36 | http://elsmar.com/Forums/showthread.php?t=8831 | Also reference Line Item 26. | Moderation Practices on Elsmar in the discussion forum. |
| Line Item 39 | http://elsmar.com/Oxbridge-Paris-Evidence/ | Defendant has removed this information as he evaluates what is Public Information at this point in the process. Evidence here is as stated in Line item 39 of Defendant's "Answer" to plaintiff's Complaint | |
| Line Item 45 | http://elsmar.com/Forums/showthread.php?t=65031 | Evidence that Elsmar makes so little money that Defendant has been considering closing Elsmar since July 2014. Plaintiff's complaint about this discussion can only beunderstood in the context of the entire discussion thread. | |
| Line Item 46 | http://elsmar.com/resume.html | Defendant has not done any business in Florida since 2000. Also see Line Items 4, 6 and 10. | |
| Line Item 48 | https://en.wikipedia.org/wiki/Streisand_effect | Plaintiff is exacerbating the problem by harrassing Defendant and posting in public on internet venues such as "Twitter" and "LinkedIn" | Plaintiff is "damaging" his own reputation |
| Line Item 55 | Offer to sell all of Elsmar to Plaintiff | Email screen shot. | 3 May 2014 |
| Line Item 56 | See Line Item 39. | | |
| Line Item 58 | Bucey Email of 5 October 2012 | Email text. | 5 October 2012 Email |
| 4th Defense | Defendant did as Plaintiff requested in an email. | Email printout of 2 Emails | Emails of 2 May 2014 |
| 5th Defense | http://elsmar.com/resume.html | No business presence or comption in Florida since 2000. | Complaint/Lawsuit Jurisdiction issue |
| Counter Claim 1 | Screen capture of Plaintiff's Web Page on which Plaintiff publically offers to settle. | Plaintiff publically posted this on his web site on or about 26 January 2015. | Rule 408(a) Federal Rules of Evidence |
| Counter Claim 1 | Series of Oxbridge "Tweets" defaming Defendant going back to October 2014 | Plaintiff is a "cronic complainer" | |
| Counter Claim 1 | Text of email to Shawn (See "Court Evidence List as a printed out email) | Plaintiff is threatening many people. Also goes to the Plaintiff's mental state | |
| Counter Claim 1 | Screen printouts of a discussion with Shawn about Plaintiff and Plaintiff's mental state | Plaintiff is threatening many people. Also goes to the Plaintiff's mental state. | |

Also see Line Item 1 herein.

Line Item 13 – Deny – Defendant believes Plaintiffs' Motion to Strike Answer is inappropriate, however, as stated in Line Item 1 herein, Defendant agrees to Amend

Defendants' Answer to address valid complaints Plaintiff asserts even though Defendant believes Plaintiffs' intent is to further burden the court with more paperwork.

Line Item 14 – Deny – Defendant believes his Answer to the Plaintiffs' original Complaint, with 99 individual, and occasionally contradictory, allegations, is clear, line item by line item. If anything, Plaintiff should have filed separate complaints and the original Complaint should be dismissed/refused (Lack of Specificity and Venue).

From the original Complaint:

Juristriction and Venue - 1 through 42
I - Unfair Competition - 43 through 51
II - Extortion - 52 through 64
III - Defamation Per Se - 65 through 72
IV - Defamation - 73 through 80
V - Libel - 81 through 85
VI - Injurious Falsehood - 86 through 92
VII - Injunctive Relief - 93 through 99
Demand for Jury Trial - Rule 38

Plaintiffs' attorney is a lawyer and can easily frame a response to each answer.

Line Item 15 – Deny – See Line Items 1 and 5 herein.

Line Item 16 – Deny – The Defendant believes all "exhibits" and hyperlinks are appropriate and can be proven during trial.

Line Item 17 – Deny – Defendant believes all "exhibits" and hyperlinks are appropriate and within the scope of Defendants' counterclaims as well as being applicable to various Plaintiffs' claims within the original Complaint.

Line Item 18 – Agree In Part/Deny In Part – Defendant believes his exhibits and hyperlinks go to Plaintiffs' motivations, personality and actions in general with others.

Line Item 19 – Deny – Defendant believes it is in the best interest of the court to more fully be able to assess the Complaint as a whole. A read through the Plaintiffs' website and "Twitter" accounts show that the Plaintiff is a serial complainer. In addition, Defendant believes all "exhibits" and hyperlinks show Plaintiff has a history of threatening people which Defendant believes it is in the best interest of the court to more fully be able to assess the Complaint as a whole. Defendant believes the original Complaint filed by the Plaintiff is intended to embarrass and humiliate the Defendant, just as Plaintiff has done in social media such as Twitter, before and after filing his original Complaint including Plaintiffs' 2004 Complaint to the Ohio Attorney General.

Line Item 20 – Deny – Plaintiffs' original Complaint, as well as Plaintiffs' Motion to Dismiss Defendants' Answer its self, contain redundant, immaterial and impertinent statements. Defendant strenuously denies any "scandalous" content.

Line Item 21 – Defendant believes he has complied with Fed. R. Civ. P. 12, taken as a whole. For Plaintiffs' complaint herein to apply, Defendant believes Plaintiffs' original Motion is more outrageous in that it contains many redundant, immaterial and impertinent statements, as well as knowingly including patently untrue accusations many of which the Defendant believes are intended by the Plaintiff to confuse the Court and obfuscate the truth.

Line Item 22 – Deny – Also see Line Items 1 and 5 herein.

**REQUEST FOR RELIEF**

Wherefore, Defendant prays for as follows:

1. For dismissal of the Plaintiff's Motion with prejudice;
2. For an order that the Plaintiff shall take no relief from the Motion;
3. For Plaintiff to pay all costs of the Complaint/Lawsuit incurred by Defendant having to respond to a frivolous, non-specific lawsuit;
4. For further relief the Court deems fair.

I declare under penalty of perjury that the forgoing is true and correct.

Dated and respectfully submitted using the US Postal Service this 16 March 2015.

Marc Timothy Smith (Defendant pro se)

By: Marc Smith

8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069-1929
Tel: 513 720-0600
Email: marcsmith102@cinci.rr.com

I certify that a copy of this ANSWER and REQUEST FOR RELIEF is being furnished by mail on the same date to the Court and to William R. Wohlsifer, Attorney for Plaintiff at:

William R. Wohlsifer
1100 E. Park Ave Ste B
Tallahassee, Florida 32301
(Attorney for Plaintiff)

Defendant Pro Se's Answer to "Motion to Dismiss"- Case 8:15-cv-00011-EAK-TBM – Document 20

Marc Smith
Defendant

Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069 Tel: 513 720-0600
Page 8 of 8 - Printed March 16, 2015