<u>Defendant Pro Se's Answer to "Motion to Dismiss"- Case 8:15-cv-00011-EAK-TBM –
Document 20</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION


In response to Plaintiffs' Motion (Document 21) of Case number: 8:15-cv-00011-EAK-
TBM


OXEBRIDGE QUALITY RESOURCES

INTERNATIONAL, LLC, and

CHRISTOPHER PARIS, individually.


Plaintiffs,


Vs.


MARC TIMOTHY SMITH, individually,

and d/b/a/ CAYMAN BUSINESS SYSTEMS


Defendants.

---

Presiding Judge: Elizabeth A. Kovachevich

Referring Judge: Thomas B. McCoun

Court: Florida Middle District Court

Office: Tampa Office

County: Hillsborough

---

ANSWER TO PLAINTIFFS'MOTION TO DISMISS COUNTERCLAIM I, MOTION
TO DISMISS DEFENDANTS' ANSWER (PAGES 1-32), AND MOTION TO STRIKE
EXHIBITS AND HYPERLINKS (PAGES 39-47)

I

## ADMISSIONS AND DENIALS TO EACH ANSWER LINE ITEM

Line Items 1 through 13 - These are addressed in Defendants' Reply to Plaintiffs'
PLAINTIFFS'MOTION TO DISMISS COUNTERCLAIM I, MOTION TO DISMISS
DEFENDANTS' ANSWER (PAGES 1-32), AND MOTION TO STRIKE EXHIBITS
AND HYPERLINKS (PAGES 39-47) (Plaintiffs' Motion (Document 20) of Case
number: 8:15-cv-00011-EAK-TBM).

NOTE: Plaintiff appears to have mis-numbered Document 21 filed on 03/02/2015, page
8. There are two Line Item 13's.

Second Line Item 13 – Deny – The Defendant is NOT domiciled anywhere in Florida and
never has been. Plaintiffs' attorney full well knows this and is intentionally lying to the
court by stating this. Defendant was last in Florida in December 2000 – over 14 years
ago. Defendant is a resident of the State of Ohio and has been for over 35 years and has
never resided in, not had any type of presence in, and has never owned property, rented
property, or owned a business in the State of Florida other than having spent some nights
in a motel room between June and December in the year 2000. Defendant has not since
2000, nor does Defendant now, offer consulting services either directly or through
Elsmar.com in the State of Florida. In addition, Plaintiffs' lawyer knows full well that
Plaintiff himself has continued to publish defamatory and inflammatory remarks after the
filing of the original Complaint both on Plaintiffs' "Twitter" account and Plaintiffs' own
public website, and possibly other internet venues. Defendant has no presence of any
kind in the State of Florida other than that people from Florida, or anywhere else in the
world, can access Elsmar.com. This is 2015. Hundreds of millions of websites are on the
internet and are widely accessible to people world wide. Using Plaintiffs' reasoning,
people in China with websites and every other country in the world with internet access
and a website has a "presence" in the State of Florida which is ludicrous. Defendant also
believes that there is no law prohibiting commentary on a lawsuit until and unless the

<u>Defendant Pro Se's Answer to "Motion to Dismiss"- Case 8:15-cv-00011-EAK-TBM –
Document 20</u>

Court rules that the lawsuit, or part(s) of a lawsuit, are sealed by the Court. Lawsuits are discussed on thousands of websites every day on the internet. In addition, Plaintiff does not specify what specific "injury" occurred in the State of Florida.

Line Item 14 – Agree In Part/Deny In Part – Defendant did not cite a specific law or rule to substantiate a Statute of Limitations with regard to the discussion thread on the Elsmar Cove Discussion Forum back in 2001. Defendant is filing Pro Se and is new to finding laws specific to the District Court Of The United States For The Middle District Of Florida. As to the five postings in 2014 referenced by the Plaintiff, all were in response to actions by, postings by, and emails by the Plaintiff. In addition, neither has the Defendant republished any older postings, nor has the Defendant altered old postings in any way.

Line Item 15 – Deny - In Plaintiffs' original complaint, Plaintiff put forward that the Defendant is, or has been, involved in Aerospace consulting and was in competition with the Plaintiff which is a outright lie. Defendant is not even qualified to work in Aerospace in any way and never has been. This is addressed in Defendants' Answer to the original Complaint by the Plaintiff, and it a problem with the original Complaint which has so many varying and conflicting accusations that it is almost impossible to follow. The original Complaint totally lacks specificity and focus, and also complicates the ability of the Court to easily understand the sequence of the events in the Complaint. Defendant again states Plaintiff has included accusations which should have been made in separate Complaints.

Line Item 16 – Agree In Part/Deny In Part – Plaintiff has been posting in his "Twitter" account that he resides in Peru. In one "Tweet" Plaintiff even challenged someone to "Come to Peru and find me", or words to that effect. Defendant can only assume that Plaintiff is not lying and does reside in Peru. Having property in, and a business in, the State of Florida does not mean Plaintiff actually resides in the State of Florida.

Line Item 17 – Deny – Defendant is clear in showing that the Defendant has tried to appease the Plaintiff over the years and that Plaintiff could not be satisfied. Plaintiff has chosen to use a lawsuit to cause the Defendant financial and other harm.

Line Item 18 – Deny – Plaintiff is replying with a simple "Deny" because Plaintiff knows the Defendants SIXTH DEFENSE is true and applicable rather than to provide an appropriate response.

Line Item 19 - Deny – Plaintiff is replying with a simple "Deny" because Plaintiff knows the Defendants SEVENTH DEFENSE is true and applicable rather than to provide an appropriate response.

Line Item 20 - Deny – Plaintiff is replying with a simple "Deny" because Plaintiff knows the Defendants EIGHTH DEFENSE is true and applicable rather than to provide an appropriate response.

Line Item 21 - Deny – Plaintiff is replying with a simple "Deny" because Plaintiff knows the Defendants NINTH DEFENSE is true and applicable rather than to provide an appropriate response.

Line Item 22 – Deny – Plaintiffs' Complaint is long, littered with various complaints, and with numerous fabrications. At this point it is extremely difficult for the defendant, and probably the Court, to determine specifically what the focus of the Plaintiffs' Complaint is. If, as Plaintiff alleges, the Complaint was related only to Defendants' posting on Elsmar.com, Plaintiff should have confined his Complaint to a specific issue rather than to have submitted a wide ranging, confusing complaint consisting of 99 line items, some of which (e.g.: Unfair Competition) are not only irrelevant but totally false. Hyperlinks in some newer Elsmar Cove Forum Posts posts are solely references intended to tie together the timeline of events. Also see Line Items 14 and 15 herein.

<u>Defendant Pro Se's Answer to "Motion to Dismiss"- Case 8:15-cv-00011-EAK-TBM -</u>
<u>Document 20</u>

Line Item 23 – Deny – Defendant published NO false statements. Defendant did publish opinions, specifically with regard the effectiveness of Plaintiffs' "40 day implementation" as well as to the truth of his advertising which is what started this adversarial relationship in July of 2001. Defendant believes his opinions are protected by Section 230 of the Communications Decency Act. Also see Line Item 14 herein.

Line Item 24 – Deny – Quite the contrary. Other than the initial posting on Elsmar.com in 2001, Plaintiff has initiated reactions by the Defendant, an example of which was Plaintiffs' filing of a complaint with the Ohio Attorney General in 2004 in an attempt to do harm to Defendant and Elsmar.com. Poking someone with a stick and complaining when the person strikes back is not "Unclean Hands". Over the years Plaintiff has provoked the Defendant in various ways causing the Defendant to respond.

Line Item 25 – Agree In Part/Deny In Part – For the Plaintiff to claim "GOOD MOTIVE – FAIR COMMENT" made by a private citizen exercising his right to free speech, discussing matters of public importance, as a concerned citizen, Plaintiff must accede that the same "GOOD MOTIVE – FAIR COMMENT" applies to the Defendant as well.

Line Item 26 – Agree In Part/Deny In Part – The matters addressed by Defendant concerning Plaintiff are also matters which affect the interest of the general public and members of the ISO education and certification industry. Defendants' statements have also been made in good faith with the proper motives of informing the public of matters relevant to ISO education and certification. Therefore, Defendants' statements are also protected by both qualified and conditional privilege.

Line Item 27 – Agree – Defendant agrees to the extent that Defendant has no current plan to file a Slander suit. As a Defendant Pro Se, Defendant admits possibly using incorrect wording and will research the relevant laws.

Line Item 28 – See Line Item 27 herein.

Line Item 28 – Agree In Part/Deny In Part – Defendant has already agreed that Plaintiff
has not caused Defendant financial harm. In addition, Plaintiff has become "poison" in
the ISO community so anything the Plaintiff posts about the Defendant is not likely to
cause harm, especially since the Defendant retired from consulting in 2001.

Line Item 29 - Agree In Part/Deny In Part – Defendant has never claimed injury per se by
the plaintiff. Even Plaintiffs' complaint to the Ohio Attorney General in 2004 fell flat on
its face. However, should Plaintiff not withdraw this lawsuit Defendant may revisit his
legal options with respect to Plaintiffs' public postings about Defendant and Elsmar.com
from 2004 through 2015.

Line Item 30 – Agree In Part/Deny In Part – Defendant is, through his answers to the
original Complaint and Motions by the Plaintiff, addressing these issues. Plaintiff could
have registered in the Elsmar Cove Discussion Forum in back in 2001 to rebut or reply to
any and all posting therein. Registration in the Elsmar Cove Discussion Forum is free and
open to anyone in the world to register. Plaintiff obviously chose not to. Defendant again
asserts that Plaintiff has, since he finally did register in the Elsmar Cove Discussion
Forum in 2004, been able to post and rebut any and all postings there about himself and
his company. He can do so today if he likes and has had over ten years to do so. He has
obviously chosen not to. Plaintiff, contrary to his claim, has NEVER been "locked out
of" or otherwise prohibited from participating in any and all Elsmar Cove Forum
discussions. In addition, as discussed with Plaintiffs' lawyer in a telephone conversation
on 13 March 2015, Defendant has in the past, and continues to, "properly" moderate all
posts in the Elsmar Cove Discussion Forums.

Line Item 31 – Deny – Defendant has many screen captures of Plaintiffs postings on
"Twitter" which Defendant believes are slanderous and/or libelous. Defendant has no
current plan to sue Plaintiff over them, however Defendant will not rule it out should the
Plaintiff proceed with this lawsuit. Plaintiff would do himself a service by reviewing his

postings on his own public website, and on Plaintiffs' "Twitter" account, which Defendant has "screen shots" of.

Line Item 32 – Defendant does not have the knowledge to address this Line Item at this time. Defendant will have to review the citation and the record to assess whether the "substantial truth doctrine" applies, or is even relevant, in this case.

Line Item 33 – Deny – Defendant is not in any way a "public figure" any more than Plaintiff is. Defendant has not written articles, books, or is in any way in the public "limelight", has not run for an elected office nor is Defendant in the entertainment field, nor does the Defendant have any public visibility other than that of hundreds of millions of other people with internet websites (which includes the Plaintiff). In fact, Plaintiff is much more so a "pubic figure" in that he is complaining about so many people and companies, large and small, that Plaintiff is making himself a "public figure". A review of Plaintiffs' website and Plaintiffs' "Twitter" account contains ample evidence of Plaintiffs' intention of being a "public figure".

## REQUEST FOR RELIEF

Wherefore, Defendant prays for as follows:
1. For dismissal of the Plaintiff's Affirmative Defenses with prejudice;
2. For an order that the Plaintiff shall take no relief from the Plaintiff's Affirmative Defenses;
3. For Plaintiff to pay all costs of the Complaint/Lawsuit and his motion(s) incurred by Defendant having to respond to a frivolous, non-specific lawsuit;
4. For further relief the Court deems fair.

I declare under penalty of perjury that the forgoing
is true and correct.

Dated and respectfully submitted using the US
Postal Service this 16 March 2015.


Marc Timothy Smith (Defendant pro se)


By: *(signature)*

8466 Lesourdsville-West Chester Road

West Chester, Ohio 45069-1929

Tel: 513 720-0600

Email: marcsmith102@cinci.rr.com


I certify that a copy of this ANSWER and REQUEST FOR RELIEF is being furnished
by mail on the same date to the Court and to William R. Wohlsifer, Attorney for Plaintiff
at:


William R. Wohlsifer

1100 E. Park Ave Ste B

Tallahassee, Florida 32301

(Attorney for Plaintiff)


*(signature)*
Defendant