<u>Defendant Pro Se's Amendment/Addition to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM – Case Management Report Post Mortem</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case number: 8:15-cv-11-T-17TBM

(In response to Case number: 8:15-cv-00011-EAK-TBM)

**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA –**

OXEBRIDGE QUALITY RESOURCES

INTERNATIONAL, LLC, and

CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,

and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendant.

---

Presiding Judge: Elizabeth A. Kovachevich

Referring Judge: Thomas B. McCoun III

Court: Florida Middle District Court

Office: Tampa Office

County: Hillsborough

---

<u>Defendant Pro Se's Amendment/Addition to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM – Case Management Report Post Mortem</u>

## The Case Management Report Post Mortem and Request for Revisions

1. Defendant requests the patience of the Court with Defendants' Answers, Responses, etc. Defendant has no experience in law, has no funds to hire a competent lawyer, and is facing a steep learning curve in a short timeframe as Defendant faces a licensed, experienced lawyer who practices in the Court in the state in which this Complaint has been filed. In addition, there is the aspect of time lost as documents are in transit both to the Court in Florida from the Defendant, and well as from the Court to the Defendant in Ohio.

2. Plaintiffs' lawyer emailed Defendant a "suggested" Case Report, which was discussed in a telephone call on 13 March 2015 starting at 2.00 PM EST. A significant disagreement was *part V. Settlement and Alternative Dispute Resolution, A. Settlement.* The original sent to me by the Plaintiffs' lawyer had "Likely" checked. I explained to Plaintiffs' lawyer that "Unlikely" was more appropriate. Plaintiffs' attorney agreed, but later came back to the same line. He said he felt that "Likely" was most appropriate. Defendant stated he didn't care which Plaintiffs' lawyer checked, but this seemed unlikely considering the breadth of the original complaint and Plaintiffs' wanting a Jury trial and damages in excess of US$75,000. Defendant is perplexed why, if Plaintiffs' lawyer feels it is likely there will be a settlement, Plaintiffs' attorney does not simply agree to withdraw the Complaint rather than prolong the cost and time that is going into this case. The Defendant herein states he does NOT believe it is "Likely" that mediation will produce a settlement. Defendant keeps asking himself why Plaintiffs' lawyer wanted "Likely" checked because the Plaintiff has demanded a Jury trial, which the Defendant is preparing for.

3. Defendant did sign the Case Management Report with hesitation. However, herein Defendant requests that the original Case Management Report be revised to change *V. Settlement and Alternative Dispute Resolution, A. Settlement, "The parties request a settlement conference before a United States Magistrate Judge*

Case 8:15-cv-00011-EAK-TBM   Document 39   Filed 04/10/15   Page 3 of 5 PageID 421

Defendant Pro Se's Amendment/Addition to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM - Case Management Report Post Mortem

to "Yes" so that the Court is "in the loop". Defendant has trust in the Court and has come to believe it is important to eliminate "He said, She said" issues.

4. Defendant also believes that should the case go to trial it will take at least 4 days. Plaintiff originally put in 2 days. Defendant suggested 4 days, but agreed to "compromise" on 3 days. However, as the Defendant is getting deeper into preparation for trial, Defendant believes it will take at least 4 days, as defendant prepares for the case and both expects an extended examination of the Plaintiff (Christopher Paris), and possibly Mr. Wohlsifer, in court as well as potentially subpoenaing approximately six witnesses all of whom do not live in the State of Florida. Defendant is also discovering and indexing quite a lot of evidence to present in court. At this time Defendant is in the process of preparing a defense which may take several months. The wide ranging, often contradictory, non-specific Complaint, which its self is full of falsehoods and mis-representations, is making this necessary. E.g.: See the second Line Item in *Document 21* in which the Plaintiff states: "13. Plaintiff has filed this action in the Middle District of Florida where the Defendant is domiciled...." It is abundantly obvious, as in Defendant's original Answer to the Complaint *(Document 11)*, Line Item 4, that the Defendant has had no business in, nor has set foot in, much less "domiciled" in the State of Florida since December 2000. Also see Line Item 5 in *Document 11*. In addition, the Defendant has never "domiciled" in the State of Florida at any time, ever.

5. This also goes to *II. Pre-Discovery Initial Disclosures of Core Information, Fwd.R.Civ.P.26(a)(1)(A) – (D) Disclosures* which are to be exchanged by 23 April 2015 according to the Case Management Report. Of note are a. and b. Defendant has some information at this time but it will take at least two to three months before Defendant can talk to all the necessary people and collect and index evidence/exhibits.

6. Defendant requests Motions to Add Parties or to Amend Pleadings in the submitted Case Management Report be extended to 30 June 2015.

<u>Defendant Pro Se's Amendment/Addition to "Notice of Designation under Local Rule 3.05" -
Case 8:15-cv-11-T-17TBM – Case Management Report Post Mortem</u>

7. Defendant requests Discovery Deadline in the submitted Case Management Report be changed to 10 August 2015.
8. If it is necessary, Defendant agrees to travel to Florida to meet with the Plaintiffs' lawyer to revise the Case Management Report if this will done before a Magistrate Judge to ensure the Court is fully aware of the conversation between the parties in whole.

I declare under penalty of perjury that the forgoing is true and correct.

Dated and respectfully submitted using the US Postal Service Certified Mail this 6th day of April 2015.

Marc Timothy Smith (Defendant pro se)

By: *[signature]*

8466 Lesourdsville-West Chester Road

West Chester, Ohio 45069-1929

Tel: 513 720-0600

Email: marcsmith102@cinci.rr.com

I certify that a copy of this document is being furnished by mail on the same date to the court and to William R. Wohlsifer, Attorney for Plaintiff at:

William R. Wohlsifer

1100 E. Park Ave Ste B

Tallahassee, Florida 32301

(Attorney for Plaintiff)

<u>**Defendant Pro Se's Amendment/Addition to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM – Case Management Report Post Mortem**</u>

*[signature]*

Marc Timothy Smith (Defendant pro se)