Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case number: 8:15-cv-11-T-17TBM

(In response to Case number: 8:15-cv-00011-EAK-TBM)

## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA – LOCAL RULE 3.05 – Response/Addition Update IV of 6 April 2015

OXEBRIDGE QUALITY RESOURCES

INTERNATIONAL, LLC, and

CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,

and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendant.

---

Presiding Judge: Elizabeth A. Kovachevich

Referring Judge: Thomas B. McCoun III

Court: Florida Middle District Court

Office: Tampa Office

County: Hillsborough

---

Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069 Tel: 513 720-0600

<u>Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM</u>

Case number: 8:15-cv-11-T-17TBM

## IV

## PLAINTIFF'S 6 APRIL 2015 AMENDMENT/ADDITION TO RESPONSE TO NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05

1. This amendment is in addition to:
    a. I - Response 1 to 8:15 cv-11-T-17TBM mailed to the court and the Plaintiffs' attorney on 13 February 2015 (Document 12),
    b. II - Response 2 to 8:15 cv-11-T-17TBM mailed to the court and the Plaintiffs' attorney on 20 February 2015 (Document 16), and
    c. III - Response 3 to 8:15 cv-11-T-17TBM mailed to the court and the Plaintiffs' attorney on 27 February 2015 (Document 25).
   NOTE: The above dates are the dates the documents were mailed to the Court in Florida via the United Stated Postal Service as First Class mail from Cincinnati, Ohio.
2. Defendant requests the patience of the Court with Defendants' Answers, Responses, etc. Defendant has no experience in law, has no funds to hire a competent lawyer, and is facing a steep learning curve in a short timeframe as Defendant faces a licensed, experienced lawyer who practices in the Court in the state in which this Complaint has been filed. In addition, there is the aspect of time lost as documents are in transit both to the Court in Florida from the Defendant, and well as from the Court to the Defendant in Ohio.
3. On 19 February 2015, Plaintiffs' lawyer filed an "Amended Motion for Preliminary Injunction and Request for Oral Argument" (*Document 14* in Case number: 8:15-cv-00011-EAK-TBM, VII - Injunctive Relief - 93 through 99) which was granted by Presiding Judge: Elizabeth A. Kovachevich. A telephone conference call with Referring Judge: Thomas B. McCoun III, Plaintiffs' attorney William R. Wohlsifer and the Defendant was scheduled and held on 3 March 2015 at around 4.00 PM EST. Defendant requested that all communications between Plaintiffs' attorney and the Defendant be through the court to eliminate "He said, She said" situation(s). Magistrate Judge Thomas B. McCoun III suggested to the Defendant that it would be best if the Defendant would accede to communicate with Plaintiffs' attorney

<u>Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM</u>

by phone directly and set a date of 27 April 2015 to appear before him in court should Defendant and Plaintiffs' attorney not come to an agreement. Defendant took the judges' advice and agreed to a telephone conversation with the Plaintiffs' lawyer, and on 13 March 2015 Plaintiffs' attorney William R. Wohlsifer called the Defendant at 2.00 PM EST.

4. On 13 March 2015 Plaintiffs' attorney William R. Wohlsifer called the Defendant at 2.00 PM EST. Both the Case Report and "Amended Motion for Preliminary Injunction and Request for Oral Argument" (*Document 14* in Case number: 8:15-cv-00011-EAK-TBM, VII - Injunctive Relief - 93 through 99) were discussed.

5. Defendant had no issue with the "Injunctive Relief" issue. Defendant deleted his "Twitter" posts, however – The Plaintiff submitted Exhibit A which consisted of 6 "Twitter" posts. Defendant has copies of these "Tweets and each one, though now deleted from his "Twitter" account were each "ReTweets" of "Tweets" by the Plaintiff with a comment by the Defendant. What this means is that the Plaintiff himself posted the **original** "Tweets". Defendant did no more than respond to Plaintiffs' "Tweets". At no time did the Defendant initiate any "Tweet" that was not *in response to* a provocative "Tweet" by the Plaintiff. In addition, Exhibit A contained a listing of files which the Defendant, admittedly in childish anger, posted on Defendants' internet website Elsmar.com. The Defendant did remove the documents – However, note that the documents are all public record documents. Plaintiff should have had no expectation of privacy since all documents were readily available on the internet and/or from court records such as through PACER.

6. Plaintiff also submitted Exhibit B – A 40 page "jumble" of various documents, the first 18 pages of which are a copy of the lawsuit Plaintiff filed, which is a public record. Various websites post public lawsuit documents, notably "The Smoking Gun". Pages 19 through 40 are various "snippets" from various discussion threads on Defendant's Elsmar Discussion forums. As one reads through them, they are of mixed dates, most from different discussion threads, and some of the supposed "problem" statements are circled by Plaintiffs' lawyer's employee(s). Plaintiffs' lawyer made no attempt to index them or otherwise categorize them so that without significant difficulty one can not follow them through in any logical fashion. It is a bunch of "cherry picked" pages from discussion threads between 2001 and 2015.

<u>Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM</u>

7. As Defendant reads through pages 19 through 40 and focuses on the circled parts, it is obvious that Defendant has stated opinions as allowed by the Communications Decency Act of 1996. There are thousands of internet forums where people post their opinions. Defendant believes the following sections of the original Complaint are mis-readings of law and include totally numerous false statements:

    III - Defamation Per Se – Line Items 65 through 72

    IV - Defamation – Line Items 73 through 80

    V - Libel – Line Items 81 through 85

    VI - Injurious Falsehood – Line Items 86 through 92

8. Defendant has since removed all posts in which Plaintiff and/or his company are mentioned. Defendant also edited posts in discussion threads where Plaintiff and/or his company were mentioned so that nowhere on Elsmar.com is the Plaintiff and/or his company Oxebridge mentioned. The forum software tracks all edits so this can be proven. NOTE: About 18 discussion threads had comments which were *positive*, recommending Oxebridge as a resource, and several of them had embedded links recommending people visit it. These are now edited out. E.g.:

## Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM



and



Evidence of each shall be presented in court. In short, despite the fact that Plaintiff was

unhappy that there were some posts in which he was criticized, at no time did the Plaintiff complain about the *positive* posts in forum discussion threads. Note that the Defendant did not edit or delete posts which were *complementary* to the plaintiff UNTIL after the 13 March 2015 telecon after which Defendant felt it best to completely "scrub" *any* mention of Plaintiff and/or his company Oxebridge in the Elsmar Cove discussion forums, good and bad.

9. Defendant did sign, and will abide by, the Joint Stipulation *(Document 33)*.
10. Defendant does plan to bring in Count VII of the Complaint during trial because it is important to the Defendant to ensure the Jury understands the entire complaint as a whole including Plaintiffs' role in inflating and escalating the "conflict" between the Plaintiff and the Defendant.

I declare under penalty of perjury that the forgoing is true and correct.

Dated and respectfully submitted using the US Postal Service Certified Mail this 6th day of April 2015.

Marc Timothy Smith (Defendant pro se)

By: *[signature]*
8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069-1929
Tel: 513 720-0600
Email: marcsmith102@cinci.rr.com

I certify that a copy of this document is being furnished by mail on the same date to the court and to William R. Wohlsifer, Attorney for Plaintiff at:

<u>Defendant Pro Se's Amendment to "Notice of Designation under Local Rule 3.05" - Case 8:15-cv-11-T-17TBM</u>

William R. Wohlsifer

1100 E. Park Ave Ste B

Tallahassee, Florida 32301

(Attorney for Plaintiff)

*[signature: Marc Smith]*

Marc Timothy Smith (Defendant pro se)