UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually,

    Plaintiffs,                                          CASE NO.: 8:15-CV-11-T-17TBM

vs.

MARC TIMOTHY SMITH, individually,
and d/b/a CAYMAN BUSINESS SYSTEMS,

    Defendants.
_____/

**PLAINTIFF'S NOTICE OF DEFENDANT'S BREACH OF JOINT STIPULATION ON INJUNCTION AND VIOLATION OF COURT ORDER AND MOTION TO COMPEL COMPLIANCE WITH JOINT STIPULATION ON INJUNCTION**

COMES NOW the plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS cumulatively ("plaintiffs") by and through their undersigned attorney, and file their Notice of Defendant's Breach of Joint Stipulation on Injunction and Violation of Court Order and Motion to Compel Compliance with Joint Stipulation on Injunction, against, MARC TIMOTHY SMITH, individually and d/b/a CAYMAN BUSINESS SYSTEMS cumulatively ("defendants"), and would show as follows:

**BACKGROUND**

1.    On March 19, 2015, the parties jointly filed a Joint Stipulation on Injunction. **[Dkt. 33]**

2.    On March 23, 2015, the Court approved the Joint Stipulation and ordered the parties to comply with its terms. **[Dkt. 35]**

3.    In paragraphs 5(a)-(b) of the Joint Stipulation, SMITH agreed to remove all postings regarding plaintiffs from his website, www.Elsmar.com, and any other website, social

network, or any other manner of technology or communication on which he has posted.

4. In paragraph 5(d) of the Joint Stipulation, SMITH agreed to moderate the users of www.Elsmar.com from making any mention of plaintiffs, whether directly or indirectly.

## NOTICE OF BREACH

5. On April 13, 2015, plaintiffs sent SMITH a demand letter stating that he was not in compliance with the Joint Stipulation approved by Court Order and gave SMITH until April 22, 2015, to comply.

6. On April 18, 2015, defendant SMITH, "edited due to lawsuit" and redacted several of many posts on the Elsmar website, posted by himself and other users directly or indirectly regarding and referencing plaintiffs, by replacing plaintiffs' name and company name with different variations of letters, e.g., redacting and replacing Oxebridge Quality Resources International, LLC with "XXXXXXX" and Christopher Paris with "Mr. YYYYYYYY" or "YYYYYYY." Five examples of Elsmar website posts that SMITH marked "edited due to lawsuit," and redacted, are attached hereto as: original post (Exhibit "A") and redacted post (Exhibit "A-1"); original post (Exhibit "B") and redacted post (Exhibit "B-1"); Google search result showing original language of post (Exhibit "C") and redacted post (Exhibit "C-1"); Google search result showing original language of post (Exhibit "D") and redacted post (Exhibit "D-1") and redacted post (Exhibit "E").

7. SMITH's redaction and "edit due to lawsuit" of plaintiff's name in posts by himself and other users does not constitute complete removal or deletion as stated in Paragraphs 5(b) and 5(d) of the Joint Stipulation. Said Exhibits "A" and "A-1."

## MOTION TO COMPEL

8. On May 26, 2915, defendant through counsel, stated that the posts regarding and

referencing plaintiffs have been resolved, "i.e., permanent deletion of posts on Elsmar's website, not hidden." Smith, through counsel, also provided deceptive responses to plaintiff's technologically statements used to define Smith's violations of the Joint Stipulation, such as claiming that he (Smith) does not use phpbb to structure content on www.Elsmar.com. ("phpbb" is shorthand for a bulletin board (bb) that uses php scripting language.) While this may semantically be true, Smith uses vBulletin, which is written in PHP. For reasons such as this, for editing rather than deleting text, for hiding rather than removing posts, plaintiff concluded that is fruitless to go back to Smith for a third or fourth time and expect his voluntary cooperation. Hence this motion.

9. SMITH, is in breach of the Joint Stipulation, paragraphs 5(d) due to his failure to monitor and remove posts by other users on the Elsmar Internet Forum from indirectly making any mention of plaintiffs. *See e.g.*, Exhibits "H."

10. To date, there remains content published by SMITH and others on the Elsmar website regarding and directly and indirectly referencing plaintiffs. Five examples of defamatory posts by SMITH and others are attached hereto as Exhibits "F"-"J" (Exhibits "F" is a post by an Elsmar user mentioning "Chris P." Exhibits "G" and "H" are posts by Elsmar users mentioning the Oxebridge "40-day Program," one user calling it "trash and dash." Exhibit "I" is a post by SMITH calling the Oxebridge "40-day Program" a "scam." Exhibits "J" is a post by an Elsmar user discussing the Oxebridge "40-day Program" and Mrs. Paris in a derogatory fashion. Exhibit "J-1" is the screenshots of the pertinent posts of Exhibit "J.").

11. SMITH, is in breach of the Joint Stipulation on Injunction, paragraphs 5(a)-(b) due to his failure to remove any and all content regarding the plaintiffs published by him on

www.qualitystop.com, the three Google Group thread, and the Elsmar website. *See e.g.*, Exhibits "K."

12. To date, there remains content published by SMITH on the Internet. Specifically, a post on www.qualitystop.com attempting to bring users to the Elsmar website (attached hereto as Exhibit "K"); and three Google Group, f/k/a Newsgroup thread posts directly mentioning and targeting plaintiffs (attached hereto as Exhibit "L," "M," and "N").

13. The above references and exhibits are examples of violations and defendant's attempts to circumvent the Joint Stipulation of Injunction. **[Dkt. 33]** There are other examples purposefully omitted from this filing.

14. As the mandated time for compliance with the Court's Order approving the Joint Stipulation on Injunction has elapsed; defendant, SMITH, must be compelled to comply with the Court's Order, forthwith.

## ATTORNEY'S FEES

15. To date, SMITH has not fully complied with the Court's Order approving the Joint Stipulation on Injunction.

16. Plaintiff would further request that this Court enter such sanctions as are equitable, inclusive of costs and attorney's fees, for the necessity of having to bring forth this motion.

17. Plaintiffs were forced to incur attorney's fees due to defendant's failure to comply with the Joint Stipulation on Injunction.

18. Plaintiffs are entitled to recover their attorney's fees incurred in bringing forth this notice of breach, notice of violation of court order, and motion to compel due to defendant's failure to comply with the Joint Stipulation on Injunction as a consequential damages.

*Susman v. Schuyler*, 328 So. 2d 30 (Fla. 3d DCA 1976); *Glusman v. Lieberman*, 285 So. 2d 29 (Fla. 4th DCA 1973); *Milohnich v. First National Bank*, 224 So. 2d 759 (Fla. 4th DCA 1969).

**WHEREFORE**, plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS, hereby request this Honorable Court enter an Order that:

A. Finds defendants, MARC TIMOTHY SMITH, individually and d/b/a CAYMAN BUSINESS SYSTEMS, in breach of the Joint Stipulation on Injunction;

B. Finds defendants in violation of the Court's Order dated March 23, 2015;

C. Compels defendants to promptly remove all content referencing the plaintiffs as agreed in the Joint Stipulation on Injunction; and

D. Awards plaintiffs attorney's fees as a consequential damage resulting from such breach.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all parties receiving electronic notification via the CM/ECF filing system as of this 3rd day of June 2015.

Respectfully submitted by:

**WILLIAM R. WOHLSIFER, PA**

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No: 86827
1100 E Park Ave Ste B
Tallahassee, Florida 32301
Tel: (850) 219-8888
Fax: (866) 829-8174
E-Mail: william@wohlsifer.com;
paralegal@wohsifer.com

## CERTIFICATE OF GOOD FAITH

The undersigned certifies that a good faith effort has been made to confer with counsel for defendants and that the attempt has been unsuccessful.

        **WILLIAM R. WOHLSIFER, PA**

        By:  /s/ William R. Wohlsifer
        William R. Wohlsifer, Esquire
        Fla. Bar No:  86827