<u>Defendant Pro Se's Reply to - Case 8:15-cv-00011-T-17TBM – Document 54 filed 07/29/2015</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case number: 8:15-cv-00011-T-17TBM

**Request for Court Appearance RE: PLAINTIFF'S MOTION TO SEAL (Document 54 filed 07/29/2015)**

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually,

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendant.

---

Presiding Judge: Elizabeth A. Kovachevich

Referring Judge: Thomas B. McCoun III

Court: Florida Middle District Court

Office: Tampa Office

County: Hillsborough

---

Case number: 8:15-cv-00011-T-17TBM

<u>Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road West Chester, Ohio 45069 Tel: 513 720-0600</u>
Page 1 of 7 - Printed August 10, 2015

<u>Defendant Pro Se's Reply to - Case 8:15-cv-00011-T-17TBM - Document 54 filed 07/29/2015</u>

COMES NOW the Defendant, Marc Timothy Smith, to file this Request for Court Appearance to determine whether Plaintiff's Motion to Seal is granted.

1. Defendant agrees that a Mediation Agreement was reached on 5 June 2015. Defendant does believe the Mediation Meeting and the resulting agreement was flawed in ways which can only be accurately described/discussed before a Judge. Defendant has no objection to the Mediation Agreement being disclosed to the Court, however, whether sealed or otherwise.
2. Defendant does not believe the Mediation Agreement reached has been Breached other than by the Plaintiff himself who has publically disclosed the Mediation Agreement. Defendant does not believe there is a sufficient reason for any motion to be filed under seal by either the Plaintiff or the Defendant other than the Confidential Mediation Settlement Agreement. In addition, Defendant believes that filing any motion/document in this case, other than the Mediation Settlement Agreement, is not in the public interest. Defendant has no objection to the Mediation Agreement being disclosed to the Court and/or the Public and believes only the Judge can make such a determination.
3. Defendant believes Plaintiff's attorney himself violated the Joint Stipulation on Injunction noted in Plaintiff's Motion to Seal, prior to the Mediation Agreement, in an attempt to purposely misinform/mislead the Court by Plaintiff's attorney filing a notice of Breach of the Joint Stipulation on Injunction **prior** to notifying the Defendant of any request for removal of any "…posts, links,…", etc. as required by the Joint Stipulation on Injunction (Document 33, paragraph 5, e.).
4. Defendant was under the impression that this case was closed on 07/06/2015 (Document 53) in response to Documents 51 (06/09/2015) and 52 (07/02/2015) submitted to the Court by the Plaintiff. Defendant believes the Plaintiff's recent motion is an attempt to prolong the case and to attempt to extract further money from the Defendant and to cause the Defendant maximum harm and serious, intentional, continuous emotional distress.

<u>Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road West Chester, Ohio 45069 Tel: 513 720-0600</u>
Page 2 of 7 - Printed August 10, 2015

Defendant Pro Se's Reply to - Case 8:15-cv-00011-T-17TBM – Document 54 filed 07/29/2015

5. Defendant also believes the Court should consider the following which was posted (published) on the Plaintiff's website, which he has full control over, from 26 January 2015 continuously until about 6 July 2015:

> www.oxebridge.com [...] a statement of [...] against [...] and more [...]
>
> **OXEBRIDGE**   Blog · Services · Resources · Champion Projects · Public Speaking ·
>
> Elsmar.com. Oxebridge will be limiting its comments on the matter until the suit is resolved.
>
> Since 1999, Cayman Business Systems owner Marc Smith has falsely accused Oxebridge and myself of fraud and deceptive advertising, among other false accusations. Throughout that time, we tolerated this, out of respect for Elsmar's guests. However, in 2014, Smith began to escalate the libel campaign after Oxebridge refused his demand to pay him $450,000. Oxebridge views this as nothing less than felony extortion. Worsening matters, a supporter of Elsmar — who himself is a convicted felon — had threatened to call an Oxebridge client with the intent of defaming us through that medium, as well. These two actions combined proved too much for us to bear.
>
> Marc Smith has published tens of thousands of words on his site, Elsmar.com, defaming Oxebridge. Meanwhile, no one from Oxebridge has ever posted a single word on the Elsmar site, in that entire period. *Not one word.* In addition, we have never run a single article on Elsmar here on the Oxebridge site, despite Elsmar being central to certain investigations over CB collusion with consultants. We have consistently worked to keep Marc Smith and Elsmar at arm's length, in the hopes that he would end his libel campaign. It clearly did not work.
>
> We understand the difference between defamation — which is illegal — and free speech and opinions, which are protected under the US Constitution. However, the posts made by Smith and his moderators breach the definition of free speech by being (a) false, (b) posted with malicious intent, and (c) intended to cause harm.
>
> The combination of extortion and threats by a convicted felon against Oxebridge clients was too much. A cease and desist letter was sent to Smith, who responded — on his website - *by raising his demand to $5 million.*
>
> In the meantime, the actions have not been called into question by any of Elsmar's moderators, many of whom have actively participated in the defamation. Perhaps not coincidentally, these moderators are also auditors or sales representatives of major ISO 9001 certification bodies who resent the reporting done by Oxebridge. These individuals include Randall Daily of BSI, Jennifer Kirley of UL, Sidney Vianna of DNV, and Andy Nichols of NQA-USA. Meanwhile, all four of those CBs receive advertising space on the Elsmar site, raising questions as to whether BSI, UL, DNV and NQA have breached the ISO 17021 prohibition against promoting one consultant, while actively denigrating and defaming activities against a consultant that did not offer them such perks.
>
> It is not our intent to shut down Elsmar, which has served the quality profession well in the past decade, despite the misbehavior of its owner. However, potential federal felonies cannot go unpunished, and Oxebridge intends to ensure that this stops. We have exhausted all means of working with Smith on this issue, and have finally had to resort to using the courts.
>
> If Smith were instead to simply remove the offending materials and cease all such activity, the problem could be resolved quickly, and Elsmar users would be utterly unaffected. Based on his past 15 years' of behavior, we feel that is unlikely, however.
>
> In the coming days and weeks, Smith will no doubt return to his safe haven, and post with increased frequency an unprecedented amount of new defaming material. We know this, and are ready to withstand it. Predicting this, we have already begun to push for an immediate temporary injunction. The new material will be added to the existing court complaint.
>
> We intend to push for a firm resolution to this problem, including the pursuit of criminal charges against Smith and his collaborators. We have likewise not ruled out actions against DNV, BSI, UL and NQA-USA for allowing their representatives to contribute to defamation and extortion.
>
> — Christopher Paris

This is not to mention that much of what Mr. Paris posted was knowingly false.

<u>Defendant Pro Se's Reply to - Case 8:15-cv-00011-T-17TBM – Document 54 filed 07/29/2015</u>

Defendant believes this lawsuit is, and has been, a total waste of the Court's time and resources. Defendant did, way back in late January when Mr. Paris posted the above, comply by removing posts and threads as requested by the Plaintiff. Plaintiff has been wasting the Court's time and deceiving the pubic by having kept the above published on his website for over five months.

6. Plaintiff has continued, in public, in violation of the Joint Stipulation on Injunction (Document 33, paragraph 6), to comment on the lawsuit, such as the following published in public by Mr. Paris in early to mid-July on "LinkedIn":


**Mateusz Porębski**
Hello everyone. I'm moderator of polish quality forum www.qfighters.pl. Elsmar forum was my inspiration. There is no problem for me to make English version of my forum. What do you think?
Like (0) • Reply privately • Report spam                                   2 days ago


**Christopher Paris**
Likewise, the google results are a self-perpetuating set of false claims and misinformation being spread by former advertisers, certification body reps and others who are trying to create controversy where there isn't any. They also keep claiming things as "fact" when they are not, nor could they actually know anything anyway.

Google just repeats whatever people put in it. Since the people with the truth are bound NOT to discuss it, the stuff on Google does not represent the truth.

So you can trust Google as much as usual, which is not at all.

I'm working on a way to have the case revealed entirely -- with the court's permission -- so we can stop the false rumor mongering, and identify the parties responsible for this new round of defamation. Won't be a pleasant day for them when that happens.

Like (0) • Reply privately • Report spam                                   2 days ago


**Jerry Vieyra**
I am speechless, I only wish I would have had more time to spend at the forum learning from all of the valuable members. So sad new generations of quality professionals will never get a chance to benefit from it.

In public, Mr. Paris tells everyone he is trying to get all court documents made public, and now comes a motion to file documents under seal. And also posted by Mr. Paris in early to mid-July (also published in pubic on "LinkedIn"):

<u>Defendant Pro Se's Reply to - Case 8:15-cv-00011-T-17TBM – Document 54 filed 07/29/2015</u>



A knowingly false statement and in violation of the Joint Stipulation on Injunction (Document 33, paragraph 6), and again claiming he is working with his lawyer to "free him up" to get court documents released. Of course, the only document that is not in the public domain via PACER is the Mediation Agreement which Mr. Paris has already publically revealed.

7. Defendant also believes the Court should be aware that Document 55 filed by Defendant's former attorney contains a "Consent of Client" dated "July 2015" (no day was inserted). A "Consent of Client" was originally signed and agreed to on **5 JUNE** 2015 and was supposed to be filed after the Mediation Agreement Meeting. Defendant's former attorney knew full well the reason was that the **Defendant could no longer afford him** after the Mediation Agreement Meeting whether it was "successful" or whether it failed to produce a resolution. Defendant's former attorney knew/knows that the defendant's sole income is Social Security which affords him less than US$1000 per month after paying for Medicare Part B and the AARP Medical supplement, that the defendant has no savings and has had to borrow approximately US$40,000 to proceed to this point. Defendant expected his former attorney to file the "Consent of Client" withdrawal agreement with the Court after the Mediation Agreement Meeting. The following week after the Mediation Agreement, when asked why the Defendant's former attorney didn't file the "Consent of Client" withdrawal agreement, the Defendant was told that the case would be closed because of the agreement and there was no need for the court to be notified. Then, about a week ago, Defendant's former

attorney asked for another "Consent of Client" be signed. Since the "Consent of Client" had been signed on 5 June 2015, and defendant was under the impression that Defendant's former attorney had already withdrawn, Defendant was, and still is, unsure why a second "Consent of Client" form had to be signed almost **two months** after the original "Consent of Client" was signed.

8. Defendant requests the Court to communicate with the Defendant via US Postal Service because the Defendant does not have access to, nor does the Defendant receive electronic notifications, via the CM/ECF filing system.

I declare under penalty of perjury that the forgoing is true and correct.

Dated and respectfully submitted using United Parcel Service, "Next Day Early AM Delivery" this 10th day of August 2015.

Marc Timothy Smith (Defendant pro se)

By: *[signature] Marc Smith*

8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069-1929
Tel: 513 720-0600
Email: marcsmith102@cinci.rr.com

I certify that a copy of this document is being furnished on the same date to the court and to William R. Wohlsifer, Attorney for Plaintiff at:

William R. Wohlsifer
1100 E. Park Ave Ste B
Tallahassee, Florida 32301

<u>Defendant Pro Se's Reply to - Case 8:15-cv-00011-T-17TBM – Document 54 filed 07/29/2015</u>

(Attorney for Plaintiff)

*[signature: Marc Smith]*

Marc Timothy Smith (Defendant pro se)