UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually,

    Plaintiffs,                               CASE NO.: 8:15-CV-11-T-17TBM

vs.

MARC TIMOTHY SMITH, individually,
and d/b/a CAYMAN BUSINESS SYSTEMS,

    Defendants.
_____/

## PLAINTIFFS' VERIFIED SECOND NOTICE OF DEFENDANTS' BREACH OF MEDIATION SETTLEMENT AGREEMENT AND JOINT STIPULATION ON INJUNCTION, MOTION TO COMPEL COMPLIANCE WITH INJUNCTION, MOTION FOR MONEY DAMAGES, AND MOTION FOR ATTORNEY'S FEES

COMES NOW the plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS (cumulatively "plaintiffs" or "PARIS') by and through their undersigned attorney, and file this Plaintiffs' Verified Second Notice of Defendants' Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction, Motion to Compel Compliance with Injunction, Motion for Money Damages, and Motion for Attorney's Fees, against, MARC TIMOTHY SMITH, individually, and d/b/a CAYMAN BUSINESS SYSTEMS (cumulatively "defendants" or "SMITH"), and would show as follows:

### FILING UNDER SEAL

1.    On September 16, 2015, the Court entered an Order [Dkt. 58] GRANTING Plaintiff's Motion to Seal.

2.    This Motion is filed under seal pursuant to the September 16, 2015 Court Order.

### BACKGROUND

3. On March 19, 2015, the parties jointly filed a Joint Stipulation on Injunction ("Joint Stipulation"). [Dkt. 33]

4. On March 23, 2015, the Court approved the Joint Stipulation and ordered the parties to comply with its terms. [Dkt. 35]

5. In paragraphs 5(b) of the Joint Stipulation, SMITH agreed to:

> remove any online commentary regarding OXEBRIDGE or PARIS authored by SMITH on any website, social network, or any other manner of technology or communication now known or later to become known.

6. In paragraph 5(c) of the Joint Stipulation, Smith agreed to:

> . . . not publish any new content about OXEBRIDGE or PARIS on the Elsmar.com Internet Forum, any other website, social network, or any other manner of technology or communication now known or later to become known, whether under his real name, anonymously or pseudonymously, or through the collaboration of any third party.

7. On June 3, 2015, plaintiffs filled its Notice of Defendant's Breach of Joint Stipulation on Injunction and Violation of Court Order and Motion to Compel Compliance with Joint Stipulation on Injunction. [Dkt. 48]

8. On June 5, 2015, the parties entered into a confidential Mediation Settlement Agreement, including a provision stating that the "Joint Stipulation on Injunction shall survive" the dismissal of this action.

9. On June 9, 2015, the Court approved the Mediation Settlement Agreement. [Dkt. 50]

10. On July 1, 2015, SMITH violated paragraph 1(d) of the Mediation Settlement Agreement by failing to "shut down and cease operating www.elsmar.com." Instead, SMITH posted a message at www.elsmar.com web address stating:[1]

---

[1] The entire Settlement Agreement is filled prior to this filing pursuant to this Court's Order [Dkt. 58]. Additionally, this limited information from the otherwise confidential Mediation Settlement Agreement is provided under the following provision found as in the last sentence in paragraph 3 thereof. "However, this agreement may be disclosed to the above captioned court for enforcement purposes."

> RIP – Elsmar.com Born 5 Jan 1996 Died 30 June 2015[.] Sorry, folks. After over 19 years continuously online starting out as QS9000.com Elsmar.com is now permanently closed. . . .

*See* screenshot of www.elsmar.com (visited on July 1, 2015 by Christopher Paris) attached hereto as Exhibit "A" and fully incorporated herein, as if pleaded in this count.

11. On or about July 7, 2015, SMITH changed the content on www.elsmar.com's home page to read:

> Sorry, folks. After over 19 years continuously online, starting out as QS9000.com on 5 January 1996, Elsmar.com is now permanently closed due to Federal Civil Case 15-cv-00011 filed in the Middle District of Florida in January 2015. . . .

*See* screenshot of www.elsmar.com (visited on July 7, 2015) attached hereto Exhibit "B" and fully incorporated herein, as if pleaded in this count.

12. This reference not only breaches the confidentiality provision of the Mediation Settlement Agreement, but also misleads readers to believe that the plaintiff in this action was the cause of www.elsmar.com's closure, and not the malicious actions of SMITH that resulted in SMITH's voluntary take down of www.elsmar.com.

13. Almost immediately following confidential mediated settlement, a voluminous amount of defamatory postings continued to appear on the internet blaming plaintiffs as the cause of www.elsmar.com's take down. These forums included those frequented by members of the Quality Assurance Industry, which strives to prevent defects in manufactured goods and to which plaintiffs and their client's are significantly affiliated. (*See* screenshots of from various forums (captured July 7-15, 2015) attached hereto as composite Exhibit "C" and fully incorporated herein, as if pleaded in this count.)

14. On July 7, 2015, SMITH gave an interview to www.standardsforum.com, a forum relating to the Quality Assurance Industry of which plaintiffs and defendants are members, which led the forum to publish:

> What happened to Elsmar Cove? As noted on the website's homepage (and only page now), it's [sic] has been closed as part of a settlement that stemmed from a civil lawsuit filed in Florida.

*See* screenshot of www.standardsforum.com/elsmar-cove-is-closed/ (captured July 7, 2015) attached hereto as Exhibit "D" and fully incorporated herein, as if pleaded in this count.

15. This message clearly states that www.elsmar.com was removed because of this lawsuit. This is a clear breach of the confidentiality provision of the Mediation Settlement Agreement, and again misleads readers, of whom are clients and potential clients of the plaintiffs, to believe that plaintiffs maliciously sought the take down of www.elsmar.com, rather than SMITH's willingness to take the site down as a concession SMITH made to entice PARIS to enter into the Mediation Settlement Agreement. In reasonable reliance on the promises made by SMITH, PARIS agree to settlement, to PARIS's detriment.

16. On July 7, 2015, SMITH, on his www.LinkedIn.com page, stated that the lawsuit's ". . . **outcome was 'criminal.'"**(emphasis added) (See thread of www.LinkedIn.com posts (captured on July 7, 2015) attached hereto as Exhibit "E" and fully incorporated herein, as if pleaded in this count.). Again, targeted to cast plaintiffs in a false and negative light, SMITH instigating more defamatory postings from other users.

17. To plaintiffs' detriment, SMITH violated the intent, spirt and express terms of the Mediation Settlement Agreement. PARIS waived his claim for significant financial damages in exchange for SMITH's agreement to discontinue www.elsmar.com and all participation in the Quality Assurance Industry, as the impetus for PARIS to enter into the Mediation Settlement Agreement.

18. At all times material, SMITH knew that PARIS had waived his claim for significant financial damages, believing that SMITH would discontinue www.elsmar.com and his participation in the Quality Assurance Industry community. **PARIS reasonably relied**

**upon SMITH's promises with the intent that PARIS would be able to recoup his damages by establishing a new Quality Assurance Forum to stand in www.elsmar.com's stead and fill the vacuum created by SMITH's shut down of www.elsmar.com. This sole motivation for PARIS's to settle was thwarted by SMITH as a result of the subsequent defaming of PARIS.**

19. But for, SMITH's failure to comply with the Mediation Settlement Agreement and Joint Stipulation, plaintiffs would not have suffered additional and extreme reputation and financial damage, both personally and to his business, which has caused PARIS to lose significant revenue and may result in PARIS being all together forced out of the Quality Assurance Industry.

20. To date, material posted by SMITH in breach of both the Mediation Settlement Agreement and Joint Stipulation remain published on numerous websites including, http://www.reddit.com/r/elsmarcove, where a version of SMITH's original website was reposted by SMITH. (*See* screen shot of www.reddit.com/r/elsmarcove (captured July 27, 2015) attached hereto as Exhibit "F" and fully incorporated herein, as if pleaded in this count.)

## NOTICE OF BREACH

21. On July 8, 2015, plaintiffs' counsel notified defendants' counsel that SMITH continues to breach the Mediation Settlement Agreement and Joint Stipulation and specifically delineated each instance thereof. (*See* email to attorney Brier attached hereto as Exhibit "G" and fully incorporated herein, as if pleaded in this count.)

22. On July 10, 2015, plaintiff's counsel notified SMITH directly of his continued violation of the Mediation Settlement Agreement and Joint Stipulation. (*See* email to SMITH attached hereto as Exhibit "H" and fully incorporated herein, as if pleaded in this count.)

## MOTION TO COMPEL

23. To date, SMITH has failed to remove <u>all</u> of the material that he has posted that is in violation of both the Mediation Settlement Agreement and Joint Stipulation, and by his post settlement publications.

24. SMITH, is in breach of the Joint Stipulation on Injunction [Dkt. 33], paragraphs 5(a)-(b) due to his failure to permanently remove www.elsmar.com and all content regarding the plaintiffs published by him on www.quality1stop.com and Google Group threads. (See selected list of Google Group threads in violation of the Joint Stipulation listed in Exhibit "I" is attached hereto and fully incorporated herein, as if pleaded in this count.)

25. The above references and exhibits are examples of violations and defendants' attempts to circumvent the Joint Stipulation and Mediation Settlement Agreement. There are other examples purposefully omitted from this filing.

26. The mandated time for compliance with this Court's Order approving the Joint Stipulation on Injunction and Mediation Settlement Agreement elapsed on July 5, 2015.

27. SMITH is in non-curable breach of the Mediation Settlement Agreement and Joint Stipulation on Injunction.

28. Plaintiffs respectfully request this Court to compel the defendant, SMITH, to comply with this Court's Orders, forthwith and award plaintiffs damages.

## MOTION FOR DAMAGES

29. SMITH's failure to comply with the Mediation Settlement Agreement by violating the confidentiality provision and failure to comply with the Joint Stipulation by failing to remove his references to plaintiffs on all other websites, forums, and threads has caused severe injury to plaintiffs, including actual and consequential damages, as pleaded for in the original complaint fined in this action [Dkt #1].

30. **In retaliation, at 8:00 pm E.S.T on July 13, 2015, the plaintiffs' website was hacked and www.oxebridge.com was replaced by a page bearing the words "ELSMAR STRIKES BACK!!" with the words "FREE MARC SMITH" in the background. (Said page at www.oxebridge.com (captured on July 13, 2015) attached hereto as Exhibit "K" and fully incorporated herein, as if pleaded in this count.)**

31. Oxebridge.com was down for more than an hour and it initially cost plaintiffs $200 to remove the hacked content. To date, plaintiffs are still trying to return their website to normal operation. (See invoice for website repair attached hereto as Exhibit "L" and fully incorporated herein, as if pleaded in this count.)

32. Plaintiffs' website received 443 unique users on July 13, 2015. (See Exhibit "M" attached hereto and fully incorporated herein, as if pleaded in this count.) It is unknown how many of those users visited the plaintiff's site during the time it was hacked.

33. Furthermore, the negative, false and defamatory postings that have resulted as a direct and proximate cause of SMTIH's failure to comply with and breach of the Mediation Settlement Agreement and Joint Stipulation have had an incalculable impact on plaintiffs' business revenue in the form of lost potential clientele.

34. **SMITH's breaches of the Joint Stipulation and Mediation Settlement Agreement, defaming plaintiffs on the Internet as *persona non-grata*, have become so expansive that it is likely impossible for plaintiffs to ever regain their good name in the Quality Assurance Industry, having been cumulatively ostracized by SMITH, both pre-suit and post settlement.**

35. Plaintiffs ask this Court to award at least one-years' worth of income in compensatory damages to the plaintiffs jointly to assist PARIS in retraining himself and seeking a livelihood in another industry.

36. Plaintiffs seek threefold the actual damages per plaintiff, or the minimum of $200 per plaintiff, caused by SMITH's acts of extortion, pursuant to section 772.104, Florida Statutes.

37. Due to defendants' breach under 15 U.S.C § 1117 Unfair Competition (Count I, Plaintiffs' Complaint) [Dkt. 1]; under section 772.104, Florida Statutes (Count II, Extortion Plaintiffs' Complaint) [Dkt. 1]; and as a consequential damage. *See generally Susman v. Schuyler*, 328 So. 2d 30 (Fla. 3d DCA 1976); *Glusman v. Lieberman*, 285 So. 2d 29 (Fla. 4th DCA 1973); *Milohnich v. First National Bank*, 224 So. 2d 759 (Fla. 4th DCA 1969).

38. Also see Affidavit of Christopher Paris in Support of Plaintiff's Verified Second Notice of Defendants' Breach (attached hereto as Exhibit "M") based on research and discovery, and providing technical explanation based on the plaintiff's personal knowledge, as "BREACHES OF THE JOINT MEDIATION SETTLEMENT AGREEMENT" (paragraphs 1-29), attached to said affidavit, all of which is relevant to the demonstration of damages and prayers for relief contained in the Motion.

## MOTION FOR ATTORNEY'S FEES

39. To date, SMITH has not fully complied with the Court's Orders approving the Joint Stipulation or the Mediation Settlement Agreement, and have intentionally, surreptitiously committed multiple breaches thereof.

40. Plaintiffs were forced to incur attorney's fees due to defendant's failure to comply with and breach of the Joint Stipulation and Mediation Settlement Agreement.

41. Plaintiffs request this Court to enter such sanctions as are equitable, inclusive of costs and attorney's fees, for the necessity of having to bring forth this motion.

42. Plaintiffs seek to recover their reasonable attorney's fees and court costs, pursuant to section 772.104, Florida Statutes; and pursuant to paragraph six of the Mediation

Settlement Agreement.

43. Further, plaintiffs are entitled to recover fees under 15 U.S.C § 1117. Defendants have acted in 'bad faith' as SMITH engaged in economic coercion and provoked this suit, <u>John R. Thompson Co. v. Holloway</u>, 336 F. 2d 108 (5th Cir. 1966), as adopted by this circuit in <u>Safeway Stored, Inc. v. Safeway Discount Drugs, Inc.</u>, 675 F. 2d 1160 (11th Cir. 1982).

**WHEREFORE**, plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC, and CHRISTOPHER PARIS, hereby request this Honorable Court enter an Order that:

A. Finds defendants, MARC TIMOTHY SMITH, individually, and d/b/a CAYMAN BUSINESS SYSTEMS, in breach of the Joint Stipulation on Injunction [Dkt# 33];

B. Finds defendants, MARC TIMOTHY SMITH, individually, and d/b/a CAYMAN BUSINESS SYSTEMS, in breach of the Mediation Settlement Agreement [Dkt# 49];

C. Finds defendants in violation of this Court's Order dated March 23, 2015 [Dkt# 35];

D. Finds defendants in violation of this Court's Order dated June 9, 2015 [Dkt# 50];

E. Compels defendants to promptly remove all pre-suit, pendent lite and post-settlement defamatory content, including those URLs listed in Exhibit "I," referencing the plaintiffs as agreed in the Joint Stipulation on Injunction;

F. Compels defendants to promptly remove all content, including those URLs listed in Exhibit "I," as agreed in the Mediation Settlement Agreement;

G. Awards plaintiffs $200 in actual damages for the cost of repairing their hacked website;

H. Sanctions defendant $5,000 for his failure to comply with the above referenced two Court orders;

I. Awards Christopher Paris and Oxebridge Quality Resources threefold the actual damages or the minimum of $200 each caused by SMITH's acts of extortion pursuant to section

772.104, Florida Statutes;

J. Awards Christopher Paris his and Oxebridge Quality Resources their reasonable attorney's fees incurred in bringing forth this motion, pursuant to 772.104, Florida Statutes;

K. Awards Christopher Paris and Oxebridge Quality Resources their attorney's fees as a consequential damage resulting from such breach as entitled as the prevailing parties under 15 U.S.C. § 1117; and

L. Awards such other and further relief as this Honorable Court deems equitable and just under the circumstances.

### Verification under section 92.525, Florida Statutes

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.

Dated: 9/24/2015

_____
Signature of Plaintiff
Christopher Paris, individually

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.

Dated: 9/24/2015

_____
Signature of Plaintiff
Christopher Paris, on behalf of
Oxebridge Quality Resources

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all parties receiving electronic notification via the CM/ECF filing system as of this 22th day of September 2015.

## CERTIFICATE OF GOOD FAITH

The undersigned certifies that a good faith effort has been made to confer with the pro-se defendants and that the attempt has been unsuccessful.

Respectfully submitted by:
**WILLIAM R. WOHLSIFER, PA**

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No: 86827
1100 E Park Ave Ste B
Tallahassee, Florida 32301
Tel: (850) 219-8888
Fax: (866) 829-8174
E-Mail: william@wohlsifer.com;
        paralegal@wohsifer.com