UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC; and CHRISTOPHER
PARIS, individually,

          Plaintiffs,          CASE NO. 8:15-cv-11-T-17TBM

vs.

MARC TIMOTHY SMITH, individually and
d/b/a Cayman Business Systems,

          Defendant.

_____/

## MEDIATION SETTLEMENT AGREEMENT

The undersigned parties enter into this mediation stipulation pursuant to the agreements reached at the mediation conference held in this matter on Friday, June 5, 2015, before Charles W. Ross, Certified Mediator; the parties having conducted a confidential and privileged mediation session pursuant to the terms and conditions of the written engagement letter furnished by the mediator to each party's counsel, the terms and conditions of which have been accepted by said counsel and their parties, the mediation having been successfully concluded to the satisfaction of all of the parties and their respective counsel; the parties having agreed to the terms of a full and final settlement of all claims herein; and the parties further having agreed to abide by the following terms and conditions of this mediation settlement, the parties agree as follows:

1. **EXCHANGE OF CONSIDERATION:** As consideration for this mediation settlement agreement, the parties hereby agree that the following matters shall be performed in settlement of this claim:

1) DEFENDANT SHALL REMIT $8,500 (EIGHT THOUSAND FIVE HUNDRED DOLLARS) TO PLAINTIFFS BY DELIVERY OF A CHECK PAYABLE TO WILLIAM R. WOHLSIFER P.A WITHIN 30 DAYS OF THIS AGREEMENT AS THE FULL SETTLEMENT PAYMENT.

2) WITHIN 30 DAYS FROM THE DATE OF THIS AGREEMENT, DEFENDANT SHALL:

A) DELETE OR OTHERWISE REMOVE (i) THE FACEBOOK PAGE FOR ELSMAR.COM; AND (ii) THE TWITTER ACCOUNT FOR ELSMAR.C[OM]

B) DELETE OR REMOVE THE (i) LINKEDIN BUSINESS PROFILE FOR ELSMAR.COM; AND (ii) THE GOOGLE PLUS ACCOUNT FOR ELSMAR.CO[M] [TO GOOGLE.COM]

C) SIGN A LETTER, TO BE PREPARED BY PLAINTIFFS' COUNSEL, CONSENTING TO REMOVAL OF ELSMAR.COM POSTINGS REFERENCING PLAINTIFFS FROM GOOGLE.COM, IF REQUESTED IN WRITING BY PLAINTIFFS; and

D) SHUT DOWN AND CEASE OPERATING WWW.ELSMAR.COM AND WILL NOT OPERATE ANY SIMILAR WEBSITE RELATING TO THE "ISO" INDUSTRY IN THE FUTURE (HOWEVER DEFENDANT SHALL RETAIN ALL OWNERSHIP AND RIGHTS RELATING TO WWW.ELSMAR.COM)

3) THE PARTIES SHALL FILE WITHIN FIVE (5) DAYS OF THIS AGREEMENT A NOTICE OF SETTLEMENT PROVIDING

Page 2

THAT THE PARTIES HAVE AGREED TO RESOLVE THIS MATTER, THE JOINT STIPULATION ON INJUNCTION SHALL SURVIVE, AND THE PARTIES SHALL ~~COMPLIANCE WITH THE TERMS OF THIS~~ FILE A JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS WHICH WERE OR COULD HAVE BEEN ASSERTED, WITH EACH SIDE TO BEAR THEIR OWN ATTORNEY FEES AND COSTS, WITHIN 35 DAYS OF THIS AGREEMENT.

4) THE PARTIES COVENANT AND AGREE THAT THEY HAVE NOT FILED ANY ACTION AGAINST ONE ANOTHER OTHER THAN THIS ACTION AND WILL NOT FILE, OR PERMIT TO BE FILED IN THEIR NAMES OR ON THEIR BEHALF ANY FUTURE ACTION, LAWSUIT, CLAIM OR ADMINISTRATIVE COMPLAINT OR PROCEEDING AGAINST THE OTHER, BASED UPON ANY ACT WHICH OCCURED ON OR BEFORE THE DATE OF THIS AGREEMENT, OR ANY CLAIMS RELEASED BY OPERATION OF THE RELEASE IN THIS AGREEMENT.

5) THE PARTIES AGREE THAT IN THE EVENT THERE IS ANY FURTHER CLAIMED VIOLATION OF THE JOINT STIPULATION ON INJUNCTION, THEY SHALL PROVIDE WRITTEN DETAILED NOTICE OF THE EXACT ALLEGED VIOLATION TO THE PARTIES AND THEIR COUNSEL AND FIVE (~~3~~ 5) DAYS TO CURE SAME.

Page 3

6) THE PARTIES AGREE THAT IN THE EVENT OF ANY BREACH OF THIS AGREEMENT, AFTER WRITTEN DETAILED NOTICE TO THE ALLEGED BREACHING PARTY/PARTIES AND THEIR COUNSEL AND A FIVE (5) DAY OPPORTUNITY TO CURE SAME, THEIR SOLE REMEDY FOR SAID BREACH SHALL BE ENFORCEMENT OF THIS AGREEMENT.

7) THE MUTUAL GENERAL RELEASES TO BE EXCHANGED BY THE PARTIES PURSUANT TO SECTION 2 ON PAGE 5 OF THIS AGREEMENT SHALL INCLUDE A FULL RELEASE OF THE PARTIES, THEIR SUCCESSORS, HEIRS, ASSIGNS, ETC. AND SHALL BE CONSTRUED AS BROADLY AS POSSIBLE TO FULLY AND FINALLY RELEASE ANY AND ALL CLAIMS PLAINTIFFS HAVE OR MAY HAVE AGAINST DEFENDANT, AND DEFENDANT AGAINST PLAINTIFFS, FROM THE BEGINNING OF THE WORLD TO THE DATE OF THE MUTUAL GENERAL RELEASES.

8) THE PARTIES HERETO EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THEIR RIGHT TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, RELATED TO OR IN CONNECTION WITH THIS AGREEMENT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE PARTIES ENTERING INTO THIS AGREEMENT.

Page 4

_____
_____
_____
_____
_____
_____
_____
_____
_____.

2. Except for the terms and conditions of this Mediation Settlement Agreement, which Agreement shall survive releases exchanged between the parties, the parties to this Mediation Agreement have agreed, and do hereby agree, to release, acquit, and discharge one another from all claims, causes of action, or damages which were asserted, or might have been asserted, in all of the pleadings and claims filed in the above-captioned proceeding. The parties agree to execute and exchange mutual general releases, to be prepared by the undersigned counsel, within ~~ten (10)~~ THIRTY (30) days of the execution of this Mediation Agreement; and this action shall be dismissed with prejudice, with each party to bear its respective attorney's fees and court costs herein incurred.

3. The terms of this settlement agreement shall be kept strictly confidential, and such confidentiality shall be enforceable by a Court of competent jurisdiction. The parties may, however, discuss the terms of this mediation settlement with their spouses, attorneys, business partners, board of directors, and accountants,

Page 5

and with other persons as have a true and legitimate need to know of the information set forth herein. However, the terms of this settlement shall not be discussed with third parties who have no involvement in this dispute or otherwise have no legitimate need to know of the information set forth herein. However, this agreement may be disclosed to the above-captioned Court for enforcement purposes or as may be required by Court Order, subpoena, or judicial process.

4. The signatories to this agreement represent the parties to this mediation as noted below. Each party's representative has full authority to execute this agreement on behalf of the parties and entities reflected below. Each party enters into this agreement knowingly and voluntarily, having consulted with legal counsel and being satisfied with the terms and conditions of this settlement.

5. Each of the parties to this agreement has previously agreed to the mediation of these matters by Charles W. Ross, certified mediator, pursuant to the terms and conditions of the written engagement letter furnished by the mediator to the parties' counsel, which terms are accepted by the parties hereto. The parties have agreed to compensate the mediator for his services, pursuant to the hourly rate schedule set forth under the engagement letter, and they acknowledge that payment to the mediator is due and owing upon execution of this agreement. The parties and their respective legal counsel, jointly and severally, shall be responsible for obtaining payment due to the mediator upon conclusion of the mediation conference.

6. In the event of an ambiguity regarding the meaning of this agreement, then the parties agree to submit such issues to the mediator for a further mediation conference. No such mediation conference shall be required to enforce the

clear terms and conditions of this agreement. This settlement agreement is a binding agreement under the laws of the State of Florida and has been carefully reviewed by each of the parties hereto and by each party's legal counsel prior to its execution. This agreement may be enforced by the above-captioned court or by any other court of competent jurisdiction, if necessary. Should legal action be required to enforce this settlement agreement, the prevailing party shall be entitled to be paid its reasonable attorney's fee and court costs incurred in enforcing the terms of this settlement agreement.

7. This mediation agreement sets forth the entire and complete settlement agreement between the parties relative to this matter and may not be modified or amended except by written agreement executed by all of the parties set forth below. This written settlement agreement may not be modified by oral discussions occurring prior to or after its execution.

8. The undersigned legal counsel, as representatives of the parties hereto, and the undersigned parties, agree to cooperate with one another and to assist one another in the execution of all releases, stipulations for dismissal, and other such documents as may be reasonably necessary to successfully conclude this matter pursuant to the terms of this mediation agreement.

9. This Mediation Agreement is made as a settlement and compromise of disputed claims. No party to this Mediation Settlement Agreement admits any liability or wrongdoing as a result of the execution of this Agreement.

10. This Settlement Agreement has been prepared by the parties and their legal counsel as a direct result of their negotiations at the mediation conference.

The parties to the mediation accept this agreement as their work product and acknowledge that this agreement has not been prepared by the mediator, but has been drafted through the combined efforts of the parties and their counsel, who accept full responsibility for preparing this agreement and negotiating the terms and conditions set forth herein.

11. Each party represents to the mediator and to the other parties hereto that this settlement agreement is voluntarily made, with full advice from legal counsel. Each party further represents to the mediator and to the parties hereto that such party has not suffered from any mental or physical infirmity or duress which has affected the making of this settlement agreement.

**IN WITNESS WHEREOF**, this mediation settlement agreement has been made, knowingly and voluntarily, by the parties designated below; and this agreement has been approved by said parties' legal counsel on the date set forth below.

Oxebridge Quality Resources
International LLC

By: _____
Print Name CHRISTOPHER PARIS
Its  MANAGER
Dated:  6/5/2015

_____
Christopher Paris
Dated: 6/5/2015

William R. Wohlsifer, P.A.

_____
William R. Wohlsifer, Esquire
1100 East Park Avenue, Suite B
Tallahassee, FL 32301
Attorney for Plaintiff S
Dated: 6/5/2015

**********

Page 8

_Marc Timothy Smith_
Marc Timothy Smith
Dated 5 June 2015

Individually and
D/B/A Cayman Business Systems

Cayman Business Systems

By:_____
Print Name_____
Its _____
Dated:_____

Cozen O'Connor

_Simeon D. Brier_
Simeon D. Brier, Esquire
One North Clematis Street, Suite 510
West Palm Beach, FL 33401
Attorney for Defendants
Dated: JUNE 5, 2015

\*\*\*\*\*\*\*\*

Approved:

MEDIATOR

CHARLES W. ROSS, P.A.

_[signature]_

CHARLES W. ROSS, ESQUIRE
1535 Dr. M.L. King Street North
St. Petersburg, FL 33704
(727) 502-5000
Florida Bar No. 272523
cwross@tampabay.rr.com
Dated: 6/5/2015

Page 9