Defendant Pro Se's Answer to Docket Document 48 - Case 8:15-cv-00011-EAK-TBM

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case number: 8:15-cv-00011-EAK-TBM

Defendant Pro Se's Answer to Docket Document 48 of 16 September 2015

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendant.

---

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun III
Court: Florida Middle District Court
Office: Tampa Office
County: Hillsborough

---

Case number: 8:15-cv-00011-EAK-TBM

Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069 Tel: 513 720-0600
Page 1 of 5 - Printed September 28, 2015

Defendant Pro Se's Answer to Docket Document 48 - Case 8:15-cv-00011-EAK-TBM

COMES NOW the Defendant, Marc Timothy Smith, to file this *Request for a Court Appearance* to address Plaintiff's accusation that Defendant has violated the Mediation Agreement of 5 June 2015 and/or the Joint Stipulation on Injunction.

1. Docket Document 54, c, 3 states "Plaintiff's Verified Second Notice of Defendant's Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction...". Defendant is unaware of ANY "Notice of Breach of Mediation Settlement Agreement and/or Joint Stipulation on Injunction".
2. Defendant has abided by all requirements of both the Mediation Settlement Agreement and Joint Stipulation on Injunction.
3. Defendant believes, since the Plaintiff claims two notices of Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction that are "Verified", that at this point a meeting/hearing on this should be done before the appropriate Judge for the Plaintiff to state the "breach" being referred to as well as evidence that:
    a. There was a "breach".
    b. The evidence of verification that that the Defendant was notified of said "breach".
4. Defendant requests that the Plaintiff provide the Defendant with a copy of Plaintiff's "Notice of Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction" referred to in Docket Document 54, c, 3. Without this document, Defendant has absolutely no idea what "breach" allegedly occurred.
5. IF the Plaintiff is referring to Docket Document 48, which addressed "non-compliance" with the Joint Stipulation on Injunction (along with 19[!] "exhibits"), each of those were complied with in a timely manner (less than 5 days, most within 24 hours). Many of the "exhibits" were addressed (deleted" way back in February and March 2015) well before the Plaintiff's complaint in Docket Document 48 of 3 June 2015 (e.g. "exhibit 19") and the Defendant believes that the Plaintiff's attorney is attempting to confuse and mislead the Court. In addition,

many of the "exhibits" cited in Docket Document 48 (e.g. "Exhibit 11"), show that the Plaintiff was complaining about content that in no way even referenced the Plaintiff nor his business.

6. Defendant also believes the Court should be aware that the Plaintiff's attorney submitted to the Court a complaint that the Defendant violated the Joint Stipulation on Injunction prior to the Mediation Agreement meeting without giving the Defendant 5 days notification to remedy the complaint as required in the Joint Stipulation on Injunction (Docket Document 33, 5, e) thus attempting to paint the Defendant as non-responsive before the court. This can be verified by the person who was the Defendant's attorney during the short time Defendant could afford him, Simeon Briar of Cozen O'Conner. Defendant believes Plaintiff's attorney is using this and other deceptive practices in order to deceive the Court.

7. Docket Document 54, "CERTIFICATE OF GOOD FAITH" states that "…a good faith effort has been made to confer with council for defendants to resolve this matter and that the attempt was unsuccessful." Docket Document 57 may explain why an attempt *may* have been made to Defendant's attorney which was "unsuccessful", however Defendant simply does not believe the Defendant's attorney at the time would not have forwarded any such "Notice of Breach" to the Defendant in the very least as "Due Diligence" as an attorney.

8. As requested in Docket Document 57, Line Item 7, Defendant again requests a hearing/meeting before the appropriate Judge, with the Plaintiff and Plaintiff's attorney present, to address the residual issues from this case. Defendant believes that only an appearance before a Judge can resolve any remaining issues and settle this case once and for all. Defendant believes that this can only be resolved, and this case truly closed and ended, through an appearance before a Judge, especially considering that the Defendant is acting Pro Se and is pitted against an experienced lawyer. Defendant already made the mistake of agreeing to try to settle the Joint Stipulation on Injunction on the telephone conference advice of Judge Thomas B. McCoun III to attempt to reconcile and come up with an

agreement rather than appearing before him with the Plaintiff to address the issue with a resultant significantly biased and defective Pro Se vs. experienced lawyer Joint Stipulation agreement.

9. Defendant believes this continuing this case is a waste of the Court's time as all issues have been resolved and the Defendant has gone to extremes in compliance with both the Mediation Settlement Agreement and the Joint Stipulation agreement.

10. Defendant asks the Court – Is this *really* worth pursuing? Defendant requests that the Court re-read Docket Document 1 (Attachment "A", marked up in several places) and Docket Document 11 (Defendant's official response) which is in PACER. This is obviously a "nuisance" lawsuit mostly over events from about 15 years ago. Had the Defendant had the money to hire a lawyer to "answer" the original complaint, Defendant believes this case would have been thrown out of court. It is filled with falsehoods and outright lies. Is this American Justice?

I declare under penalty of perjury that the forgoing is true and correct.
Dated and respectfully submitted using the US Postal Service this 28th day of September 2015.

Marc Timothy Smith (Defendant pro se)

By: *Marc Smith*
8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069-1929
Tel: 513 720-0600

I certify that a copy of this document is being furnished by USPS mail on the same date to the court and to William R. Wohlsifer, Attorney for Plaintiff at:

<u>Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069 Tel: 513 720-0600</u>
Page 4 of 5 - Printed September 28, 2015

William R. Wohlsifer

1100 E. Park Ave Ste B

Tallahassee, Florida 32301

(Attorney for Plaintiff)

*[signature]*
Marc Timothy Smith (Defendant pro se)