**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC and
CHRISTOPHER PARIS, individually,

    Plaintiffs,

v.                                                  Case No: 8:15-cv-11-T-17TBM

MARC TIMOTHY SMITH, individually,

    Defendant.

_____

**ORDER REFERRING MOTION FOR BREACH OF**
**SETTLEMENT TO UNITED STATES MAGISTRATE JUDGE AND**
**DIRECTING PLAINTIFF TO EFFECTUATE SERVICE ON DEFENDANT**

This cause came before the Court pursuant to the *Plaintiffs' Verified Second Notice of Defendants' Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction, Motion to Compel Compliance with Injunction, Motion for Money Damages, and Motion for Attorney's Fees* (Doc. No. 59) (the "**Second Breach Motion**") filed by the Plaintiffs, Oxebridge Quality Resources International, LLC and Christopher Paris (the "**Plaintiffs**") and the responses filed by the Defendant, Marc Timothy Smith (the "**Defendant**") (Doc. Nos. 61 & 62) (the "**Responses**"). Upon due consideration, the Plaintiffs are ordered to serve a copy of the Second Breach Motion on the Defendant within seven (7) days from the entry of this order, and to file an amended certificate of service reflecting the same. The Defendant shall have fourteen (14) days from service of the Second Breach Motion to file a response. In the meantime, the Motion and Responses are referred to United States Magistrate Judge Thomas B. McCoun, III for consideration and, if necessary, disposition through a report and recommendation.

I.   **Background**

The Plaintiffs filed a complaint against the Defendant on January 5, 2015, asserting various causes of action based on a long-standing dispute between the parties involving the website www.elsmar.com. (Doc. No. 1). On February 19, 2015, the Plaintiffs filed a motion for preliminary injunction, requesting, among other things, that the Defendant be ordered to remove all publications from www.elsmar.com that make reference to the Plaintiffs. (Doc. No. 14). On March 19, 2015, the parties filed a *Joint Stipulation on Injunction* (Doc. No. 33) (the "**Joint Stipulation**"), through which the parties agreed to, among other things, refrain from publishing content regarding each other on their respective webpages. On March 23, 2015, the Court entered an *Order* (Doc. No. 35) approving the Joint Stipulation, and retaining jurisdiction to enforce the Joint Stipulation (the "**Stipulation Order**").

On June 3, 2015, the Plaintiffs filed a motion for breach of the Joint Stipulation (Doc. No. 48) (the "**First Breach Motion**"). Thereafter, on June 5, 2015, the parties conducted a mediation that resulted in a complete settlement (Doc. No. 49). On July 2, 2015, the parties filed a *Joint Stipulation of Dismissal with Prejudice* (Doc. No. 52) (the "**Stipulation of Dismissal**"), dismissing the action and all claims and counterclaims with prejudice. The Stipulation of Dismissal provides that the Joint Stipulation and Stipulation Order shall survive dismissal of this case. On July 6, 2015, the Court entered an order dismissing the case with prejudice pursuant to the Stipulation of Dismissal (the "**Dismissal Order**").

On September 30, 2015, the Plaintiffs filed the Second Breach Motion, asserting that subsequent to the entry of the Dismissal Order, the Defendant violated the Joint Stipulation, Stipulation Order, and the parties mediated settlement agreement that

2

resulted in the Stipulation of Dismissal. (Doc. No. 59). As a consequence of those alleged breaches, the Plaintiffs seek entry of an order compelling the Defendant to comply with the terms of the Joint Stipulation, Stipulation Order, and mediated settlement agreement, as well as monetary damages and attorney's fees. The Defendant filed the Responses on October 5 and 9, 2015, respectively, through which he denies the allegations in the Second Breach Motion.

## II.     Legal Analysis

As an initial matter, it is unclear whether the Second Breach Motion has actually been served on the Defendant. In particular, the certificate of service accompanying the Second Breach Motion states that the Second Breach Motion was "served on all parties receiving electronic notification via the CM/ECF filing system" on September 22, 2015. (Doc. No. 59). Since the Defendant's counsel withdrew and was terminated on June 9, 2015, service on the Defendant using CM/ECF was likely ineffective. Rather, in order to properly serve the Second Breach Motion on the Defendant, the Plaintiffs should have taken steps to ensure compliance with Federal Rule of Civil Procedure 5. Federal Rule 5(b)(2) provides various options for serving motions and other papers, including (i) personal service, and (ii) mailing the paper to the person's last known address.

Since it does not appear that the Defendant has been properly served with the Second Breach Motion, the Plaintiffs are ordered to serve a copy of the Second Breach Motion on the Defendant through either personal service or U.S. mail within seven (7) days from the entry of this order. Plaintiffs are further ordered to file an amended certificate of service reflecting the foregoing within the time allotted. Defendant shall have fourteen (14) days from service of the Second Breach Motion to file a response. Thereafter, this matter is referred to United States Magistrate Judge Thomas B. McCoun,

III, for further consideration and, if appropriate, disposition through a report and recommendation. Magistrate McCoun will notify the parties of any additional briefing deadlines and/or hearing dates, as may be deemed appropriate.

### III. Conclusion

Accordingly, it is

**ORDERED** that the Plaintiffs shall effectuate service of the Second Breach Motion on the Defendant through either personal service or U.S. mail within seven (7) days of the entry of this order. Upon effectuating service, the Plaintiffs shall file an amended certificate of service reflecting the same. The Defendant shall have fourteen (14) days from service of the Second Breach Notice to file a response.

It is further **ORDERED** that this matter is referred to United States Magistrate Judge Thomas B. McCoun, III for consideration and, if appropriate, disposition through a report and recommendation.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 24th day of November, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties