IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case number: 8:15-cv-00011-T-17TBM

**Stipulation Agreement Docket Document 33 and the Mediation Settlement Agreement**

**Request for Sealed Documents to be Immediately Unsealed**

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendant.

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun III
Court: Florida Middle District Court

Case number: 8:15-cv-00011-T-17TBM

<u>Case 8:15-cv-00011-T-17TBM – Request for Sealed documents to be Immediately Unsealed</u>

COMES NOW the Defendant, Marc Timothy Smith, to comment on and rebut Plaintiff's filed "Notice of Defendant's Breach of Mediation Settlement Agreement and Joint Stipulation…" of 9-30-2015 and **request for all sealed documents to be unsealed immediately.**

1. Defendant agrees that a Mediation Agreement was reached on 5 June 2015. Defendant does believe the Mediation Meeting and the resulting agreement was flawed in ways which can only be accurately described/discussed before a Judge. Defendant has no objection to the Mediation Agreement being disclosed to the Court, however, whether sealed or otherwise.
2. Defendant does not believe the Mediation Agreement reached has been Breached other than by the Plaintiff himself who has publically disclosed the Mediation Agreement. Defendant does not believe there is a sufficient reason for any motion to be filed under seal by either the Plaintiff or the Defendant other than the Confidential Mediation Settlement Agreement, if that. In addition, Defendant has no objection to the Mediation Agreement being disclosed to the Court and/or the Public and believes only the Judge can make such a determination.
3. Defendant believes Plaintiff's attorney himself violated the Joint Stipulation on Injunction noted in Plaintiff's Motion to Seal, prior to the Mediation Agreement, in an attempt to purposely misinform/mislead the Court by Plaintiff's attorney filing a notice of Breach of the Joint Stipulation on Injunction **prior** to notifying the Defendant of any request for removal of any "…posts, links,…", etc. as required by the Joint Stipulation on Injunction (Document 33, paragraph 5, e.).
4. Defendant was under the impression that this case was closed on 07/06/2015 (Document 53) in response to Documents 51 (06/09/2015) and 52 (07/02/2015) submitted to the Court by the Plaintiff. Defendant believes the Plaintiff's recent motion is an attempt to prolong the case and to attempt to extract further money from the Defendant and to cause the Defendant maximum harm and serious, intentional, continuous emotional distress.

Case 8:15-cv-00011-T-17TBM – Request for Sealed documents to be Immediately Unsealed

5. Defendant also believes the Court should consider the following which was posted (published) on the Plaintiff's website, which he has full control over, from 26 January 2015 continuously until about 6 July 2015:

> www.oxebridge.com [emma's official statement on oxebridge extortion suit against elsmar.com and marc smith]
>
> **OXEBRIDGE**   Blog · Services · Resources · Champion Projects · Public Speaking ·
>
> *Elsmar.com. Oxebridge will be limiting its comments on the matter until the suit is resolved.*
>
> Since 1999, Cayman Business Systems owner Marc Smith has falsely accused Oxebridge and myself of fraud and deceptive advertising, among other false accusations. Throughout that time, we tolerated this, out of respect for Elsmar's guests. However, in 2014, Smith began to escalate the libel campaign after Oxebridge refused his demand to pay him $450,000. Oxebridge views this as nothing less than felony extortion. Worsening matters, a supporter of Elsmar — who himself is a convicted felon — had threatened to call an Oxebridge client with the intent of defaming us through that medium, as well. These two actions combined proved too much for us to bear.
>
> Marc Smith has published tens of thousands of words on his site, Elsmar.com, defaming Oxebridge. Meanwhile, no one from Oxebridge has ever posted a single word on the Elsmar site, in that entire period. *Not one word.* In addition, we have never run a single article on Elsmar here on the Oxebridge site, despite Elsmar being central to certain investigations over CB collusion with consultants. We have consistently worked to keep Marc Smith and Elsmar at arm's length, in the hopes that he would end his libel campaign. It clearly did not work.
>
> We understand the difference between defamation — which is illegal — and free speech and opinions, which are protected under the US Constitution. However, the posts made by Smith and his moderators breach the definition of free speech by being (a) false, (b) posted with malicious intent, and (c) intended to cause harm.
>
> The combination of extortion and threats by a convicted felon against Oxebridge clients was too much. A cease and desist letter was sent to Smith, who responded — on his website - **by raising his demand to $5 million.**
>
> In the meantime, the actions have not been called into question by any of Elsmar's moderators, many of whom have actively participated in the defamation. Perhaps not coincidentally, these moderators are also auditors or sales representatives of major ISO 9001 certification bodies who resent the reporting done by Oxebridge. These individuals include Randall Daily of BSI, Jennifer Kirley of UL, Sidney Vianna of DNV, and Andy Nichols of NQA-USA. Meanwhile, all four of those CBs receive advertising space on the Elsmar site, raising questions as to whether BSI, UL, DNV and NQA have breached the ISO 17021 prohibition against promoting one consultant, while actively denigrating and defaming activities against a consultant that did not offer them such perks.
>
> It is not our intent to shut down Elsmar, which has served the quality profession well in the past decade, despite the misbehavior of its owner. However, potential federal felonies cannot go unpunished, and Oxebridge intends to ensure that this stops. We have exhausted all means of working with Smith on this issue, and have finally had to resort to using the courts.
>
> If Smith were instead to simply remove the offending materials and cease all such activity, the problem could be resolved quickly, and Elsmar users would be utterly unaffected. Based on his past 15 years' of behavior, we feel that is unlikely, however.
>
> In the coming days and weeks, Smith will no doubt return to his safe haven, and post with increased frequency an unprecedented amount of new defaming material. We know this, and are ready to withstand it. Predicting this, we have already begun to push for an immediate temporary injunction. The new material will be added to the existing court complaint.
>
> We intend to push for a firm resolution to this problem, including the pursuit of criminal charges against Smith and his collaborators. We have likewise not ruled out actions against DNV, BSI, UL and NQA-USA for allowing their representatives to contribute to defamation and extortion.
>
> — Christopher Paris

This is not to mention that much of what Mr. Paris posted was knowingly false.

<u>Case 8:15-cv-00011-T-17TBM – Request for Sealed documents to be Immediately Unsealed</u>

Defendant believes this lawsuit is, and has been, a total waste of the Court's time and resources. Defendant did, way back in late January when Mr. Paris posted the above, comply by removing posts and threads as requested by the Plaintiff. Plaintiff has been wasting the Court's time and deceiving the pubic by having kept the above published on his website for over five months.

6. Plaintiff has continued, in public, in violation of the Joint Stipulation on Injunction (Document 33, paragraph 6), to comment on the lawsuit, such as the following published in public by Mr. Paris in early to mid-July on "LinkedIn":





**Mateusz Porębski**
Hello everyone. I'm moderator of polish quality forum www.qfighters.pl. Elsmar forum was my inspiration. There is no problem for me to make English version of my forum. What do you think?
Like (0) • Reply privately • Report spam       2 days ago

**Christopher Paris**
Likewise, the google results are a self-perpetuating set of false claims and misinformation being spread by former advertisers, certification body reps and others who are trying to create controversy where there isn't any. They also keep claiming things as "fact" when they are not, nor could they actually know anything anyway.

Google just repeats whatever people put in it. Since the people with the truth are bound NOT to discuss it, the stuff on Google does not represent the truth.

So you can trust Google as much as usual, which is not at all.

I'm working on a way to have the case revealed entirely -- with the court's permission -- so we can stop the false rumor mongering, and identify the parties responsible for this new round of defamation. Won't be a pleasant day for them when that happens.
Like (0) • Reply privately • Report spam       2 days ago

**Jerry Vieyra**
I am speechless, I only wish I would have had more time to spend at the forum learning from all of the valuable members. So sad new generations of quality professionals will never get a chance to benefit from it.

In public, Mr. Paris tells everyone he is trying to get all court documents made public, and then came a motion to file documents under seal. And also posted by Mr. Paris in early to mid-July (also published in pubic on "LinkedIn"):



A knowingly false statement and in violation of the Joint Stipulation on Injunction (Document 33, paragraph 6), for what that is worth, and again claiming he is working with his lawyer to "free him up" to get court documents released.

7. During the tele-conference hearing on 1/12/2016 at 10:30 a.m. before Magistrate Judge Thomas B. McCoun III, Plaintiffs' attorney agreed that there was no reason for the documents to be sealed and did not object to Magistrate Judge Thomas B. McCoun III unsealing them. Magistrate Judge Thomas B. McCoun III, in Docket Document 69, states he will unseal the documents at the time of the hearing. Defendant sees no reason why the documents can not be unsealed prior to that time.

I declare under penalty of perjury that the forgoing is true and correct.
Dated and respectfully submitted using USPS this 8th day of February 2016.

Marc Timothy Smith (Defendant pro se)

By: Marc Smith
8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069-1929
Tel: 513 720-0600

Case 8:15-cv-00011-T-17TBM – Request for Sealed documents to be Immediately Unsealed

Email: marcsmith102@cinci.rr.com

I certify that a copy of this document is being furnished on the same date to the court and to William R. Wohlsifer, Attorney for Plaintiff at:

William R. Wohlsifer
1100 E. Park Ave Ste B
Tallahassee, Florida 32301
(Attorney for Plaintiff)

Marc Smith
Marc Timothy Smith (Defendant pro se)