<u>Pro Se Defendants' **Revised** Motion to Invalidate the Joint Stipulation on Injunction Case 8:15-cv-00011-T-17TBM</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

Case number: 8:15-cv-00011-T-17TBM

**<u>Revised</u> Motion to Invalidate the Joint Stipulation on Injunction**

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually.
Defendant – Pro Se.

---

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun III
Court: Florida Middle District Court
Office: Tampa Office
County: Hillsborough

---

Case number: 8:15-cv-00011-T-17TBM

COMES NOW the Defendant, Marc Timothy Smith, Motion Invalidate the Joint Stipulation on Injunction (Docket Document 33). <u>This current document of 2 March 2916</u>

<u>Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road West Chester, Ohio 45069 Tel: 513 720-0600</u>
Page 1 of 7 - Printed March 2, 2016

Pro Se Defendants' Revised Motion to Invalidate the Joint Stipulation on Injunction Case 8:15-cv-00011-T-17TBM

is a revision which corrects several typographical errors in the original document submitted to the court and adds additional content. Additions are underlined for clarity. Removed content uses "strike-out" (e.g. ~~Removed content~~). Note that this pleading only addresses the Joint Stipulation on Injunction which is not a sealed document. This pleading supersedes/replaces/ammends "Motion to Invalidate the Joint Stipulation on Injunction" (Court Docket Document 70).

**Reasons to Invalidate the Joint Stipulation on Injunction submitted to the Court**

1. In a telephone conference with Judge Thomas B. McCoun III, Plaintiffs' attorney William R. Wohlsifer and the Defendant Marc Smith on 3 March 2015, Judge McCoun ~~suggested that~~ encouraged the Plaintiffs' attorney and the Defendant (who at the time had no attorney) to communicate directly by telephone to avoid a hearing ~~on~~ before the Court scheduled for 27 April 2015.

**No Agreement Actually Arrived At**

2. The Defendant and the Plaintiffs' attorney did have two telephone conversations: One on 10 March 2015 and one on 13 March 2015 during which both the Local Rule 3.05 Case Management Report and a Joint Stipulation on Injunction were discussed. While both were discussed and numerous emails were exchanged, no final agreement was made on either as evidenced in "Case Management Report Post Mortem" (Court Docket Document 39).

**Undue Influence**

3. The Defendant had little choice but to unwisely negotiate directly with the Plaintiffs' lawyer (see line item 1 herein) not having the financial ability to hire a lawyer at the time. As a Pro Se Defendant, the Defendant was overly susceptible to the pressure and other tactics used by the Plaintiffs' lawyer.

**Emotional Distress**

4. The Defendant was under significant emotional distress from answering to what the Defendant believes to be a frivolous lawsuit filed solely to cause the Defendant financial loss occurred in defending a Federal Civil Lawsuit knowing that the lawsuit would not be acceptable in a Florida Court by using the US$75,000 damages claim.

### Misrepresentation

5. Plaintiffs' attorney agreed in the telephone conference telephone conference that the Joint Stipulation on Injunction should reflect the exact same stipulations on the Plaintiff as the Defendant. However, Plaintiffs' attorney did not include Section 5 c. in line item 6 and submitted the document to the court without concurrence with the Defendant that the document was in final form. By submitting the document to the court without including terms and conditions agreed to in the telephone conference, the Plaintiffs' attorney did not bargain "in good faith".

6. As with the Case Management Report, the Joint Stipulation on Injunction was submitted without a legal signature by the Defendant. The Plaintiff submitted a .pdf document which was exchanged by email which the Plaintiffs' attorney had no Enterprise Content Management (ECM) to control the exchanged document history and requirements for document signatures. The Electronic Signatures in the Global and International Commerce act (ESGICA) does not apply here because these documents are the Joint Stipulation agreement is not related to national or international commerce. Note that the submitted Joint Stipulation on Injunction contains "pen and ink" signatures by the Plaintiff and Plaintiffs' attorney as is required in this type of document. The Defendants' signature is a photo of a signature embedded in a .pdf document which is not a legal signature for the this type of document.

### Unconscionability and Impossibility

7. The Joint Stipulation on Injunction, written by the Plaintiffs' attorney, pitted an experienced lawyer against a Pro Se Defendant, a lay person with respect to contracts and law. The Defendant had difficulty understanding the terms of the agreement leading to a

Pro Se Defendants' <u>Revised</u> Motion to Invalidate the Joint Stipulation on Injunction Case 8:15-cv-00011-T-17TBM

unilateral mistake. Over time, the Defendant has become more "self educated" with <u>regard to legal proceedings, contract law, and Florida State Statues which is the reason for the delay in responding to the Court with regard to the defective, deceptive Joint Stipulation on Injunction which was illegally submitted by the Plaintiffs' attorney (William R. Wohlsifer).</u>

8. The Joint Stipulation on Injunction<u>, a public document,</u> written by the Plaintiffs' attorney, contains ~~some~~ language which it is impossible to enforce: e.g.: "…anonymously…" and "…pseudonymously…" [sic] in Section 5 c. which would even allow the Plaintiff Chris Paris to post something anonymously somewhere and then bring a Contempt of Court complaint to the court about it. As such, the document is flawed in a way making it impossible to comply with thus making ~~it~~ <u>the Joint Stipulation on Injunction</u> an "Impossible Contract". <u>There is no way the Joint Stipulation Agreement can actually be accomplished.</u>

9. Nor did the Plaintiffs' attorney include the same ~~language~~ <u>restrictions on the Plaintiff</u> in Section 6 as <u>was</u> agreed to during the telephone conference (also see 3. above).

**Denial of Free Speech**

10. <u>Line item 5, sub-section "b" totally precludes the Defendant from expressing his Free Speech as accorded by the First Amendment of the US Constitution as long as the statement is not false.</u>

11. <u>The overly broad scope of Line item 5, sub-section "b" is totally unrealistic (e.g.: "…later to become known…")</u>

12. <u>Defendant believes it is obvious that this lawsuit was filed by the Plaintiff as a means to silence **any** critics, not just the Defendant, which has already happened, on Linkedin and other internet venues. E.g.: from a **Private** one-on-one conversation on Linkedin about</u>

information the Plaintiff Chris Paris had posted in public:

> **Feb 18**
>
> Care to respond to MY comments?
> https://www.linkedin.com/groups/7451627/7451627-6100590892521918464
>
> Feb 19
>
> I would, but my saying anything about Paris or Oxebridge will just stir the pot. He'll see it, call his lawyer and they may complain to the court.
>
> I glanced at the "survey" and it is useless chart porn with no data, methods or such given or referenced. Anyone who pays any credence to it deserves what they get. The post here on Linkedin will get him some web site hits, however, I'm sure. Personally I'm so tired of the ISO 9001 bull that - Well, it's like hearing about Donald Trump... It's annoying and tiresome. I'm not against ISO standards in general - Mainly 9001 and 14001 which are so general as to be useless.
>
> You comments are right on. I'm guessing he's playing with Excel or something. I could write a good piece on how useless that "survey" is. A statistician, he is not.
>
> I can understand that Marc, but <u>you are like the 4th person to sight dip shit as the reason for not commenting.</u> What I don't understand is how such a useless guttersnipe can silence so many people with words...but enough about Marshal Applewhite ;) Have a great day & please be well friend ;)

NOTE: "Marshal Applewhite" is one of Chris Paris' many pseudonyms.

13. Defendant ~~requests that~~ believes the Joint Stipulation on Injunction ~~be voided or otherwise declared~~ is invalid and that a revised Joint Stipulation on Injunction must be written, legally signed and submitted to the court, or that a hearing before the Court be scheduled to address Plaintiffs' Motion for Preliminary Injunction (Court Docket Document 9 of 3 February 2015).

<u>Pro Se Defendants' **Revised** Motion to Invalidate the Joint Stipulation on Injunction Case 8:15-cv-00011-T-17TBM</u>

14. <u>Defendant asks the Court to review Defendants' submission of 13 April 2015 to the Court - "In the Interest of Justice" Docket Submission (Court Docket Document 43). The Defendant believes the Plaintiffs' attorney has continually been obstructive, disingenuous, deceptive and is taking advantage of a Pro Se defendants' lack of knowledge of law, especially those specific to the State of Florida, as well as Contract Law.</u>

**WHEREFORE**, the Defendant requests that the hearing before this Honorable Court currently set for 16 March 2016 be postponed until such time as a **legal** Joint Stipulation on Injunction Agreement is submitted to the Court, **or** that the Court schedule a hearing to address Plaintiffs' Motion for Preliminary Injunction of 3 February 2015 (Court Docket Document 9). The Defendant believes the Plaintiffs' lawyers' submission of an invalid contract to the Court (Court Docket Document 33) was unlawful as discussed herein.

The Defendant also requests that the court review Defendants' response at the time - RESPONSE to Plaintiffs' MOTION for preliminary injunction (Docket Document 12).

If the Court decides to schedule a Court Hearing on this matter, because of the planning for such a trip, financial hardship, Defendants' age and physical condition, the actual travel time of two days each way, and other factors of driving to Florida from Ohio, and returning from Florida to Ohio, the Plaintiff asks this Honorable Court to schedule a hearing before the court no sooner than June 2016.

I declare under penalty of perjury that the forgoing is true and correct. Dated and respectfully submitted to the Court using the USPS this 2nd day of March 2016.

Marc Timothy Smith (Defendant pro se)

<u>Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road West Chester, Ohio 45069 Tel: 513 720-0600</u>
Page 6 of 7 - Printed March 2, 2016

<u>Pro Se Defendants' **Revised** Motion to Invalidate the Joint Stipulation on Injunction Case 8:15-cv-00011-T-17TBM</u>

By: *[signature]*
8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069-1929
Tel: 513 720-0600
Email: marcsmith102@cinci.rr.com

I certify that a copy of this document is being furnished on the same date to the court and to William R. Wohlsifer, Attorney for Plaintiff at:

William R. Wohlsifer
1100 E. Park Ave Ste B
Tallahassee, Florida 32301
(Attorney for Plaintiff)

*[signature]*
Marc Timothy Smith (Defendant pro se)