<u>Case 8:15-cv-00011-T-17TBM – Reply to the</u> Breach of Mediation Settlement Agreement and Joint Stipulation <u>of Hearing on 16 March 2016</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case number: 8:15-cv-00011-T-17TBM

## Addition to Defendant's First Response to Plaintiff's "Clerk's Minutes" of Hearing on 16 March 2016

## Court Docket Document 79 – "Minute Entry"

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC (Florida and Peru), and
CHRISTOPHER PARIS, individually.

Vs.

MARC TIMOTHY SMITH, individually

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun III
Court: Florida Middle District Court

Case number: 8:15-cv-00011-T-17TBM

COMES NOW the Defendant, Marc Timothy Smith, hereinafter referred to as SMITH, and Christopher Paris/Oxebridge - Plaintiff (herein after referred to as "CHRISTOPHER PARIS/OXEBRIDGE") to reply to the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing of 16 March 2016.

<u>Case 8:15-cv-00011-T-17TBM</u> – Reply to the Breach of Mediation Settlement Agreement and Joint Stipulation of Hearing on 16 March 2016

### General Comments

1. SMITH sincerely appreciates the latitude given him as a Pro Se defendant by Judge Thomas B. McCoun III. SMITH could not have asked for a more fair and impartial Judge.
2. SMITH was "blind sided" by the evidence book presented by CHRISTOPHER PARIS/OXEBRIDGE's attorney. It was SMITH's understanding that any new evidence to be submitted was to be exchanged by 10 March 2016. SMITH did not request any information/evidence from CHRISTOPHER PARIS/OXEBRIDGE believing all evidence had been presented in prior court filings. Nor did CHRISTOPHER PARIS/OXEBRIDGE request information from SMITH.
3. CHRISTOPHER PARIS/OXEBRIDGE's attorney's Exhibit List, second page is a lie. See Exhibit "A", attached (See line item 2 above). It is now 20 March 2016 and it has still not been received by mail nor is anything other than the "Index" available on PACER.

### Replies to Exhibits presented by CHRISTOPHER PARIS/OXEBRIDGE'S ATTORNEY

4. EXHIBIT 1 – This is a copy of the "Mediation Settlement Agreement". SMITH will with hold comment on how flawed the Mediation Settlement Agreement meeting was, but will say the only reason SMITH signed was due to extreme stress and the inclusion of Section 2, sub-section D): "…however defendant shall retain all ownership and rights to www.elsmar.com…".
5. EXHIBIT 2 – SMITH has already voiced his complaint about the invalid Joint Stipulation on Injunction submitted to the Court by CHRISTOPHER PARIS/OXEBRIDGE's attorney in Court Docket Document 70.
6. EXHIBIT 3 – The Claudia Bach interview on her Document Center's Standards Forum (which is not actually a "forum") - As explained in the Hearing, nothing in either agreement prohibits SMITH from giving interviews. The salient fact is that SMITH did not disclose any content from the Mediation Settlement Agreement

<u>Case 8:15-cv-00011-T-17TBM – Reply to the Breach of Mediation Settlement Agreement and Joint Stipulation of Hearing on 16 March 2016</u>

and said only that there was a settlement but SMITH could not discuss the settlement. SMITH did not even mention that there had been a "Mediation Settlement Agreement" or meeting. SMITH said only that there was **a settlement** to end the lawsuit. It should be noted that CHRISTOPHER PARIS/OXEBRIDGE's attorney did not include the 37 "Comments" in response to the article which were all complementary to SMITH for his dedication to sharing and helping people ("People Helping People") for over 19 years.

7. EXHIBIT 4 – While SMITH doubts that CHRISTOPHER PARIS/OXEBRIDGE himself posted the comments on "Reddit", SMITH had nothing to do with them in any way, shape or form, has no idea who posted them, and can not remove them. Smith did research how to get the pages and comments removed, and SMITH did copy CHRISTOPHER PARIS/OXEBRIDGE's attorney by email on his attempt to do so. CHRISTOPHER PARIS/OXEBRIDGE's attorney new full well that those comments can not be removed by SMITH, and CHRISTOPHER PARIS/OXEBRIDGE's attorney would have done so were it possible. Again, CHRISTOPHER PARIS/OXEBRIDGE's attorney is attempting to confuse the Court (at the very least):

Case 8:15-cv-00011-T-17TBM – Reply to the Breach of Mediation Settlement Agreement
and Joint Stipulation of Hearing on 16 March 2016



Also see EXHIBITS "B" and "C" – Attached

8. EXHIBIT 5 – See EXHIBIT 6 response herein.

9. EXHIBIT 6 – A through F:

   I:

   a. SMITH posted 1 (one) page – A "Door Sign" saying "Closed". Neither document prohibited such a "Closed" sign. Elsmar was closed with NO content available. The "Closed" sign was an "error page" which displayed when anyone tried to access any content on Elsmar.com – No more, and

Case 8:15-cv-00011-EAK-TBM   Document 83   Filed 03/22/16   Page 5 of 16 PageID 775

Case 8:15-cv-00011-T-17TBM – Reply to the Breach of Mediation Settlement Agreement
and Joint Stipulation of Hearing on 16 March 2016

no less. All content had been removed from the server. Had CHRISTOPHER PARIS/OXEBRIDGE expected more, the specifics should have been written/defined in the Mediation Settlement Agreement.

b. Mike S.'s response says it best. SMITH, after 19 years of helping people for free, and amassing a vast Quality Assurance resource/library, expressed his sorrow that so much accumulated free information was caused to be destroyed by a frivolous "sue ball" lawsuit.

c. There was no such Court Order restricting SMITH from giving an interview. CHRISTOPHER PARIS/OXEBRIDGE's attorney cites no such restriction.

d. SMITH did not "clone" the site on "Reddit", nor did anyone else. Use of the word "clone" is extremely misleading. As has been discussed, SMITH has no control over "Reddit" content.

e. Before the Hearing, SMITH had never heard of http://reacttant.com. And again, Elsmar.com was not "cloned" there. Again - Use of the word "clone" is extremely misleading. Elsmar.com's entire content was not "cloned" anywhere. Some people obviously took some screen captures and copied some graphics and text, and posted them elsewhere, but did so without SMITH's knowledge.

f. After returning home from the Hearing of 16 March 2016, SMITH did search his computer using the key word "Bardadym" and found the following email exchange:

<u>Case 8:15-cv-00011-T-17TBM – Reply to the</u> Breach of Mediation Settlement Agreement and Joint Stipulation <u>of Hearing on 16 March 2016</u>



SMITH did not remember the specific email exchange during the Hearing and was pressed a number of times about it and the "project". The entire exchange was simple. SMITH told him that SMITH does not own any "mark" on the word/name "Elsmar". SMITH has not followed up on Bardadym's website (the "project" referred to in Christopher Paris' email exchange with Bardadym), but SMITH hopes that Bardadym does well.

Case 8:15-cv-00011-EAK-TBM Document 83 Filed 03/22/16 Page 7 of 16 PageID 777

Case 8:15-cv-00011-T-17TBM – Reply to the Breach of Mediation Settlement Agreement and Joint Stipulation of Hearing on 16 March 2016

SMITH believes that "People Helping People" is a GOOD thing, no matter what race, religion or national origin. That Bardadym resides in Russia and wanted to, and apparently did, start a Quality Assurance" discussion forum is not of significance. SMITH can not be blamed for believing CHRISTOPHER PARIS/OXEBRIDGE's attorney brought this up as a "whistle word" to paint SMITH as a communist as CHRISTOPHER PARIS/OXEBRIDGE did in 2004, as well as CHRISTOPHER PARIS/OXEBRIDGE saying SMITH "…could be funding terrorists…" in 2004 in CHRISTOPHER PARIS/OXEBRIDGE's complaint about SMITH and Elsmar which CHRISTOPHER PARIS/OXEBRIDGE filed with the Ohio Attorney General (which went nowhere).

SMITH believes there was a lot of confusion in the Hearing over this. It seemed as if it was being inferred that Bardadym was in some way using the Elsmar.com forum or website for some type of "project", and that what the "project" was, it was in some way something nefarious. As can be seen, Bardadym wanted to start his own web site and wanted to used the word/name Elsmar in his domain name. Bardadym's website was in no way associated with Elsmar.com.

SMITH's answer to Bardadym was brief/terse. At the time SMITH was receiving hundreds of emails and "Linkedin" private messages most of which were lamenting the loss of Elsmar. Emails with messages of "Thank You for all you have done over the years", and many which asked why Elsmar had closed. SMITH replied to some emails, **other than those asking why Elsmar had closed**, but SMITH was getting so many emails that he couldn't respond to so many, so SMITH simply did not reply to most of them – It was overwhelming.

SMITH, now reviewing that email exchange, hopes that Mr. Bardadym's Quality Assurance forum does well. "People Helping People" is, SMITH believes, admirable. SMITH sits here today and is happy and proud that he

Case 8:15-cv-00011-EAK-TBM  Document 83  Filed 03/22/16  Page 8 of 16 PageID 778

Case 8:15-cv-00011-T-17TBM – Reply to the Breach of Mediation Settlement Agreement
and Joint Stipulation of Hearing on 16 March 2016

helped so many people for free over the years and that so many people felt that Elsmar going off line was a great loss. Emails and messages are still coming in, e.g. this recent Linkedin "private" message" to SMITH – E.g.:



g. July 7th 2015 - SMITH believes this is self explanatory - CHRISTOPHER PARIS/OXEBRIDGE, on his web site, as well as on public forums such as "Linkedin", called the lawsuit a "**CRIMINAL**" lawsuit full well knowing it was **CIVIL** lawsuit. SMITH believes CHRISTOPHER PARIS/OXEBRIDGE did this purposefully in order to defame/libel SMITH. SMITH did no more than clarify that it was a CIVIL lawsuit, not a CRIMINAL lawsuit.

July 25th – SMITH did not name CHRISTOPHER PARIS/OXEBRIDGE. SMITH didn't need to. Everyone already knew what was happening due to

Case 8:15-cv-00011-T-17TBM – Reply to the Breach of Mediation Settlement Agreement
and Joint Stipulation of Hearing on 16 March 2016

CHRISTOPHER PARIS/OXEBRIDGE's own web site which CHRISTOPHER PARIS/OXEBRIDGE posted on or about 28 January 2015 and remained posted for over 5 months:

> www.oxebridge.com/emma/official-statement-on-oxebridge-extortion-suit-against-elsmar-com-and-marc-smith/
>
> **OXEBRIDGE**    Blog ˅   Services ˅   Resources ˅   Champion Projects ˅   Public Speaking ˅
>
> Elsmar.com. Oxebridge will be limiting its comments on the matter until the suit is resolved.
>
> Since 1999, Cayman Business Systems owner Marc Smith has falsely accused Oxebridge and myself of fraud and deceptive advertising, among other false accusations. Throughout that time, we tolerated this, out of respect for Elsmar's guests. However, in 2014, Smith began to escalate the libel campaign after Oxebridge refused his demand to pay him $450,000. Oxebridge views this as nothing less than felony extortion. Worsening matters, a supporter of Elsmar — who himself is a convicted felon — had threatened to call an Oxebridge client with the intent of defaming us through that medium, as well. These two actions combined proved too much for us to bear.
> <span style="color:red">Who was this "convicted felon"? This is an outright lie.</span>
>
> <span style="color:red">Quite the exaggeration.</span>
> Marc Smith has published tens of thousands of words on his site, Elsmar.com, defaming Oxebridge. Meanwhile, no one from Oxebridge has ever posted a single word on the Elsmar site, in that entire period. **Not one word.** In addition, we have never run a single article on Elsmar here on the Oxebridge site, despite Elsmar being central to certain investigations over CB collusion with consultants. We have consistently worked to keep Marc Smith and Elsmar at arm's length, in the hopes that he would end his libel campaign. It clearly did not work.
> <span style="color:red">He did, but eventualially deleted it.</span>        <span style="color:red">What investigation(s)? PARIS' paranoia?</span>
>
> We understand the difference between defamation — which is illegal — and free speech and opinions, which are protected under the US Constitution. However, the posts made by Smith and his moderators breach the definition of free speech by being (a) false, (b) posted with malicious intent, and (c) intended to cause harm.   <span style="color:red">More totally FALSE statements.</span>
>
> The combination of extortion and threats by a convicted felon against Oxebridge clients was too much. A cease and desist letter was sent to Smith, who responded — on his website - **by raising his demand to $5 million**.
> <span style="color:red">Price to SELL Elsmar to PARIS - There was no "extortion".</span>
> In the meantime, the actions have not been called into question by any of Elsmar's moderators, many of whom have actively participated in the defamation. Perhaps not coincidentally, these moderators are also auditors or sales representatives of major ISO 9001 certification bodies who resent the reporting done by Oxebridge. These individuals include Randall Daily of BSI, Jennifer Kirley of UL, Sidney Vianna of DNV, and Andy Nichols of NQA-USA. Meanwhile, all four of those CBs receive advertising space on the Elsmar site, raising questions as to whether BSI, UL, DNV and NQA have breached the ISO 17021 prohibition against promoting one consultant, while actively denigrating and defaming activities against a consultant that did not offer them such perks.   <span style="color:red">None of these companies had advertised on Elsmar since around 2009.</span>
> <span style="color:red">It was PARIS' intent to gain control of Elsmar.com, but the result was SMITH would not SELL to PARIS for what he believed to be a reasonable price.</span>
> It is not our intent to shut down Elsmar, which has served the quality profession well in the past decade, despite the misbehavior of its owner. However, potential federal felonies cannot go unpunished, and Oxebridge intends to ensure that this stops. We have exhausted all means of working with Smith on this issue, and have finally had to resort to using the
> <span style="color:red">Best PARIS could do was file a CIVIL lawsuit.</span>
> courts.  <span style="color:red">SMITH agreed to do so, and did so - PARIS kept this published on his website and continued the lawsuit thus lying to the public about the situation for over 5 months.</span>
> <mark>If Smith were instead to simply remove the offending materials and cease all such activity, the problem could be resolved quickly</mark>, and Elsmar users would be utterly unaffected. Based on his past 15 years' of behavior, we feel that is unlikely, however.
>
> In the coming days and weeks, Smith will no doubt return to his safe haven, and post with increased frequency an unprecedented amount of new defaming material. We know this, and are ready to withstand it. Predicting this, we have already begun to push for an immediate temporary injunction. The new material will be added to the existing court complaint.
> <span style="color:red">More totally FALSE statements. A CIVIL lawsuit was filed by PARIS.</span>
> We intend to push for a firm resolution to this problem, including the pursuit of criminal charges against Smith and his collaborators. We have likewise not ruled out actions against DNV, BSI, UL and NQA-USA for allowing their representatives to contribute to defamation and extortion.
>
> — Christopher Paris

II - Documents posted to Scribd:

A) and B) – This was heavily discussed during the Hearing. SMITH does not have an account on Scribd and has not posted anything there. SMITH can only say that SMITH believes the document (61) was entered into PACER and was available to the public, at least for a short time, before it was ordered "Sealed" on 10/14/2015 (Court Docket Document 63). Assuming PACER has document revision control, this should be able to be seen by the Document Control Administrator of PACER. SMITH did **not** share what now appears to be marked Court Docket Document 61 with anyone, anywhere. Period. **SMITH can not even SEE sealed documents on PACER, so there was no way for SMITH to download a sealed document from PACER.**

| Date | Doc# | Description |
|---|---|---|
| 09/16/2015 | 58 | ENDORSED ORDER granting 54 Motion to Seal. Plaintiffs may file under seal with the Clerk of Court the Confidential Mediation Settlement Agreement, dated June 5, 2015, as well as their Verified Second Notice of Defendants' Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction, Motion to Compel Compliance with Injunction, Motion for Money Damages, and Motion for Attorney's Fees. Signed by Judge Elizabeth A. Kovachevich on 9/16/2015. (rjm) (Entered: 09/16/2015) |
| 09/30/2015 | | Sealed Document S-59-60. (LD) (Entered: 09/30/2015) |
| 10/14/2015 | 63 | ENDORSED ORDER directing the Clerk of Court to seal 61 Response filed by Marc Timothy Smith until further notice by the Court. Signed by Judge Elizabeth A. Kovachevich on 10/14/2015. (EJJ) (Entered: 10/14/2015) |
| 11/24/2015 | 64 | ORDER REFERRING Second Breach Motion to Magistrate Judge for Report and Recommendations. Plaintiffs are ordered to effectuate service of the Second Breach Motion on the Defendant pursuant to the terms of this order. See order for details. Signed by Judge Elizabeth A. Kovachevich on 11/24/2015. (EJJ) (Entered: 11/24/2015) |

Exhibit 7 in CHRISTOPHER PARIS/OXEBRIDGE's evidence book shows Court Docket Document 61 was entered into the Court Docket on 10/05/2015. PACER shows it was ordered sealed on 10/14/2015, so it was obviously available to the public for approximately 9 days during which anyone could have downloaded it from PACER. The PACER Document Control Administrator should also be able to show SMITH did not log into PACER during that time period and download that document. SMITH does not have a copy of that document

Case 8:15-cv-00011-EAK-TBM   Document 83   Filed 03/22/16   Page 11 of 16 PageID 781

Case 8:15-cv-00011-T-17TBM – Reply to the Breach of Mediation Settlement Agreement
and Joint Stipulation of Hearing on 16 March 2016

downloaded from PACER on his computer.

**Smith is waiting for the documents to appear in PACER as of 20 March 2016 as per the Docket Document 79 - Minute Entry.**

> PROCEEDING: SHOW CAUSE HEARING ON DEFENDANT'S BREACH OF MEDIATION SETTLEMENT AGREEMENT AND JOINT STIPULATION ON INJUNCTION
>
> Court convened.
>
> Court will order plaintiffs' sealed documents and defendant's responses thereto to be unsealed and placed on the public record (Docs. 59, 60, 61, 62).
>
> Plaintiff calls Christopher Paris. Witness sworn.

**III** – SMITH has no control over what others post elsewhere on the internet, nor is there any requirement in either the Mediation Settlement Agreement or the Joint Stipulation for SMITH to continuously patrol the entire internet to attempt to find what other people have posted about CHRISTOPHER PARIS/OXEBRIDGE and/or the lawsuit. SMITH's obligation is for SMITH not to post anything with the words Chris Paris, Christopher Paris and/or Oxebridge, or about Chris Paris, Christopher Paris and/or Oxebridge. SMITH is not surprised that CHRISTOPHER PARIS/OXEBRIDGE failed to foresee his filing of the lawsuit (and eventually the closure of Elsmar.com) would not be reported on and discussed in *many* places on the internet around the world. Also see "G" above - CHRISTOPHER PARIS/OXEBRIDGE was advertising his lawsuit against SMITH for over 5 months, starting in January 2015 in public on his company website and is experiencing the "blowback" and the Streisand Effect. CHRISTOPHER PARIS/OXEBRIDGE should have thought of that when CHRISTOPHER PARIS/OXEBRIDGE first started defaming SMITH on "Twitter" and other public internet venues in 2014, if not earlier, not to mention CHRISTOPHER PARIS/OXEBRIDGE filing a lawsuit against SMITH (See Exhibit "D").

Case 8:15-cv-00011-T-17TBM – Reply to the Breach of Mediation Settlement Agreement and Joint Stipulation of Hearing on 16 March 2016

**IV** – Probably true. However, notice the word "…**presumably**…" used by CHRISTOPHER PARIS/OXEBRIDGE. "Linkedin" has **thousands** of "groups", including CHRISTOPHER PARIS/OXEBRIDGE's own "ISO 9001" group. SMITH does not have access to them all, and again, SMITH has no control over what people post on the internet, nor does the Settlement Agreement or the Joint Stipulation require SMITH to "police" all "Linkedin" groups seeking posts made by others. As it is with CHRISTOPHER PARIS/OXEBRIDGE, SMITH does not have access to all the "Linkedin" groups. This is another **"impossibility"** scenario, nor is it a requirement of the Joint Stipulation on Injunction the Mediation Settlement Agreement:

> 5.  In paragraphs 5(b) of the Joint Stipulation, SMITH agreed to:
>
>     remove any online commentary regarding OXEBRIDGE or PARIS authored by SMITH on any website, social network, or any other manner of technology or communication now known or later to become known.

In addition, CHRISTOPHER PARIS/OXEBRIDGE banned SMITH from his "Linkedin" "ISO 9001" Linkedin group, as CHRISTOPHER PARIS/OXEBRIDGE has many other people. SMITH had not even commented in the group!

The following is a copy of a "private message" on Linkedin a person emailed to SMITH when s/he heard of the lawsuit – It is from Christopher Paris to a person he threatened to "ban" from his Linkedin "ISO 9001" group:

Case 8:15-cv-00011-T-17TBM – Reply to the Breach of Mediation Settlement Agreement
and Joint Stipulation of Hearing on 16 March 2016



Quite a few people emailed me screen captures of Christopher Paris' Linkedin communications **after** the lawsuit was filed. The one above was from **August 2014, well before the lawsuit, which was emailed to me *after* the lawsuit was filed.** Christopher Paris has been making enemies for years. It is quite obvious that Christopher Paris is not exactly diplomatic in his communications with people and has a way of making enemies. CHRISTOPHER PARIS/OXEBRIDGE's life is one of complaining (See Exhibit "D") and trying to "burrow into" other peoples and organization's affairs (See Exhibit "F").

V – Totally discussed. SMITH awaits a letter from CHRISTOPHER PARIS/OXEBRIDGE's lawyer.

VI – SMITH has no control over the legacy (abandoned) page on the defunct quality1stop.com forum.

<u>Case 8:15-cv-00011-T-17TBM – Reply to the</u> Breach of Mediation Settlement Agreement and Joint Stipulation <u>of Hearing on 16 March 2016</u>

10. **EXHIBIT 7** – Already discussed *ad nausum* in Exhibit 6, section II herein.

11. **EXHIBIT 8** – Considering CHRISTOPHER PARIS/OXEBRIDGE's attempt to smear SMITH, such as by "hacking" his own web site and pointing the finger at SMITH, this could very easily be one of CHRISTOPHER PARIS/OXEBRIDGE's "bag of tricks" to negatively portray SMITH in an extremely negative light. SMITH has no account with, nor has SMITH *ever* posted anything, on "Scribd", anonymously or otherwise.

12. **EXHIBIT 9** – See Exhibits 6 section II, and Exhibits 7 and 8 above.

13. **EXHIBITS 10 and 11** - CHRISTOPHER PARIS/OXEBRIDGE should have anticipated his defamation of SMITH and Elsmar on public internet venues such as "Twitter" and "Linkedin" (and who knows where else), including on his company website going back to 2014, and possibly earlier, would be indexed in search engines. CHRISTOPHER PARIS/OXEBRIDGE filing the lawsuit against SMITH did not help matters. In fact, it has exacerbated them significantly.

WHEREFORE, SMITH hereby requests that this Honorable Court:

A. Respectfully requests that the Court give SMITH a minimum of 45 days to receive the court transcript, to review it, and to add an addition to this response into the Court record before reporting on and/or filing a recommendation. It was hard to hear much of what was said during the Hearing. In addition, along with the new "evidence" the Hearing became chaotic as topics were rapidly changed confusing SMITH at times.

B. Dismiss CHRISTOPHER PARIS/OXEBRIDGE's Claim of Breach of Mediation Settlement Agreement and Joint Stipulation (the Stipulation on Injunction – Court Docket Document 33 and the Mediation Settlement Agreement – Court Docket Document 49).

C. That the Court consider perjury charges against Christopher Paris for lying under oath about his "O-Forum" having been discussed prior to the completion of the Mediation Settlement agreement. There was no mention of his "O-Forum" before or during the Mediation Settlement Agreement meeting, nor was there any mention of

<u>Case 8:15-cv-00011-T-17TBM – Reply to the Breach of Mediation Settlement Agreement
and Joint Stipulation of Hearing on 16 March 2016</u>

"...recouping costs..." by starting his forum in hopes of attracting people who visited Elsmar to his "O-Forum".

D. Sanction CHRISTOPHER PARIS/OXEBRIDGE and CHRISTOPHER PARIS/OXEBRIDGE's attorney as deemed appropriate by the Court for filing a frivolous motion which they knowingly filled with outright lies and misleading verbiage, attempting to deceive the Court, and otherwise attempting to defame and smear SMITH.

E. Sanction CHRISTOPHER PARIS/OXEBRIDGE's lawyer as deemed appropriate by the Court for submitting a false document to the Court (the Stipulation on Injunction – Court Docket Document 33) and to declare that document void. A licensed lawyer should be ethical and not take advantage of a Pro Se, or any other, Defendant.

F. That CHRISTOPHER PARIS/OXEBRIDGE reimburse SMITH for travel expenses, including travel time, to attend the 16 March 2016 hearing – Approximately US$1300 direct expenses and US$1400 travel time (Total = US$2,700}.

G. That CHRISTOPHER PARIS/OXEBRIDGE reimburse SMITH for 85 hours (as of this moment on 21 March 2016) of time spent to respond to the motion at a reasonable rate of US$150/hour – Approximately US$12,750.

H. That CHRISTOPHER PARIS/OXEBRIDGE be responsible for paying any/all Court costs and any and all other costs/fees that arise from the CHRISTOPHER PARIS/OXEBRIDGE motion including reimbursing SMITH US$655 for the 7 day transcription fee SMITH has to pay for the hearing transcript.

I. That CHRISTOPHER PARIS/OXEBRIDGE be responsible for paying his attorney fees and related costs.

J. Sanction CHRISTOPHER PARIS/OXEBRIDGE from submitting any further motion with regard to any claim of Breach of Mediation Settlement Agreement and/or the Joint Stipulation.

<u>Case 8:15-cv-00011-T-17TBM – Reply to the</u> Breach of Mediation Settlement Agreement
and Joint Stipulation <u>of Hearing on 16 March 2016</u>

I declare under penalty of perjury that the forgoing is true and correct.

Dated and respectfully submitted to the Court using UPS this 21st day of March 2016.

Marc Timothy Smith (SMITH pro se)

By: *[signature]*

8466 Lesourdsville-West Chester Road

West Chester, Ohio 45069-1929

Tel: 513 720-0600

Email: marcsmith102@cinci.rr.com

I certify that a copy of this document is being furnished on the same date to the court and to William R. Wohlsifer, Attorney for PARIS/OXEBRIDGE at:

William R. Wohlsifer

1100 E. Park Ave Ste B

Tallahassee, Florida 32301

(Attorney for PARIS/OXEBRIDGE)

*[signature]*
Marc Timothy Smith (SMITH pro se)