UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually,

     Plaintiffs,                        CASE NO.: 8:15-CV-11-T-17TBM

v.

MARC TIMOTHY SMITH, individually,
and d/b/a CAYMAN BUSINESS SYSTEMS,

     Defendants.

_____/

### EMERGENCY AMENDED MOTION TO SEAL MARCH 16, 2016 HEARING TRANSCRIPT

     COMES NOW the plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS cumulatively ("plaintiffs") by and through their undersigned attorney, due to the short deadline before the release of the transcript, hereby files this Emergency Amended Motion to Seal Transcript of March 16, 2016 Hearing, moves to place the transcript of the hearing under seal, pursuant to this Court's Local Rule 1.09, and states as follows:

### Factual Background

1. On June 5, 2015, the parties entered into a confidential Mediation Settlement Agreement.

2. On March 23, 2015, the court approved the Joint Stipulation on Injunction and ordered the parties to comply with its terms. [Dkt. 35]

3. On March June 9, 2015, the Court dismissed this action pursuant to a Mediation settlement agreement reached at mediation. [Dkt. 50]

4. On March 16, 2016, a Hearing to Show Cause was held on Defendant's Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction.

5. At said Hearing, documents under seal [Dkt. 59], [Dkt. 60], and [Dkt. 76], the confidential Mediated Settlement Agreement, along with additional confidential information was discussed and testified to by plaintiff.

6. On March 21, 2016, Plaintiffs' counsel received notification that defendant, MARC TIMOTHY SMITH ("SMITH") ordered a Hearing transcript to be **delivered in seven days**.

### Memorandum of Law

Two factors are especially important in deciding whether to allow public access to transcripts: (1) whether the place and process have historically been open to the press and general public; and (2) whether public access plays a significant positive role in the functioning of the particular process in question. *United States v. Corces* (In re Times Publ. Co.), 11 Fla. L. Weekly Fed. D174 (M.D. Fla. 1997) (citing *Globe Newspaper Co. v. Superior Court for the County of Norfolk*, 457 U.S. 596, 606-07, 73 L. Ed. 2d 248, 102 S. Ct. 2613 (1982)). Civil courtrooms have typically been open to the public, however, the public could not play a positive role in the reviewing the transcripts of confidential matters. Especially in this particular action where the content discussed includes that agreed to in mediation, and prior to mediation, in a Joint Stipulation on Injunction as being confidential.

Plaintiff moves to place the transcript of the 2016 hearing under seal, pursuant to this Court's Local Rule 1.09.

On September 22, 2015 plaintiffs filed their Second Notice of Defendant's Breach of Settlement Agreement and Joint Stipulation on Injunction [Dkt. 59], seeking adjudication of

alleged breaches of a confidential mediated settlement agreement. Because of the confidential nature of the content of said motion and the testimony that would support it, on August 16, 2015 the Court to instruct the Clerk to place Second Notice of Defendant's Breach of Settlement Agreement and Joint Stipulation on Injunction [Dkt. 59] under seal. A hearing on said motion was conducted on March 16, 2016, including testimony from the parties concerning the sealed information therein.

Additionally, the mediation that resulted in the Mediated Settlement Agreement was conducted pursuant to chapter 44, Florida Statutes, and Rule 10.360 of the Florida Rules of Civil Procedure. Under section 44.405(1), Florida Statutes, but for limited exceptions, "all mediation communications shall be confidential."

Plaintiff and defendant, moving under section 44.405(1), Florida Statutes, waived confidentiality for the purpose of conducting said show cause hearing. Confidentially can be waived - and was temporarily waived - pursuant to section 44.405(4)(a)(5), Florida Statutes, which provides:

> Notwithstanding subsections (1) and (2), there is no confidentiality or privilege attached to a signed written agreement reached during a mediation . . . for any mediation communication:
>
> 5. Offered for the limited purpose of establishing or refuting legally recognized grounds for voiding or reforming a settlement agreement reached during a mediation.
>
> Fla. Stat. s. 44.405(4)(a)(5)

The majority of content contained in the transcript contains statements that would unequivocally be deemed confidential, but for temporary application of section 44.405(4)(a)(5).

The legislature recognized the occasional need to lift confidentiality, then impose it again. That is the function of section 44.405(4)(a)(6), Florida Statutes, which provides:

(6)    A party that discloses or makes a representation about a privileged mediation communication waives that privilege, but only to the extent necessary for the other party to respond to the disclosure or representation.

Fla. Stat. s. 44.405(6).

Placing the March 16, 2016 transcript under seal pursuant to Local Rule 1.09 is necessary to preserve the sanctity of the mediation process.

**WHEREFORE**, plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS, hereby request an Order of this Court sealing the transcript of the March 16, 2016 Hearing, and granting such other relief as this Honorable Court deems equitable and just under the circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon defendants via U.S. Mail to Marc Timothy Smith, 8466 LeSourdsville-West Chester Road, Olde West Chester, Ohio 45069, this 25th day of March 2016.

## CERTIFICATE OF GOOD FAITH

The undersigned certifies that a good faith effort has been made to confer with counsel for defendants to resolve this matter and that the attempt has been unsuccessful.

Respectfully submitted by:

**WOHLSIFER & BOONE, PLLC**
By: /s/ Leighanne Boone
Leighanne C. Boone, Esquire
Fla. Bar No: 107308
1100 E Park Ave Ste B
Tallahassee, Florida 32301
Tel: (850) 219-8888
E-Mail: lboone@wohsifer.com
william@wohlsifer.com;