<u>Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016</u>

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

**Case number: 8:15-cv-00011-T-17TBM**

**Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing held on 16 March 2015**

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC (Florida and Peru), and
CHRISTOPHER PARIS, individually.

Vs.

MARC TIMOTHY SMITH, individually

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun III
Court: Florida Middle District Court

**Case number: 8:15-cv-00011-T-17TBM**

COMES NOW the Defendant, Marc Timothy Smith, hereinafter referred to as SMITH, and Christopher Paris/Oxebridge - Plaintiff (herein after referred to as "CHRISTOPHER PARIS/OXEBRIDGE" and/or "Mr. Paris") to reply to the transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing of 16 March 2016.

<u>Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the</u> Breach of Mediation Settlement Agreement and Joint Stipulation <u>Hearing on 16 March 2016</u>

Trial Transcript Review and Comments by Tracey Pratt who was present at and observed the Hearing on 16 March 2016, in coordination with SMITH.

The following should be read in conjunction with the "marked up" copy of the official court transcript which was received via email on 26 March 2016 which Mr. Smith paid US$655.00 for. Time to review and comment: 9.5 hours @ US$150/hr. each for both Ms. Pratt and Mr. Smith. Mr. Smith has not included the "marked-up" copy of the transcript as an "Exhibit" as SMITH understands the transcript itself will not be available to the public on PACER for 90 days and does not want of offend the court.

1. Page 11, line 5, 6 - Judge states he hasn't looked at all of the attachment submitted by Marc Smith. Later on the Judge states he has the attachment and can see it: Lack of an adequate review on the part of the Judge to enable him to understand the case before him.
2. Page 12, line 6 – A provably false statement.
3. Page 12, lines 12-15 – A provably false statement. The mediation agreement does not state that. The lawyer is either lying or totally uninformed. Mr. Wohlsifer's presence in court would have been appropriate.
4. Page 12 lines 24-Page 13, line 1 – If they need a court order to take it down, so does Marc who is still waiting on that letter from plaintiff's attorney. This was addressed in the Mediation Settlement Agreement. Mr. Wohsifer knew

Case 8:15-cv-00011-EAK-TBM   Document 91   Filed 03/30/16   Page 3 of 18 PageID 929

Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016

and admitted he knew Marc Could not take down the Google Groups page, and that he could if he submitted a Court Order with a letter signed by Marc Smith.

5. Page 14, line 9 – At this time Marc Smith did not have this exhibit because plaintiff's attorney had not sent it to Marc Smith, so Marc Smith was operating "blind" so to speak, so Mr. Smith had to stay silent.

6. Page 14, lines 13 through 15 – Mr. Smith did not say that. Mr. Smith had allocated US$20,000 for a settlement which was communicated to Mr. Smith's attorney at the time. Mr. Smith's attorney, wanting to bargain, started out with an offer of US$12,000 to US$13,000.

7. Page 14 line 17 thru page 15 line 6 and page 16 lines 1-4 – Perjury by Mr. Paris – Mr. Paris opening up a forum was never brought up had never before been discussed.

8. Page 16 lines 14-18 – the website was shut down 6/30/15 at 10PM EDT.

9. Page 16 lines 5 - 7 – The written document words are the binder here. Mr. Paris has totally mischaracterized what the Mediation Agreement actually said – The words of the agreement. Perjury or true memory failure (considering Mr. Paris had a copy of the agreement in front of him)?

10. Page 17 line 4 – Again, Mr. Smith did not have access to this exhibit at this time.

11. Page 17 line 8 – The Judge did not afford Mr. Smith the same luxury of "take all the time you need" as is evident later in the hearing when the Judge "shut

Case 8:15-cv-00011-EAK-TBM   Document 91   Filed 03/30/16   Page 4 of 18 PageID 930

**Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016**

down" Mr. Smith when it came his time to give his version of the events and respond to accusations made by Mr. Paris.

12. Page 18 lines 2-9 – The interview was not on the closure of the Elsmar.com website. Read the full interview for proof/evidence. This is a total mischaracterization by Mr. Paris.

13. Page 18 line 14 – Smith stated that there was a "settlement" to end the lawsuit and Mr. Smith made it clear that he could not discuss any details of the settlement or the lawsuit.

14. Page 18 Lines 16 – 18 – Perjury by Mr. Paris?

15. Page 18, lines 19 – 20 – This was a forum discussion thread. Mr. Smith never stated he was shutting Elsmar down on any specific date. There was nothing more than a discussion on how to "revive" Elsmar, and that Elsmar was not making enough money to meet expenses. The Mediation Settlement Agreement said Mr. Smith had until 5 July 2015 to comply with all terms of the agreement which is not related to the public discussion in the Elsmar forum.

16. Page 18 lines 19 – 20 – Totally irrelevant and out of context.

17. Page 19 lines 22-25 and Page 20 lines 3 – 5 – Mr. Smith hadn't been shown these exhibits at this time so he had no opportunity to have any idea what was in the exhibits to object to.

18. Page 20 – Mr. Smith didn't have their exhibit book to follow along and was thus confused as to what was being said.

Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016

19. Page 21 lines 15 – 20 – Totally FALSE – Elsmar.com was not moved (or "cloned") to Reddit. Elsmar.com was totally shut down with no content.

20. Page 22 lines 19-22 – Mr. Smith is not responsible for anonymous postings. It is an "impossibility" expectation.

21. Page 23, lines 6-9 – Mr. Smith did not have access to this material at this time which made it difficult to respond to.

22. Page 23 line 25 and page 24 lines 1 and 2 – It was Elsmar-forum.com and was not in any way related to Elsmar.com, nor does Mr. Smith have any association in any way, shape or form with Elsmar-forum.com and/or its owner.

23. Page 24 line 14 – 17 – More precisely Mr. Smith replied that he **assumed** Barbaden could use the WORD Elsmar. Since Mr. Smith owns no trademark or other claim to the word "Elsmar", Mr. Smith could not respond otherwise.

24. Page 25 line 1-7 – Again, the word ELSMAR is not the same as WWW.ELSMAR.COM which is an internet domain name.

25. Page 25 line 19, 20. Paris is again making accusatory assumptions with no proof. Mr. Paris has "locked" Mr. Smith out of his ISO 9001 Linkedin "group" so Mr. Smith has no idea what Mr. Paris is posting there. Is Mr. Paris agreeable to allowing Mr. Smith to access Mr. Paris' Linkedin "ISO 9001 group"? NOTE: Mr. Smith has no desire for access, nor does Mr. Smith care what Mr. Paris is posting there – This is added simply to show the Court that this is a "two way street" argument by Mr. Paris.

Case 8:15-cv-00011-EAK-TBM   DOCUMENT 91   Filed 03/30/16   Page 6 of 18 PageID 932

Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016

26. Page 25 lines 24, 25 – page 26 lines 1-6 – Another example of perjury by Mr. Paris. Mr. Smith has quite a few "screen captures" from Twitter, Mr. Paris' own website, and from other internet venues where Mr. Paris does just that including using phrases such as "...law enforcement now engaged...".

27. Page 26 lines 7-9 – It is only Chris Paris's opinion that this statement denigrated the court. This must be read in the context of a series of posts. Saying the outcome was "criminal" was first stated by another person and it is obvious that the person, and Mr. Smith's follow-up, was/were not using the word "criminal" in a legal sense.

28. Page 26 line 19 – Mr. Paris keeps talking about "the spirit" of the settlement agreement. That "spirit" is only in his mind. He can tell himself anything he wants, but the only agreement was **what was put in writing**, not what he dreamed up in his mind.

29. Page 27 lines 15 through 25 and page 28 lines 1 and 2 – As Mr. Paris stated – it is his OPINION – no basis for his unfounded accusations. Nor are the documents posted on Scribd defamatory – They are public records available to the public in PACER.

30. Page 29 lines 1-5 – Determined and provided by Mr. Smith in Court Docket Document 83 on page 10:

<u>Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016</u>

| 09/16/2015 | 58 | ENDORSED ORDER granting 54 Motion to Seal. Plaintiffs may file under seal with the Clerk of Court the Confidential Mediation Settlement Agreement, dated June 5, 2015, as well as their Verified Second Notice of Defendants' Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction, Motion to Compel Compliance with Injunction, Motion for Money Damages, and Motion for Attorney's Fees. Signed by Judge Elizabeth A. Kovachevich on 9/16/2015. (rjm) (Entered: 09/16/2015) |
|---|---|---|
| 09/30/2015 | | Sealed Document S-59-60. (LD) (Entered: 09/30/2015) |
| 10/14/2015 | 63 | ENDORSED ORDER directing the Clerk of Court to seal 61 Response filed by Marc Timothy Smith until further notice by the Court. Signed by Judge Elizabeth A. Kovachevich on 10/14/2015. (EJJ) (Entered: 10/14/2015) |
| 11/24/2015 | 64 | ORDER REFERRING Second Breach Motion to Magistrate Judge for Report and Recommendations. Plaintiffs are ordered to effectuate service of the Second Breach Motion on the Defendant pursuant to the terms of this order. See order for details. Signed by Judge Elizabeth A. Kovachevich on 11/24/2015. (EJJ) (Entered: 11/24/2015) |

Exhibit 7 in CHRISTOPHER PARIS/OXEBRIDGE's evidence book shows Court Docket Document 61 was entered into the Court Docket on 10/05/2015. PACER shows it was ordered sealed on 10/14/2015, so it was obviously available to the public for approximately 9 days during which anyone could have downloaded it from PACER. The PACER Document Control Administrator should also be able to show SMITH did not log into PACER during that time period and download that document. SMITH does not have a copy of that document.

31. Page 29 lines 6-18 – Did Marc Smith get an opportunity to respond to the Mr. Paris' OPINIONS at this time or later in the Hearing? No.

32. Page 31 lines 11, 12 – Can Mr. Paris prove his "40 day implementation" was always successful, no exceptions?

33. Page 32 lines 10-15 – Another instance of perjury. The offer was to sell the website and there was no mention of deleting posts for this amount of money, or for any amount of money. It was an offer to sell Elsmar.com in whole and all associated content both on Elsmar.com and associated Google+, Linkedin Elsmar group, Facebook Elsmar group and Elsmar Twitter group.

Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016



As has been shown in earlier documents submitted to the Court, Mr. Smith did try to accommodate Mr. Paris by removing some discussion threads, however Mr. Paris only increased his appetite for MORE to be removed, most of which did not even pertain to or mention Mr. Paris and/or his company Oxebridge. E.g.:

## Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016

---

**Subject:** Re: Your linking to Elsmar in your rant - 20120218 - 20140502/3 (Part)
**Date:** Saturday, May 3, 2014 at 4:40:10 AM Eastern Daylight Time
**From:** Marc Smith
**To:** chris@oxebridge.com

I showed my girl friend your "apology" and she laughed as hard as I did. Trite. And you have the balls to ask me to remove every trace of anything anyone has said which is not complementary of you. I did take the time to review the threads you linked to and I see nothing defamatory or otherwise problematic. People are allowed to state their opinions (E.g.: http://elsmar.com/Forums/showthread.php?t=44792 ). It is not slander or defamatory when someone gives an opinion. And you say "...List is not comprehensive. I imagine you can just do a search-and-purge and get them all...." Why should I take my time looking for any mentions of you or your company and delete them?

I was open to your request but your trite apology was so insincere that I have decided to just leave things as they are. Why should I take the time to search through all my forum threads for traces of negative opinions about you? What have you ever done for me? Especially your complaint to the Ohio State AG – What a crock. You're lucky I didn't sue you over that little gem. It is the biggest reason I feel no obligation to "help" you in any way. That was mean and spiteful.

That said you can take comfort in knowing that in the last year alone I have killed 3 "negative" threads and a few posts about you that people started. For quite a few years my policy has been that I do not allow any mention of you or your company in the Elsmar forum. I have no desire to rekindle a long ago war. From what I hear you're still doing enough damage to your own reputation in places such as LinkedIn. Other than the occasional thread which pops up about you, which I delete, for me the matter was closed years ago.

I gave you my offer to sell Elsmar to you. Should you decide to buy it you can then do what you want. Other than that, I consider the matter closed.

From: Christopher Paris <chris@oxebridge.com>
Organization: Oxebridge Quality Resources International LLC
Reply-To: <chris@oxebridge.com>
Date: Friday, May 2, 2014 5:33 PM
To: Marc Smith <elsmarmarc@gmail.com>
Subject: Re: Your linking to Elsmar in your rant - 20120218 - 20140502

Thanks. Now you can take a whack at these, for starters:

http://elsmar.com/Forums/showthread.php?t=8853
http://elsmar.com/Forums/showthread.php?t=1815
http://elsmar.com/Forums/showthread.php?t=44792
http://elsmar.com/Forums/showthread.php?t=8476
http://elsmar.com/Forums/showthread.php?t=7465
http://elsmar.com/Forums/showthread.php?t=8641
http://elsmar.com/Forums/showthread.php?t=9029
http://elsmar.com/Forums/showthread.php?t=16389
http://elsmar.com/Forums/showthread.php?t=8674
http://elsmar.com/Forums/showthread.php?t=14749
http://elsmar.com/Forums/showthread.php?t=1028S
http://elsmar.com/Forums/showthread.php?t=34361

List is not comprehensive. I imagine you can just do a search-and-purge and get them all.

CP

Page 1 of 6

On 5/2/2014 2:29 PM, Marc Smith wrote:

> Pretty lame apology, but I have killed that old thread.

---

Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016



34. Page 33 line 16, 17. That's just it - Mr. Paris doesn't know. Neither does Mr.

Smith who does not know Catherine Rubino and has not now, or ever, had

<u>Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the</u> Breach of Mediation Settlement Agreement and Joint Stipulation <u>Hearing on 16 March 2016</u>

any contact or communication with her, much less has Mr. Smith transferred any document to her of any kind.

35. Page 34 lines 11-13 – If Mr. Paris can not see what has been posted in Linkedin groups he has been banned from, how does Mr. Paris know what is posted in those groups? Mr. Paris has banned Marc Smith from his "ISO 9001" Linkedin group. How is Mr. Smith to know what Mr. Paris has posted there?

36. Pages 35-37 - Mr. Paris' lawsuit has made his already bad reputation worse and continues to do so, not the result of any postings by Marc Smith. Mr. Paris' recent drop in sales and lack of contracts was/is, due to his filing a frivolous lawsuit. Mr. Paris himself says – from 2000 until the lawsuit was filed he had no business problems. By filing the lawsuit against Mr. Smith, Mr. Paris "dug his own hole", and by pursuing it the hole is only getting deeper. He who sows the wind reaps the whirlwind. As the Bible says:

**Galatians 6:7** from the **"The New Living Translation"** of the **Bible:** *"Do not be misled – You can not mock the Justice of God. You will always harvest what you plant."*

Or, **Galatians 6:7** from the **"King James"** version of the **Bible:** *"Be not deceived; God is not mocked: For whatsoever a man soweth, that shall he also reap."*

Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016

37. Page 38 line 13-20 – An example of how Chris Paris's mind works (or misfires). Mr. Paris' gas station is gone and he never had it to begin with, and it's all Marc Smith's fault.

38. Page 41, lines 4, 9,14, 17 - Nothing on the Elsmar.com forum was copyrighted so **Mr. Smith has no authority to file a DMCA complaint.** From the old Elsmar.com:

> **Site Copyright Policy - Copy *Free***
> **Revised for clarity on 7 March 2013**
>
> Except for some documents in the Paid Subscription Access directories and the $ Contributor sub-forum, everything on the Elsmar Cove is "Copyright *Free*". If you reproduce information from the Elsmar Cove elsewhere, we do appreciate your citing the source, however, in one way or another.
>
> If you post in the Forums (this includes files and/or pictures attached to any post in a discussion thread or in blogs or picture albums, etc) you do *not* have a right to assert copyright claim(s) now or in the future. We don't assert that we own the rights to post content, including files and/or pictures attached to posts (or in blogs or picture albums, etc). However, once you post or you attach a file, you agree not to come back at a later date and require me to remove your post(s) and/or attachments(s) for copyright or other reason(s). This is a free system and my policy is to NOT be a money grubbing type with lawyers at hand, but rather to be a free resource for folks. If the contents of your posts, files and/or pictures attached to posts or in blogs or picture albums, etc. are 'golden' to you, I suggest you post elsewhere or write a book and sell it. If you post here, your question(s) and any and all answers to questions(s), as well as any attachments you contribute, are essentially *in the public domain*. Essentially it is simply a matter of understanding that anyone who posts and/or attaches a file in the forum can not come back at a later time and demand that I remove their post(s) and/or attachment(s). By posting and/or attaching one or more files in the forum, the person is granting the Elsmar Cove the right(s) (if you will) to keep the content posted.
>
> Also, please see the Elsmar Cove forum TOS (Terms of Service) for additional details.

39. Page 44 lines 12-14 - This was Marc Smith's cross examination of the witness and the judge steered the line of questioning.

40. Page 45 lines 23-25, page 46 lines 1 and 2 – Marc Smith had no access to any sealed documents on PACER. Once filed with the court, which was the question on line 23, page 45, Mr. Smith had no access to it. Pacer would show the dates and times Mr. Smith logged in and out and what he copied.

41. Page 46 line 11 – Did Marc Smith get that chance to explain "down the road?"

<u>Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the</u> Breach of Mediation Settlement Agreement and Joint Stipulation <u>Hearing on 16 March 2016</u>

42. Page 48 line 25-page 49 line 6 – I remember this as the judge asking "Mr. Paris, just to be clear – you no longer blame Mr. Smith for hacking your website, is that correct. Response: "yes your honor". And you no longer believe that Mr. Smith conspired with anyone to hack your website, is that correct?" Response: "yes, your honor."

43. Page 49 line 25 – Marc Smith answered "Yes" – NOT I do not.

44. Page 51 Line 10-14 – Mr. Smith did not receive a copy of the plaintiff's exhibit, even though the cover letter of the exhibit said that it was served to him by US mail. He did not receive a copy until the day of the hearing. Mr. Smith sat through the plaintiff's entire testimony without having access to the plaintiff's exhibit. And why did Mr. Paris apologize for taking the exhibit when he left the witness stand? Was plaintiff's attorney trying to fool the court into thinking that Mr. Smith had access to the plaintiff's exhibits when in fact, this was the first time he had seen it?

45. Page 52 line 20-24, page 53, line1-20 – Why wouldn't the judge allow the reading of the statement from the mediation agreement?

46. Page 54 line 16 – The "SPIRIT" of the mediation is not a valid argument and is misleading – the mediation is binding only to **what was in writing.**

47. Page 55 line 15, line 23 – The judge did not appear to understand the difference in using the WORD elsmar from the WEBSITE www.elsmar.com and Mr. Smith didn't notice the misunderstanding.

48. Page 56 line 24, 25 Page 57 line 1-5. The plaintiff and his attorney continue to make reference to things that were "in the spirit of" and "talked about" during the mediation. All that is legally binding is what was agreed upon in writing and signed. If what was talked about was legally binding, Smith could also be getting sued for the gas station that never was which Mr. Paris whined about on Page 38, line 13-20 of the hearing transcript.

49. Page 62 lines 1-7 - ASSUME? Was it or wasn't it?

50. Page 72 line 8-14 - The Judge said that Mr. Smith would get his chance to refute these unfounded accusations "down the road" on Page 46 Line 11 of the hearing transcript. However, the judge would not allow Mr. smith to respond to any of the accusations, stating that he had "read them". However, on page 11 lines 5 and 6 of the hearing transcript, the judge stated that he had not looked at all of the attachments that Mr. Smith had submitted to the court.

51. Page 73 line 7-15 – Mr. Smith references his exhibits which he had filed with the Court, makes a plea to the judge that he hopes he's read them, but the judge doesn't respond as to whether he has or has not.

52. Page 75 line 11 – Again, this was not posted on elsmar.com. The judge says he doesn't need to go back to 2004, but Google does, and they don't want to.

53. Page 77 line 9-15 This information never appeared on elsmar.com. It was on an old Google "scraping" of an old USENET newsgroup from 2004. The newsgroup still exists, as do postings there, but there is NO way to get

Case 8:15-cv-00011-EAK-TBM   Document 91   Filed 03/30/16   Page 15 of 18 PageID 941

Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016

content removed from a USENET group – This is from the old USENET misc.industry.quality. The Statute of limitations should play into this. Mr. Smith cannot get it removed from Google's "scraping" of the USENET newsgroup misc.industry.quality without a court order. I don't like the content myself. During the Mediation Settlement Agreement Mr. Wohlsifer, Mr. Paris' attorney, said he would write a letter for Mr. Smith to sign and he would take care of it. Now, Mr. Paris' lawyer claims ignorance even though it is written in the agreement. This is just another instance of Mr. Wohlsifer saying one thing and doing another. Also see Court Docket Document 43. Throughout this course of this lawsuit, Mr. Wohlsifer has been repeatedly unresponsive and deceitful. In this aspect, Mr. Wohlsifer wants to change the terms of the Mediation settlement agreement after the fact.

54. Page 78 line 1-11 – Chris Paris also accuses me of destroying his attempts at owning a gas station business that he doesn't have. Just because Chris Paris says something, it doesn't make it so and I hope the court realizes this and deems this the frivolous lawsuit that it is.

55. Page 79 line 19-page 80 1-25 – Mr. Smith lives in Ohio – His "main" computer with all his records are at his residence in Ohio. He was told no electronic devices were allowed in the courtroom, although Plaintiff's attorney had these helpful devices. Living in Ohio and being sued in Florida is a great hardship and Mr. Smith was, and remains, at a significant disadvantage. Even though the judge offered to be fair, it was not feasible.

Case 8:15-cv-00011-EAK-TBM   DOCUMENT 91   Filed 03/30/16   Page 16 of 18 PageID 942

Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016

56. Page 72-95 – Mr. Smith was told throughout this hearing that his time would come when he could refute all allegations made against him by Plaintiff Chris Paris. The judge gave Mr. Paris "all the time he needed" to plead his case (see page 17 line 8 of the hearing transcript) but denied Mr. Smith the same privilege. Mr. Smith, instead of being given the same latitude, was not allowed to "take as much time as he needed", but was continually trying to answer questions by the judge who obviously had very little knowledge of the internet and had no patience for Mr. Smith when he tried to defend himself.

WHEREFORE, SMITH hereby requests that this Honorable Court:

A. Dismiss CHRISTOPHER PARIS/OXEBRIDGE's Claim of Breach of Mediation Settlement Agreement and Joint Stipulation (the Stipulation on Injunction – Court Docket Document 33 and the Mediation Settlement Agreement – Court Docket Document 49).
B. That the Court consider perjury charges against Christopher Paris for lying under oath about his "O-Forum" having been discussed prior to the completion of the Mediation Settlement agreement. There was no mention of his "O-Forum" before or during the Mediation Settlement Agreement meeting, nor was there any mention of "...recouping costs..." by starting his forum in hopes of attracting people who visited Elsmar to his "O-Forum".
C. Sanction CHRISTOPHER PARIS/OXEBRIDGE and CHRISTOPHER PARIS/OXEBRIDGE's attorney as deemed appropriate by the Court for filing a frivolous motion which they knowingly filled with outright lies and misleading verbiage, attempting to deceive the Court, and otherwise attempting to defame and smear SMITH.

Case 8:15-cv-00011-EAK-TBM   Document 91   Filed 03/30/16   Page 17 of 18 PageID 943

Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016

D. Sanction CHRISTOPHER PARIS/OXEBRIDGE's lawyer as deemed appropriate by the Court for submitting a false document to the Court (the Stipulation on Injunction – Court Docket Document 33) and to declare that document void. A licensed lawyer should be ethical and not take advantage of a Pro Se, or any other, Defendant.

E. That CHRISTOPHER PARIS/OXEBRIDGE reimburse SMITH for travel expenses, including travel time, to attend the 16 March 2016 hearing – Approximately US$1300 direct expenses and US$1400 travel time (Total = US$2,700).

F. That CHRISTOPHER PARIS/OXEBRIDGE reimburse SMITH for 98 hours (as of this moment on 27 March 2016) of time spent to respond to the motion at a reasonable rate of US$150/hour.

G. That CHRISTOPHER PARIS/OXEBRIDGE be responsible for paying any/all Court costs and any and all other costs/fees that arise from the CHRISTOPHER PARIS/OXEBRIDGE motion including reimbursing SMITH US$655 for the 7 day transcription fee SMITH had to pay for the hearing transcript.

H. That CHRISTOPHER PARIS/OXEBRIDGE reimburse SMITH for paying Tracey Pratt US$150/hour for 9.5 hours to review and comment on the hearing transcript in coordination with SMITH.

I. That CHRISTOPHER PARIS/OXEBRIDGE be responsible for paying his attorney fees and related costs.

J. Sanction CHRISTOPHER PARIS/OXEBRIDGE from submitting any further motion with regard to any claim of Breach of Mediation Settlement Agreement and/or the Joint Stipulation.

> I declare under penalty of perjury that the forgoing is true and correct.
> Dated and respectfully submitted to the Court using UPS this 29st day of March 2016.

**Case 8:15-cv-00011-T-17TBM – Reply to the Transcript of the Breach of Mediation Settlement Agreement and Joint Stipulation Hearing on 16 March 2016**

        Marc Timothy Smith (SMITH pro se)

By: *[signature]*

8466 Lesourdsville-West Chester Road

West Chester, Ohio 45069-1929

Tel: 513 720-0600

Email: marcsmith102@cinci.rr.com

I certify that a copy of this document is being furnished on the same date to the court and to William R. Wohlsifer, Attorney for PARIS/OXEBRIDGE at:

William R. Wohlsifer

1100 E. Park Ave Ste B

Tallahassee, Florida 32301

(Attorney for PARIS/OXEBRIDGE)

*[signature]*

Marc Timothy Smith (SMITH pro se)