Case 8:15-cv-00011-T-17TBM – Objection to Oxebridge'S "EMERGENCY AMENDED MOTION TO SEAL MARCH 16, 2016 HEARING TRANSCRIPT

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case number: 8:15-cv-00011-T-17TBM

## Objection to Oxebridge'S "EMERGENCY AMENDED MOTION TO SEAL MARCH 16, 2016 HEARING TRANSCRIPT – Docket Document TBD

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

PARIS,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS

SMITH.

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun III
Court: Florida Middle District Court

Case number: 8:15-cv-00011-T-17TBM

COMES NOW the Defendant, Marc Timothy Smith, hereinafter referred to as SMITH, to object to Chris Paris' (herein after referred to as "CHRISTOPHER

<u>Case 8:15-cv-00011-T-17TBM – Objection to Oxebridge'S "EMERGENCY AMENDED MOTION TO SEAL MARCH 16, 2016 HEARING TRANSCRIPT</u>

PARIS/OXEBRIDGE") filed Objection to Oxebridge's "EMERGENCY AMENDED MOTION TO SEAL MARCH 16, 2016 HEARING TRANSCRIPT – Docket Document 86

### Objections

1. Response to "Factual Background"
    a. Lines 1 through 4 – SMITH agrees that each of these line items are factual, although the attorney who wrote this has them out of sequence as to the order by date which is confusing as it does not represent the events in a timeline as they occurred.
    b. Line 5 – Document 76 was "Sealed" and was at no time discussed during the hearing. In PACER it is listed as SEALED, but there is no indication of who made that decision so SMITH assumes it was the Court Clerk's decision. SMITH does believe that Document 76 should not have been sealed, but SMITH does understand the reason at the time which had to do with the upcoming hearing and sealed documents 59 (which SMITH has no idea what it is or who wrote it since SMITH does not have access on PACER to view sealed documents in the docket.), 60 and 61.
    c. LINE 6 – Yes, SMITH did order, and has received an expedited (7 day) transcript. SMITH has to respond to the Court as expeditiously as possible at this time especially in light of the recent events such as the hearing and in response to documents being filed by CHRISTOPHER PARIS/OXEBRIDGE's attorney. CHRISTOPHER PARIS/OXEBRIDGE's attorney can file in PACER. SMITH has to send documents by the USPS which takes 3 to 5 days typically so SMITH is hampered in replying quickly to CHRISTOPHER PARIS/OXEBRIDGE's attorney's motions, etc. By using **BOLD** text, CHRISTOPHER PARIS/OXEBRIDGE's lawyer is insinuating that because SMITH

<u>Case 8:15-cv-00011-T-17TBM – Objection to Oxebridge'S "EMERGENCY AMENDED MOTION TO SEAL MARCH 16, 2016 HEARING TRANSCRIPT</u>

ordered an expedited copy of the hearing transcript something "sinister' is afoot.

### Re: The Memorandum of Law Statement

2. This was a public hearing. A member of the public was present. What is CHRISTOPHER PARIS/OXEBRIDGE wanting to hide? This is a relatively minor case in which the only reason for sealing a transcript, or any of the Court documents, is fear of embarrassment.
3. Mr. Wohlsifer was clearly asked by Judge Thomas B. McCoun III, during the tele-conference of 12 January 2016, if Mr. Wohlsifer, acting as attorney of record for CHRISTOPHER PARIS/OXEBRIDGE, had any objection to Court Docket Documents 59 and 60 being released to the public in PACER. Mr. Wohlsifer said no – He did not object. Mr. Wohlsifer knew that releasing (un-sealing) Court Docket Document 60 would entail exposing the Mediation Agreement to the pubic, and he had no objection. SMITH has nothing to hide so SMITH did not object. SMITH believes all the documents should be available to the public.
4. Mr. Wohlsifer has now assigned Ms. Leighanne Boone, who works for him, to take his place representing CHRISTOPHER PARIS/OXEBRIDGE in this complaint.
5. Local Rule 1.09 "FILING UNDER SEAL" section (a) states:
    "No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of non- parties without either the opportunity or ability to protect themselves."

    SMITH does not believe sealing the Mediation Settlement agreement submitted to the Court meets the requirements of Local Rule 1.09 "FILING UNDER SEAL". Had Mr. Wohlsifer truly wanted to keep the Mediation Settlement agreement

<u>Case 8:15-cv-00011-T-17TBM – Objection to Oxebridge'S "EMERGENCY AMENDED MOTION TO SEAL MARCH 16, 2016 HEARING TRANSCRIPT</u>

confidential he should/would not have submitted it to the Court and settled any issues directly with SMITH.

In addition, the Joint Stipulation on Injunction is a public document so wanting to include this in the "Memorandum of Law" is silly.

6. SMITH objects to placing the hearing transcript under seal. SMITH does not believe there is anything within the Mediation Settlement agreement other than embarrassment to CHRISTOPHER PARIS/OXEBRIDGE.
7. CHRISTOPHER PARIS/OXEBRIDGE's attorney had a *second* opportunity, at the actual hearing, to state any objection to the release of the documents to the public. CHRISTOPHER PARIS/OXEBRIDGE's attorney (Ms. Boone by this time) did not object when the Judge clearly asked if there were any objections at the beginning of the hearing.
8. Now, for what ever reason, after two earlier opportunities to object, which SMITH believes is because of CHRISTOPHER PARIS/OXEBRIDGE's fear of embarrassment, Ms. Boone want to file an "in leave of court" document motion to seal the court transcript and other documents.
9. Ms. Boones states: "…due to the short deadline before the release of the transcript…" – The deadlines are set by Court documents 87 and 88.
10. SMITH believes all the documents related to this lawsuit and the complaint of a Breach of the Mediation Settlement agreement and the Injunction Joint Stipulation, as well as the hearing transcript, should be public, including Court Docket Document 76 of 3/11/2016.

WHEREFORE, SMITH hereby requests that this Honorable Court:

A. Reject CHRISTOPHER PARIS/OXEBRIDGE's request for an "EMERGENCY AMENDED MOTION TO SEAL MARCH 16, 2026 HEARING TRANSCRIPT".

<u>Case 8:15-cv-00011-T-17TBM – Objection to Oxebridge'S "EMERGENCY AMENDED MOTION TO SEAL MARCH 16, 2016 HEARING TRANSCRIPT</u>

> I declare under penalty of perjury that the forgoing is true and correct.
>
> Dated and respectfully submitted to the Court using UPS this 29th day of March 2016.
>
> Marc Timothy Smith (SMITH pro se)
>
> By: *[signature]*
>
> 8466 Lesourdsville-West Chester Road
> West Chester, Ohio 45069-1929
> Tel: 513 720-0600
> Email: marcsmith102@cinci.rr.com

I certify that a copy of this document is being furnished on the same date to William R. Wohlsifer, Attorney for CHRISTOPHER PARIS/OXEBRIDGE at:

William R. Wohlsifer
1100 E. Park Ave Ste B
Tallahassee, Florida 32301
(Attorney for PARIS)

*[signature]*

Marc Timothy Smith (SMITH pro se)