UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually,

        Plaintiffs,                      Case No: 8:15-cv-00011-EAK-TBM

vs.

MARC TIMOTHY SMITH, individually,
and d/b/a CAYMAN BUSINESS SYSTEMS,
        Defendants.
_____/

## PLAINTIFFS' EXCEPTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

**COMES NOW** the Plaintiff, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS, individually (cumulatively "Plaintiffs") by and through the undersigned attorney, pursuant to Florida Rule of Civil Procedure 1.490(h), and files these Exceptions to the Honorable Magistrate Thomas B. McCoun III's Report and Recommendation, dated July 28, 2016, and would show:

1. The subject hearing was on Plaintiffs' Verified Second Notice of Defendants' Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction, Motion to Compel Compliance with Injunction, Motion for Money Damages, and Motion for Attorney's Fees [**Doc #59**].

2. On June 3, 2015, two days prior to Mediation, Plaintiffs filed its Plaintiffs' Notice of Defendant's Breach of Joint Stipulation on Injunction and Violation of Court Order and Motion to Compel Compliance with Joint Stipulation on Injunction [**Doc #48**] ("Plaintiffs' Notice of Violation of Court Order and Motion to Compel Injunction").

3. On June 5, 2015, mediation took place, resulting in full resolution of all matters raised in Plaintiffs' Notice of Violation of Court Order and Motion to Compel Injunction [**Doc #48**].

4. Plaintiffs contend that the Report and Recommendation does not fully reflect the fact that the then-pending Plaintiffs' Notice of Violation of Court Order and Motion to Compel Injunction [**Doc #48**] was the focus of the June 5, 2015 mediation; the two events are wholly inseparable.

5. With regard to the Magistrate's finding on page 29 of the Report and Recommendation [**Doc #99**] (first full paragraph) where the Report states: "As for Defendant allowing Mr. Bardadym to use the name "Elsmar" in a "project" that Plaintiffs suggest was the launch of a new ISO-related forum in Russia . . . . Under the MSA, it was agreed that Defendant retained the ownership and all rights relating to Elsmar Cove, and while he was to close down his website and not open a new one related to the ISO industry, he was not further restricted as the Elsmar Cove or the word Elsmar." This is far from fact. As the lead attorney in attendance at the mediation on June 5, 2015, and as an Officer of the Court, I attest by my signature below that the spirit and threshold condition of the MSA was that Mr. Smith would completely exonerate himself and his related content from the ISO industry in every which way, directly and indirectly. This concession was made solely because Smith claimed to have no money to make the Plaintiff whole for the damages caused by Smith's conduct, leaving the only creative remedy arising at mediation to be the creation of a vacuum in the ISO online forum industry, to generate a possible opportunity for the Plaintiffs to fill and perhaps realize a recoupment of his damages by operation of an alternative ISO forum. Plaintiff

invested in hosts such an ISO forum, but its success was and is foreclosed by the continuation of Elsmar Cove; not just in name, only, but with approximately 2 decades of Elsmar Cove's archives being posted and reactivated, all of which is available online today; in direct derogation of this Honorable Court's Order **[Doc #35]** commanding the parties to comply with the terms of their stipulated injunction, and in further violation of the MSA entered into solely to resolve Plaintiffs' Notice of Violation of Court Order and Motion to Compel Injunction. Indeed, today's Elsmar Cove website goes so far to post a call to voluntarily raise "$80,000" to help Mr. Smith offset his legal expense ($10,000) alleged to have been caused by the Plaintiff.

6. Smith was to do nothing with the URL and tradename Elsmar; whatsoever. At mediation he claimed it was expiring in 30 days and asked to keep it for sentimental value. He breached this concession, contractor to the Magistrate's finding on the top of page 29, as noted above.

7. At the time of filing these Exceptions, what appears to be the entire Elsmar Cove website is back online; commencing shortly after the show cause hearing held on March 16, 2016, that gives rise to this pending ruling.

8. This is no longer about a couple of dozen posts. Defendant's Elsmar Cove website is presently online, interactive, featuring 20 years of previously published archives, fully indexed and hyperlinked for easy identification and view. It can be found at http://www.elsmar.com/. The Court can take judicial notice at any time of the online publication of Mr. Smith's website by simply clicking the hyperlink in this paragraph. Exhibit "A" hereto is a printout of Elsmar Cove's landing page as it appeared on August 11, 2016.

9. Only Mr. Smith has the means to make those archives available to whoever is operating Elsmar Cove, whether through an ISP host in Russia or in Florida, USA. Exhibit "B" hereto is a printout as it appeared on August 11, 2016, of one of many pages containing huge files of historic Elsmar Cove content, every bit of which this Honorable Court ordered to be removed from the Internet in its Order [**Doc #35**] and by subsequent agreement on the part of Mr. Smith when agreeing to the MSA to resolve Plaintiffs' Notice of Defendant's Breach of Joint Stipulation on Injunction and Violation of Court Order and Motion to Compel Compliance with Joint Stipulation on Injunction [**Doc #48**]. This page and its years of hyperlinks can be viewed at http://elsmar.com/Cove_Members/. The Court can take judicial notice at any time of the online publication of Mr. Smith's website by simply clicking the hyperlink in this paragraph.

10. Mr. Smith's complete disregard for this Court's orders, the voluntary mediated settlement agreement entered into with the assistance of counsel, and his disregard for the plain meaning of the Stipulated Injunction is enforceable only through contempt, the goal of which comes at a huge unrecoverable cost to the Plaintiff.

11. Where nominal monetary damages, injunction, settlement agreements, and the threat of contempt all fail to restrain Mr. Smith, the only remaining viable remedy is a finding contained in a court order that can be used to possibly persuade an Internet Service Provider (ISP) to not host or for a search engine like Google to not support Mr. Smith's enjoined content. To this end Plaintiffs requests that the Court's Final Order include language stating that Google, Inc., and similarly situated Internet search engines may accept the Court's Final Order as evidence of specifically identified improper

publications on the part of MARK TIMOTHY SMITH, solely with regard to the online publications for which MARK TIMOTHY SMITH is sanctioned under this Court's Final Order on Plaintiffs' Verified Second Notice of Defendants' Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction, Motion to Compel Compliance with Injunction, Motion for Money Damages, and Motion for Attorney's Fees [**Doc #59**].

12. for causing the identified content to be published. Such language would only have effect is the Plaintiffs herein were to make a request for takedown of such content. To be clear, Plaintiffs do not request any order that commands Google, Inc., or any non-party to this lawsuit to take any action, but merely requests a finding of fact to use as evidence of enjoined publications.

**WHEREFORE** OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC, and CHRISTOPHER PARIS, individually, pray the Court for relief in the form of a Final Order consistent with the Honorable Magistrate's Report and Recommendation, but:

    A. Excepting the Honorable Magistrate's conclusion that the Defendant's breach of the Mediated Settlement Agreement can be disassociated from the Defendant's breach of Plaintiffs' Notice of Defendant's Breach of Joint Stipulation on Injunction and Violation of Court Order and Motion to Compel Compliance with Joint Stipulation on Injunction [**Doc #48**];

    B. Including language in the Court's Final Order generally that Google, Inc. and similarly situated Internet search engine providers may accept the Final Order as evidence of a finding by the Court that the online publications made by MARK TIMOTHY SMITH, for which the Court sanctions Mr. Smith for

causing to be published under this Court's Final Order on Plaintiff's pending motion/Verified Second Notice of Breach  [**Doc #59**] if any such request to takedown the sanctioned publications is made by the Plaintiffs herein.  Albeit, Plaintiff does not request that anything in the Court's Order be deemed to command Google, Inc. or any non-party to comply with any such request that may be made by the Plaintiffs herein; and

**C.** That the Court grant all other relief necessary or proper in the premises as the Court may deem equitable and just, including a reasonable award of attorney's fees incurred by the Plaintiffs as a result of Defendant's breach of Mediated Settlement Agreement and this Court's Order [**Doc #35**] approving Joint Stipulation on Injunction [**Doc #33**].

Respectfully submitted by:

**WILLIAM R. WOHLSIFER, PA**

By:  /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No:  86827
1100 E Park Ave Ste B
Tallahassee, Florida 32301
Tel: (850) 219-8888
Fax: (866) 829-8174
E-Mail:  william@wohlsifer.com;
paralegal@wohsifer.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all parties receiving electronic notification via the CM/ECF filing system as of August 11, 2016, and further certify that a copy has been furnished via U.S. First Class Mail to Marc Timothy Smith, 8466 LeSourdsville-West Chester Road, Olde West Chester, Ohio 45069.

        **WILLIAM R. WOHLSIFER, PA**

        By: /s/ William R. Wohlsifer
        William R. Wohlsifer, Esquire
        Fla. Bar No: 86827