<u>Case 8:15-cv-00011-T-17TBM – Defendant's Response to Docket Document 103 – Plaintiff's Objections</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

**Case number: 8:15-cv-00011-T-17TBM**

**Response to Plaintiff's Objections (Docket Document 103)**

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

"PARIS-OXEBRIDGE" herein.

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS

"SMITH" herein.

---

Presiding Judge: Elizabeth A. Kovachevich

Referring Judge: Thomas B. McCoun III

Court: Florida Middle District Court

---

**Case number: 8:15-cv-00011-T-17TBM**

COMES NOW the Defendant, Marc Timothy Smith, hereinafter referred to as SMITH, to object to Plaintiff's Objections (Court Docket Document 103).

<u>Case 8:15-cv-00011-T-17TBM – Defendant's Response to Docket Document 103 – Plaintiff's Objections</u>

## Line Item Responses to Court Docket Document 103

1. What is disputed is the validity of the hearing based upon what Smith knows to be an illegal document submitted to the Court by PARIS-OXEBRIDGE's attorney (see Court Docket Document 74 and Court Docket Document 102, Paragraphs 4, 5 and 6).
2. Smith believes, and PARIS-OXEBRIDGE has stated in Court Docket Document 103, Court Docket Document 48 was superseded/included in the MSA - Court Docket Document 59 on which the hearing was held. Thus, SMITH believes Court Docket Document 48 is moot –See 3 below.
3. OXEBRIDGE-PARIS's attorney concedes Court Docket Document 48 was incorporated into the Mediation Settlement Agreement of 5 June 2015 and as such is moot.
4. See 3 above.
5. The Mediation Settlement Agreement is a contract. Using the words "…spirit and threshold of the agreement…" sounds nice, but the words of the agreement are what matter. If PARIS-OXEBRIDGE's attorney has an audio recording or transcript, SMITH believes he should submit it to the court. SMITH never said, or agreed to, in any way, including SMITH's attorney "…that Mr. Smith would completely exonerate himself and his related content from the "ISO industry" in every which way, directly and indirectly. The Mediation Settlement Agreement is also so vague that not even what constitutes "The ISO Industry" is defined in any way. PARIS-OXEBRIDGE's attorney had the chance to do so, and to include in the MSA "…that Mr. Smith would completely exonerate himself and his related content from the ISO industry in every which way, directly and indirectly…". Those words are not in the agreement. Period. Nor did SMITH verbally agree to such terms.
    a. Nowhere is there ANY "…Indeed, today's Elsmar Cove website goes so far to post a call to voluntarily raise "$80,000" to help Mr. Smith offset his

legal expense ($10,000) alleged to have been caused by the Plaintiff." This is another phantom statement. As SMITH has stated in Court Docket Document 102, SMITH's legal and related expenses were approximately US$40,000. SMITH has no idea where OXEBRIDGE-PARIS's attorney has come up with the figures he has quoted.

b. SMITH has no "Fundraizr" or other fund raising account, nor has SMITH, or anyone else to SMITH's knowledge, set up any kind of fundraiser. Several people have asked about one, but one does not exist. If one does, SMITH is totally unaware of it, isn't getting any money from it, and notably, as seems to be often, PARIS-OXEBRIDGE's attorney offers no evidence. This is more "mud against the wall". It is of public record that PARIS-OXEBRIDGE is seeking to raise money to cover his various legal



costs:

c. SMITH has addressed the Baradym website and has submitted to the court the single email exchange. There was no "project" which in any way involved SMITH, and SMITH has and had no association with Baradym in any way, shape or form at any time. This claim by PARIS-OXEBRIDGE has been totally debunked.

d. SMITH provided his then attorney with copies of his tax returns and bank statement which he undoubtedly shared with PARIS-OXEBRIDGE's attorney so it was no secret prior to, and during, the MSA that SMITH had no significant assets and no significant income other than about US$1270.00/month in Social Security.

e. As per Section 1, sub-2, paragraph D it clearly states that SMITH retains all ownership and rights relating to www.elsmar.com. SMITH signed the agreement ONLY because of that specific part of the agreement. SMITH's attorney assured SMITH at the time that it would allow SMITH to sell, or simply give away, www.elsmar.com and its contents.

f. SMITH allowed PARIS-OXEBRIDGE over 9 months to start a forum and get it up and running prior to *giving* www.elsmar.com and SMITH's rights to, and its contents to Peachfarm Internet Properties of Zurich Switzerland in late March of 2016. Mr. Peachfarm can be reached at peachfarmllc@neomailbox.ch. SMITH has complied with the terms set forth in the MSA. The time for PARIS-OXEBRIDGE's attorney to include extra language into the MSA has passed. Note that there is no mention anywhere in the MSA or Stipulation on Injunction specifically about the content of Elsmar.com.

g. Elsmar.com is today, and has been for quite a few years, a Medical Device and general Quality Assurance forum which is totally unrelated to PARIS-OXEBRIDGE's field of practice and expertise and as such causes PARIS-OXEBRIDGE no harm finically or otherwise. It is a diverse discussion forum in which the numerous "ISO" standards discussed are a small part. See Exhibit "A".

6. SMITH never said he would do nothing with the url and Elsmar is a street name in Ft. Thomas, Kentucky. It is not a "trade name". Nor did SMITH claim the Domain Name would expire in 30 days. The Domain Name was paid up until 2019 and PARIS-OXEBRIDGE knew it. In fact, a copy of the domain name registration at the time was presented to the court in the original complaint as evidence that SMITH owned the domain at the time and it is shown there that the Domain Name was not about to expire. SMITH only agreed to take the Elsmar.com website off-line within 30 days, and within 30 days all content was removed. The MSA does not speak of the *content* of Elsmar.com anywhere in the MSA. SMITH can not be held responsible for the poorly worded, ambiguous content of the MSA.

7. See 5 f herein above.

8. As per the MSA, SMITH took advantage of Section 1, sub-2, paragraph D. SMITH never stated, nor did the MSA address "…Smith was to do nothing with the URL and tradename Elsmar…". SMITH again points out that "Elsmar" is a street name and SMITH holds no copyright or other claim of any kind on that street name. Anyone can use it however they like and SMITH has no cause to complain. As stated above, had PARIS-OXEBRIDGE's attorney wanted that in the MSA, he should have included it. SMITH would not have signed had that been the agreement. Nor is there any content in the agreement that states SMITH could not sell or give away Elsmar.com and its content. If PARIS-OXEBRIDGE's attorney wants to try to amend the MSA, the MSA clearly states in Section 6 a means to do so. However, SMITH will not agree to PARIS-OXEBRIDGE's attempt to change any part of the agreement. Also see Section 7 of the agreement.

9. Refer to Section 1, sub-2, paragraph D of the MSA, and to 6 e herein above. There is nothing in either the Stipulated Injunction or MSA that prohibits SMITH from giving away the content of Elsmar.com. In addition, all content has been scrupulously reviewed so there is no mention, directly or indirectly, of Oxebridge or Christopher Paris anywhere – Forum posts or elsewhere. Starting in February

Case 8:15-cv-00011-T-17TBM – Defendant's Response to Docket Document 103 – Plaintiff's Objections

2015 SMITH scrupulously read *every* post in *every* discussion thread (over 240,000 individual posts which took nearly a week to do) and ensured **all** references to Christopher Paris and/or Oxebridge, as few as there were, were removed. See Exhibit "C". SMITH has copies, as evidence, of all 17 discussion threads prior to, and after editing (or total deletion such as discussion thread 1815) and will willingly submit them to the Court to show that SMITH has made an exceptional effort to ensure nothing, even tangentially, mentions Christopher Paris and/or Oxebridge in an attempt to appease PARIS-OXEBRIDGE. All the while, PARIS-OXEBRIDGE, from January 2015 through July 2015, continually published the following on his public Oxebridge website:



SMITH Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069 Tel: 513 720-0600
Page 6 of 11 - Printed August 18, 2016

10. There has been no evidence submitted that SMITH has caused PARIS-OXEBRIDGE any harm financially or otherwise. The fact is that PARIS-OXEBRIDGE filed the lawsuit probably did PARIS-OXEBRIDGE the much harm. Now that the proceedings have become public, SMITH is relatively sure PARIS-OXEBRIDGE is doing himself significantly more reputational harm.
11. See 9 above.
12. While this is not a legal term, SMITH replies with "Poppycock". SMITH has abided by all terms and conditions of the Stipulation on Injunction and MSA as is evidenced by multiple documents and evidence submitted to the court.

**Summary**

SMITH believes that PARIS-OXEBRIDGE's attorney is wasting the Courts time with unsubstantiated allegations, taking liberties to try to assign his failure to ensure a solid MSA when he had the chance to, by using words in his response (Court Docket Document 103) such as "...spirit and threshold of the agreement..." because the MSA content is now shown to be what SMITH stated in earlier Court filings – Vague and open to significant interpretation in large part because it was getting late and the attorneys, and the mediator, wanted to wrap things up and get home for dinner rather than come up with a solid, defined MSA. PARIS-OXEBRIDGE's attorney had the chance to ensure a robust, well defined document but failed to do so. The text of the MSA speaks for its self.

SMITH also states that PARIS-OXEBRIDGE's attorney is outright lying when he states things like: "...as an Officer of the Court, I attest by my signature below that the spirit and threshold condition of the MSA was that Mr. Smith would completely exonerate himself and his related content from the ISO industry in every which way, directly and indirectly." SMITH *never* agreed to that, nor was it every spoken of as a condition or discussed. It is outright, knowingly false, just as is his statement that: "...today's Elsmar Cove website goes so far to post a call to voluntarily raise "$80,000" to help Mr. Smith offset his legal expense ($10,000) alleged to have been caused by the Plaintiff." See 5 a

<u>Case 8:15-cv-00011-T-17TBM – Defendant's Response to Docket Document 103 – Plaintiff's Objections</u>

above herein. Another complete lie/fabrication by, of all things, an attorney, "…an Officer of the Court…". If PARIS-OXEBRIDGE or his attorney would state that publically (as opposed to in a Court Document), SMITH would file a Federal Civil Lawsuit against him for libel. I am able to borrow US$400 to file it in Cincinnati - Southern District of Ohio to do so.

This is just like during the hearing where PARIS-OXEBRIDGE submitted "evidence" suggesting SMITH, or someone else associated in some way with SMITH, in some way "hacked" Oxebridge's website when Christopher Paris himself defaced his own website purposely to defame SMITH as has been proved by examination of the posted graphic file's EXIM meta-data showing the graphic was created and manipulated by software licensed by Chris Paris. Another example that PARIS-OXEBRIDGE knowingly submitted false, misleading "evidence" to the Court in an attempt to smear SMITH. Is this not a form of perjury?

PARIS-OXEBRIDGE's tactics continue to be antagonistic as shown in Exhibit "B". SMITH believes PARIS-OXEBRIDGE's loss of business is solely due to his continuous accusations against companies, organizations and individuals thus alienating himself from the business community and many influential individuals. SMITH, on the other hand, has spent over 20 years helping people through The Elsmar Cove forum at no cost to them. An example of the appreciation of the good will SMITH has spread over the

Case 8:15-cv-00011-T-17TBM – Defendant's Response to Docket Document 103 – Plaintiff's Objections

years:



SMITH is totally agreeable for this to stop here and now. PARIS-OXEBRIDGE has attained the publicity he was seeking by filing the lawsuit (not to mention his 2014 "Tweets"). The lawsuit is technically settled and continuing this Complaint is not going to gain anyone anything. SMITH goes his way and Christopher Paris goes his way with each absorbing his own costs, and get on with life. SMITH will continue to help people, pro-bono. SMITH assumes that PARIS-OXEBRIDGE will continue to defame and libel companies, organizations and individuals publically on his Oxebridge website if history holds.

WHEREFORE, SMITH hereby requests that this Honorable Court:

<u>Case 8:15-cv-00011-T-17TBM – Defendant's Response to Docket Document 103 – Plaintiff's Objections</u>

A. Investigate whether Christopher Paris perjured himself during the hearing and knowingly submitted false and/or manipulated evidence to the Court.
B. Dismiss in whole PARIS-OXEBRIDGE's Court Docket Document 59 and to disregard accusations presented by PARIS-OXEBRIDGE in Court Docket Document 103.
C. Withdraw, "hold" or negate Court Document 99 until such time as the Court can ascertain the validity/legality of the Stipulation on Injunction which SMITH states he believes is invalid/illegal for reasons stated herein and the applicable referenced Court documents in other filings.
D. Withdraw or otherwise negate Court Document 99 until such time as it is determined whether in fact Christopher Paris did commit perjury during the hearing as noted in Court Docket Document 102 Exhibit D and Court Docket Document 83.
E. That PARIS-OXEBRIDGE pay all costs associated with SMITH's responding to this Complaint by PARIS-OXEBRIDGE.

I declare under penalty of perjury that the forgoing is true and correct.
Dated and respectfully submitted using UPS this 18th day of August 2016.

Marc Timothy Smith (SMITH pro se)

By: *Marc Smith*
8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069-1929
Tel: 513 720-0600

<u>Case 8:15-cv-00011-T-17TBM – Defendant's Response to Docket Document 103 – Plaintiff's Objections</u>

I certify that a copy of this document is being furnished on the same date to the court and to William R. Wohlsifer, Attorney for PARIS by entry into PACER when received and entered by the Court Clerk.

William R. Wohlsifer
1100 E. Park Ave Ste B
Tallahassee, Florida 32301
(Attorney for PARIS)


Marc Timothy Smith (SMITH pro se)