UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC and
CHRISTOPHER PARIS, individually,

      Plaintiffs,

v.                                  Case No: 8:15-cv-11-T-17TBM

MARC TIMOTHY SMITH, individually,

      Defendant.
_____

## ORDER ADOPTING REPORT & RECOMMENDATION

This cause comes before the Court pursuant to the *Report and Recommendation* (Doc. No. 99) (the "**R&R**") entered by United States Magistrate Judge Thomas B. McCoun, III on July 28, 2016.  Through the R&R, Magistrate McCoun recommends that the Defendant, March Timothy Smith ("**Smith**" or the "**Defendant**") be sanctioned $1,000 for failing to comply with the *Joint Stipulation on Injunction* (Doc. No. 33) (the "**Joint Stipulation**").  The Defendant filed objections to the R&R on August 5, 2016 (Doc. No. 102) (the "**Defendant's Objections**"), and the Plaintiffs, Oxebridge Quality Resources International, LLC ("**Oxebridge**") and Christopher Paris ("**Paris**") (collectively, the "**Plaintiffs**"), filed their own objections to the R&R on August 11, 2016 (Doc. No. 103) (the "**Plaintiffs' Objections**").  For the reasons set forth below, the R&R is **ADOPTED AND INCORPORATED BY REFERENCE**.

## I.   Introduction

This case is the latest battle front in the long-standing cyber feud between Paris and Smith.  Based on the record before this Court, two things are abundantly clear: (1)

Paris and Smith run competing websites, and (2) Paris and Smith really do not like one another.  A typical interaction between Paris and Smith plays out something like this: (1) someone, probably Smith, makes a nasty online post about Paris, (2) Paris defends himself and in so doing further antagonizes Smith, and (3) Smith responds in kind.  This pattern has undoubtedly repeated itself numerous time, all the while drawing in casual observers and internet "trolls" who relish in the opportunity to further antagonize the protagonists.

This destructive cycle came to a crescendo in 2015 --- when Paris filed this lawsuit against Smith.  Smith, to no surprise, vigorously defended himself and cast further aspersions on Paris.  Mercifully, however, the parties appeared to gain some traction between March and June of 2015.  First, in March 2015, Smith and Paris entered into the Joint Stipulation --- essentially a "cease fire" --- that prohibited the parties from disparaging one another during the lawsuit.   Second, in June 2015, the parties participated in a mediation, which resulted in (1) the execution of a Mediated Settlement Agreement (defined below), and (2) dismissal of this case with prejudice.  Predictably, the truce was short-lived, and three months later the Plaintiffs were back before the Court seeking to compel Smith to comply with the terms of the Joint Stipulation and Mediated Settlement Agreement.

Magistrate McCoun conducted an evidentiary hearing on the Motion to Compel (defined below) and, based on the parties' testimony, recommends that Smith be sanctioned $1,000 for two violations of the Joint Stipulation.  As discussed below, the Court concurs with the Magistrate's recommendations.

## II.    Background

The Plaintiffs commenced this case by filing a complaint (Doc. No. 1) (the "**Complaint**") against the Defendant on January 5, 2015.  Through the Complaint, the Plaintiffs assert claims for unfair competition, extortion, defamation, and libel, among others.  On February 3, 2015, the Plaintiffs filed a motion for preliminary injunction (Doc. No. 9) (the "**Preliminary Injunction Motion**"), seeking to enjoin the Defendant from, among other things, making "libelous and defamatory postings on his website, www.Elsmar.com."

On March 19, 2015, the parties filed the Joint Stipulation, thereby resolving the Preliminary Injunction Motion.   The Joint Stipulation is signed by the Plaintiffs, the Defendant, and the Plaintiffs' attorney, William Wohlsifer.  Pursuant to paragraph 5 of the Joint Stipulation, Smith agreed to "refrain from publishing commentary on the personal, professional, business or other affairs of PARIS and OXEBRIDGE." (Joint Stipulation, at ¶ 5).  Moreover, Smith agreed to (a) "remove all posts, links and other subject matter mentioning OXEBRIDGE or PARIS currently on the Elsmar.com Internet forum;" (b) "remove any online commentary regarding OXEBRIDGE or PARIS authored by SMITH on any other website;" (c) "not publish any new content about OXEBRIDGE or PARIS on the Elsmar.com Internet Forum;" (d) "moderate users of the Elsmar.com Internet Forum from making any mention of OXEBRIDGE or PARIS;" and (e) "remove any future posts, links or other mentioning of OXEBRIDGE or PARIS by any other party on the Elsmar.com Internet Forum." (Joint Stipulation, at ¶ 5).   In exchange, the Plaintiffs agreed to "not publish any new content on the personal (sic), about SMITH or CAYMAN BUSINESS SYSTEMS on any website," and to "withdraw their Motion for Preliminary Injunction." (Joint Stipulation, at ¶¶ 6-7).

The Court entered an order on March 23, 2015, pursuant to which it approved the Joint Stipulation (Doc. No. 35) (the "**Order Approving Joint Stipulation**"). The Order Approving Joint Stipulation reserved jurisdiction to enforce the terms of the Joint Stipulation.

Approximately 10 weeks later, on June 9, 2015, a mediation report was filed indicating that the parties had reached a full settlement. (Doc. No. 49). As a result, the Court entered an order administratively closing the case for a period of two months pursuant to Local Rule 3.08. (Doc. No. 50). On July 2, 2015, the Plaintiffs and the Defendant filed a joint stipulation of dismissal with prejudice (Doc. No. 52) (the "**Stipulation of Dismissal**"). Pursuant to the Stipulation of Dismissal, the parties agreed to dismiss "all claims and counterclaims, which were asserted or which could have been asserted in this action, with prejudice." The Stipulation of Dismissal further provided that the Joint Stipulation "shall survive dismissal of this case." On July 6, 2015, the Court entered an endorsed order dismissing the case with prejudice pursuant to the Stipulation of Dismissal. (Doc. No. 53).

On September 30, 2015, the Plaintiffs filed a verified motion to compel compliance with the Joint Stipulation (Doc. No. 59) (the "**Motion to Compel**"). Pursuant to the Motion to Compel, the Plaintiffs accuse the Defendant of breaching the Joint Stipulation and a separate mediated settlement agreement entered into at the mediation (the "**Mediated Settlement Agreement**").[1] On November 24, 2015, the Court ordered the Plaintiffs to

---

[1] The Mediated Settlement Agreement was never presented to the Court prior to the dismissal of the case.

effectuate proper service of the Motion to Compel on the Defendant, and referred the Motion to Compel to Magistrate McCoun for a report and recommendation (Doc. No. 64).

On January 13, 2016, Magistrate McCoun entered an order to show cause why the Defendant should not be held in contempt for breaching the Mediated Settlement Agreement and the Joint Stipulation, and scheduled a show cause hearing for March 16, 2016. (Doc. No. 69).   Thereafter, the Defendant filed a series of motions seeking to invalidate the Joint Stipulation, claiming that he never signed the version of the Joint Stipulation that was filed with the Court (Doc. Nos. 70 & 74) (the "**Motions to Invalidate Joint Stipulation**").

Magistrate McCoun conducted the show cause hearing on March 16, 2016 (the "**March 2016 Hearing**").   The Plaintiffs and the Defendant were present and testified regarding the alleged breaches of the Joint Stipulation and Mediated Settlement Agreement.   Magistrate McCoun also inquired of the Defendant regarding the positions taken in the Motions to Invalidate Joint Stipulation.

On July 28, 2016, Magistrate McCoun entered the R&R.  Prior to addressing the merits of the Motion to Compel, the Magistrate Judge considered whether the Court has jurisdiction to redress the alleged violations of the Joint Stipulation and Mediated Settlement Agreement.   The Magistrate Judge concluded that the Court has jurisdiction to enforce the Joint Stipulation, based on the parties' reservation of jurisdiction for that purpose in their Stipulation of Dismissal.   However, the Magistrate Judge determined that the Court lacks jurisdiction to enforce the Mediated Settlement Agreement, which can only be enforced through the filing of a separate lawsuit.

As to the merits of the Motion to Compel, the Magistrate Judge determined that the Plaintiffs adequately proved two separate breaches of the Joint Stipulation. First, the Magistrate Judge determined that Smith violated paragraph 5 of the Joint Stipulation by making disparaging statements regarding the Plaintiffs in a LinkedIn post. Second, the Magistrate Judge found that Smith also breached paragraph 5 of the Joint Stipulation by failing to take steps necessary to remove offending postings from the Google Groups and Quality1Stop websites.

Smith filed his objections to the R&R on August 5, 2016, through which he largely reasserts his arguments from the Motion to Invalidate Joint Stipulation. With respect to the two violations of the Joint Stipulation identified in the R&R, Smith argues that the Google Groups postings can only be removed by a Court order, and that the Plaintiffs failed to provide him with documentation necessary to obtain such an order. With respect to the Quality1Stop posts, Smith provides documentation that during August 2016 he emailed and placed telephone calls to Quality1Stop representatives, but has not been unable to elicit any response or assistance removing the posts.

The Plaintiffs filed their objections to the R&R on August 11, 2016. In the Plaintiffs' Objections, the Plaintiffs argue that the Mediated Settlement Agreement and Joint Stipulation are essentially one in the same and, as a result, may be considered and enforced as an integrated document. The Plaintiffs also introduce new evidence that the entire www.Elsmar.com website is back online, in blatant violation of the Mediated Settlement Agreement.

## III.   Legal Standard

Under the Federal Magistrate's Act ("**Act**"), Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter

pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to "submit to the judge of the court proposed findings of fact and recommendations for the disposition" by an Article III judge. 28 U.S.C. § 636(b)(1)(B). "Within fourteen days after being served with a copy [of a magistrate's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1). On review by the district court, "the court shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.* When no timely and specific objections are filed, case law indicates the court should review the findings using a clearly erroneous standard. *Gropp v. United Airlines, Inc.*, 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

## IV. Legal Analysis

### A. The Plaintiffs' Objections

With respect to the Magistrate Judge's jurisdictional findings, the Plaintiffs argue that the Mediated Settlement Agreement was entered into as a result of the Defendant's previous breaches of the Joint Stipulation and, as a result, that "the two events are wholly inseparable." (Plaintiffs' Objections, at ¶ 4). The Plaintiffs do not, however, cite any authority for the proposition that the Court has subject matter jurisdiction to redress the alleged breaches of the Mediated Settlement Agreement. In fact, the Plaintiffs' Objections do not include a single citation to legal authority, much less any authority demonstrating that this Court has jurisdiction to enforce the Mediated Settlement Agreement. In light of the foregoing, the Court agrees with Magistrate McCoun's well-reasoned analysis. As Magistrate McCoun noted, this case was dismissed *with prejudice*, the Plaintiffs' claims were released pursuant to the Mediated Settlement Agreement, and the Court retained jurisdiction only for purposes of enforcing the Joint Stipulation. The fact that the

Defendant's alleged breaches of the Joint Stipulation ultimately resulted in the parties agreeing to the terms of the Mediated Settlement Agreement does not change this result, and it certainly does not grant this Court jurisdiction to enforce the Mediated Settlement Agreement.   Thus, the Court will restrict its remaining analysis to whether the Plaintiffs proved the Defendant violated the terms of the Joint Stipulation.

Turning to the merits of the Motion to Compel, paragraph 5 of the Joint Stipulation generally prohibits Smith from directing derogatory content towards Oxebridge and Paris. The   Joint   Stipulation   does   not,   however,   prohibit   Smith   from   operating   the www.Elsmar.com website or require him to extricate himself from the ISO industry.  These obligations, to the extent such obligations exist, are conditions of the Mediated Settlement Agreement --- not the Joint Stipulation.  Thus, the Plaintiff's objections to the R&R based on the re-posting of the www.Elsmar.com website are without merit, as the Court lacks jurisdiction to enforce the Mediated Settlement Agreement.

Lastly, the Plaintiffs request that the Court "[i]nclud[e] language in the Court's Final Order generally (sic) that Google, Inc. and similarly situated Internet search engine providers may accept the Final Order as evidence of a finding by the Court that the online publications made by MARK TIMOTHY SMITH, for which the Court sanctions Mr. Smith for causing to be published under this Court's Final Order on Plaintiff's pending motion/Verified Second Notice of Breach **[Doc # 59]** if any such request to takedown the sanctioned publications is made by the Plaintiffs herein."   As an initial matter, the requested language is incomprehensible and, for that reason alone, will not be included in any order of the Court.  Second, the Plaintiffs did not request this relief in the Motion to Compel and, as a result, the request is procedurally improper.   Third, and most

importantly, the Plaintiffs have not provided the Court with any legal authority demonstrating that they are entitled to such relief. It is inconceivable to the Court how the Plaintiffs expect the Court to add additional language to an order without any legal justification. Thus, the Plaintiffs' request is denied.

### B.   The Defendant's Objections

Smith's objections to the R&R are largely based on his argument that the Joint Stipulation is invalid because he did not actually sign that document. The Defendant's argument is belied by the Joint Stipulation itself, which clearly bears his signature. Moreover, Magistrate McCoun asked Smith whether he signed the Joint Stipulation at the March 2016 Hearing. Smith indicated that he pasted an image of his signature onto page four of the Joint Stipulation, but expressed a belief that the Joint Stipulation is not a binding contract because he signed the Joint Stipulation with the understanding that the Plaintiffs' attorney, Mr. Wohlsifer, was going to make additional revisions to the Joint Stipulation. *See* (Tr. of March 2016 Hearing, at 64:17—65:15). This argument is without merit. To the extent that Smith intended for Mr. Wohlsifer to make additional revisions to the Joint Stipulation, he should have withheld his signature until the changes had been made. By affixing his signature to the Joint Stipulation, Smith indicated his asset to the terms of that document. Thus, Smith is bound by the terms of the Joint Stipulation.

Turning to the Defendant's objections to the merits of the R&R, the Court is confident that the Magistrate Judge's recommendations are correct and well-reasoned. With respect to the Quality1Stop postings, the actions Smith claims to have taken to remove the posts did not occur until *after* the Magistrate Judge entered the R&R. The $500 sanction for failing to remove those posts, in contrast, was based on Smith's failure to remove the offending postings long prior to the entry of the R&R. Thus, the Defendant's

objection is without merit.  With respect to the Defendant's LinkedIn posting, the Defendant admits that he made the posting, but argues the Plaintiffs brought it on themselves by making previous postings about the lawsuit on their own website.  Frankly, the "he hit me, so I hit him back" defense is more appropriate for the playground than for federal court.[2]  This Court is here to serve the interests of the public --- and by extension the Plaintiffs and Defendant --- by seeing that justice is administered efficiently and fairly. This will be best accomplished by bringing this dispute to a prompt resolution.  Given the absence of any grounds for disturbing Magistrate McCoun's recommendations, both parties' objections are overruled.

## V.  Conclusion

Accordingly, it is

**ORDERED** that the R&R is **ADOPTED AND INCORPORATED BY REFERENCE**. The Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as set forth in the R&R.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 14th day of September, 2016.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The pleadings filed in this case are not at a level appropriate for federal court.  This applies equally to the Defendant, who is proceeding *pro se*, and the Plaintiffs, who are not.