UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually,

    Plaintiffs,                                                    CASE NO.: 8:15-CV-11-T-17TBM

v.

MARC TIMOTHY SMITH, individually,
and d/b/a CAYMAN BUSINESS SYSTEMS,

    Defendants.
_____/

## MOTION FOR LIMITED REASONABLE AWARD OF ATTORNEY'S FEES

    COMES NOW the Plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS, (cumulatively "Plaintiffs") by and through their undersigned attorney, and move this Honorable Court for an award of limited reasonable attorney's fees, same to be taxed joint and severally against defendants MARC TIMOTHY SMITH, individually, and d/b/a CAYMAN BUSINESS SYSTEMS ("Defendants") and would show as follows:

1. On October 22, 2014, the Plaintiffs retained the law firm of William R. Wohlsifer, PA, and paid an advanced retainer to secure money damages and injunctive relief arising from continuous and varied forms of defamatory and oppressive behavior by Defendants, resulting in loss of goodwill, compensation, and business opportunities to Plaintiffs.

2. Attorneys for William R. Wohlsifer, PA represented Plaintiffs in all aspects of this action.

3. Plaintiffs'' counsel's, William Wohlsifer, Esquire, and William R. Wohlsifer, PA, Verified Statement of Attorney's Time (Limited) [**Doc #110**] filed in support of this motion on

September 28, 2016 and the billing statements attached thereto **[Doc #110-2-6]** are hereby adopted and fully incorporated into this motion and reflect **the limited sum of $12,846.25** incurred by Plaintiffs in this action for the limited tasks for which Plaintiffs prevailed in their Motion for Breach of Joint Stipulation. (**The actual sum of attorney's fees and costs incurred by Plaintiffs in this action is $42,261.42**.)

### 4. Statement of Relevant Facts

5. On January 5, 2015, Plaintiffs commenced this action with the filing of their Complaint for Unfair Competition, and other counts, generally alleging that SMITH was defaming and interfering with Plaintiffs reputation and business opportunities. **[Dkt. 1]**

6. On March 19, 2015, the parties jointly filed a Joint Stipulation on Injunction ("Joint Stipulation"). [**Dkt. 33**].

7. On March 23, 2015, the Court approved the Joint Stipulation and ordered the parties to comply with its terms. **[Dkt. 35].**

8. In paragraphs 5(b) of the Joint Stipulation, SMITH agreed to:

    remove any online commentary regarding OXEBRIDGE or PARIS authored by SMITH on any website, social network, or any other manner of technology or communication now known or later to become known.

9. In paragraph 5(c) of the Joint Stipulation, SMITH agreed to:

    . . . not publish any new content about OXEBRIDGE or PARIS on the Elsmar.com Internet Forum, any other website, social network, or any other manner of technology or communication now known or later to become known, whether under his real name, anonymously or pseudonymously, or through the collaboration of any third party.

10. On June 3, 2015, plaintiffs filled its [First] Notice of Defendant's Breach of Joint Stipulation on Injunction and Violation of Court Order and Motion to Compel Compliance with Joint Stipulation on Injunction. [**Dkt. 48**].

11. On June 5, 2015, the parties entered into a confidential Mediation Settlement Agreement to resolve the issues raised in Plaintiff's Notice of Defendant's Breach of Joint Stipulation, etc. [**Doc #48**].

12. On June 9, 2015, the Court entered its Endorsed Order directing administrative closure of this case [**Dkt. 50**].

13. On July 7, 2015, Parties filed Joint Stipulation of Dismissal with Prejudice [**Doc #52**].

14. On September 24, 2015, Plaintiff's filed (Under Seal) Plaintiffs' Verified Second Notice Of Defendants' Breach Of Mediation Settlement Agreement And Joint Stipulation On Injunction, Motion To Compel Compliance With Injunction, Motion For Money Damages, And Motion For Attorney's Fees [**Dkt. 59**] alleging, among other things, that SMITH violated the Joint Stipulation by posting on his personal www.linkedin.com page that this lawsuit's "outcome was criminal' leading to other users' contributing posts in this vein, and that SMITH further breached the Joint Stipulation by his failing to permanently remove content published by him on numerous Google Group threads and www.quality1shop.com.

15. On March 16, 2016, the Parties were heard on the merits and testimony was taken in open court on this Court's Order to Show Cause Why Defendant Should Not Be Held in Contempt or Otherwise Sanctioned for Breaching the Mediation Settlement Agreement and Joint Stipulation on Injunction [**Doc #69**].

16. On July 28, 2016, The Honorable U.S. District Court Magistrate Judge McCoun, III, filed his Report & Recommendation [**Doc #99**].

17. On September 14, 2016, The Honorable U.S. District Court Judge, filed her Order Adopting Report & Recommendation [**Doc #105**].

18. Attorney's fees and costs incurred since the date of the filing of the Original Complaint in this action is the sum of **$42,261.42**, inclusive of attorney-supervised law clerk time. **However**, with the Report and Recommendation [**Doc #99**] of The Honorable U.S. District Court Magistrate Judge McCoun, III, adopted under Order [**Doc #105**] the Court granted a partial recovery of attorney's fees and costs incurred by Plaintiffs herein, but limited the award to be consistent with the level of success at which Plaintiffs prevailed. More specifically, the adopted Report and Recommendation states:

> I conclude further that a limited award of attorneys' fees and costs is warranted because Plaintiffs achieved some success of the instant Motion. I recommend that Plaintiffs' counsel be directed to file a pleading directed to fees and costs incurred in connection with their Motion with fifteen (15) days of the Court's Order on this Report and Recommendation.

Report and Recommendation" [**Doc #99**]; Order [**Doc #105**].

19. Attorney's fees incurred since the June 3, 2015, commencing with the filing of Plaintiff's Notice of Defendant's Breach of Joint Stipulation on Injunction and Violation of Court Order and Motion to Compel Compliance with Joint Stipulation on Injunction (**Doc #48**) through entry of this Court's Order Adopting Report & Recommendation (**Doc #105**) comprise the limited period of time during which the attorney's fees incurred by Plaintiffs may be offset by an award against Defendants, for having caused the need for legal counsel to bring forth Plaintiffs' motions and be heard on same.

20. The collaborating testimony as to the reasonableness of William R. Wohlsifer, PA limited fee sought will be verified by an expert proffered for testimony and cross-examination.

## Argument

21. When considering an application for compensation, the Court may consider the lodestar principle to determine a proper fee award. *Pennsylvania v. Delaware Valley Citizens'*

*Counsel*, 478 U.S. 546 (1986). The lodestar principle is based on multiplying the reasonable number of hours expended on services by a reasonable rate. *Id*.

22. After determining the appropriate fee according to the lodestar method, this Court may consider other factors to adjust the fee upward or downward. *Hensley v. Exkerhardt*, 461 U.S. 424 (1983); *see Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-19 (5th Cir. 1974).

23. In adjudicating a reasonable fee, generally[1] the twelve (12) factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) and reaffirmed by the Eleventh Circuit in *Cable/Home Communications Corp*:

> In *Johnson*, the following considerations were found to be relevant to the determination of a reasonable attorney's fee award:
>
> 1) the time and labor required;
> 2) the novelty and difficulty of the questions;
> 3) the skill requisite to perform the legal service properly;
> 4) The preclusion of other employment by the attorney due to the acceptance of the case;
> 5) the customary fee;
> 6) whether the fee is fixed or contingent;
> 7) time limitations imposed by the client or the circumstances;
> 8) the amount involved and the result obtained;
> 9) the experience, reputation, and ability of the attorney's;
> 10) the "undesirability" of the case;
> 11) the nature and length of the professional relationship with the client's and
> 12) awards in similar cases.
>
> *Cable/Home Commc'n Corp. Network Prod.*, 902 F.2d 829, 853 n.37 (11th Circ. 1990) (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

---

[1] In establishing a reasonable rate based on a written hourly fee agreement, a court should assume the fee will be paid irrespective of the result, and take into account all of the factors except the 'time and labor required,' the 'novelty and difficulty of the question involved,' the 'results obtained,' and '[w]hether the fee is fixed or contingent.' *Freedom Savings and Loan Ass'n v. Biltmore Construction Co.*, 510 So.2d 1141 (Fla. 2d DCA 1987). (*citing Florida's Patient's Compensation Fund v. Rowe,* 472 So.2d 1145, 1150 (Fla. 1985).

**WHEREFORE,** Plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS, pray for an award of limited reasonable attorney's fees in the amount of **$12,846.25**, based on the proofs of record, same to be taxed joint and severally against defendants MARC TIMOTHY SMITH, individually, and d/b/a CAYMAN BUSINESS SYSTEMS, and that the Court grant such further relieve that the Court may deem equitable and just under the circumstances.

Respectfully submitted by:

**WILLIAM R. WOHLSIFER, PA**

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No: 86827
1100 E Park Ave, Ste B
Tallahassee, Florida 32301
Tel: (850)219-8888
E-mail: william@wohlsifer.com

## CERTIFICATE OF GOOD FAITH

The undersigned certifies that a good faith effort has been made to confer with the opposing party to resolve this matter and that the attempt has been unsuccessful.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all parties receiving electronic notification via the CM/ECF filing system as of September 28, 2016, and further certify that a copy has been furnished via U.S. First Class Mail to Marc Timothy Smith, 8466 LeSourdsville-West Chester Road, Olde West Chester, Ohio 45069.

**WILLIAM R. WOHLSIFER, PA**

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No: 86827