Case 8:15-cv-00011-T-17TBM – Defendant's Response to Docket Document 111

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case number: 8:15-cv-00011-T-17TBM

## Response to Plaintiff's Motion for Attorney's fees (Docket Document 111)

OXEBRIDGE QUALITY RESOURCES

INTERNATIONAL, LLC, and

CHRISTOPHER PARIS, individually.

"PARIS-OXEBRIDGE" herein.

Vs.

MARC TIMOTHY SMITH, individually,

and d/b/a/ CAYMAN BUSINESS SYSTEMS

"SMITH" herein.

Presiding Judge: Elizabeth A. Kovachevich

Referring Judge: Thomas B. McCoun III

Court: Florida Middle District Court

Case number: 8:15-cv-00011-T-17TBM

<u>Case 8:15-cv-00011-T-17TBM – Defendant's Response to Docket Document 111</u>

COMES NOW the Defendant, Marc Timothy Smith, hereinafter referred to as SMITH, to object to Plaintiff's Court Docket Document 111 asking the Court for attorney fees in excess of US$12,000.

**Response to Court Docket Document 111**

1. Note that PARIS-OXEBRIDGE not only did not "prevail", PARIS-OXEBRIDGE during the hearing could not come up with so much as an estimate of attorney's fees not to mention any evidence of lost income by PARIS-OXEBRIDGE.
    a. Note that the motion says Court Docket Document 99, filed on 28 July 2016, says: "I conclude further that a limited award of attorneys' fees and costs is warranted because Plaintiffs achieved some success of the instant Motion. I recommend that Plaintiffs' counsel be directed to file a pleading directed to fees and costs incurred in connection with their Motion with fifteen (15) days of the Court's Order on this Report and Recommendation." Note the word "limited". The lawsuit was settled to avoid attorney fees on SMTH's part for US$8,500. Herein the PARIS-OXEBRIDGE attorney is claiming attorney fees far in excess of everything leading up to the settlement! This is ludicrous!
2. The "Second Breech Notification" is from 20 November 2015 yet PARIS-OXEBRIDGE's attorney is claiming fees from March 2015. Again, this is ludicrous. SMITH believes all of this was settled at and prior to the Mediation Settlement Agreement.
3. As much as SMITH's and PARIS-OXEBRIDGE's interactions were "for playground fights", this court case is an excellent example of the same "playground" back and forth with the only difference being it is in "legalese". It's getting very long in the tooth at this point with the only person "succeeding" is Mr. Wohlsifer ($$$).
4. PARIS-OXEBRIDGE filed an obviously frivolous lawsuit which had nothing to do with "unfair competition" as SMITH submitted to the Court in Court Docket

Document 17 in which he showed he has exited the consulting business in 2001 and, in addition, never had any consulting business in the State of Florida in the fields PARIS-OXEBRIDGE specialized in. This was nothing more than a libel lawsuit in which "unfair competition" was brought in as a front because it was about 14 years too late (statute of limitations) to file what it was about – SMITH's opinion discussion from 2001 which PARIS-OXEBRIDGE obviously seethed about for years.

5. This whole lawsuit is an example of the reason many people believe such tort lawsuits should be reigned in and lawsuits such as this one not be allowed to proceed.

WHEREFORE, SMITH hereby requests that this Honorable Court:

A. Award NO attorney fees, or at most fees of no more than 30% of the award to PARIS-OXEBRIDGE (30% of US\$1000.00 = US\$300.00).

I declare under penalty of perjury that the forgoing is true and correct.

Dated and respectfully submitted using USPS this 7th day of October 2016.

Marc Timothy Smith (SMITH pro se)

I certify that a copy of this document is being furnished on the same date to the court and to William R. Wohlsifer, Attorney for PARIS-OXEBRIDGE by entry into PACER when received and entered by the Court Clerk.

William R. Wohlsifer
1100 E. Park Ave Ste B
Tallahassee, Florida 32301