<u>Defendant Pro Se's Response to Document 113 filed 11/11/2015 in Case 8:15-cv-00011-EAK-TBM</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

**Case number: 8:15-cv-00011-EAK-TBM**

**Response to Docket Document 113 in this Case**

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendant.

---

Presiding Judge: Elizabeth A. Kovachevich

Referring Judge: Thomas B. McCoun III

Court: Florida Middle District Court

Office: Tampa Office

County: Hillsborough

---

**Case number: 8:15-cv-00011-EAK-TBM**

<u>Defendant Pro Se's Response to Document 113 filed 11/11/2015 in Case 8:15-cv-00011-EAK-TBM</u>

### The "Verified Statement Collaborating Reasonable Attorney's Fees"

1. Mr. Allen P Turnage has come forth, undoubtedly as a collaborator, paid or otherwise, to "collaborate reasonable attorney fees" for Mr. William Wohlsifer.
2. Mr. Smith notes that Mr. Allen P Turnage submitted to the Court a "stock" document (a form/template) in which he put $42,000 – A far cry from $12,000 asked for by Mr. Wohlsifer in Court Docket Document 110.
3. Mr. Allen P Turnage submitted no breakout or other itemization of charges related to the stipulation on injunction charges vs. the charges related to general conversations and conversations/work done with regard to the mediation settlement agreement with Mr. Wohlsifer's client.

### Court Docket Documents 100 and Attachments 110_1 through 110_6

4. This is not to mention aspects such as Invoice 2833 which was "redacted", as were other documents submitted to the court. Mr. Wohlsifer is attempting to defraud this court through omissions and redactions in addition to sending Leighanne Boone to the hearing to protect himself from cross examination. Mr. Wohlaifer had a chance to present himself at the hearing in Tampa on 16 March 2016, but who chose to send one Leighanne Boone instead, full well knowing that had Mr. Wohlsifer attended the hearing he would have been subject to cross examination under oath (e.g.: the "letter"). This is fraud, at the very least.
    a. Note that Court Docket Document 110_2 shows that Mr. Wohlsifer has already been paid by both Mr. Smith and Mr. Paris.
    b. Most of the subsequent time spent which Mr. Wohlsifer has billed for was in attempting to get the hearing and related documents sealed. Most interesting is that Mr. Wohlsifer, according to the transcript Mr. Smith has

<u>Defendant Pro Se's Response to Document 113 filed 11/11/2015 in Case 8:15-cv-00011-EAK-TBM</u>

of the 12 January 2016 telephone hearing, readily agreed with the Judge that all documents would be unsealed and the hearing would NOT be sealed and would be made public. It is obvious Mr. Wohlsifer has committed fraud on his client. This is also probably malfeasance by Mr. Wohlsifer as a lawyer. Here is Mr. Wohlsifer, billing 9 months after knowing he had already verbally agreed and told the Judge in January 2016 that he understood everything, all documents and the public hearing would become public:

c.
```
9/15/15  Correspondence with Judicial         RJU    .25
         assistant to seek ruling on Motion
         to Seal. Copied client.
9/16/15  Saved, printed and added to          RJU    .25
         pleading index, endorsed Order
         granting Motion to Seal. Copied
         Client; File maintenance.
```

d. The above is nothing less than "padding the bill", not only a dis-service to his client, but to the Court by knowingly filing frivolous motions.

e. In addition, it is interesting to watch as Mr. Wohlsifer strings out his client, Mr. Christopher Mark Paris:

f.
```
7/31/15  Received phone call from Mr. Paris   LCB    .25
         requesting the addition of more
         content to the Notice of Breach or
         explanation as to why we have left
```

**EXHIBIT C**

Due upon receipt. A Late Fee of 1.5% applies to balances 30 days past due.
in Debt Collection, Creditor's Rights, Contract Disputes, Royalty Recovery, Brand License

g.
```
Oxebridge Quality Resources Int'l, LLC   10/31/15      283-403   PAGE
         certain things out. Discuss
         concerns about alleging $200,000 in
         damages for Mr. Paris restraining
         and how this will actually be more
         detrimental to clients business and
         how Smith will proliferate in an
         effort to show that he has
         prevailed over Mr. Paris. Should we
         take this out.
8/11/15  Received and reviewed reply from     WRW    .25
         Defendant's response to Plaintiff's
         Motion to Seal.
```

h. Mr. Wohlsifer knew full well at the time of the mediation settlement agreement meeting on 5 June 2015 that Mr. Smith was retired and had no

Defendant Pro Se's Response to Document 113 filed 11/11/2015 in Case 8:15-cv-00011-EAK-TBM

assets in the United States that could be collected against, and that there was no way Mr. Paris could possibly collect US$200,000. Mr. Wohlsifer promptly got every bit of the agreed upon US$8,500 from Mr. Smith, and more from Mr. Paris as well!

i.
```
Oxebridge Quality Resources Int'l, LLC       7/23/15              283-403  PAGE  4

PRIOR STATEMENT BALANCE                                            $15,300.50

PAYMENTS AND ADJUSTMENTS
  7/09/15 Payment for Fees and Costs         $8,500.00CR SMITH's Payment
  7/28/15 Payment Received from Paris        $5,000.00CR

         TOTAL PAYMENTS AND ADJUSTMENTS                            $13,500.00CR
                                                                   ----------
PLEASE PAY THIS AMOUNT                                             $5,767.00

ANY PAYMENTS RECEIVED AFTER July 23, 2015
WILL APPEAR ON YOUR NEXT STATEMENT
```

j. It is obvious what a scam a tort lawsuit such as this is where the client (in this case Mr. Christopher Mark Paris) is "taken to the cleaners" by his lawyer.

k.
```
                         defendant with the Court.
  12/10/15  Revised Smith's Response & Draft         LCB    1.00
            Request for Oral Argument.

EXHIBIT
   D

         Due upon receipt. A Late Fee of 1.5% applies to balances 30 days past due
acticing in Debt Collection, Creditor's Rights, Contract Disputes, Royalty Recovery, Brand Licens
```

l. Wohlsifer is working for Mr. Smith now and "revising" Smith's response? More fluff... One hour! Ludicrous!

m.
```
              STATEMENT FOR PERIOD THROUGH   9/28/16

Costs and Fees in the Matter of:  Marc Smith d/b/a Cayman Business Syste

  5/06/16  Email exchange between client         WRW    .25
           regarding viability of continuing
           with Request for Redaction of
           Transcript; decide not to pursue
           because of the cost of the
```

n. More fraud by Mr. Wohlsifer. Having agreed in January 2016 that all documents and the hearing would be public, Mr. Wohlsifer is playing his

<u>Defendant Pro Se's Response to Document 113 filed 11/11/2015 in Case 8:15-cv-00011-EAK-TBM</u>

      client, Mr. Christopher Mark Paris, for all he is worth having known for approximately 5 months that the hearing was to be a public hearing and there would be no basis for the Court to agree to redacting the transcript.

5. Mr. Wohlsifer knows full well that almost every one of the matters before the Court during the 16 March 2016 hearing were settled during, or before, the 5 June 2015 mediation settlement agreement meeting. Thus, Mr. Wohlsifer's obviously planned absence from the 16 March 2016 hearing was to avoid the potential of having to perjure himself in testifying about the events at the mediation settlement agreement hearing which were related to the stipulation on injunction.

6. Mr. Wohsifer was also aware at the time of the mediation settlement agreement that Mr. Smith has no assets for him to claim against.

7. Due to threats of physical violence by Mr. Christopher Mark Paris against Marc Smith, the defendant, Mr. Smith has relocated outside of the United States. Due to Mr. Paris' ability to travel internationally and Mr. Paris' Peru address, Mr. Smith believes Mr. Christopher Mark Paris is a credible threat to his life.

Mr. Smith herein requests that the Court deny attorney's fees to Mr. Wohlsifer. Mr. Wohlsifer has failed to supply the Court with a clear summary of charges directly, and only, related to the stipulation on injunction as stated in Court Docket Document 99.

Mr. Smith believes the only honest condition under which the Court can actually judge what is "fair" and directly related to the stipulation on injunction is to call a public hearing to force Mr. Wohlsifer to testify under oath as to what the specific charges are, and that Mr. Christopher Mark Paris also be present to testify under oath about what charges he actually paid and to ensure Mr. Paris was and is aware of Mr. Wohlsifer's itemized charges as well as information Mr. Wohlsifer has withheld from Mr. Paris over the last 2 years. Mr. Smith also believes that Mr. Allen P Turnage must also be present to testify as to whether he has colluded with Mr. Wohlsifer, how and why.

<u>Defendant Pro Se's Response to Document 113 filed 11/11/2015 in Case 8:15-cv-00011-EAK-TBM</u>

Mr. Smith believes it is time for this Court to shut down/close out this frivolous filing. It's done. Stick a fork in it. From Mr. Christopher Mark Paris "hacking" his own website, to claims that Mr. Smith has been the cause of his loss of business, this whole case is a poster child for a frivolous tort lawsuit.

          Dated and respectfully submitted using the US Postal Service this 18th day of November 2016 by:

TP /s   Ms. Tracey Pratt – Power of Attorney for Mr. Smith's Former Estate
8466 Lesourdsville-West Chester Road
West Chester, Ohio 45069-1929