UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC and
CHRISTOPHER PARIS, individually,

    Plaintiffs,

v.                                                     Case No: 8:15-cv-11-T-17TBM

MARC TIMOTHY SMITH, individually,

    Defendant.

_____

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES**

This cause comes before the Court pursuant to the *Motion for Limited Reasonable Award of Attorney's Fees* (Doc. No. 111) (the "**Motion for Fees**") and supporting documents (Doc. Nos. 110, 113, 116, 117, and 118) filed by the Plaintiffs, Oxebridge Quality Resources International, LLC and Christopher Paris (the "**Plaintiffs**"), and the responses in opposition (Doc. Nos. 112, 114, and 119) filed by the Defendant, Marc Timothy Smith (the "**Defendant**"). For the reasons set forth below, the Motion for Fees is **GRANTED IN PART AND DENIED IN PART**.

I.     **Background**

The procedural and factual history of this case is laid out in considerable detail in Magistrate McCoun's *Report and Recommendation* (Doc. No. 99) (the "**R&R**") and the Court's *Order Adopting Report & Recommendation* (Doc. No. 105) (the "**Order**"). Pursuant to the R&R and Order, the Plaintiffs filed the Motion for Fees on September 28, 2016, seeking an award of $12,846.25 in reasonable attorney's fees for having prevailed on their *Second Notice of Defendant's Breach of Mediation Settlement Agreement and*

*Joint Stipulation on Injunction, Motion to Compel Compliance with Injunction, Motion for Money Damages, and Motion for Attorney's Fees* (Doc. No. 59). The Defendant opposes the Motion for Fees for the reasons set forth in Doc. Nos. 111, 114, and 119.

## II.   Legal Analysis

This Court determines the amount of *reasonable* attorney's fees to be awarded based on application of the factors considered in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Those factors consist of (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See Hensley v. Eckerhart*, 461 U.S. 424, 429-30 (1983); *Johnson*, 488 F.2d at 717-19.

Here, the Plaintiffs have submitted copies of their detailed fee statements, along with affidavits by the Plaintiffs' counsel and a third-party attorney, in support of the Motion for Fees. The affidavits outline the Plaintiffs' counsels' education, professional experience, and billing rates. (Doc. Nos. 116-118). The Court has reviewed the foregoing information, and estimates that a reasonable lodestar fee would be $4,705.25, which represents an approximately sixty-five percent (65%) reduction from the amount sought in the Motion for Fees. The reduction of fees reflects (1) elimination of the time expended by law clerks and other staff who are not members of the Florida Bar, (2) a reduction of the hourly rate charged by Ms. Boone to $165.00/hour (from $275.00/hour) based on her

experience and qualifications relative to those of Mr. Wohlsifer, (3) the elimination of certain entries that did not contribute meaningfully to the results obtained, and (4) the recalculation of the attorneys' time based on a time scale measured in 1/10ths of an hour. Applying the factors set forth in *Johnson*, the Court believes this recalculation of fees reflects a reasonable fee for the work performed.

### III. Conclusion

Accordingly, it is

**ORDERED** that the Motion for Fees is **GRANTED IN PART AND DENIED IN PART**. The Clerk of Court is directed to enter judgment in favor of the Plaintiffs and against the Defendant for $4,705.25 in reasonable attorney's fees.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 18th day of January, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties