<u>Defendant Pro Se's Response to Case Docket Documents 126 and 128</u>
<u>Case 8:15-cv-00011-EAK-TBM</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

**Case number: 8:15-cv-00011-EAK-TBM**

OXEBRIDGE QUALITY RESOURCES

INTERNATIONAL, LLC, and

CHRISTOPHER PARIS, individually,

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,

and d/b/a/ CAYMAN BUSINESS SYSTEMS

Defendant.

---

Presiding Judge: Elizabeth A. Kovachevich

Referring Judge: Thomas B. McCoun III

Court: Florida Middle District Court

Office: Tampa Office

County: Hillsborough

---

<u>Defendant Pro Se: Marc Timothy Smith, 8466 Lesourdsville-West Chester Road</u>
<u>West Chester, Ohio 45069 Tel: 513 341-6272</u>
Page 1 of 11 - Printed August 15, 2017

<u>Defendant Pro Se's Response to Case Docket Documents 126 and 128</u>
<u>Case 8:15-cv-00011-EAK-TBM</u>

# RESPONSE TO CASE DOCKET DOCUMENTS 126 AND 128

Comes now the Defendant, MARC SMITH, filing Pro Se, to respond to Case Docket Documents 126 and 128.

### Case Docket Document 126

1. It is correct that Mr. Lorenzo did not mail SMITH a copy of his notice of appearance.

2. SMITH did not have a chance to object to Mr. Wohlsifer's withdrawal since he was not notified of it, but SMITH has no objection knowing it wouldn't have mattered anyway.

### Case Docket Document 128

3. SMITH filed a Notice of Breach, not a Motion, to inform the Court, as well as Mr. Wohlsifer (PARIS' attorney of record at the time), to ensure both the Court and Mr. Wolhsifer are aware of PARIS' *continuous, ongoing* Violation of the Stipulation on Injunction over a period starting on the date of the Stipulation on Injunction in April 2015 (approximately 2 ½ years ago and continuing to this day of 15 August 2017). The Notice of Breach was sent to Mr. Wohlsifer, his attorney of record at the time, so Mr. Wohlsifer was fully advised of his client's breaches of the Stipulation of Injunction. Mr. Wohlsifer had adequate time to confer with his client (PARIS) in regard to his compliance with the Stipulation on Injunction. *Please note that SMITH also notified PARIS on the same date, by certified mail, so PARIS can not honestly claim that his attorney had not notified him of the*

*Notice of Breach and that he had no knowledge of the Notice of Breach.*

4. Re: Line item 4 of Court Docket Document 126: Had Mr. Lorenzo done his homework (e.g.: reviewing Docket Documents 79, 81 and 102 {as well as the evidence submitted with them as "attachments"/Exhibits}), and Mr. Lorenzo would have reviewed the evidence submitted by SMITH in Docket Document 102, Mr. Lorenzo would have known he was complaining about resolved and/or otherwise irrelevant documents and accusations. SMITH has done what is possible to comply with the Stipulation on Injunction. *Mr. Lorenzo claims to be an "Internet Law" specialist, and as such should know SMITH does not have the power to remove anything and everything posted/published on the entire internet, such as the Quality1Stop posting from 2004 (in which PARIS participated as well), and SMITH has submitted evidence to the Court that he tried to do so.* The statement by Mr. Lorenzo that "The Defendant has not abided by any of those orders and judgments…" (Line item 4) *is either **knowingly FALSE** and as such is* **libelous**, or Mr. Lorenzo has simply failed to properly fully review the case (yes, it does take time) as one would expect from a *competent* attorney prior to filing such a document with the court.

5. Examples listed in Line item 5 of Court Docket Document 126:
    a. Newsgroup Postings – As an "Internet Law" specialist, Mr. Lorenzo knows, or should know, that Google requires a Court Order *for each individual URL* which the Court has not provided. In addition, Mr. Lorenzo has provided pages of numerous internet links (probably provided by PARIS to save money on attorney fees), all of which are from essentially from the same "discussion" back in 2004 which arose from PARIS filing a frivolous complaint against SMITH with the Ohio Attorney General for "…running a lottery…", which was rejected by the Ohio Attorney General, and in which PARIS used "whistle words" such as saying SMITH could be "supporting terrorism". As has been, and still is,

Case 8:15-cv-00011-EAK-TBM Document 130 Filed 08/28/17 Page 4 of 11 PageID 1407
Defendant Pro Se's Response to Case Docket Documents 126 and 128
Case 8:15-cv-00011-EAK-TBM

PARIS' way of operation, PARIS starts something and then claims foul when the person he Trolls responds. In addition, that was from 2004 and PARIS himself participated in the "discussion". PARIS had ample time (over 10 years) to complain, yet he did not do so.

b. Quality1Stop Postings from 2004 – SMITH has submitted evidence to the Court that he has attempted to contact the web site owner by phone and by email. The owner has not responded. Mr. Lorenzo claims to be an "Internet Law" specialist and as such should know that SMITH does not have the power or authority to remove content from the internet when the website owner does not, and will not, so much as communicate. *That Mr. Lorenzo has included this is more evidence that Mr. Lorenzo has not taken the time to review the case in its entirety and as such is wasting the Courts time by including this in his filing.* SMITH has done what he can to get relevant links removed and has provided evidence of same to the Court. Again, PARIS has had ample time (well over 10 years) to complain, yet he did not do so. Nor has Mr. Lorenzo attempted to ascertain whether PARIS' accusation(s) have any merit. More "mud slinging".

6. Defendant's supposed "new websites" (Line item 6 of Court Docket Document 126) – Defendant specifically filed Court Docket Documents 122 and 123 knowing PARIS' mode of operation (such as PARIS "hacking his own website (Court Docket Document 123, Exhibits "H", "J" and "L"). PARIS is in what one may call an "internet search engine battle" with one Daryl Guberman, and PARIS is currently being sued for libel by one William Levinson. All three of them have been opening new websites, some of which are "anonymous", in which they attack each other. It was obvious to SMITH that PARIS would use this in an attempt to smear SMITH, which he is doing. While SMITH has no evidence, Mr. Lorenzo has shown that it is acceptable to make totally unfounded accusations. Considering PARIS' actions, such as "hacking his own website", it may well be that PARIS is the actual owner of oxeinfo.com and oxebridge.co. Mr. Lorenzo

submits that something is true if he prefaces it with "by belief", SMITH can also use that cop out and submit spurious, unfounded accusations which is apparently is how this game is played. SMITH believes PARIS has actively been making anonymous websites, "fake" Linkedin, Reddit, "Twitter" and other internet venue accounts in an attempt to smear SMITH using anonymity to disguise his activities. Using Mr. Lorenzo's bar of "by belief", SMITH believes PARIS is the owner and operator of both oxeinfo.com and Oxebridge.co, that PARIS has set up "fake" Twitter and other internet venue accounts, in an attempt to smear SMITH. Mr. Lorenzo has shown that it is acceptable to make totally unfounded accusations in a Court filing. SMITH can play that game.

   a. SMITH has no association with either osteinfo.com or oxebridge.co and has stated so in Court Docket Documents 122 and 123. Mr. Lorenzo is using Mr. Wohlsifer's tactics of making claims in his Court filings which can not be substantiated/proven in any way. Again, Mr. Lorenzo has submitted **libelous** content *in his Court filing.* If this is not the case, Mr. Lorenzo should provide the EVIDENCE in his filings rather than claiming "on belief". SMITH believes Mr. Lorenzo owes this to the Court rather than filing what SMITH believes to be KNOWINGLY FALSE claims to the Court. SMITH believes, "by belief" (since that appears to be the level of acceptance), that PARIS started and has maintained the oxeinfo.com and oxebridge.co websites in an effort to libel and smear SMITH.

   b. SMITH has no "Twitter" account of any kind and refers the Court to "a" herein above as the same applies. "By Belief" is not sufficient to accuse and no EVIDENCE is presented, as is the case though out Court Docket Document 126. Mud against the wall, nothing more.

7. Ripoff Report – SMITH has never posted on the "Ripoff Report" website. As in the above, Mr. Lorenzo uses the word "belief" without EVIDENCE. If Mr. Lorenzo has actual **evidence**, Mr. Lorenzo should provide such with his filing. SMITH and Mr. Lorenzo both know there is no such evidence. Mr. Lorenzo has

thrown the "mud", but has not provided EVIDENCE. SMITH knows this is because there can not be actual evidence since SMITH has never posted anything on that website. SMITH encourages Mr. Lorenzo to use any and all means to obtain such **"proof" (aka evidence).** Since Mr. Lorenzo claims to be an "Internet Specialist", surely Mr. Lorenzo knows how to do that. If PARIS and Mr. Lorenzo care what is posted on the "Ripoff Report", they should seek to find out who actually posted what they believe is objectionable content and pursue them rather than to throw out hundreds of "SMITH did it" claims with no proof as to the actual authors of the content. As already stated, Mr. Lorenzo claims to be an "Internet Specialist" and as such surely knows how to go about this. Either that or Mr. Lorenzo is falsely claiming to be an "Internet Specialist".

8. Reddit postings – See "7" above. The same applies. SMITH has never posted on "Reddit", nor does SMITH have any control over what others post on Reddit.

9. "DocFoc.com" and "Docslide.us" – See "7" above. The same applies. Mr. Lorenzo has used Mr. Wholsifer's tactic of including totally unfounded accusations into a Court filing with no EVIDENCE relying on "by belief". If "by belief" is acceptable by the Court, we can all sling mud against the wall to "see what sticks" wasting the Court's time. Mr. Lorenzo also keeps saying "by information". SMITH notes that no EVIDENCE has been submitted and Mr. Lorenzo relies on the "by belief" excuse to submit to the Court numerous, various unfounded accusations. Mud against the Wall is obviously a specialty of Mr.Lorenzo. No facts, no proof necessary.

10. Approximately 3 pages of various website links (Line item 10 of Case Docket Document 128) – Mr. Lorenzo again shows his lack of review and understanding of the case. Mr. Lorenzo's submission to the Court would better have been titled "I can sling unsubstantiated mud, innuendo and conspiracy theories". An example is the "Above the Law" statement. *Mr. Lorenzo, had he done his homework,*

*should know that this came up during the March 2016 hearing. As was determined the Court filed the document and it was available to the public for approximately 8 days prior to the court sealing it. During that time the "Abovethelaw" website, and who knows else, obtained it and published it.* As to the following approximately 2 ½ pages of various links, the links themselves speak for themselves – Guberman and other people, organizations and companies have an "internet war" going on against PARIS. SMITH has no association with, or contact with, GUBERMAN, or any other entities (companies, organizations or individuals, and as such SMITH has no responsibility for websites Guberman, Levinson, Paris and/or other people or organizations or companies have started, and SMITH has no responsibility for any of the various posts on the many, many listed websites *(most of which appear to be by Guberman)* in Court Docket Document 126. As stated earlier herein, SMITH saw this coming as PARIS' enemies have been ramping up their attacks on PARIS, and was the impetus for SMITH filing Docket Documents 122 and 123. SMITH has no control over the fact that PARIS continues to make enemies, some of which obviously have decided to take PARIS to task by trolling PARIS, just as PARIS trolls so many others. Some may call it Karma.

## FEES

11. To date PARIS has not complied with the Court's Order approving the Joint Stipulation.
12. Defendant requests that this Court enter such sanctions as are equable, inclusive of all costs and for SMITH's time for the necessity of having to write these documents, as consequential damages.

## SUMMARY

A. *PARIS has been violating the Joint Stipulation on Injunction both directly and indirectly, and is currently doing so openly as of the date of this document, directly and by reference **continuously** on his Oxebridge website, as well as other internet venues, as noted herein such as on LinkedIn in May 2017, and in his own Oxebridge.com website since the Stipulation on Injunction was approved on 23 March 2015 (2 ½ years).* [Docket Document 35] Of note is that PARIS was violating the Stipulation on Injunction during the March 2016 hearing in Tampa, just as he continues to do so on this day of 15th day of August 2017 (approximately 1 ½ years).

B. As of this date PARIS is still violating the Joint Stipulation on Injunction as detailed in Docket Documents 122 and 123.

C. SMITH believes the Court should sanction, as appropriate, Mr. Lorenzo for filing Docket Document 126. It is not appropriate, lacks any evidence of his voluminous accusations, is obviously outright **libelous,** an abuse of process and a waste of the Court's resources and time, especially noting the voluminous instances of unfounded accusations, including any obviously stupid expectations that SMITH has any control of, or responsibility for, what GUBERMAN, Levinson and others are doing, and for not "doing his homework" in reviewing the case (so much unsubstantiated "mud slung against the wall") to know what has already been addressed. This is a real, credentialed lawyer filing this garbage?

D. *SMITH again wants to stress that SMITH **seeks no money for financial damages caused by PARIS' unhinged, libelous "rants"*** (e.g. Exhibits included in Documents 122 and 123 {aka EVIDENCE}). Although retired and living on Social Security, **SMITH's reputation in the business and**

**standards community has only grown thanks to PARIS and his "rants".** PARIS, through his unhinged rants (e.g: Docket Document 122 Exhibit "D") on venues such as "LinkedIn", is doing an excellent job at making himself *persona non gratia, a pariah,* at so many organizations and companies such as the ASQ, the IAQG and numerous aerospace companies, the International Organization for Standardization, UL, BSI, DNV, NQA, SpaceX, UKAS, ISOQAR, etc. (I could go on... and on...). *Of note is that PARIS was forced to remove his "client list" from his Oxebridge website around February 2017 due to complaints by clients who wanted to distance themselves from PARIS and PARIS' "poison" posts. PARIS is self-destructing by his own actions. It has been reported by Guberman and Levinson that PARIS had to remove over 100 pages, and "probably" over 200, from his Oxebridge website over which PARIS has complete control, complaints from former customers (such as from SpaceX) and various other complaints, during January and February of 2017.*

E. SMITH also wants to point out this entire lawsuit has been a sham. Claims of "Unfair Competition" have been shown to be totally FALSE, with no evidence presented to substantiate the claim. Claims of Extortion have been discredited by evidence provided in SMITH's "answer" to the complaint - The was no "extortion". Claims of libel – again, no proof which requires evidence of stating SMITH stating a falsehood. This entire case has been a disgraceful sham from the beginning as SMITH detailed in Court Docket Document 17.

WHEREFORE, defendant, SMITH, requests that this Honorable Court enter an Order that:

A. Dismisses PARIS' attorney's submission (Docket Document 126) as *libelous*, totally devoid of any **evidence** of his presented claims including items such as claim his that "... SMITH apparently provided the blog court documents which were sealed at the time..." which only shows Mr. Lorenzo's total

ignorance of the facts in this case much as Ms. Boone was (why was she even there? SMITH wonders) during the March 2016 hearing in Tampa.

B. Finds the Plaintiff, PARIS, in breech of the Joint Stipulation on Injunction;

C. Finds the Plaintiff, PARIS, in violation of the Court's Order dated 23 March 2015;

D. Compels Plaintiff to promptly remove all content referencing the defendant as agreed in the Joint Stipulation on Injunction; and

E. Award the defendant fees for preparing Document 122, 123, and related costs and fees, and this document in response to Document 126 as a consequential damage resulting from having to respond to the continual, ongoing and current breaches of the Stipulation on Injunction, and the failure of Mr. Lorenzo to file a valid brief with **EVIDENCE** (rather than outright "mud slinging") of his accusations, to the Court thus wasting the Courts time.

F. Sanction Mr. Lorenzo, as appropriate, for filing a *libelous,* unresearched, fact free document with NO EVIDENCE to back up his claims to this Honorable Court.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served to the Court, and to PARIS' latest attorney in this case via Certified Mail to:

Mr. Lorenzo – The new, current(?) Attorney of Record for Christopher Paris at:
2040 Delta Way
Tallahassee, Florida 32303

<u>Defendant Pro Se's Response to Case Docket Documents 126 and 128</u>
<u>Case 8:15-cv-00011-EAK-TBM</u>

Respectfully submitted to the Court and to the above using the US Postal Service Certified Mail mailed on this 15th day of August 2017.

Marc Timothy Smith (Defendant Pro Se)

*Marc Timothy Smith*

c/o Property Caretaker
8466 Lesourdsville-West Chester Road
Olde West Chester, Ohio 45069-1929
Tel: 513 341-6272