Defendant Pro Se's Response to Case Docket Documents 128 and 137
Case 8:15-cv-00011-EAK-TBM

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

**Case number: 8:15-cv-00011-EAK-TBM**

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS (**a non-existent business since 2001**)

Defendant.

---

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun III
Court: Florida Middle District Court
Office: Tampa Office
County: Hillsborough

---

## RESPONSE TO CASE DOCKET DOCUMENTS 128 and 137

Comes now the Defendant, MARC SMITH, filing Pro Se, to respond to Case Docket Documents 128 and 137.

### Case Docket Documents 128 and 137

1. In docket document 130 of 8/28/2017, SMITH addressed the claims made in docket document 128. SMITH long ago submitted evidence to the court in response to the March 2016 hearing and docket document 99 that SMITH has done what he could. SMITH can not perform the impossible. Continuous complaints by PARIS can not change reality.

2. All docket document 137 content has been addressed in docket documents 122, 123, 129, 130, 133, 135, and 136.

3. Line item 3 in docket document 137 is false. No actual "forensic screenings" were done. Rather, PARIS is claiming to be an "internet expert", however PARIS presents no evidence of his qualifications as such. Moreover, PARIS has **no qualification(s)** to perform internet "forensic screenings" of any kind. Real internet forensics is a highly technical (and well paid) specialty, and use of the descriptor "researchers" is misleading and false. In addition, any "evidence" provided by PARIS, as an "internet expert" is a totally biased, uninformed and grandiose "opinion".

4. PARIS presents, as an attachment/exhibit to docket document 137 (docket document 137-1) his **unqualified opinion** – Nothing more than the opinion of any unqualified person. PARIS regularly makes assumptions and publishes wild claims without evidence (e.g.: docket document 122-1, exhibits A, B, C, D

<u>Defendant Pro Se's Response to Case Docket Documents 128 and 137</u>
<u>Case 8:15-cv-00011-EAK-TBM</u>

{especially so, it is a totally unhinged rant}, and E (in which he claims "US Court: Oxebridge Prevails in Elsmar Lawsuit"). Examples:

a. Docket document 122-1 Exhibit E: First of all, "Elsmar" was not sued, but PARIS is constantly referring to "Elsmar" in an attempt to "troll" SMITH and publically (and obviously proudly) boasting about a non-existent "victory" over SMITH (aka "Elsmar"), on his "oxebridge.com" website and on various other internet venues including Linkedin. It is a knowingly false claim. PARIS is only continuing to degrade his own reputation by posting such tripe, which is perplexing – Why does he want to continue to destroy his own reputation?

b. Docket document 122-1 Exhibit G: Still posted today. Under oath, in the March 2016 hearing, PARIS did finally state, under penalty of perjury, that he did not believe SMITH had anything to do with the 2015 "hack" of his internet website "Oxebridge.com". In fact, Mathew Judge, a **real, qualified** internet security specialist (See Exhibit "A", attached with this pleading), determined, by preponderance of evidence, that PARIS himself likely "hacked" his own website (See docket document 122-1, exhibits "H", "J", and "L") back in July of 2015. PARIS' motive to do so is obvious, and is typical of PARIS' defamation/libel "methods", which he again used in May of 2017 (See docket document 122-1, exhibit "K"). "Elsmar" was not "implicated" but PARIS jumped to publically make that claim. Typical of an internet "troll".

c. Docket document 122-1 Exhibit N is evidence of more inflammatory rhetoric, knowingly false statements, much as his claim, made in just about every "post" he makes, that PARIS is "…founder and VP Operations of Oxebridge…". That sounds important until one finds that Oxebridge is only PARIS himself. He has no staff, and his 2016 bankruptcy filing states as much, and in which he valued the "business" at $00.00 and stated has no employees.

5. SMITH readily admits he has no actual, verifiable proof that PARIS himself is the true owner of, and responsible for the content of, either osteinfo.com or oxebridge.co, but PARIS' past is reason to suspect that PARIS himself originated both – Domain names and content, in an attempt to publically smear/libel SMITH.

6. Line item 6 in docket document 137: SMITH has not in any way violated the injunction. As to "…interfering with other cases in which plaintiff is involved…", SMITH can only assume PARIS is referring to the lawsuit Mr. Levinson has filed against PARIS for libel. Mr. Lorenzo fails to state any action, cite any applicable law or statute, or so much as a description to substantiate what law or statute may have been broken, nor how it applies to the injunction which, as SMITH understands it, this is all about. This case was closed in early July 2015 (see docket document 52), SMITH did make a motion to re-open the case (see docket document 71) after the settlement, but was denied by Federal Judge Kovachevich (see docket document/entry 107).

7. Line item 7 in docket document 137: PARIS offers SMITH no such equal "inquiry" necessary for confirmation of online activity by PARIS to ensure PARIS is not actively involved in propagating and or authoring libelous content about SMITH (although it is evident PARIS is doing so continuously, publically, and has been since the injunction was" agreed" to). E.g.: As of SMITH's writing this, see Exhibit "B".

8. SMITH has stated that PARIS' former lawyer submitted an unagreed to "stipulation on injunction" to the Court. SMITH believes the reason Mr. Wohlsifer sent an inexperienced attorney, one with practically no knowledge of the case, to the March 2016 hearing - SMITH believes that Mr. Wohlsifer wanted to ensure there would be no chance for Federal Magistrate Judge Thomas B. McCoun III to as him any questions under penalty of perjury to determine what

did actually occur. This whole "stipulation on injunction" smells…

9. "KOBERNICNOQ45": PARIS has provided no evidence that SMITH is, or is in any way associated with, this person. PARIS is continuously taking extreme liberties in blaming anything and everything others do on the internet on SMITH. SMITH has nothing to gain by posting a public record about PARIS' business(es). The document PARIS claims SMITH anonymously posted is readily available to everyone on the internet – It is a Florida public record (and as such is assumed to be correct and factual) which anyone on the internet can access at any time. What purpose would it serve for SMITH to "re-post" a public document?

10. PARIS receives an e-mail with a virus, as tens of thousands of people do every day, and PARIS immediately blames SMITH (see exhibit "B"). PARIS publically states on "Twitter": "…Elsmar's "Daniel Lion" just sent a virus infected…". If e-mails with viruses were traceable, that infection vector could be eliminated. SMITH also receives e-mails with viruses periodically, yet SMITH isn't out publically "blaming" anyone – There is no way to trace who sends them or where they came from. Using PARIS' logic, SMITH might assume that PARIS is sending them to SMITH, but SMITH knows that would be an unfounded, libelous claim. See exhibit "D". In addition, note the contradiction – PARIS assigns blame to SMITH (Elsmar) and in the same Twitter "tweet" states "Might have been bot-generated".

11. **Discovery** – Smith is retired, does not work, and does not keep, and has not kept, any paper or electronic records as SMITH's life is too short to be concerned with this. "Discovery" will provide no information from SMITH as SMITH has none. There is nothing to "discover" and this is not a CSI "crime" TV show. It is only PARIS who is determined to continue a course of defamation and to continue to make unfounded, unsupported accusations.

12. **Subpoenas -** SMITH has no one to subpoena with the possible exception of Mr. Wohlsifer. Who does PARIS plan on serving a subpoena and about what? Is this the prelude to another hearing in Tampa?

13. SMITH is a diagnosed diabetic with extreme peripheral neuropathy, has undergone 3 eye operations with a 4th anticipated in the near future, and is really getting tired of PARIS' obsession in filing frivolous motions such as docket document 137. PARIS is merely trying to keep trolling SMITH, in this case through the Court.

### SUMMARY

A. SMITH believes Mr. Lorenzo should actually *comprehensively* review the case and all the docket documents, including all "exhibits", prior to filing redundant documents so that he doesn't waste the Court's time rehashing old claims (and SMITH's time to respond to his frivolous filing(s)). If Mr. Lorenzo is going to file frivolous, misleading pleadings such as docket documents 128 and 137, SMITH believes it would behoove him to submit actual **evidence** from **real experts** rather than to try to pass off PARIS as an "expert". SMITH knows he can not do so because SMITH has done nothing, and is not doing anything.

B. PARIS is obviously trolling SMITH (and many others) in an effort to promote his "Fundrazr" to entice people to fund his lawsuits (of which there are only 2 – this one and Levinson's somewhat recent libel lawsuit against PARIS) with little success – PARIS has taken in less than $4,000 over a period of 2 years.

C. PARIS' entire pleading (docket document 137) is nothing more than an attempt to entice the Court to allow PARIS to "go fishing" hoping to find something, anything, he can claim to be of significance.

D. SMITH asks the Court to deny re-opening the lawsuit, allowing "discovery" and subpoenas, and to end this effort by PARIS to draw out costly, unnecessary proceedings by seeking permission to conduct a "fishing expedition". The lawsuit was settled out of court in June of 2015, the "breach" hearing of March 2016 dealt with issues related to the injunction, and SMITH has no interest in PARIS or his posting(s). SMITH has nothing to gain from engaging in acts such as those being alleged by PARIS. SMITH believes this should all be over and that PARIS should get on with his life. All of SMITH's assets are encumbered so there is no more money for PARIS to get – PARIS' sole purpose is now to continusly to harass SMITH, in public on many internet venues as well as the mis-use of the Court.

**CERTIFICATE OF SERVICE**

I hereby certify that this has been served on all parties and the Court via the Court's CM/ECF portal.

Mr. Lorenzo – The current Attorney of Record (for this case) for Christopher Mark Paris will be notified at/via electronic notification via the Court's CM/ECF portal when the Court clerk enters this document into the court record.

Respectfully submitted to the Court using the PACER CM/ECF on this 2nd day of February 2018.

Marc Timothy Smith (Defendant Pro Se) (graphic signature as seen on the "stipulation on injunction")

*[signature: Marc Smith]*

US Tel: 513 341-6272