Defendant Pro Se's Addition to Case Docket Documents 140 Submission
Case 8:15-cv-00011-EAK-TBM

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

**Case number: 8:15-cv-00011-EAK-TBM**

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS (**a non-existent business since 2001**)

Defendant.

---

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Thomas B. McCoun III
Court: Florida Middle District Court
Office: Tampa Office
County: Hillsborough

---

Defendant Pro Se: Marc Timothy Smith,
US Tel: 513 341-6272
Page 1 of 8 - Printed February 5, 2018

## ADDITION TO CASE DOCKET DOCUMENT 140

Comes now the Defendant, MARC SMITH, filing Pro Se, to file an addition to *Case Docket Document 140.*

### CONTINUOUS HARASSMENT by PARIS

1. Within hours of the filing of *docket document 140* by SMITH, PARIS has already taken to social media to continue to agitate.



2. SMITH contends Federal Judge Elizabeth A. Kovachevich erred in *docket document 105, page 2,* in that with the exception of the "discussion thread" on Elsmar.com in 2001, PARIS has initiated **every** subsequent "nasty online post". (See *Exhibit B*, and especially *See/read docket document 103, Exhibit C*)

    a. In addition, it should also be noted that: "This pattern has undoubtedly repeated itself numerous time" (sic) is not correct. A total of 4 interactions, the first initiated by SMITH in 2001 and the rest initiated by PARIS, took place between 2001 and 2015 (2001 initiated by SMITH,

2004 initiated by PARIS and 2014 initiated by PARIS), hardly "numerous" times. Again - *See docket document 103, Exhibit C.*

b. *Exhibit C herein:* Note that on page 5 PARIS writes: "I fully expect Levinson to go pro se" - This pretty much shows that PARIS' real intent is to cause financial destruction, as much as, if not more so, than anything else as he "trolls" various internet venues. PARIS claims it is his First Amendment Right to state his opinion(s), yet anyone who does the same re: PARIS, PARIS attacks and claims "LIBEL!".

In addition, on page 1, PARIS asserts: "… mimicking what Elsmar moderators did with "Oxebridge.co" and "Osteinfo.com…" – As usual, without a scintilla of evidence that Elsmar moderators, or anyone remotely related to Elsmar, were in any way involved. None were involved –PARIS *loves* innuendo and obviously loves to "stir things up" (troll) as much as he possibly can.

3. SMITH can only respond to *docket document 105, bottom of page 10* where Federal Magistrate Judge Elizabeth A. Kovachevich states: "[2] The pleadings filed in this case are not at a level appropriate for federal court. This applies equally to the Defendant, who is proceeding *pro se*, and the Plaintiffs, who are not." SMITH believes that as a Federal Judge, Federal Judge Elizabeth A. Kovachevich can understand why a person pleading his/her case "pro se" does not typically file pleadings which are at a level "appropriate for federal court", not being schooled in the field of law. At the same time. SMITH believes it is significantly significant that the Plaintiff's lawyer (at the time) Mr. Wohlsifer "…did not at a level appropriate for federal court…" considering Mr. Wohlsifer is a degreed bar lawyer with many years of experience. This whole lawsuit is obviously frivolous, including Mr. Wohlsifer filing the lawsuit as a "409 Commerce" action asserting a claim of "trademark" infringement which was never an aspect of this case in any way. It was the only recourse this "lawyer", Mr. Wohlsifer, could use to try to

bring in an internet forum discussion thread from 2001, opinions posted over 14 years prior (statute of limitations had run out years ago) into a lawsuit. The entire lawsuit was a "scam" to begin with. This is what Federal Judges allow from bar lawyers licensed to practice in Federal Court?

4. SMITH can understand why PARIS is "not a happy camper". Among other aspects, PARIS expected all of this to be "private" (the reason for his filing *docket document 9, MOTION for preliminary injunction by Oxebridge Quality Resources International, LLC*), but in the end everything has ended up to be quite public. Admittedly SMITH is pleased that all documents are available to the public as SMITH believes they should be.

5. SMITH can also understand Mr. Wohlsifer's filing *docket document 103* in which he states: "…As the lead attorney in attendance at the mediation on June 5, 2015, and as an Officer of the Court, I attest by my signature below that the spirit and threshold condition of the MSA was…". Mr. Wohliser is a bar attorney and should know that he had the opportunity to specify and agree to, or reject, all terms within the agreement. "…the spirit and threshold condition of the MSA…" could have, and should have, been specified within the agreement. A contract is not a "he said, she said" document or conditions thereof. That Mr. Wohlsifer is/was poor at contracts is not an excuse. In addition, Mr. Wohlsifer's statement that "…Mr. Smith would completely exonerate (sic) himself and his related content from the ISO industry in every which way, directly and indirectly…" is knowingly false. It didn't happen, wasn't discussed, much less agreed to – period. As a submission to the court, and as an "office of the court", SMITH believes Mr. Wohlsifer outright committed perjury. And saying "Trust me" is really stupid to expect to be acceptable in any context, much less a contract.

6. SMITH believes Mr. Wohlsifer "jumped ship" after sending Ms. Boone, totally ignorant of the case, to the March 2016 hearing, for good reason. It is SMITH's

opinion that Mr. Wohlsifer: 1) wanted to ensure Federal Magistrate Judge Thomas B. McCoun III could not directly, under oath, question him about the "stipulation on injunction" scenario, and 2) because this whole lawsuit was a scam Mr. Wohlsifer probably encouraged PARIS to pursue for both of their personal financial gain.

Unfortunately for PARIS, but fortunate for SMITH, Mr. Wohlsifer, a bar lawyer, "threw his client PARIS under the bus" (so to speak), numerous times. But – Mr. Wohlsifer got his fees and was the only entity/person to profit off of his frivolous filing… In addition, fortunately over the years SMITH had made significant contributions to his retirement trust which PARIS could not, and can not, claim against.

Mr. Wohlsifer was successful in getting a lawsuit against PARIS by "GS31000" in New York dismissed for "lack of venue" in 2014. SMITH believes Mr. Wohlsifer, from that "success", enticed a gullible, greedy PARIS into suing SMITH. PARIS' and Mr. Wohsifer's aspirations for lots of $$$ were dashed because almost all of SMITH's assets were tied up in retirement trust and retirement funds which could not, and can not, be claimed against in a lawsuit such as this. PARIS' hopes for a $200,000+ lottery ticket (or more) were dashed which in part, at least, led to his April 2016 bankruptcy. Only Mr. Wohlsifer "collected" on this scam (his lawyer fees).

## SUMMARY

A. Examples of PARIS' ridiculous desire to hide the facts/the truth from a public hearing:

Defendant Pro Se's Addition to Case Docket Documents 140 Submission
**Case 8:15-cv-00011-EAK-TBM**

---

Case 8:15-cv-00011-EAK-TBM   Document 84   Filed 03/24/16   Page 1 of 2 PageID 825

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually,

    Plaintiffs,                                CASE NO.: 8:15-CV-11-T-17TBM

v.

MARC TIMOTHY SMITH, individually,
and d/b/a CAYMAN BUSINESS SYSTEMS,

    Defendants.
_____/

**EMERGENCY MOTION TO SEAL HEARING TRANSCRIPT**

COMES NOW the plaintiffs, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS cumulatively ("plaintiffs") by and through their undersigned attorney, due to the short deadline before the release of the transcript, hereby files this Emergency Motion for Entry of an Order Sealing Transcript of March 16, 2016 Hearing and states as follows:

1. On March 16, 2016, there was a Hearing to Show Cause on Defendant's Breach of Mediation Settlement Agreement and Joint Stipulation on Injunction (the "Hearing").

2. On March 21, 2016, Plaintiffs' counsel received notification that defendant, MARC TIMOTHY SMITH ("SMITH") ordered a Hearing transcript to be **delivered in seven days**.

3. Due to SMITH's continued online postings about Plaintiffs, in violation of the Joint Stipulation on Injunction [Dkt. 33] plaintiffs request this Honorable Court to enter an order

---

Absurd and from a Florida bar attorney, no less. How "cheap" were PARIS and his attorney Mr. Wohlsifer to not order a transcript of the hearing? For

the real humor, one only has to read the entire hearing transcript. But I digress. More absurdity (in reference to *docket documents 84 and 86*):

| 03/24/2016 | 85 | ENDORSED ORDER denying 84 R Motion to Seal. The Plaintiff has not included any memorandum of legal authority in support the motion, as required by Local Rule 3.01(a), and has otherwise failed to provide the Court with any basis for granting the requested relief. Signed by Judge Elizabeth A. Kovachevich on 3/24/2016. (EJJ) (Entered: 03/24/2016) |
| --- | --- | --- |
| 03/28/2016 | 89 | ENDORSED ORDER denying 86 R Motion to Seal. Any request to seal the March 16, 2016 hearing should have been prior to the hearing. Signed by Judge Elizabeth A. Kovachevich on 3/28/2016. (EJJ) (Entered: 03/28/2016) |

True desperation, no? PARIS, Mr. "Free Speech" wanted everything sealed. Imagine that! Unfortunately, Mr. Wohlsifer had already "thrown PARIS under the bus (so to speak).

B. PARIS' current (and past) sole purpose is to continually harass SMITH, in public on as many internet venues as he can, including on PARIS' public "Oxebridge.com" website, as well as the mis-use of the Court. SMITH believes it is time for the Court to end this.

C. SMITH again asks the Court to deny re-opening the lawsuit (the injunction aspect) to allow "discovery" and subpoenas, and to end this effort by PARIS to draw out costly, unnecessary, frivolous proceedings by seeking permission from the Court to conduct a "fishing expedition".

D. SMITH also asks that the Court set some standard, some threshold, to prevent PARIS' current, or future, lawyer(s) from filing repetitive future frivolous motions and complaints with regard to violation of the Injunction. Please – End this idiocy.

### CERTIFICATE OF SERVICE

I hereby certify that this has been served on all parties and the Court via the Court's CM/ECF portal.

Mr. Lorenzo – The current Attorney of Record (for this case) for Christopher Mark Paris will be notified at/via electronic notification via the Court's CM/ECF portal when the Court clerk enters this document into the court record.

Defendant Pro Se: Marc Timothy Smith,
US Tel: 513 341-6272
Page 7 of 8 - Printed February 5, 2018

Respectfully submitted to the Court using the PACER CM/ECF on this 4th day of February 2018.

Marc Timothy Smith (Defendant Pro Se) (graphic signature)

US Tel: 513 341-6272