UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OXEBRIDGE QUALITY RESOURCES**
**INTERNATIONAL, LLC, and**
**CHRISTOPHER PARIS, individually,**

      Plaintiffs,                    **CASE NO: 8:15-CV-11-EAK-TBM**

      vs.

**MARC TIMOTHY SMITH, individually,**
**and d/b/a CAYMAN BUSINESS SYSTEMS,**
      Defendants.

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR DISCOVERY AND SUBPOENA PERMISSION**

The Plaintiffs, Christopher Paris, and Oxebridge Quality Resources, LLC, [hereinafter "Plaintiff"] submits this reply to Defendant's, MARC TIMOTHY SMITH individually and d/b/a CAYMAN BUSINESS SYSTEMS [hereinafter "SMITH"] Opposition [Dkt No. 140] to Plaintiff's filed request [Dkt. No. 139].

For reasons involving the need for discovery to include subpoenas to underscore that Defendant is not complying with Court Order [Dkt. No. 120], the Plaintiff informs the Court that:

**PLAINTIFF'S REQUEST TO CONDUCT DISCOVERY**
**Lorenzo Law Firm, P.A.**

Page **1** of **4**

1. Defendant seeks to obstruct the service of Court documents.

2. While Defendant has previously claimed to not be served, and the Plaintiff has asked that Defendant be ordered to receive service by email at the email address of record, i.e., elsmarmarc@gmail.com, the Defendant goes at great lengths to obstruct the service of a Court document.

3. The Plaintiff provided service of Dkt. No. 139 on January 25, 2018 and it was delivered on January 27, 2018 with tracking No. [95055127443980252034]. (Dkt. No. 139, ID Page 1510). (Exhibit 1)

4. However, Defendant returns the envelope unopened and confusingly marked to give the appearance of never being received. (Exhibit 2).

5. The undersigned received this unopened and confusingly marked envelope on February 1, 2018. (Exhibit 3)

6. The original mailing to Defendant did not have awkwardly placed addressed labels nor a priority mail tape. The undersigned notes that each of the awkwardly placed address labels are addresses the Defendant claims to be living at other than the address on record.

7. Yet, in Dkt. No. 140, the Defendant files its Opposition to Plaintiff's request for Discovery.

8. Discovery is needed in order to force Defendant to Show Cause before holding the Defendant in Contempt of Court, for violating the Court's Order [Dkt. No. 120] and why Defendant obstructs mailed service of Court documents.

9. This behavior is tantamount to that which is evidenced by Defendant on the Internet seeking to vilify and ridicule the Plaintiff. Such conduct is

unprofessional and mocks the Court's process and hinders enforcement of a Court order.

Respectfully submitted,

Date: February 8, 2018

        LORENZO LAW FIRM, P.A.

        By: /s/ JB Lorenzo
        Jose B. Lorenzo
        admin@lorenzolawfirm.com
        2040 Delta Way
        Tallahassee, Florida 32303
        *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this notice was served on all parties receiving electronic notification via the Court's CM/ECF portal, and furnished by U.S. Mail to Marc Smith, 8466 LeSourdsville-West Chester Road, Olde West Chester, Ohio 45069-1929, on this 8th day of February, 2018.

By: /s/ JB Lorenzo
Jose B. Lorenzo