<u>Defendant Pro Se's Reply to Docket Documents 143</u>
<u>Case 8:15-cv-00011-EAK-CPT</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

**Case number: 8:15-cv-00011-EAK-CPT**

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS (**a non-existent business since 2001**)

Defendant.

Presiding Judge: Elizabeth A. Kovachevich
Referring Judge: Christopher P. Tuite
Court: Florida Middle District Court
Office: Tampa Office
County: Hillsborough

<u>Defendant Pro Se's Reply to Docket Documents 143</u>
<u>Case 8:15-cv-00011-EAK-CPT</u>

# ADDITION TO CASE DOCKET DOCUMENT 140

Comes now the Defendant, MARC SMITH, filing Pro Se, to file a response to *Case Docket Document 143.*

1. SMITH has complied with Docket Document 120, has long ago paid PARIS his fine $1,000.00 "fine", has paid Mr. Wohlsifer his fee, and has submitted to the Court evidence showing that SMITH has attempted to comply with Docket Document 105 in so far as he can.

2. Plaintiff has filed a Motion with the Court (Docket Document 137), however the Referring Federal Magistrate Judge has been changed (Docket Entry 142) which directs motions filed to ruled on by Federal Magistrate Judge Christopher P. Tuite, as SMITH understands the Docket Entry. As of this writing no ruling has been made, despite PARIS' public claim(s) to the contrary on Twitter and probably elsewhere. (See Exhibit A)

3. SMITH has recently spoken with the Court Clerk and has successfully been given access to file electronically via the Court's CM/ECM system. As such, SMITH will be served any document submitted to the Court by the Court's CM/ECM system.

4. SMITH has, in earlier Docket Documents, made clear to Mr. Lorenzo that should Mr. Lorenzo want to mail a document to SMITH he MUST mail it c/o Property Caretaker at 8466 Lesourdsville West Chester Road. PARIS' lawsuit made it necessary for SMITH to have a lien on the property, having spent quite a bit of money defending against this frivolous lawsuit, and paying PARIS' lawyers fees twice (the settlement and the violation of the injunction), and as such SMITH does not control the property. The current property resident has the option to

throw into the trash mail which is not addressed correctly. *Correctly* addressed postal mail will, when possible, be forwarded to SMITH.

5. SMITH is retired and travels, enjoying his twilight years. Where SMITH will be at any given time is not necessarily planned. SMITH is unaware of any restrictions on where or when he travels or resides at any given time, whether in the United States or anywhere in the world, for that matter.

6. Plaintiff accuses SMITH of "seeking to vilify" PARIS. Docket Document 122, including exhibits A through P, is clear evidence that PARIS is, and has been since the time of the injunction back in the spring of 2015, continually violating the Injunction, and Exhibit A is evidence that PARIS continues to do so as recently as yesterday, 8 February 2018. Yet, PARIS has the nerve to accuse SMITH as if the injunction does not apply to PARIS.

## SUMMARY

A. There is nothing to "discover".
B. SMITH is also ignoring emails sent to him by PARIS. (See Exhbit B)
C. PARIS' current (and past) sole purpose is to continually harass SMITH, in public on as many internet venues as he can, including on PARIS' public "oxebridge.com" website, as well as the mis-use of the Court. SMITH believes it is time for the Court to end this.
D. SMITH again asks the Court to deny re-opening the lawsuit (the violation on injunction aspect) to allow "discovery" and subpoenas, and to end this effort by PARIS to draw out costly, unnecessary, frivolous proceedings by seeking permission from the Court to conduct a "fishing expedition". Should the Court rule to allow "discovery" and subpoenas by PARIS, SMITH believes the same must be available to SMITH.

E. SMITH also asks that the Court set some standard, some threshold, to prevent PARIS' current, or future, lawyer(s) from filing repetitive future frivolous motions and complaints with regard to violation of the Injunction. Please – End this idiocy. SMITH has stated, SMITH is no longer concerned with PARIS' continuous violations of the injunction. They only serve to make PARIS look foolish.

### CERTIFICATE OF SERVICE

I hereby certify that this has been served on all parties and the Court via the Court's CM/ECF portal.

Mr. Lorenzo – The current Attorney of Record (for this case) for Christopher Mark Paris will be notified at/via electronic notification via the Court's CM/ECF portal when the Court clerk enters this document into the court record.

Respectfully submitted to the Court using the PACER CM/ECF on this 9th day of February 2018.

Marc Timothy Smith (Defendant Pro Se) (graphic signature)

US Tel: 513 341-6272
Email: elsmarmarc@gmail.com