UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS,

    Plaintiffs,

v.                                          Case No. 8:15-cv-11-T-17CPT

MARC TIMOTHY SMITH, d/b/a
CAYMAN BUSINESS SYSTEMS,

    Defendant.
_____/

## ORDER

Before the Court is the Plaintiffs' *Request to Conduct Discovery*. (Doc. 137). For the reasons discussed below, the Plaintiffs' request is denied.

### BACKGROUND

The background of this case has been summarized previously by the Court, *see, e.g.,* (Docs. 99, 105), and need not be repeated at length here. The case arises out of a long-standing cyber feud between the Plaintiffs and the Defendant. The feud came to a head in January 2015 when the Plaintiffs initiated this action, alleging that the Defendant used his website and other forums to disparage the Plaintiffs and cause harm to their business. (Doc. 1). The Plaintiffs brought claims for unfair competition under 15 U.S.C. § 1125; violation of Fla. Stat. §§ 772.102(1)(a)(26),

772.104(1), and 836.05 (extortion); defamation *per se*; defamation; libel; injurious falsehood; and injunctive relief. *Id.*

On March 19, 2015, the parties filed a Joint Stipulation on Injunction (Joint Stipulation), in which the parties agreed, among other things, to refrain from publishing content regarding each other on their respective websites. (Doc. 33). The Defendant also agreed in the Joint Stipulation to remove posts and online commentary regarding the Plaintiffs. *Id.* By an Order dated March 23, 2015, the Court approved the Joint Stipulation and retained jurisdiction to enforce the terms and provisions of the same. (Doc. 35).

On July 2, 2015, after mediating their disputes and entering into a Mediated Settlement Agreement (MSA), the parties filed a Joint Stipulation of Dismissal with Prejudice (Stipulation of Dismissal), dismissing with prejudice the action as well as all claims and counterclaims. (Doc. 52). The Court approved the Stipulation of Dismissal and closed the case on July 6, 2015. (Doc. 53).

In late-2015, the Plaintiffs filed a post-dismissal motion regarding the Defendant's alleged breach of the Joint Stipulation and the MSA. (Doc. 59). That motion ultimately resulted in a finding of two breaches of the Joint Stipulation and sanctions being imposed against the Defendant. *See* (Docs. 99, 105). Based upon those breaches, the Court awarded the Plaintiff attorney's fees in the amount of $4,705.25 (Doc. 120), which sum was reduced to a judgment on January 18, 2017 (Doc. 121).

The instant motion, filed by the Plaintiffs on January 24, 2018, followed.

## DISCUSSION

By their motion, the Plaintiffs seek an order reopening this case so that they may conduct discovery regarding the Defendant's alleged failure to comply "with Court Order."[1] (Doc. 137 at 1). The Plaintiffs claim that such relief is necessary to issue subpoenas aimed at uncovering the Defendant's continued defamation of the Plaintiffs and his interference with other cases in which the Plaintiffs are involved. *Id.* at 3.

The Defendant has filed a response in opposition. (Docs. 140, 141). The Plaintiffs and the Defendant have also filed an unauthorized reply and an unauthorized sur-reply, respectively. (Docs. 143, 144).[2]

On due consideration, it is hereby ORDERED:

1) The Plaintiffs' request to reopen this case is DENIED.

2) To the extent that the Plaintiffs seek post-judgment discovery on the judgment for attorney's fees (Doc. 121), they may do so – without prior Court authorization – in accordance with the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from

---

[1] Although the Plaintiffs cite Docket Entry 120, which is the Court's January 18, 2017, Order granting in part and denying in part Plaintiffs' Motion for Fees, it appears that they intended to refer to the Court's prior Order approving the Joint Stipulation at Docket Entry 35.

[2] *See* M.D. Fla. R. 3.01(c) ("No party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave"). In accordance with this Local Rule, the Court directs the Clerk to STRIKE Docket Entries 143 and 144 and to delete the images from the record.

any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located").

3) To the extent that the Plaintiffs seek discovery regarding the Defendants' alleged violation of the Court's Order approving the Joint Stipulation (Doc. 35), the motion is DENIED without prejudice. Although the Court retained jurisdiction to enforce the terms and provisions of the Joint Stipulation, *id.* at 1, the Plaintiffs provide no explanation or authority for conducting post-dismissal discovery in relation to enforcement of a stipulated injunction. The Plaintiffs are reminded in this regard that, under the Local Rules, a movant must "include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request . . . ." M.D. Fla. R. 3.01(a). The Plaintiffs have failed to satisfy these requirements here.[3]

DONE and ORDERED in Tampa, Florida, this 5th day of April 2018.

*[signature: Christopher P. Tuite]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any unrepresented party

---

[3] The Court reminds the parties of the District Judge's previous admonition that the submissions in this case should be written and compiled at a level appropriate for federal court. *See* (Doc. 105 at n.2).