<u>Defendant Pro Se's Answer to Plaintiff's</u> **"MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION "** <u>- Case 8:15-cv-00011</u>

IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

In response to Plaintiffs' Motion (Document 146) of Case number: 8:15-cv-11-T-60CPT, formerly : 8:15-cv-00011

OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, individually.

Plaintiffs,

Vs.

MARC TIMOTHY SMITH, individually,
and d/b/a/ CAYMAN BUSINESS SYSTEMS (Defunct since ~2001)

Defendants.

Presiding Judge: Thomas P. Barber
Court: Florida Middle District Court
Office: Tampa Office
County: Hillsborough

Case Number: 8:15-cv-11-T-60CPT, formerly : 8:15-cv-00011

<u>Defendant Pro Se's Answer to Plaintiff's</u> "**MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION** " <u>- Case 8:15-cv-00011</u>

### Motion to Dismiss Plaintiff's Injunction Petition

### FACTS

A: This is the third lawyer to file such a motion going back to 2015, all of which have to a large degree been essentially the same.

B: The Plaintiff, Mr. Christopher Paris, is filing this as a way to continue to harass Marc Smith, the Defendant.

C: The most recent attempt was to file a "new" lawsuit against 4 defendants. This lawsuit included the same lawsuit, practically verbatim, filed in 2015 and the violation of injunction complaint(s) filed in 2015 and 2016. Case:  *M.D.Fla._8_19-cv-00423-WFJ-SPF* – "CHRISTOPHER MARK PARIS, and OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC

*Plaintiffs v.*

WILLIAM LEVINSON, LEVINSON PRODUCTIVITY SYSTEM, PC, a Pennsylvania Corporation, MARC TIMOTHY SMITH, individually, and d/b/a CAYMAN BUSINESS SYSTEMS, GUBERMAN PMC, a Connecticut Corporation, DARYL GUBERMAN, an Individual, DONALD LABELLE, an Individual.

In this new lawsuit it is evident that Paris' most recent attorney, Mr. Glenn Shrayer (Fl Bar No. 57253) failed to do *due diligence* in that a simple PACER search would have revealed that, while "chopped up", was nearly identical to the 2015 case which had been closed "with prejudice in July of 2015 (docket entry 53) and as such could not be brought again.

D: Interweaved with in the "new" lawsuit were many elements of the 2016 violation of injunction elements.

<u>Defendant Pro Se's Answer to Plaintiff's</u> **"MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION "** <u>- Case 8:15-cv-00011</u>

E: Mr. Shrayer did not submit to the court the Notice of Pendency of Other Actions as required by Local Rule 1.04(d), so SMITH did submit the required document to the court (8:19-cv-423, docket document 15, April 19, 2019) in the belief that it was important for the court to know about this lawsuit. Soon afterward Mr. Shrayer dropped SMITH from the lawsuit. On May 10 of 2019, Mr. Shrayer did submit to that court a voluntary dismissal of Smith from the case (8:19-cv-423, docket document 36, May 10, 2019) which the court granted soon after.

F: During the time of the injunction, Paris continued to violate the injunction through 2017 and 2018. Rather than burdening this court with repeated exhibits, Smith requests this court to review docket documents 122 and 123, including associated exhibits. This is in addition to continued posting by Paris on Linkedin and on his personal website, and probably other interne venues.

G: In 8:19-cv-423, Levinson and Paris did settle out of court. While Smith has no knowledge of the settlement, soon after Mr. Paris deleted over 1,100 of his approximately 1,500 "tweets". Smith does not know what other documents Pairs deleted on his website or other venues, but it appears obvious that these deletions were in response to the settlement with Levinson and/or in preparation to filing this new complaint to eliminate evidence of his violation of injunction claims.

H: Throughout his current complaint, Paris claims throughout that Smith is associated with Osteinfo.com, Oxebridgequalitylawsuits.com and Oxebridge.co. No actual, verifiable proof has been presented. All assertions are opinions and conjecture rather than clear and convincing evidence of Smith's involvement with these websites. As 8:19-cv-423 shows, Mr. Paris has made numerous enemies, any one or more of which could be responsible for the cited websites.

## ANSWERS TO **MOTION FOR SHOW CAUSE ORDER**

<u>Defendant Pro Se's Answer to Plaintiff's</u> "**MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION** " <u>- Case 8:15-cv-00011</u>

I

ADMISSIONS AND DENIALS TO EACH MOTION LINE ITEM

## Defamation

*Any intentional **false** communication, either written or spoken, that harms a person's reputation; decreases the respect, regard, or confidence in which a person is held; or induces disparaging, hostile, or disagreeable opinions or feelings against a person.*

Line Item 1 – Agree – The original case was closed settled by settlement on 5 June 2015 and closed with prejudice in July 2015 (Docket Entry 53) by he court. A "fact" already well known by this court.

Line Item 2 – Without knowledge, therefore denied. Oxbridge now claims to be a "News Website" and is no longer known to provide quality management "standards" to my knowledge.

Line Item 3 – Without knowledge - Unrelated to claims in line item 2. No clear and convincing evidence of this is presented.

Line Item 4 – Without knowledge. Smith does not visit Paris' website, and it appears few others do:

<u>Defendant Pro Se's Answer to Plaintiff's</u> "**MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION**" <u>- Case 8:15-cv-00011</u>



These days, practically anyone can claim their website is a "news" outlet.

Line Item 5 – Without knowledge – Smith has no idea when Paris started his website. This is a repetitious restatement from the original lawsuit.

Line Item 6 – Agree in part/Deny in part – Prior to 2001 and as such has not been a "competitor" since 2001, over 18 years ago. This is a repetitious restatement from the original lawsuit.

Line Item 7 – Deny – Elsmar has never used a picture of a Cayman Islands property on Elsmar.com. This is a demonstratively false accusation. Elsmar has never done so, and it is irrelevant to this complaint.

Line Item 8 – Agree – By USENET rules at the time, Paris was technically "spamming' a newsgroup, the content of which was arguably fraudulent which was expressed as opinion, not fact. As so much that is presented in this complaint, no clear and convincing evidence otherwise is presented in this complaint.

<u>Defendant Pro Se's Answer to Plaintiff's</u> "**MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION**" <u>- Case 8:15-cv-00011</u>

Line Item 9 – Agree in part/Deny in part – Smith has no knowledge of Google having purchased all of the USENET groups. Google did purchase [Dejavue](#) in 2001 which was a small part of USENET groups. The USENET groups had, and has, no copyright restrictions on text groups or their content, nor does Google Groups have such restrictions or claims. Google Groups "scraped" much USENET groups content and posted them on their "Groups" platform since USENET claimed, and still claims, no copyright to group text comments/posts/content.

Line Item 10 – Agree In Part/Deny In Part – Smith has little memory of what occurred almost 20 years ago. In addition, Paris had over 15 years, at the time of this 2015 lawsuit, to complain, way beyond the statute of limitations. Smith admits at he time, he owned and operated Elsmar.com, which *at the time* was a significant internet resource. That was over 15 years ago from the filing of the 2015 lawsuit –again, a statue of limitations "problem" for filing the lawsuit in the first place. It should also be noted that the court, in the March 2016 hearing in Tampa ruled that only aspects relating to a violation of the injunction are relevant at this time. No other aspect of the lawsuit, which was closed with prejudice in July 2015, is relevant. None of this is relevant to this current complaint.

Line Item 11 – Deny – It is false to say that any Oxebridge commentary or other Oxebridge related discussions or comments have been on Elsmar.com since circa April 2015. No clear and convincing evidence of this is presented. Nor is there any clear and convincing evidence presented that any exists, or has existed since circa April 2015.

Line Item 12 – Deny – Also see Docket Documents 105, 122, 123 (including exhibits), 129, 130, 133, 135, 136, 137 in which Paris begs for "discovery" after the case was settled, an was denied (docket document 138), 140 (including exhibits), 141, 144, and document 145.

<u>Defendant Pro Se's Answer to Plaintiff's</u> "**MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION** " - <u>Case 8:15-cv-00011</u>

During the time that Smith is/was supposedly violating the injunction, Paris was also violating the injunction concurrently, and currently still has content on his Oxebridge website in which he falsely accuses Smith of violating the injunction.

Line Item 13 – Deny – Defendant believes Plaintiffs' Motion to Strike Answer is inappropriate, however, as stated in Line Item 1 herein, Defendant agrees to Amend Defendants' Answer to address valid complaints Plaintiff asserts even though Defendant believes Plaintiffs' intent is to further burden the court with more paperwork.

Line Item 14 – Agree – The out did enter that order, yet as Smith has, and does, maintain, Mr. Wholsifer submitted to the court a document which was no the one agreed to prior to its submission. As an officer of the out, this was fraud upon the court.

Line Item 15 – Agree – However define "symbolic". It should also be noted that claimed attorney fees of approximately $12,000 was submitted which was reduced by the court to approximately $4,750 (docket documents 99, 105, 110, 120 and 121).

Line Item 16 – Deny – The proper venue for trademark disputes is not this court.

Line Item 17 – Deny – There is no actual **proof** to support this claim. Paris does not provide clear and convincing evidence. In addition, there is a process to complain about trademark disputes. This complaint is about a supposed violation of injunction, not trademark disputes.

Line Item 18 – Deny – Smith has no association with the owner of the cited email address other than occasional communications with the website owner with regard to server software maintenance. Paris has provided no clear and convincing evidence of his claim, rather Paris provides only his opinion/conjecture.

<u>Defendant Pro Se's Answer to Plaintiff's</u> "**MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION**" <u>- Case 8:15-cv-00011</u>

Line Item 19 – Deny – Paris has appropriate venues to address trademark claims. The complaint is about claimed violation of an injunction, not trademark issues.

Line Item 20 – Agree in part/deny in part – Technical issues related to the server and software are sent to the website owner who communicates them to Smith to attempt to resolve.

Line Item 21 – Deny. Conjecture on Paris' part. No clear and convincing evidence of this is presented.

Line Item 22 – Deny - It is not unusual for the website owner to request that Smith resolve a problem like this. Smith does not remember this, but it was a response in the forum in 2016, not from an email address, and it advises the person to contact the current website owner, Mr. Peachfarm at the company email address.

Line Item 23 – Agree in part. Deny in part - The elsmarmarc@gmail email address is controlled by the current website owner who does forward emails to Smith when appropriate, and vice versa, but not always. It depends upon the subject matter. But again, this is an issue of the settlement agreement, not the accusation of violation of the injunction. [elsmarmarc@gmail.com](mailto:elsmarmarc@gmail.com) in court documents are left over from the time of the lawsuit and has not been removed.

Line Item 24 – Agree in part/Deny in part - These are old documents. Smith has used "elsmamarc" in many places over the last approximately 20 years. A "Google search" for the term is of dubious value with regard to anything herein. Although Smith does still have the elsmarmarc@gmail address in Google's records, control of that email address

<u>Defendant Pro Se's Answer to Plaintiff's</u> "**MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION** " <u>- Case 8:15-cv-00011</u>

was ceded to the current website owner a couple of years ago for continuity of/in the forum.

Line Item 25 – Deny – As with so many things Paris has claimed, he has made assumptions. Paris has provided no clear and convincing evidence. For example, see Docket Document 122-1 (an exhibit). Paris makes many spurious, false claims such as Exhibits "E" and "G" and "K".

Line Item 26 –Deny - False – No clear and convincing evidence of this is presented. What IS presented is a "Whois" record from a date when Elsmar.com was off-line and prior to transfer to the current owner in April 2016, which was not in conflict with the settlement agreement. There is no "defamatory" information in Exhibit 12.

Line Item 27 – Deny – No clear and convincing evidence of any involvement of Smith is presented. This is total conjecture.

Line Item 28 – Without knowledge.

Line Item 29 – Deny/Without knowledge – No evidence of any involvement of Smith with osteinfo.com and/or Oxebridge.co has been presented.

Line Item 30 – Deny/Without knowledge - wikiwww.me is not an *authoritative* source and it is years out of date.

Line Item 31 – Without knowledge – Smith has no knowledge of content of these websites.

Line Item 32 –Deny – There is no clear and convincing evidence presented as to the actual ownership of the websites cited. Conjecture is not evidence.

Line Item 33 - Without knowledge.

<u>Defendant Pro Se's Answer to Plaintiff's</u> **"MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION "** <u>- Case 8:15-cv-00011</u>

Line Item 34 - Without knowledge.

Line Item 35 - Agree in part/Deny in part - Smith was copied on Paris' threat by the Elsmar.com owner who may have shared it with many people. In addition, exhibit 15 has no "page 2". Paris' mistake of sending it to the wrong email address shows Paris did not even know for sure who he was sending a cease and desist letter to.

Line Item 36 – Deny - Paris sent this to the website owner who chose to publish without coordination with or approval of Smith.

Line Item 37 – Deny - Opinion statement. No clear and convincing evidence is presented.

Line Item 38 – Deny – Smith has no control over what others post on their website. Smith never was contacted about any such interview nor did Smith give such an interview.

Line Item 39 – Deny - The website owner clearly expressed an opinion. "Obviously agreed to by Smith because of COSTS," is a reason why most lawsuits are settled out of court prior to trial which is a quite well known tactic to financially damage a defendant – winning is not necessarily the object of a lawsuit of this type.

Line Item 40 – Deny – The Exhibit 15 was, it appears, marked up by Paris and contains only 1 page. There is no way to determine if Paris actually produced that page himself.

Line Item 41 – Statute of limitations has long run out on complaining about content from 2000 – 19 years ago. It is the crux of this lawsuit to begin with an it is surprising it was not thrown out at the beginning considering: **Two Years is the Standard Deadline for Filing a Defamation Lawsuit in Florida.** Paris waited approximately 15 years before filing the lawsuit.

Line Item 42 – Deny – Totally. This is total BS.

Line Item 43 – Deny – Read the settlement agreement. Smith did not promise or agree to sell Elsmar nor did Smith agree not to participate in discussions should ownership be transferred. Or sold. The agreement allowed Smith to retain total ownership, without any restrictions on what he would do with it. In addition, Paris has included "evidence" that

<u>Defendant Pro Se's Answer to Plaintiff's</u> "**MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION** " <u>- Case 8:15-cv-00011</u>

are "legacy" pages which have never, to today, been removed from the server. Smith is proud of his past and there is no reason to remove legacy pages from approximately 20 years ago. The settlement agreement only stipulated that Smith could not open another "ISO" website.

Line Item 44 - Agree in part/Deny in part – Smith has duties to maintain software security and monitors content. Smith also makes occasional posts and ensures thee is no mention of Chris Paris and/or Oxebridge.

Line Item 45 – Agree in part/Deny in part – What is the point of this line item which has absolutely no relationship to this complaint? There are some links to the Duck search engine, but is not a part of an "internal" search engine.

Line Item 46 – Agree –Most search engines do the same. Smith has absolutely no control over how any search engine categorizes and lists search results. It should also be noted that SMITH has no control over DUCK search content, including "snippets> Clicking on links in the search results show that no content related to Oxebridge is on the Elsmar website. Paris may want to complain to DuckDuckGo about their search results algorithm. Smith has no idea when Paris did the DUCK search, but Smith has reviewed every link and not one has anything related to Oxebridge in on any link. How DUCK formulates search results is their algorithm which Smith has no control over. Smith favors the DUCK searches because it does not include advertising as Google does, and it uses SSL which provides privacy, does no user tracking and provides security. Elsmar.com has NO content such as "Note that Christopher Paris of Oxebridge continues to keep truly "Fake News" and Smith has no idea where the DUCK got that "snippet". It is nowhere on the Elsmar.com website and does not appear in Google or Bing searches.

Line item 47 – No knowledge.

Line Item 48 – Deny – Smith has no control over the cited website. In addition, website owners are allowed to post opinions. Paris has provided no examples of content, other than some opinions, of which he himself, has expressed many on many venues from Twitter to Linkedin to on his own Oxebridge website. It's what he does. E.g.:

<u>Defendant Pro Se's Answer to Plaintiff's</u> "MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION " - Case 8:15-cv-00011

> **US Court: Oxebridge Prevails in Elsmar Lawsuit**
> www.oxebridge.com/emma/us-court-oxebridge-prevails-in-elsmar-lawsuit/
> The US Federal District Court Middle District has issued a final order declaring Oxebridge as the prevailing party in its defamation lawsuit against the **Elsmar** website.

> **Elsmar Hack of Oxebridge Isn't Their... - Oxebridge Qualit…**
> www.oxebridge.com/emma/elsmar-hack-of-oxebridge-isnt-their-first-run-in-v
> The recent hack of Oxebridge's website isn't the **Elsmar** operators' first run-in with the law; previously, they advocated for the murder of undercover police officers.

Line Item 49 – Deny – This is all rehashed bog from previous complaints. This a knowingly false accusation. Paris also knows that Smith can not get Goggle to delete Google Groups page(s).

Line Item 50 – Deny – Smith has no control over the website or its content. In addition, if Paris has copyright complaints, there are appropriate venues to state and resolve copyright complaints.

Line Item 51- Deny – Smith has no control over the referenced website. In addition, if Paris has copyright complaints, there appropriate venues to state and resolve such complaints.

Line Item 52 – Agree – Had Paris filed a complaint any offending material would have been removed. Paris can use the Report function as can anyone, even unregistered visitors. Anyone can and it is available to the public. This is standard procedure on the majority of websites.

Line Item 53 - Agree – The post contained an imbedded graphic which was not viewable

<u>Defendant Pro Se's Answer to Plaintiff's</u> "**MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION**" <u>- Case 8:15-cv-00011</u>

by the public, or Paris, so Paris is guessing that it was something nefarious. Nothing prohibits people from having private conversations and there is no evidence that was or is in any way nefarious. In addition, when it became apparent (by way of Paris' Twitter" tweets) it was immediately removed.

Line Item 54 – Agree in part/Deny in part – The exhibit speaks for its self. It is an email sent from elsmarmarc@icloud.com.

Line Item 55 – Agree in part/Deny in part – Paris threatened Smith, it was public knowledge. The website owner was one of many that knew, in part because Paris sent the email to the wrong email address.

Line Item 56 – Deny – This is all conjecture. Conjecture is not clear convincing evidence. It is certainly not "clear and convincing" evidence, nor is it "proof" of anything.

Response to:
# I. ARGUMENT & AUTHORITIES

A: No precise "facts" have presented. Rather, this filing is totally conjecture.

B: Smith believes only a court hearing can substantiate whether the injunction, and whether Paris himself is also violating the injunction.

C: As the complaint states: "…truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir.1995) which can only be done in a court hearing.

D: While the accusation of false accusations and defamation, are heavily used throughout the complaint, Paris has submitted no "false" material, nor any actual defamation. Note

<u>Defendant Pro Se's Answer to Plaintiff's</u> "**MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION** " <u>- Case 8:15-cv-00011</u>

that: A defamatory statement must be false -- otherwise it's not considered damaging. Even terribly mean or disparaging things are not defamatory if the shoe fits. Most opinions don't count as defamation because they can't be proved to be objectively false. For instance, when a reviewer says, "That was the worst book I've read all year," she's not defaming the author, because the statement can't be proven to be false. Paris has not cited any actual false statement(s) or information which by clear and convincing evidence has been posted anywhere by Smith, or anyone else for that matter. Obviously Paris is not happy that many people have used their first amendment right to mock him, people have the right to do so.

### REQUEST FOR RELIEF

Wherefore, Defendant prays for as follows:

1. For dismissal of the Plaintiff's Motion with prejudice;
2. For an order that the Plaintiff shall take no relief from the Motion;
3. For Plaintiff to pay all costs of the Complaint/Lawsuit and his motion(s) incurred by Defendant having to respond to a frivolous, non-specific, redundant complaint;
4. For further relief the Court deems fair.

> I declare under penalty of perjury that the forgoing is true and correct.
> Dated and respectfully submitted using the CM/ECF this 23 December 2019.

<u>Defendant Pro Se's Answer to Plaintiff's</u> **"MOTION FOR CONTEMPT AND SANCTIONS AGAINST MARC SMITH FOR VIOLATION OF COURT ORDER GRANTING THE AMENDED PRELIMINARY INJUNCTION AND JOINT STIPULATION ON INJUNCTION "** - Case 8:15-cv-00011

Marc Timothy Smith (Defendant pro se)

By:

Marc Timothy Smith

I certify that a copy of this ANSWER and REQUEST FOR RELIEF is being furnished by mail on the same date to the Court and to Attorney for Plaintiff.