**Defendant Pro Se's Statement to the Court- Case 8:15-cv-00011 – Re: Violation of Injunction**

1  IN THE UNITED STATES DISTRIC COURT
2  MIDDLE DISTRICT OF FLORIDA
3  TAMPA DIVISION
4
5  SMITH's Statement to the Court – Re: Case number: 8:15-cv-11-T-60CPT,
6  formerly: 8:15-cv-00011
7
8  OXEBRIDGE QUALITY RESOURCES
9  INTERNATIONAL, LLC, and
10 CHRISTOPHER PARIS, individually.
11
12 Plaintiffs,
13
14 Vs.
15
16 MARC TIMOTHY SMITH, individually,
17 and d/b/a/ CAYMAN BUSINESS SYSTEMS (Defunct since ~2001)
18
19 Defendants.
20
21 Presiding Judge: Thomas P. Barber
22 Court: Florida Middle District Court
23 Office: Tampa Office
24 County: Hillsborough
25 Case Number: 8:15-cv-11-T-60CPT, formerly: 8:15-cv-00011
26
27
28
29

**Defendant Pro Se's Statement to the Court- Case 8:15-cv-00011 – Re: Violation of Injunction**

30      **STATEMENT TO THE COURT**

31                              **FACTS**

32

33   On 16 March of 2016 there was a hearing in Tampa before the Honorable Judge
34   Thomas B. McCoun on the complaint by Paris of violation(s) of the Stipulation on
35   Injunction by Smith. Mr. Wohlsifer was not present. Paris was represented by Ms.
36   Leighanne Boone.
37
38   On 24 March 2016, Ms. Boone filed an "Emergency" motion to seal the transcript:
39   Docket Document 84 in which she falsely claimed Smith was continuing to post
40   online about Plaintiff (Exhibit P herewith). Evidence of such was not presented.
41   Ms. Boone had already shown she was not adverse to lying to the court: Exhibit
42   A herewith.
43
44   The motion was denied: Docket entry 85.
45
46   On 25 March 2016, Ms. Boone filed an "Amended Emergency" motion to seal the
47   transcript: Docket Document 86 which was denied in Docket entry 89.
48
49   A transcript was released soon thereafter on March 26, 2016: Docket Document
50   87.
51
52   On 28 March 2016, Mr. Wohlsifer filed Docket Document 90 – A "notice of intent
53   to redact hearing transcript" which was soon after withdrawn: Docket Document
54   98.
55
56   The Honorable Judge Thomas B. McCoun filed his report on 28 July 2016:
57   Docket Document 99.

**Defendant Pro Se's Statement to the Court- Case 8:15-cv-00011 – Re: Violation of Injunction**

58

59  The Honorable Judge Elizabeth A. Kovachevich agreed with the report on 14
60  September 2016: Docket entry 109, and on 18 January 2017 entered her final
61  order in regard to the complaint and ordered Smith to pay Paris $1,000 and
62  reduced attorney fees of about $4,750 of the about $13,000 submitted by Mr.
63  Wohlsifer.
64

65  On 19 June 2017 Smith advised the Court that Paris was, himself violating the
66  injunction: Docket document 122 and on 22 June 2017 Docket Document 123
67  (and as evidence each documents attachments. Docket document 122 was not
68  acted on by the Court because it did not comply with Local Rule 3.01(g). Smith
69  did not pursue it because Mr. Wohlsifer was abandoning Paris and Smith felt
70  that, as a minimum, the Court was now aware it was occurring – That Paris was
71  continuously violating the injunction.
72

73  Also see Exhibits B, D, E, M, N and O herewith. Paris has continued to violate
74  the injunction through at least June/July of 2019stopping, as far as Smith can tell,
75  only when a mediation agreement with Mr. Levinson was reached in case
76  M.D.Fla. 8:19-cv-00423-WFJ-SPF filed on 19 February 2019. Smith was a
77  defendant in this case until Smith submitted a Notice of Pendency of Other
78  Actions to that court, Exhibit Q herewith, after which his attorney in that case,
79  also Mr. Shrayer, dropped Smith from the complaint (M.D.Fla. 8:19-cv-00423-
80  WFJ-SPF Docket Document 36). Within M.D.Fla. 8:19-cv-00423-WFJ-SPF, Mr.
81  Shrayer took the filing from this 2015 case, chopped it up into pieces and filed
82  the pieces verbatim in a larger filing of 334 paragraphs spread over 64 pages
83  along with 371 pages of exhibits.
84

85  Note that Mr. Lorenzo attempted to reopen this closed (with prejudice) case
86  (8:15-cv-00011) on 24 January 2018: Docket Document 137. This was denied by

**Defendant Pro Se's Statement to the Court- Case 8:15-cv-00011 – Re: Violation of Injunction**

87  the Honorable Magistrate Judge Christopher P. Tuite: Docket entry 145 on 5
88  April 2018.
89
90  On 7 July 2017 Mr. Wohlsifer withdrew as Paris' attorney: Docket Document 125,
91  which was granted by the court.
92
93  On 7 July 2017 Mr. Jose Lorenzo - Notice of Appearance(?): Docket entry 124.
94
95  On 7 August 2017 Mr. Jose Lorenzo officially files his Notice of Appearance:
96  Docket Document 127.
97
98  On 7 February 2018 this case is reassigned to the Honorable Magistrate Judge
99  Christopher P. Tuite.
100
101  Not having notified the Court that he was appearing in this case, on 20
102  December 2019 Mr. Shrayer filed Docket Document 146, a 19 page document
103  with 27 Exhibits. Smith believes Mr. Shrayer has violated Supreme Court Rule 9
104  (Appearance of Counsel), 2, by failing to file a notice of appearance as counsel
105  of record. In addition whether Mr. Lorenzo is still apparently involved as the
106  attorney of record for Paris in this case.
107
108  On 22 January 2020 this case is reassigned to the Honorable Magistrate Judge
109  Thomas P. Barber, and on 6 February 2020 his Honor granted Smith's request
110  for a telephone hearing, for which Smith thanks his Honor.
111
112  **GENERAL COMMENTS**
113
114  As of the date of this filing, Mr. Jose Lorenzo still appears to be the attorney of
115  record in this case. Smith has seen no Notice of Appearance from Mr. Shrayer.

**Defendant Pro Se's Statement to the Court- Case 8:15-cv-00011 – Re: Violation of Injunction**

116
117 Smith believes this complaint by Mr. Shrayer is not based upon actual evidence
118 (Smith refutes Paris' claim that Smith had or has anything to do with the
119 "oxebridgequalitylawsuits" website) and is an attempt to cause Smith severe
120 emotional distress, and is an attempt to derive excessive, exorbitant attorney
121 fees from Smith in a coordinated effort with Paris. Smith also believes that Mr.
122 Shrayer attempted to subvert the justice system by attempting to re-file this
123 closed with prejudice 2015 complaint using M.D.Fla. 8:19-cv-00423-WFJ-SPF,
124 which, to a large degree, is "judge shopping". If Mr. Shrayer was unaware of this
125 case (8:15-cv-00011), Mr. Shrayer failed at basic "Due Diligence" prior to taking
126 Paris' case, and that Paris either lied to him, or Paris himself tried to dupe Mr.
127 Shrayer.  At the very least, Mr. Shrayer is guilty of violating the Florida Barr's
128 Rules of Professional Conduct.
129
130 In addition, Smith believes Mr. Shrayer's stated fees for filing this are excessive
131 considering the simplicity and lack of actual research done (most was obviously
132 done by Paris),
133
134 SMITH has no intention to "make a mockery of this court". SMITH only asks that
135 the Court consider the fact that two Magistrate Judges have already opined that
136 the filing were "inappropriate for federal court", both of which were in regard to
137 attorneys who are licensed to file in Federal Court. Any "mockery" has been by
138 the plaintiff's attorney(s) by submission of lame motions (etc.) to the court.
139
140 Now PARIS has a *third* attorney, who has copied and pasted charges from a
141 2015 lawsuit, already closed WITH PREDJUICE (8:15-cv-00011), in an attempt
142 to include and link SMITH in a "new" lawsuit – A Mockery of the Court. SMITH
143 contends that "CLOSED WITH PREJUDICE" has a meaning. SMITH contends
144 that "CLOSED WITH PREJUDICE" means that the plaintiff can not copy and

**Defendant Pro Se's Statement to the Court- Case 8:15-cv-00011 – Re: Violation of Injunction**

145  paste charges from a settled lawsuit to bring the same charges in a "new"
146  lawsuit.
147

> 3.01(a).  The Plaintiffs have failed to satisfy these requirements here.[3]
>
> DONE and ORDERED in Tampa, Florida, this 5th day of April 2018.
>
> *Christopher P. [signature]*
> HONORABLE CHRISTOPHER P. TUITE
> United States Magistrate Judge
>
> Copies to:
> Counsel of record
> Any unrepresented party
>
> ---
>
> [3] The Court reminds the parties of the District Judge's previous admonition that the submissions in this case should be written and compiled at a level appropriate for federal court.  *See* (Doc. 105 at n.2).
>
> 4

148
149

**Defendant Pro Se's Statement to the Court- Case 8:15-cv-00011 – Re: Violation of Injunction**

> **V. Conclusion**
>
> Accordingly, it is
>
> **ORDERED** that the R&R is **ADOPTED AND INCORPORATED BY REFERENCE**. The Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as set forth in the R&R.
>
> **DONE** and **ORDERED** in Chambers, in Tampa, Florida this 14th day of September, 2016.
>
> ELIZABETH A. KOVACHEVICH
> UNITED STATES DISTRICT JUDGE
>
> Copies furnished to:
>
> Counsel of Record
> Unrepresented Parties
>
> ---
>
> [2] The pleadings filed in this case are not at a level appropriate for federal court. This applies equally to the Defendant, who is proceeding *pro se*, and the Plaintiffs, who are not.

Smith also believes that the fact that Paris, starting "cleaning up" his website and deleting over 1,600 "tweets" some time around June 2019 and today, does not absolve him of having posted the material/posts to begin with.

Smith requests that the Court not proceed beyond this point until the issues Smith has detailed herein are resolved, including sanctioning of Mr. Shayer as appropriate, is complete.

**Defendant Pro Se's Statement to the Court- Case 8:15-cv-00011 – Re: Violation of Injunction**

163

164                                      **EVIDENCE LIST**

| Exhibit | Description |
|---|---|
| A | False Certificate of Service |
| B | 2014 Tweet where Paris had started defamation. |
| C | Paris starts to delete "Tweets" |
| D | 22 July 2019 Oxebridge "Tweet" |
| E | False claim in "tweet" in 2018 |
| F | Paris describes himself |
| G | Elsmar Forums List of discussion topics |
| H | Duck Search Results for Oxebridge |
| I | Elsmar Discussions Example |
| J | Oxebridge under attack claim |
| K | Timeline |
| L | Threads found in 3-2015 |
| M | Oxebridge keeps people informed |
| N | Miscellaneous Exhibits by date |
| O | LinkedIn and posted on Oxebridge website |
| P | Boone's false claim |
| Q | Notice of Pendency of Other Actions in Case M.D.Fla._8_19-cv-00423-WFJ-SPF |
| R | Oxebridge.com robots.txt file prior to June 2019 |

165
166
167   I declare under penalty of perjury that the
168   forgoing is true and correct.
169   Dated and respectfully submitted to all parties
170   using the CM/ECF system this 11 day of
171   February 2020.
172
173   /s/Marc Timothy Smith (Defendant pro se)