UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES         CASE 8:15-cv-00011
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, Individually

  Plaintiffs v.

MARC SMITH, individually,
and d/b/a CAYMAN
BUSINESS SYSTEMS

Defendants
_____/

### FEBRUARY 12TH DECLARATION OF CHRIS PARIS IN SUPPORT OF ORDER TO SHOW CAUSE WHY MARK SMITH SHOULD NOT BE HELD IN CONTEMPT

The undersigned, Chris Paris, hereby swears and attests under penalty of perjury as follows:

1. My name is Chris Paris. I am the managing member of Oxebridge Quality Resources, LLC ("Oxebridge").

2. Marc Smith has caused great damage to my business for many years now. While he is denying he is the one writing content about me online, he is clearly not telling the truth as chronicled below.

PROCEDURAL HISTORY

3. A succinct history of this case starts on March 19, 2015 when a joint stipulation on injunction was filed with the court, signed by all parties (Doc. 33).

4. On March 23, 2015 this joint stipulation was approved and the court retained jurisdiction to enforce the terms therein (Doc. 35). The injunction read as follows:

Paragraph 5(a)-(c) of the Joint Stipulation on Injunction:

a. SMITH agrees to refrain from publishing commentary on the personal, professional, business or other affairs of PARIS and OXEBRIDGE. More specifically:

   i. SMITH will remove all posts, links and other subject matter mentioning OXEBRIDGE or PARIS currently on the Elsmar.com Internet forum. Such removal must be permanent so that the posts, links and other subject matter cannot be retrieved or revived at a later date.

   ii. SMITH will remove any online commentary regarding OXEBRIDGE or PARIS authored by SMITH on any other website, social network, or any other manner of technology or communication now known or later to become known.

   iii. **SMITH will not publish any new content about OXEBRIDGE or PARIS on the Elsmar.com Internet forum, any other website, social network, or any other manner of technology or communication now known or later to become known, whether under his real name, anonymously or pseudonymously, or through the collaboration of any third party.**

5. That Joint Stipulation does not require me to remove any prior material about Smith, despite his continued claims to that effect.

6. Almost immediately, Smith violated the injunction by posting content about me on Elsmar.com.

7. On January 13, 2016, the Court issued an Order to Show Cause why Smith should not be held in contempt or otherwise sanctioned for violating the Joint Stipulation on Injunction (Doc. 69).

8. On July 28, 2016, the magistrate judge issued a report recommending Smith be fined $1,000.00 for violating the injunction (Doc. 99).

9. Subsequently, on January 18, 2017, the Court awarded plaintiff $4,705.25 in reasonable attorney's fees in for Smith's violation of the injunction (Doc. 120).

### SMITH NEVER CAME INTO COMPLIANCE WITH THE COURT ORDER

10. Simultaneously, while it was being litigated that Smith was violating the injunction for posting content on Elsmar.com, he created two more websites where he hid behind a pseudonym to defame me.

11. Oxebridge.co was registered under the email address to peachfarmllc@neomailbox.ch on October 19, 2016. This email address is listed as the technical, registrant, and billing contact.

12. On July 6th, 2017, a contact of mine sent an email to peachfarmll@neomailbox.ch. The contact received a response not from peachfarmllc@mailbox.ch, but instead from Marc Smith's personal email address elsmarmarc@gmail.com; the email was then forwarded to me.

13. The address elsmarmarc@gmail.com is the same address filed with the Court as Smith's personal email used for electronic service of court filings.

14. Smith also created a mirror site osteinfo.com, which copied all the content from oxebridge.co. This served to further influence Google Search results.

15. In 2019, I wrote to Smith about infringing content about me that appeared on message boards on Elsmar.com. He admitted his knowledge of the infringing material, but told me to file a report claim rather than simply agreeing to remove the content as required by the terms of the joint stipulation.

16. OxebridgeQualityLawsuits.com is the most recent website which ran from 2018 into 2020 and is dedicated solely to defaming me.

17. OxebridgeQualityLawsuits.com claimed that it was going to run an interview with Smith in 2019. The fact that they were going to run an interview in itself shows that Smith was involved in the content of the website and/or was actively collaborating with the website.

18. Also, emails I sent to Smith immediately appeared on the website oxebridgequalitylawsuits.com.

19. Oxebridgequalitylawsuits.com continued to publish defamatory content up until this motion was set for hearing. Then mysteriously all the content disappeared.

20. Smith was required to not publish any content about me ever again and to remove all past content about me. The fact that the court previously only fined him $1,000 and awarded 4,705.25 in attorney's fees did not prove to be a sufficient deterrent as demonstrated by the fact that Smith never stopped violating the injunction.

I hereby swear under penalty of perjury, on this 12th day of February 2020, that the information set forth in this Declaration is true and accurate.

_____

**CHRIS PARIS**
**OXEBRIDGE QUALITY RESOURCES, LLC**