**Defendant Pro Se's Plaintiff's Declaration of 12 February 2020 - 8:15-cv-00011**

| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRIC COURT |
| 2 | MIDDLE DISTRICT OF FLORIDA |
| 3 | TAMPA DIVISION |
| 4 | |
| 5 | In response to Plaintiffs' Declaration of 12 February 2020 (Docket Document154 ): |
| 6 | 8:15-cv-11-T-60CPT, formerly : 8:15-cv-00011 |
| 7 | |
| 8 | OXEBRIDGE QUALITY RESOURCES |
| 9 | INTERNATIONAL, LLC, and |
| 10 | CHRISTOPHER PARIS, individually. |
| 11 | |
| 12 | Plaintiffs, |
| 13 | |
| 14 | Vs. |
| 15 | |
| 16 | MARC TIMOTHY SMITH, individually, |
| 17 | and d/b/a/ CAYMAN BUSINESS SYSTEMS *(Defunct since ~2001)* |
| 18 | |
| 19 | Defendants. |
| 20 | |
| 21 | Presiding Judge: Thomas P. Barber |
| 22 | Court: Florida Middle District Court |

**Defendant Pro Se's Plaintiff's Declaration of 12 February 2020 - 8:15-cv-00011**

23  Office: Tampa Office

24  County: Hillsborough

25  Case Number: 8:15-cv-11-T-60CPT, formerly: 8:15-cv-00011

26

27

28  The following is a line item response to Paris' declaration:

29

30  Line item 1: Without knowledge. Mr. Paris has used several names over the years.

31  Line item 2: During the settlement meeting Paris had a chance to address any

32  financial grievances. His main interest was to take ownership of Elsmar.com, which

33  Smith would not agree to. Paris also had a chance to present the Court with

34  evidence of financial harm in the 16 March 2016 hearing. He did not show at the

35  time any financial harm. In fact the Judge made clear he did not believe Paris

36  suffered any significant financial harm.

37

38  Paris has had many opportunities to show financial harm and has not done so. If

39  Paris wants to do so now, would be questionable without, at the last, affidavits from

40  business owners who between 2001 and 2020 in which they state why they turned

41  down opportunities to work with Paris.

42  Line Item 3: Agree

**Defendant Pro Se's Plaintiff's Declaration of 12 February 2020 - 8:15-cv-00011**

43   Line Item 4: Agree

44   Line Item 5: Agree. Yet – *Smith has not requested any such removal of past remarks*

45   *(remarks made prior to the injunction)* by Paris. Smith's only objection has been in

46   Docket Documents 122 and 123 which were made by Paris **after** the injunction was

47   agreed to.

48   Smith has presented to the Court, in recent documents, that Paris has been, and at

49   least until the June-July 2019 timeframe, continually violated the injunction. What

50   Paris is attempting to do is to say he is bot violating, and has not violated the

51   injunction, by not directly naming Smith explicitly in his "tweets", on Linkedin, on his

52   Oxebridge.com website and elsewhere. In the 16 March 2016 hearing the Honorable

53   Judge Thomas B. McCoun made clear that the explicit mention is not necessary to

54   violate the injunction which was the basis for his requiring Smith to pay Paris $1,000.

55   Smith had not mentioned Oxebridge or Paris, but that the context was sufficient.

56

57   The same is true for Paris. Marc Smith has been on the internet with Elsmar.com

58   since 1996 and is well know for his work with major US and other companies world

59   wide. In his "tweets", etc., Elsmar is synonymous with Smith. Paris knows exactly

60   this, Paris' many, many attempts to end-run the injunction is obvious.

61   Line Item 6: Disagree. Note that Paris provides no proof of this.

62   Line Item 7: Agree

**Defendant Pro Se's Plaintiff's Declaration of 12 February 2020 - 8:15-cv-00011**

63     Line Item 8: Agree

64     Line Item 9: Agree: Which was less than the ~$13,000 requested.

65     Line Item 10: Deny

66     Line Item11: Agree in that the company which took control of the Elsmar.com
67     domain name and server in April 2016 use the email address.

68     Line Item 12: Without knowledge. No email trail has been presented. In addition,
69     emails can easily be faked. It should be noted that while Smith did use the
70     elsmarmrc@gmail address, he relinquished I to the current server owner sometime
71     back. While it is still in he CM/ECF record, Smiths email address of record is
72     elsmarmrc@icloud,com.

73     Line Item 13: Agree. Smith has been unsuccessfule at getting the old email address
74     removed, just as Cayman Business Systems is still on the court record even though
75     it has not been used since 2001 well prior to the date this case was file in January of
76     2015. Cayman Business Systems was a 'dba' Smith did use until Ohio outlawed the
77     use of dba's in 2001, which shows how screwy this whole case is – It was filed
78     against a non-existent 'dba'.

79     Line Item 14: Deny

80     Line Item 15: Agree in part/Deny in part. Smith has a memory of such an email.
81     However, it never appeared on Elsmar.com and Smith does not remember any such

**Defendant Pro Se's Plaintiff's Declaration of 12 February 2020 - 8:15-cv-00011**

82  acknowledgement or response.

83  Line Item 16: Without Knowledge – Smith's has been aware of it and Smith did use
84  the abuse email provided in whois requesting them to remove the content because
85  of harm to Smith. It appears they have done so. As Smith has previously stated, it is
86  for all intents and purposes impossible to assess ownership of many websites due to
87  international laws. For all Smith knows, Paris started the cited website in an attempt
88  to throw suspicion on Smith as Paris did when he defaced his own Oxebridge.com
89  website and blamed "Elsmar" in 2015 or 2016. In addition, as has been shown in
90  M.D.Fla._8_19-cv-00423-WFJ-SPF, that a number of people have in fact started
91  various 'anti-Oxebridge' or 'anti-Paris' websites with various names.

92  Line Item 17: Agree in part/Deny in part – That may have been posted on a website
93  but Smith did not say that an interview would be given, not did Smith give such an
94  interview. Sounds like a typical post to stir up conspiracy minded people. Believing
95  what one reads on the internet is not wise.

96  Line Item 18: Without knowledge. Smith seriously doubts this unless Paris sent them
97  to Smith's obsolete email address, in which case it is possible because that email
98  address has been compromised.

99  Line Item 19: See line item 16 herein.

100 Line Item 20: Agree in part/Deny in part: Agree – The fine and atty fees, Deny
101 having published anything about Paris and/or Oxebridge.

**Defendant Pro Se's Plaintiff's Declaration of 12 February 2020 - 8:15-cv-00011**

102

103  Response to Docket Document 146: Deny. Smith does not own or use Macromedia
104  software. It might be instructive and valuable for Mr. Feicient would provide an
105  analysis of the graphics that many people downloaded from the Oxebridge.com
106  website at the time Paris' website was supposedly 'hacked', where the file meta-data
107  clearly showed the software's owner to be Paris.

108

109
110          I declare under penalty of perjury that the forgoing
111          is true and correct.
112          Dated and respectfully submitted using the
113          CM/ECF this 12 February 2020.
114
115          Marc Timothy Smith (Defendant pro se)
116
117          By:
118          /s/Marc Timothy Smith
119