**Defendant Pro Se's Plaintiff's Second Declaration of 12 February 2020 - 8:15-cv-00011**

1    IN THE UNITED STATES DISTRIC COURT

2    MIDDLE DISTRICT OF FLORIDA

3    TAMPA DIVISION

4

5    Second response to Plaintiffs' Declaration of 12 February 2020 (Docket Document

6    154 ): 8:15-cv-11-T-60CPT, formerly : 8:15-cv-00011

7

8    OXEBRIDGE QUALITY RESOURCES

9    INTERNATIONAL, LLC, and

10   CHRISTOPHER PARIS, individually.

11

12   Plaintiffs,

13

14   Vs.

15

16   MARC TIMOTHY SMITH, individually,

17   and d/b/a/ CAYMAN BUSINESS SYSTEMS *(Defunct since ~2001)*

18

19   Defendants.

20   _____

21   Presiding Judge: Thomas P. Barber

22   Court: Florida Middle District Court
   _____

**Defendant Pro Se's Plaintiff's Second Declaration of 12 February 2020 - 8:15-cv-00011**

23   Office: Tampa Office

24   County: Hillsborough

25   Case Number: 8:15-cv-11-T-60CPT, formerly: 8:15-cv-00011

26   The following is an additional response to Paris' declaration (Docket Document 154):

27   **PARIS' CLAIM HE HAS SUFFERED FINANCIAL HARM**

28   Paris claims he has suffered financial harm because of Smith. Smith contends Paris'

29   actual intent from the beginning was to control Elsmar.com – Attachment A (from

30   Paris' Oxebridge.com website on 26 January 2015).

31   Smith did offer to sell Elsmar.com and its contents to Paris (Exhibit C), however

32   Smith would not agree to the following terms offered by Paris at the time:

**Defendant Pro Se's Plaintiff's Second Declaration of 12 February 2020 - 8:15-cv-00011**

As for transfer of the www.elsmar forum, it would include:

  * The three domain names: elsmar.com<http://elsmar.com>, qs9000.com<http://qs9000.com> and 16949.com<http://16949.com>.
  * The full Elsmar forum, intact, with the full database (all forum messages, postings, threads, etc... untouched)
  * Transfer of any current advertising contracts with site advertisers
  * All other Elsmar site content (blogs, pages, PDF files, etc.)
  * All applicable passwords (Forum admin access, FTP, server access, Google analytics, etc.) - would not include user passwords, of course
  * Agreement that Smith cannot post anything regarding the site transfer regarding the transfer itself; this limits his ability to "poison the well" and invite people to leave the site prior to my ownership.
  * Ongoing compliance to the joint stipulation, so that Smith must remove any material on sites other than Elsmar, and refrain from posting new defamatory material
  * Noncompete agreement, where Smith cannot open a rival website for at least 5 years. This

doesn't limit him from offering consulting (although he says he's retired) but just the operation of a forum which would compete with the content of Elsmar
  * He can keep any revenue he's made to date from user subscriptions or advertising; future revenue would go to Mr. Paris.

33

34  Appropriate redactions have been made. The above says it all. Smith refused the

35  offer. If Paris is upset, Paris should sue Mr. Wohlsifer who is the person who got him

36  into this mess to begin with.

37  Note that Paris wanted everything to be 'secret' so that no one could know of his

38  attempt to deceive. This supported by Paris' then attorney Wohlsifer's attempts to

39  seal court documents such as the 16 June 2016 hearing transcript because Smith

40  ordered a copy of the transcript (Attachment B). Paris had the same opportunity to

41  obtain a transcript of the hearing and chose not to to. One would have to ask Paris

**Defendant Pro Se's Plaintiff's Second Declaration of 12 February 2020 - 8:15-cv-00011**

42   why he chose not to.

43    Notable is Mr. Wohlsifer's throwing Paris 'under the bus', so to speak, at the time

44   when Mr. Wohlsifer agreed in the January 2016 telephone hearing by saying he had

45   no opposition to all documents in this case, including the settlement agreement,

46   being made public. This is a civil matter. Nothing in it is significant enough for

47   secrecy from the public. Paris does, it appears, understand that his reputation has

48   been, and continues to be, destroyed by his own actions.

49   Smith has defended not only Elsmar.com in general, Smith has also protected forum

50   visitors/'members' from Paris and Paris' desire to use information in the database

51   and elsewhere in the data to potentially extort and in ways unknown to defame them

52   and cause them harm (such as harvesting email addresses and contacting

53   companies in order to cause employees potential financial harm and other harm

54   such as employment blacklisting).

55   Paris also failed to claim financial harm during the mediation meeting on 5 June

56   2015. The settlement agreement is in the public records including PACER courtesy

57   of Mr. Wohlsifer, not Smith.

58   It is true that Paris claimed financial harm in the 16 June 2016 hearing in in Tampa.

59   The claim was rejected by the Honorable Judge Christopher Tuite. Having the

60   opportunity to provide actual proof, Paris did not do so.

61   Declaring financial harm at this point is dubious at best. Having multiple

**Defendant Pro Se's Plaintiff's Second Declaration of 12 February 2020 - 8:15-cv-00011**

62  opportunities since his initial lawsuit in January of 2015, Paris has not taken

63  advantage to produce evidence of such claims. Particularly, since Paris is claiming

64  long term harm, Paris should present the court with affidavits and/or depositions

65  wherein companies which claim they did not avail themselves to services being

66  offered by Paris we negatively swayed by Smith. Smith realizes this would be a

67  difficult task, however if Paris does not provide same there is no way to make the

68  current claim. Paris' 'saying it is so' does not make it factual.

69  Smith believes that Paris' decision to file a lawsuit to begin with has been more

70  significant to any loss of business than anything Smith did or could have done. Paris'

71  failure was to understand the effects of filing the lawsuit to begin with. Smith is in no

72  way responsible for Paris' decision to file a lawsuit against Smith (and the non-

73  existent 'Cayman Business Systems' dba).

74  With respect to this, Smith also believes the Court should be cognizant of recent

75  emails to Mr. Shrayer (Exhibits E and F) and M.D.Fla._8_19-cv-00423-WFJ-SPF.

76  Smith has reason to believe Mt. Shrayer and Paris have purposely and maliciously

77  coordinated to attack Smith across multiple fronts including an attempt to,

78  essentially, use 'judge swapping' in an effort to financially and otherwise harm Smith

79  (also see M.D.Fla._8_19-cv-00423-WFJ-SPF).

80  Smith is happy to say that 1) Smith has refused to compromise Elsmar.com visitors

81  and forum members, 2) that Elsmar.com makes insignificant income, and that 3) for

82  over 23 years Smith has provided free access to people needing help. Paris' claim

**Defendant Pro Se's Plaintiff's Second Declaration of 12 February 2020 - 8:15-cv-00011**

83    that:

> 12. SMITH owns, operates and maintains Elsmar.com, which offers a free alternative to standards consulting services to potential paying clients, of which SMITH derives income.
>
> 13. Many Florida businesses and individuals have requested and received assistance for industry standards in place of normally paid consulting services from Elsmar.com for example;
>
>    a. Precision Resource – Florida Division, Inc. (Fort Lauderdale, FL)
>
>    b. Mike Laurie – Quality Manager, Injection molding of aerospace and medical components (Sarasota, FL)

84

85                          Above is from the original lawsuit

86    Is an outdated concept. Free information is all over the internet without regard to

87    Paris' income opportunities, and was in 2015 when Paris filed his lawsuit. If Paris

88    can not compete in the real world, Paris should find other employment opportunities.

89    Singling Smith out and suing Smith because he offered (and continues to ensure is

90    offered) free information on the internet was, and citing 'unfair completion'), and still

91    is, even more so today, silly. Surely Paris can compete with a person (Smith) who

92    retired from consulting in 2001. This Paris understands this is certainly not a 'Sprint

93    vs. T-Mobile' scenario. Is it Paris' intention to sue every competitor to his single

94    employee consulting business? Paris opposition to competition is silly on its face,

95    particularly 'competition' with free internet websites and an old retired guy.

96

**Defendant Pro Se's Plaintiff's Second Declaration of 12 February 2020 - 8:15-cv-00011**

97

98                                         I declare under penalty of perjury that the forgoing

99                                         is true and correct.

100                                        Dated and respectfully submitted using the

101                                        CM/ECF this 12 February 2020.

102

103                                        Marc Timothy Smith (Defendant pro se)

104

105                                        By:

106                                        /s/Marc Timothy Smith

107