UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES   CASE 8:15-cv-00011
INTERNATIONAL, LLC, and
CHRISTOPHER PARIS, Individually

Plaintiffs v.   Judge Thomas P. Barber

MARC SMITH,
individually, and d/b/a
CAYMAN BUSINESS
SYSTEMS

Defendants
_____/

### REPLY TO MARC SMITH'S RESPONSE TO ORDER GRANTING PLAINTIFFS' "MOTION FOR ORDER TO SHOW CAUSE;" and ORDER FOR THE DEFENDANT TO SHOW CAUSE

Plaintiffs, Christopher Mark Paris and Oxebridge Quality Resources International, LLC, through undersigned counsel, (collectively herein referred to as "Plaintiffs") and files this Reply to Marc Smith's Response to the Order Granting Plaintiffs' "Motion For Order to Show Cause;" and Order For the Defendant to Show Cause, and in support thereof states the following:

**BACKGROUND AND STATEMENT OF FACTS**

1. On December 20, 2019, the Plaintiffs filed a Motion for Order to Show Cause for the Defendant's Non-Compliance an order (Dkt. 35), which approved a joint stipulation (Dkt. 33); the Motion for Preliminary Injunction and Amended Motion for Preliminary Injunction were granted.

2. On February 13, 2020 a hearing was held in Tampa, Florida (Doc. 158). The Plaintiffs appeared in person and the Defendant appeared telephonically.

1

3. On May 1, 2020, the Honorable Court entered an order ruling that the Plaintiffs' made a prima facie case that the Defendant had violated the stipulation and injunction and ordered the Defendant to show why he should not be held in contempt of the injunction.

4. The injunction reads as follows:

Paragraph 5(a)-(c) of the Joint Stipulation on Injunction

5. SMITH agrees to refrain from publishing commentary on the personal, professional, business or other affairs of PARIS and OXEBRIDGE. More specifically:

   a. SMITH will remove all posts, links and other subject matter mentioning OXEBRIDGE or PARIS currently on the Elsmar.com Internet forum. Such removal must be permanent so that the posts, links and other subject matter cannot be retrieved or revived at a later date.

   b. SMITH will remove any online commentary regarding OXEBRIDGE or PARIS authored by SMITH on any other website, social network, or any other manner of technology or communication now known or later to become known.

   c. **SMITH will not publish any new content about OXEBRIDGE or PARIS on the Elsmar.com Internet forum, any other website, social network, or any other manner of technology or communication now known or later to become known, whether under his real name, anonymously or pseudonymously, or through the collaboration of any third party.**

(Dkt. 33)

**SMITH WAS ALREADY SANCTIONED FOR VIOLATING THE INJUNCTION**

5. Smith was previously found in contempt for Violation of the Amended Preliminary Injunction and ordered to pay attorney's fees (Dkt. 120) and a symbolic $1,000 fine.

6. Despite this, Smith has shown no respect for the Court and has continued to openly flout the court's orders, infringing on Plaintiff's trademark, writing libelous content, and cybersquatting on various infringing domains.

## SMITH'S RESPONSE FAILS TO ADDRESS WHY HE SHOULD NOT BE HELD IN CONTEMPT OF COURT

7. The Court ruled that a prima facie case had been made against the Defendant (Doc. 159), which put the burden on the Defendant as to why he should not be held in contempt. Rather, than respond appropriately to the voluminous evidence presented by the Plaintiff, the Defendant attempted to show that the Plaintiff violated the injunction, which is untrue and also unresponsive to the Court Order

8. The injunction prevented the Plaintiff from discussing Smith personally, but not his company Elsmar. Previously, the Defendant concocted a story that he sold Elsmar (See attached Exhibit "A"). However, in the Defendant's Response he essentially admits he has owned/controlled the Elsmar website and forum the whole time, stating as follows:

***In it Plaintiff makes claims about Federal Court orders which did not exist, and other various malicious defamatory claims that "Elsmar" (which everyone knows is the Defendant) did various things,. Doc 160, page 5 ¶¶ 80-82).***

9. The pattern of deceit, as highlighted in the summons served on Mr. Smith even indicated initially he lied about his identity, before eventually conceding and consenting to service of process (See attached Exhibit "B").

10. OxebridgeQualityLawsuits.com, which was addressed in the original motion for order to show cause (Doc. 146) is operated and controlled by Smith, currently states "Back in a minute..." indicating that Smith has every intention to return with additional defamatory content regarding the Plaintiff.

3

11. Furthermore, the Smith Response (Doc. 160) includes identical graphics to those that appeared on Oxebridgequalitylawsuits.com, something expert witness Mitchell attested to in his affidavit and is willing to testify about in person if a hearing on this matter is deemed necessary.

12. Rather than present a lucid coherent argument in his defense, the Defendant instead has rehashed old allegations from prior court filings, which resulted in his being sanctioned by the Court for violating the Injunction.

13. Accordingly, based on the cumulative nature of the defamatory material, and since Smith has already been held in contempt by this Court, it is requested that Smith is again held in contempt of court and appropriately sanctioned so as to actually force compliance with the Injunction. Clearly, the original award of a nominal sum, $1000.00, was an insufficient deterrent. Accordingly, it is hereby requested that a $250,000.00 sanction is levied against Smith for acting with ill will and malice as the actions were defamatory per se in that they were directed at Plaintiff's business and did in fact damage that business.

## I.  ARGUMENT & AUTHORITIES

A. **Legal Standard**

**To prevail on a motion for civil contempt, the movant must show, by clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order.** *FDIC v. LeGrand*, **43 F.3d 163, 170 (5th Cir. 1995)(citing** *Martin v. Trinity Indus., Inc.*, **959 F.2d 45, 47 (5th Cir. 1992)).** "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Fin. Group*, 659 F.2d

660, 669 (5th Cir. 1981). A finding of contempt is not predicated on the willfulness of the contemnor's actions. *See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir.2000). Rather, the court must examine whether the contemnor actually failed to comply with the court's order. *Id.* In the contempt context, "clear and convincing evidence" is that "weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir.1995) (internal quotation marks omitted).

Under settled law, this Court's preliminary injunction remains in effect unless it is altered by this Court or an appellate court, or until a final judgment on the merits. ("[T]he very purpose of a preliminary injunction . . . is to preserve the status quo and the rights of the parties until a final judgment issues." (citing Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981))). "The 'purpose of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits.' " Boardman v. Pac. Seafood Grp., 822 F.3d 1011, 1024 (9th Cir. 2016) (quoting Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009)). " 'Status quo ante litem' refers to 'the last uncontested status which preceded the pending controversy.' " Boardman, 822 F.3d at 1024 (quoting GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000)). Until then, "neither the plaintiff nor the court should be subjected to the unnecessary burden of re-establishing what has once been decided." Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright, 364 U.S. 642, 647 (1961).

"Courts possess the inherent authority to enforce their own injunctive decrees." Waffenschmidt v. MacKay, 763 F.2d 711, 716 (5th Cir. 1985), cert. denied, 474 U.S. 1056

5

(1986) (citing United States v. Hall, 472 F.2d 261, 267 (5th Cir. 1972); Berry v. Midtown Serv. Corp., 104 F.2d 107, 110 (2d Cir. 1939)), cited in Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1391 (9th Cir. 1995). "[A]n injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." Sys. Fed'n No. 91, 364 U.S. at 647. 'In deciding whether an injunction has been violated it is proper to observe the objects for which the relief was granted and to find a breach of the decree in a violation of the spirit of the injunction, even though its strict letter may not have been disregarded.' " Inst. of Cetacean Research v. Sea Shepherd Conserv. Soc'y, 774 F.3d 935, 949 (9th Cir. 2014) (quoting John B. Stetson Co. v. Stephen L. Stetson Co., 128 F.2d 981, 983 (2d Cir. 1942)). A defendant cannot escape the district court's power to enforce its injunction through procedural mechanisms designed to insulate its actions from review. See, e.g., Nehmer v. U.S. Dep't of Veterans Affairs, 494 F.3d 846, 860 (9th Cir. 2007) ("[T]he VA cannot usurp the power of a district court to construe the provisions of an order it has issued or divest that court of its authority[.]"); Movers Conference of Am. v. United States, 251 F. Supp. 882, 885 (S.D. Cal. 1966) (holding that federal government should have sought modification of injunction rather than simply adopting revised policy that purported to address court's prior holding).

"Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). In civil contempt cases, sanctions may be imposed to coerce compliance with the court's order, compensate for losses sustained as a result of the non-compliance, or both. *Am. Airlines, Inc.*, 228 F.3d at 585, citing *United States*

6

*v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947). Civil contempt sanctions may include a fine (coercive, conditional or compensatory), imprisonment, a combination of a fine and imprisonment, and attorneys' fees incurred in obtaining the finding of contempt. *See S.E.C. v. Amerifirst Funding, Inc.*, 3:09-CV-601-D, 2006 WL 522124, *17 (N.D. Tex. Feb. 1, 2008), aff'd in part and vacated in part, *Whitcraft v. Brown,* 570 F.3d 268 (5th Cir. 2009); *U.S. v. Scott*, 4:03-CV-1410-A, 2004 WL 1068118, *3 (N.D. Tex. Apr. 5, 2004), citing *United Mine Workers v. Bagwell*, 512 U.S. 821, 827-29 (1994).

### A.  **Fine and Imprisonment**

The primary purpose of a contempt sanction determines whether it is civil or criminal in nature. *Lamar Fin. Corp. v. Adams,* 918 F.2d 564, 566 (5th Cir.1990)). An order is viewed as criminal if intended to punish the contemnor and vindicate the authority of the court, and civil if intended to coerce the contemnor into compliance with a court order. *Id.* Although appropriate for either civil or criminal contempt, imprisonment is civil in nature if conditional and coercive, and criminal in nature if it is backward-looking and unconditional. *Id.* If an order is partly coercive and partly punitive, "the criminal feature of the order is dominant." *Port v. Heard,* 764 F.2d 423, 426 (5th Cir.1985).

### B.  **Attorneys' Fees**

As noted, courts have "discretion to award reasonable attorney's fees and other expenses necessary to make an innocent party whole" in a civil contempt proceeding. *Dow Chemical Co. v. Chemical Cleaning, Inc.*, 434 F.2d 1212, 1215 (5th Cir. 1970). Because the Defendant violated the injunction and Plaintiffs incurred attorneys' fees in obtaining the finding of contempt, it should be awarded its fees. *See Cook v. Ochsner*

*Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) ("Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt. Discretion, including the discretion to award attorneys' fees, must be left to a court in the enforcement of its decrees.").

### B. Marc Smith Should be Held in Contempt

Smith's actions and statements clearly violate the Injunction. Accordingly, Smith should be held in contempt of court and that the Court should issue appropriate sanctions award of $250,000.00 to cause Smith to comply with the Injunction, in addition to attorney's fees and costs in the amount of $ $10,276.00

### CONCLUSION

It is clear that Smith has posted and/or been complicit with other parties in direct violation of the Court Order. Smith previously found in contempt for Violation of the Amended Preliminary Injunction and ordered to pay attorney's fees (Doc. 120).

<u>Paragraph 5(a)-(c) of the Joint Stipulation on Injunction:</u>

6. SMITH agrees to refrain from publishing commentary on the personal, professional, business or other affairs of PARIS and OXEBRIDGE. More specifically:

    a. SMITH will remove all posts, links and other subject matter mentioning OXEBRIDGE or PARIS currently on the Elsmar.com Internet forum. Such removal must be permanent so that the posts, links and other subject matter cannot be retrieved or revived at a later date.

    b. SMITH will remove any online commentary regarding OXEBRIDGE or PARIS authored by SMITH on any other website, social network, or any other manner of technology or communication now known or later to become known.

    c. **SMITH will not publish any new content about OXEBRIDGE or PARIS on the Elsmar.com Internet**

8

> **forum, any other website, social network, or any other manner of technology or communication now known or later to become known, whether under his real name, anonymously or pseudonymously, or through the collaboration of any third party.**

(Dkt. 33).

On March 23, 2015, The Honorable Court entered an order (Dkt. 35), which approved a joint stipulation (Dkt. 33); the Motion for Preliminary Injunction and Amended Motion for Preliminary Injunction were granted. However, Defendant has continued to breach the Court Order by continuously posting defamatory content on osteinfo.com, oxebridge.co, Elsmar.com, and oxebridgequalitylawsuits.com.

These repeated violations by the Defendant has cost the Plaintiff an almost unquantifiable amount of lost business and unless a serious financial penalty is imposed the Defendant will continue to make a mockery of this Court and inflict untold damage to the Plaintiff.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully requests:

1. That Smith be held in contempt of court, or in the alternative, ordered to appear and show cause why he should not be held in contempt of Court;

2. That a sanction fee of $250,000.00 is awarded for the wanton repeated defamatory per se nature of Smith's communications, and attorney's fees and costs are awarded in the amount of f $10,276.00

3. That a coercive daily fine in the amount of $500 be issued which can be purged if Smith comes into compliance with Dkt. 33 and Dkt. 35, and removes all content about Plaintiffs from osteinfo.com, oxebridge.co, Elsmar.com, and

9

oxebridgequalitylawsuits.com, and does not post any more content regarding Plaintiffs now or in the future.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and complete copy of this document was electronically filed with the clerk of courts in Broward County, Florida on the 10th day of June 2020.

    Respectfully submitted,

    Shrayer Law Firm, LLC.
    912 South Andrews Avenue
    Fort Lauderdale, FL 33316
    Tel.   (954) 601-3732
    Email: ghs@shrayerlaw.com

    **/s/Glen H. Shrayer**

    Glen H. Shrayer, Esq.
    Fl Bar No. 57253